JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 0 8 2004

FILED
CLERK'S OFFICE

## RELEASED FOR PUBLICATION

## DOCKET NO. 1592

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE COLUMBIA UNIVERSITY PATENT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of seven actions pending as follows: three actions in the District of Massachusetts, two actions in the Northern District of California, and one action each in the Central District of California and the Southern District of New York.[1] Before the Panel is a motion by The Trustees of Columbia University in the City of New York (Columbia) for coordinated or consolidated proceedings of these actions under Section 1407 in the Northern District of California. All other parties in these actions oppose the motion. Those parties are plaintiffs in six actions and the potential tag-along action brought against Columbia; two of the same parties are also the defendants in the action filed by Columbia.[2] If the Panel does determine to order transfer, then, with the exception of plaintiffs in the Central District of California action, each opponent would support centralization in the district in which it brought its action. In that event, plaintiffs in the Central District of California action would support the District of Massachusetts as transferee district, a district also supported, in the alternative, by plaintiff in the Southern District of New York action.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

---

[*] Judges Selya and Jensen took no part in the decision of this matter.

[1] In addition to the actions before the Panel, there is a related action pending in the District of Massachusetts. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Abbott Bioresearch Center, Inc.; Amgen, Inc.; Baxter Healthcare Corporation; Biogen Idec MA Inc., formerly Biogen, Inc.; Genentech, Inc.; Genzyme Corporation; Genetics Institute LLC; Immunex Corp.; Johnson & Johnson; Serono, Inc.; Ares Trading S.A.; and Wyeth.

- 2 -

litigation. At issue in each of the actions is the same patent, U.S. Patent No. 6,455,275 (the '275 patent), which, according to the parties, involves a recombinant DNA technology called "co-transformation," a process for inserting foreign DNA into a host cell to produce desired proteins. Six of the actions and the potential tag-along action are brought against Columbia by pharmaceutical companies, each of which seeks a declaratory judgment of patent invalidity and unenforceability with respect to the '275 patent. The remaining action is brought by Columbia against two of those companies for breach of contract arising from license agreements relating to the '275 patent and for a declaratory judgment that the '275 patent is valid and enforceable. All actions can thus be expected to share factual and legal questions with respect to the '275 patent concerning patent validity and related questions such as double patenting, prosecution laches, and inequitable conduct. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

The parties opposing transfer argue, among other things, that insufficient common questions exist among the actions to warrant transfer and that it would be preferable to address any common matters through alternatives to Section 1407 transfer. We find these arguments unpersuasive. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate needs while ensuring that common parties and witnesses are not involved in discovery demands and other pretrial matters in one action that duplicate activity that has already occurred or would occur in the other actions.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that most of the parties in this litigation are in the eastern part of the United States, and thus the Massachusetts district should prove to be convenient for many of the litigants. Furthermore, centralization in the Massachusetts forum permits the Panel to assign this litigation to a district i) in which half of the actions are pending; and ii) that is presently equipped with the resources likely required by this complex docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Mark L. Wolf for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1592 -- In re Columbia University Patent Litigation

### Central District of California

*Immunex Corp., et al. v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 2:03-4349

### Northern District of California

*Genentech, Inc. v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 3:03-1603
*The Trustees of Columbia University in the City of New York v. Johnson & Johnson, et al.,*
  C.A. No. 3:03-4875

### District of Massachusetts

*Biogen, Inc., et al. v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 1:03-11329
*Wyeth, et al. v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 1:03-11570
*Baxter Healthcare Corp. v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 1:03-12221

### Southern District of New York

*Johnson & Johnson v. The Trustees of Columbia University in the City of New York,*
  C.A. No. 1:03-8811

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 1592 - In re Columbia University Patent Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
  \* Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
  All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
  Docket: 1592 - Columbia University
  For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Page 1

Docket: 1592 - In re Columbia University Patent Litigation

Status:   Transferred on 04/08/2004

Transferee District: MA.       Judge: Wolf, Mark L.

Printed on 04/08/2004

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Ben-Ami, Leora<br>Kaye Scholer, LLP<br>425 Park Avenue<br>New York, NY 10022-7203 | => Genetics Institute, LLC*; Wyeth (as is on docket sheet)* |
| Gindler, David I.<br>Irell & Manella, LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | => Trustees of Columbia University in the City of New York (The)* |
| Maroulis, Victoria F.<br>Quinn Emanuel Urquhart Oliver & Hedges, LILP<br>555 Twin Dolphin Drive<br>Suite 560<br>Redwood Shores, CA 94065 | => Genentech, Inc.* |
| Pals, Mark A.<br>Kirkland & Ellis<br>AON Building<br>200 East Randolph Drive<br>Suite 5400<br>Chicago, IL 60601 | => Abbott Bioresearch Center, Inc.* |
| Ware, Donald R.<br>Foley Hoag, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600 | => Baxter Healthcare Corp.*; Biogen, Inc.*; Genzyme Corp.* |
| Wineberg, Arthur<br>Pillsbury Winthrop LLP<br>1133 Connecticut Ave., N.W.<br>Washington, DC 20036 | => Amgen, Inc.*; Immunex Corp.* |
| Zalesin, Steven A.<br>Patterson, Belknap, Webb & Tyler, LLP<br>1133 Avenue Of The Americas<br>New York, NY 10036 | => Johnson & Johnson* |

Note: Please refer to the report title page for complete report scope and key.

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

April 8, 2004

Tony Anastas, Clerk
2300 John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210-3002

Re: MDL-1592 -- In re Columbia University Patent Litigation

*(See Attached Schedule A of Order)*

Dear Mr. Anastas:

Enclosed is one certified and additional copies of an order filed by the Panel under 28 U.S.C. § 1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 12 of Volume 1, Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each action by your court, the caption and docket numbers of all actions originally filed in your district, and receiving copies of orders regarding settlements, dismissals, further transfers under 28 U.S.C. §§ 1404(a) or 1406, reassignments to other judges in your district, etc.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon a finding by the transferee judge that remand of a transferred action is appropriate, this office will promptly file conditional remand orders when appropriate notification is received from your court.

- 2 -

For your information, I am enclosing a copy of the Panel Attorney Service List. We are also interested in receiving orders appointing liaison counsel or attorney lists used by your court.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Enclosures

cc:  List of Recipients Attached

- 3 -

List of Recipients for
letter addressed to Tony Anastas, Dated April 8, 2004
Re: MDL-1592

Enclosures include Vol. 1, Ch. 12 of the <u>Clerks Manual, U.S. District Courts</u>, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel <u>Rules</u> to

        Chief Judge, Transferee District:      Judge William G. Young, D. Massachusetts
        Transferee Judge:      Judge Mark L. Wolf, D. Massachusetts

Enclosures include transfer order only to

        Clerk, Hearing District Court:      Sheryl L. Loesch, M.D. Florida

Enclosures include transfer order and Rule 1.6, R.P.J.P.M.L., to

        Clerk(s), Transferor District Court(s):      Sherri R. Carter, C.D. California
      Richard W. Wieking, N.D. California
      J. Michael McMahon, S.D. New York

        Assigned Judge(s), Transferor District Court(s):      Judge Vaughn R. Walker, N.D. California
      Judge Phyllis J. Hamilton, N.D. California
      Judge Mariana R. Pfaelzer, C.D. California
      Judge Barbara S. Jones, S.D. New York

JPML Form 33