03-11329- MLW)
03-11570-mLW
03-1222/-mLW

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:                             )
COLUMBIA UNIVERSITY                )    MDL NO. 1592
PATENT LITIGATION                  )

MEMORANDUM AND ORDER

WOLF, D.J.                                          April 9, 2004

On April 8, 2004, the Judicial Panel on Multidistrict Litigation (the "Panel") issued the Transfer Order attached hereto as Exhibit A. For the reasons stated, the Panel has designated the District of Massachusetts as the most appropriate forum for the Columbia University Patent Litigation. Because three of the cases that were before the Panel are pending before me, the multidistrict litigation has been assigned to me.

As I explained to the Chairman of the Panel before accepting this assignment, it may be necessary or appropriate for me to recuse myself. As I was informed that the Panel has decided that this litigation should proceed in the District of Massachusetts regardless of whether I preside, I accepted the assignment with the understanding that I would disclose to the parties the reasons for my possible recusal and, with their anonymous advice, decide whether to recuse myself. If I recuse myself, this case will be randomly reassigned to another judge in the District of Massachusetts willing to accept the assignment.

The issue of my possible recusal arises from my service as Chairman of the Albert Schweitzer Fellowship (the "ASF"). I have been a member of the ASF Board since 1974. For about the past 15

years I have been either its President or Chairman. From the 1940s to 1991, the ASF was a small organization devoted almost exclusively to supporting Dr. Schweitzer and his hospital in Lambarene, Gabon. This was done, in part, through a program that I started in 1978 to send medical students to work at the Schweitzer Hospital.

In 1991, under my leadership, the mission of the ASF was revised and expanded. The ASF is now focused on developing leaders in service – individuals who are dedicated and skilled in addressing the health needs of underserved communities, and whose example (like Dr. Schweitzer's) influences and inspires others. This mission is fulfilled through six Schweitzer Fellows programs, primarily for healthcare professional students, now operating in seven locations: Boston, Massachusetts; North Carolina; Chicago, Illinois; Vermont and New Hampshire; Pittsburgh, Pennsylvania; and Baltimore, Maryland. A New York City Schweitzer Fellows program was suspended for financial reasons, but is in the process of being reactivated, as discussed below.

Consistent with the requirements of Canon 5B(2) of the Code of Conduct for United States Judges, I do not solicit funds for the ASF or permit the prestige of my office to be used for that purpose. As its Chairman, however, I participate in discussions of fundraising strategies and the Board is ultimately responsible for the financial viability of the organization, which now has a budget

2

of about $1,000,000 per year.

Since its inception in about 1994, the Chicago Schweitzer Fellows program has received about $40,000 a year (about 25% of its budget) from the Foundation of Baxter Healthcare Corporation ("Baxter"), which makes the grant to the Health and Medicine Policy Research Group, the ASF's partner in Chicago. Several years ago, I attended an event in Chicago to inaugurate a class of new Schweitzer Fellows and met two officials of Baxter who were participating in that ceremony. Baxter is a plaintiff in one of the cases in the Columbia University Patent Litigation.

Columbia University ("Columbia") is a party to all of the actions that have now been consolidated before me. Ruth Fischbach of Columbia, and the wife of Dr. Gerald Fischbach (the Dean of the Columbia Medical School, who may also hold another position at Columbia), worked with me (without pay) in connection with a 1991 Schweitzer symposium in Boston. She is now leading the effort to revive the New York City Schweitzer Fellows program. The present proposal is for a small pilot effort in which Columbia would host the program and provide $7000 for each Columbia student selected as a Schweitzer Fellow; about 15% of those funds would support the ASF.

In addition, within the past two years, the ASF unsuccessfully solicited a contribution from Abbott Laboratories ("Abbott"), which I understand is affiliated with Abbott Bioresearch Center, Inc., a

3

party to the Columbia University Patent Litigation.

I do not believe that the foregoing facts cause me to have a personal bias or prejudice concerning any party, but I wish to give the parties an opportunity to address this issue. Any such bias or prejudice would require my recusal. <u>See</u> 28 U.S.C. §455(b)(1).

A judge must also disqualify himself in any proceeding in which his impartiality might reasonably be questioned. <u>See</u> 28 U.S.C. §455(a). However, the parties may waive this ground for disqualification if full disclosure of the basis for recusal is made. <u>See</u> 28 U.S.C. §455(e). I am concerned that, in view of the foregoing facts, a reasonable person might question my impartiality. Therefore, my recusal may be necessary or appropriate.

Often at the outset of a case presenting a meaningful question of my recusal under 28 U.S.C. §455(a) I disqualify myself, the case is randomly assigned to another judge, and I am assigned another similar case. In this instance, however, it is for several reasons most appropriate that I consult the parties before deciding whether to recuse myself.

There are competing considerations which at times must be weighed by a presiding judge in deciding whether to recuse himself under 28 U.S.C. §455(a). <u>See</u> <u>In re Allied-Signal, Inc.</u>, 891 F.2d 967, 970 (1st Cir. 1989); <u>In re United States</u>, 666 F.2d 690, 695 (1st Cir. 1981); <u>United States v. Salemme</u>, 164 F. Supp. 2d 49, 52

4

(D. Mass. 1998). The First Circuit has stated that a judge should not "abdicate in difficult cases at the mere sound of controversy . . . ." In re United States, 666 F.2d at 695. In enacting §455(a) Congress stated that its standards "'should not be used by judges to avoid sitting on difficult or controversial cases.'" United States v. Salemme, 164 F. Supp. 2d 86, 93 (D. Mass. 1998) (quoting H.R.Rep.No. 1453, 93d Cong., 2d. Sess., 1974 U.S. Code. Cong. & Admin. News 6351, 6355).

Like almost all multidistrict cases, the Columbia University Patent Litigation will undoubtedly be challenging. Some of the parties may have argued to the Panel that if the cases were to be consolidated they should be transferred to Massachusetts because I have some familiarity with the recombinant DNA technology involved as a result of having presided in Biogen, Inc. v. Berlex Laboratories, Inc., 113 F. Supp. 2d 77 (D. Mass. 2000); aff'd in part, remanded in part, 318 F.3d 1132 (Fed. Cir. 2003). In any event, the reassignment of this case would impose a significant burden on one of my colleagues. Therefore, I feel that I should not recuse myself if there is not a proper basis to do so, or if the only basis for disqualification is under §455(a) and every party wishes to waive that ground for recusal pursuant to §455(e).

Therefore, it is hereby ORDERED that:

1. This Memorandum and Order shall be served forthwith on the counsel listed on Exhibit A and to counsel in the potential

"tag along" case, <u>Serono, Inc. and Ares Trading S.A. v. The</u>
<u>Trustees of Columbia University in the City of New York</u>, C.A. No.
03-12401-MLW. Such counsel shall, on April 12, 2004, inform Deputy
Clerk Dennis O'Leary (617-748-9159 or dennis_oleary
@mad.uscourts.gov) if there are other represented parties who
should receive this notice, and, in any event, of the telephone
number at which they can be reached on April 13, 2004.

2.    A telephone conference will be held on April 13, 2004, at
1:00 p.m., to permit counsel to question the court concerning this
Memorandum and Order.[1]

3.    By April 30, 2004, the parties shall each file, under
seal, a statement concerning: (a) whether they believe my recusal
is required by 28 U.S.C. §455(b); (b) whether they believe my
recusal is required under §455(a); and, in any event, (c) whether
they wish to waive any §455(a) ground for recusal pursuant to
§455(e).

4.    While I do not intend to read the foregoing submissions
or become informed of the identity of any party who objects to my
participation, I will ascertain from my staff whether any party
believes that there is a basis for my disqualification and, if the
only possible ground for recusal is §455(a), whether that ground
has been waived by all parties. I intend to then decide promptly

---

[1]Additional information concerning the ASF can be found on
its website, www.schweitzerfellowship.org.

whether to disqualify myself.[2]


UNITED STATES DISTRICT JUDGE

---

[2]The court is addressing this as an urgent issue in part
because motions for a temporary restraining order and preliminary
injunction were filed on April 7, 2004 in Biogen, Inc., et al.,
v. The Trustees of Columbia University in the City of New York,
C.A. No. 03-11329-MLW. I intend to make no substantive decisions
in the Columbia University Patent Litigation cases until I
resolve the questions of whether it is permissible and
appropriate for me to preside in them.

EXHIBIT A
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 0 8 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1592*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE COLUMBIA UNIVERSITY PATENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation currently consists of seven actions pending as follows: three actions in the District of Massachusetts, two actions in the Northern District of California, and one action each in the Central District of California and the Southern District of New York.[1] Before the Panel is a motion by The Trustees of Columbia University in the City of New York (Columbia) for coordinated or consolidated proceedings of these actions under Section 1407 in the Northern District of California. All other parties in these actions oppose the motion. Those parties are plaintiffs in six actions and the potential tag-along action brought against Columbia; two of the same parties are also the defendants in the action filed by Columbia.[2] If the Panel does determine to order transfer, then, with the exception of plaintiffs in the Central District of California action, each opponent would support centralization in the district in which it brought its action. In that event, plaintiffs in the Central District of California action would support the District of Massachusetts as transferee district, a district also supported, in the alternative, by plaintiff in the Southern District of New York action.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

---

* Judges Selya and Jensen took no part in the decision of this matter.

[1] In addition to the actions before the Panel, there is a related action pending in the District of Massachusetts. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Abbott Bioresearch Center, Inc.; Amgen, Inc.; Baxter Healthcare Corporation; Biogen Idec MA Inc., formerly Biogen, Inc.; Genentech, Inc.; Genzyme Corporation; Genetics Institute LLC; Immunex Corp.; Johnson & Johnson; Serono, Inc.; Ares Trading S.A.; and Wyeth.

- 2 -

litigation. At issue in each of the actions is the same patent, U.S. Patent No. 6,455,275 (the '275 patent), which, according to the parties, involves a recombinant DNA technology called "co-transformation," a process for inserting foreign DNA into a host cell to produce desired proteins. Six of the actions and the potential tag-along action are brought against Columbia by pharmaceutical companies, each of which seeks a declaratory judgment of patent invalidity and unenforceability with respect to the '275 patent. The remaining action is brought by Columbia against two of those companies for breach of contract arising from license agreements relating to the '275 patent and for a declaratory judgment that the '275 patent is valid and enforceable. All actions can thus be expected to share factual and legal questions with respect to the '275 patent concerning patent validity and related questions such as double patenting, prosecution laches, and inequitable conduct. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

The parties opposing transfer argue, among other things, that insufficient common questions exist among the actions to warrant transfer and that it would be preferable to address any common matters through alternatives to Section 1407 transfer. We find these arguments unpersuasive. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate needs while ensuring that common parties and witnesses are not involved in discovery demands and other pretrial matters in one action that duplicate activity that has already occurred or would occur in the other actions.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that most of the parties in this litigation are in the eastern part of the United States, and thus the Massachusetts district should prove to be convenient for many of the litigants. Furthermore, centralization in the Massachusetts forum permits the Panel to assign this litigation to a district i) in which half of the actions are pending; and ii) that is presently equipped with the resources likely required by this complex docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Mark L. Wolf for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

_Wm. Terrell Hodges_
_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1592 -- In re Columbia University Patent Litigation

### Central District of California

*Immunex Corp., et al. v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 2:03-4349

### Northern District of California

*Genentech, Inc. v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 3:03-1603
*The Trustees of Columbia University in the City of New York v. Johnson & Johnson, et al.*,
  C.A. No. 3:03-4875

### District of Massachusetts

*Biogen, Inc., et al. v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 1:03-11329
*Wyeth, et al. v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 1:03-11570
*Baxter Healthcare Corp. v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 1:03-12221

### Southern District of New York

*Johnson & Johnson v. The Trustees of Columbia University in the City of New York*,
  C.A. No. 1:03-8811

## Judicial Panel on Multidistrict Litigation - Panel Attorney Service List

Page 1

Docket: 1592 - In re Columbia University Patent Litigation
Status: Transferred on 04/08/2004
Transferee District: MA       Judge: Wolf, Mark L.

Printed on 04/08/2004

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Ben-Ami, Leora<br>Kaye Scholer, LLP<br>425 Park Avenue<br>New York, NY 10022-7203 | => Genetics Institute, LLC*; Wyeth (as is on docket sheet)* |
| Gindler, David I.<br>Irell & Manella, LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | => Trustees of Columbia University in the City of New York (The)* |
| Maroulis, Victoria F.<br>Quinn Emanuel Urquhart Oliver & Hedges, LILP<br>555 Twin Dolphin Drive<br>Suite 560<br>Redwood Shores, CA 94065 | => Genentech, Inc.* |
| Pals, Mark A.<br>Kirkland & Ellis<br>AON Building<br>200 East Randolph Drive<br>Suite 5400<br>Chicago, IL 60601 | => Abbott Bioresearch Center, Inc.* |
| Ware, Donald R.<br>Foley Hoag, LLP<br>155 Seaport Boulevard<br>Boston, MA 02210-2600 | => Baxter Healthcare Corp.*; Biogen, Inc.*; Genzyme Corp.* |
| Wineberg, Arthur<br>Pillsbury Winthrop LLP<br>1133 Connecticut Ave., N.W.<br>Washington, DC 20036 | => Amgen, Inc.*; Immunex Corp.* |
| Zalesin, Steven A.<br>Patterson, Belknap, Webb & Tyler, LLP<br>1133 Avenue Of The Americas<br>New York, NY 10036 | => Johnson & Johnson* |