UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE:                          )
COLUMBIA UNIVERSITY             )          MDL NO. 1592
PATENT LITIGATION               )

<u>ORDER</u>

WOLF, D.J.                                      May 10, 2004

I am informed by my staff that all parties in the above-captioned matter[1] have responded to the April 9, 2004 Order. Consistent with the intention expressed on pages one and six of that Order, and reiterated in the April 13, 2004 telephone conference, I have not read those responses. However, I am advised by my staff that:

1.    No party believes that my recusal is required by 28 U.S.C. §455(b);

2.    No party believes that my recusal is required by 28 U.S.C. §455(a);

3.    And, in any event, each party has waived, pursuant to 28 U.S.C. §455(e), any 28 U.S.C. §455(a) ground for recusal arguably presented by the disclosures that I have made.

As I wrote in the April 9, 2004 Memorandum and Order, at 4-5, I recognize that while it is important that a judge not preside in a case in which his impartiality could reasonably be questioned,

---

[1]I am told that plaintiffs in the potential "tag along" case, <u>Serono, Inc. and Ares S.A. v. The Trustees of Columbia University in the City of New York</u>, C.A. No. 03-12401-MLW, have also responded to the April 9, 2004 Order.  They are regarded as "parties" for the purpose of this Order.

"'a judge is [also] obliged not to recuse himself when it is not called for.'" See In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989) (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)).  Moreover, I understand that in enacting §455(a) Congress stated that its standards "'should not be used by judges to avoid sitting on difficult or controversial cases.'" United States v. Salemme, 164 F. Supp. 2d 86, 93 (D. Mass. 1998) (quoting H.R. Rep. No. 1453, 93rd Cong., 2d Sess., 1974 U.S. Code Cong. & Admin. News 6351, 6355).

This multidistrict litigation will be challenging.  It would be burdensome for one of my colleagues to take responsibility for it.  The parties do not believe that my disqualification is necessary or appropriate.  That view is reasonable.  Therefore, I will not recuse myself from presiding in this matter.


/s/    Mark l. Wolf
UNITED STATES DISTRICT JUDGE

2