```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

                              )
IN RE: COLUMBIA UNIVERSITY    )    MDL NO. 1592
PATENT LITIGATION             )
                              )
```

### ORDER

WOLF, D.J.                                          May 27, 2004

A conference would be helpful in order to provide the parties with an opportunity to educate the court about the issues presented by this multi-district litigation and to establish a schedule to begin addressing those issues.  Currently, a hearing is scheduled for June 18, 2004, at 9:30 a.m. on the plaintiffs' motion for preliminary injunction in <u>Biogen, Inc. et al. v. The Trustees of Columbia University in the City of New York</u>, C.A. No. 03-11329. However, the court is beginning a criminal trial on June 14, 2004 that may continue through June 18, 2004.  Therefore, the hearing in <u>Biogen</u> is being postponed until the following Tuesday, June 22, 2004, at 9:30 a.m.  Since counsel for Columbia University will be in Boston for that hearing, the court will conduct a scheduling conference later that day.

The court is ordering the parties to confer and file a joint report on the issues and outstanding matters in this multi-district litigation.  Among other things, the parties shall address the implications, if any, of the decision of the United States Patent and Trademark Office to re-examine U.S. Patent No. 6,455,275.  <u>See</u> App. No. 90/006,953.

Accordingly, it is hereby ORDERED that:

1. The hearing on plaintiffs' motion for a preliminary injunction in <u>Biogen, Inc. et al. v. The Trustees of Columbia University in the City of New York</u>, C.A. No. 03-11329, scheduled for June 18, 2004, is RESCHEDULED for June 22, 2004, at 9:30 a.m.

2. A conference will be held on June 22, 2004, at 1:00 p.m. Unless excused upon motion, lead counsel for all parties in all cases shall attend.

3. The parties in all cases shall confer and, by June 15, 2004, report on: (a) each pending motion and, if a hearing has been requested, how much time may be needed for it; (b) the issues that are common to two or more cases; (c) the issues that are unique to particular cases; (d) the implications, if any, of the United States Patent and Trademark Office's decision to re-examine U.S. Patent No. 6,455,275; (e) to the extent possible, a proposed pretrial schedule that includes a plan for discovery and addresses the issues in the court's standard Scheduling Order, which is attached hereto as Exhibit 1;[1] (f) the prospects of settling these cases and anything that might contribute to achieving a settlement agreement; and (g) any other issues that the parties believe that it would be helpful to discuss at the conference, including suggestions to facilitate both an informed and efficient resolution

---

[1] If there are disputes, the parties' respective positions shall be succinctly stated.

of these cases.

4.  Each party shall, by June 15, 2004, file certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred: (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 of the Local Rules for the United States District Court for the District of Massachusetts.

5.  The court's Standing Order Re: Electronic Case Filing is attached hereto as Exhibit 2.  Filings may be made pursuant to that Order.  The parties shall be prepared to address at the June 22, 2004 conference whether the court should require electronic filing of all documents permitted to be filed electronically pursuant to that Order.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                Plaintiff(s)

      v.                          CIVIL ACTION
                                  NO. _____

_____
                Defendant(s)


SCHEDULING ORDER

WOLF, D.J.


     This case is governed procedurally by the 1992 Amendments to the Local Rules of the United States District Court for the District of Massachusetts (the "Local Rules"), which implement the District's Civil Justice Expense and Delay Reduction Plan. Counsel must, therefore, comply with the relevant Local Rules in the litigation of this case.

     It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16(f) that:

[ ] 1.   _____ shall respond to the Complaint by _____.

[ ] 2.   Any proposed party who has not yet been served shall be served by_____. Counsel shall within 14 days thereafter file a return of service or a statement that service has not been accomplished and that the claims against the previously named proposed party shall be dismissed without prejudice.

[ ] 3.   Amendments to the pleadings, or additional pleadings, shall be filed by_____, and responses shall be filed as required by the applicable provisions of the Federal Rules of Civil Procedure.

[ ] 4.   The parties shall by_____ make the

1

automatic document disclosure required by Local Rule 26.2(A) and, if applicable, disclose the information required by Local Rule 35.1

[ ] 5.   The parties shall by_____ make the disclosure authorized by Local Rule 26.1(B)(1) and (2).

[ ] 6.   All dispositive motions except motions for summary judgment shall be filed by_____ and responses shall be filed fourteen days thereafter pursuant to Local Rule 7.1.

[ ] 7.   Discovery shall initially be limited to the issue(s) of _____, and shall be complete by _____.

[ ] 8.   Counsel for the parties shall meet at least once to explore the possibility of settlement and report to the court by _____ the status and prospects for settlement.

   If the case is not settled, the parties shall report whether they wish to participate in mediation to be conducted by Senior Judge A. David Mazzone or a member of the panel.

[ ] 9.   A settlement conference, which must be attended by trial counsel with full settlement authority or with their clients, shall be held on _____, at _____.

[ ] 10.  A status and case management conference will be held by Magistrate Judge _____ on a date to be scheduled by him in _____.

[ ] 11.  Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by_____ designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert. Each other party shall by_____ designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[ ] 12.  All discovery shall be complete by_____.

[ ] 13.  Counsel for the parties shall confer and, by_____ _____, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[ ] 14.  A scheduling conference will be held on_____ at _____ and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference

[ ] 15.  A final pretrial conference will be held on_____

___at_____ and must be attended by trial counsel with full settlement authority or with their client.  Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

[ ]  16.  Trial shall commence on_____ .

[ ]  17.  This case is hereby referred to Magistrate Judge _____ for all pretrial proceedings, including reports and recommendations concerning any dispositive motions.

    All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings.  Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record.  The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.
    Counsel are encouraged to seek an early resolution of this matter.  Additional case management conferences may be scheduled by the Court or upon the request of counsel.


                                By the Court,
                                DENNIS P. O'LEARY


_____        _____
Date                                 Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT 2

STANDING ORDER RE: ELECTRONIC CASE FILING
IN CASES BEFORE MARK L. WOLF, U.S.D.J.

It is hereby ORDERED that:

After October 1, 2003, documents filed for the public record in all civil and criminal cases in my session may be filed electronically if the filing party complies with the applicable Federal Rules of Criminal Procedure or Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts, and the rules and procedures described in the Electronic Case Filing Administrative Procedures Pamphlet and the Electronic Case Filing ("ECF") User's Manual.[2]

Unless otherwise ordered, if electronic filing is used, the filing party shall also submit to the Clerk's Office paper, courtesy copies of any related electronic documents (i.e. motion, memorandum, and supporting affidavits) which together are more than twenty (20) pages in length. The courtesy copy of each document shall be stamped or otherwise prominently marked "Courtesy copy – DO NOT SCAN" and shall be submitted within five (5) days of the electronic filing.

DATED:   October 1, 2003            /s/ MARK L. WOLF
                                    UNITED STATES DISTRICT JUDGE

---

[2] Counsel should recognize that, among other things, the User's Manual prohibits the electronic filing of sealed documents. Motions, memoranda and/or other documents referring to information that is under seal shall be filed, by paper copy, under seal. Redacted versions of such documents shall be filed for the public record. Such redacted versions may be filed electronically.