# EXHIBIT B

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. 90/006,953 | Patent Under Reexamination 6455275 |
| | Examiner David Guzo | Art Unit 1636 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>27 February 2004</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

       RESPONSE TIMES ARE SET AS FOLLOWS:

MAY 10 2004

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535).**NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

     a)☐ by Treasury check or,

     b)☐ by credit to Deposit Account No. _____, or

     c)☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)        Office Action in *Ex Parte* Reexamination        Part of Paper No. 1

**EXHIBIT B**      28

Application/Control Number: 90/006,953                                    Page 2
Art Unit: 1636

## DECISION

A substantial new question of patentability affecting claims 1-20 of United States
Patent Number 6,455,275 is raised by the request for reexamination.

Extensions of time under 37 CFR 1.136(a) will not be permitted in these
proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and
not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that
reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).
Extension of time in reexamination proceedings are provided for in 37 CFR 1.550(c).

The request indicates that Requestor considers that Claims 1-20 are
unpatentable for double patenting in view of US Patents 4,399,216 (hereafter the '216
patent), 4,634,665 (hereafter the '665 patent) and 5,179,017 (hereafter the '017 patent),
all to Axel et al.

Specifically, Requestor indicates that claims 1-4 and 20 are unpatentable over
Claims 47, 54, 70 and 73 of the '216 patent and over Claims 2, 4 and 5 of the '017
patent. The request indicates that Claims 5, 16 and 18 are unpatentable over Claim 12
of the '665 patent alone or in combination with claim 2 of the '017 patent. The request
indicates that claim 6 is unpatentable over claims 11 and 12 of the '665 patent and over
claim 2 of the '017 patent. The request indicates that claims 7-9 are unpatentable
claims 3 and 12 of the '665 patent alone or in combination with claim 2 of the '017
patent. The request indicates that claims 10-12 are unpatentable over claims 2 and 12
of the '665 patent and over claim 2 of the '017 patent. The request indicates that claims

Application/Control Number: 90/006,953                          Page 3
Art Unit: 1636

13 and 19 are unpatentable over claim 12 of the '665 patent and over claims 2 and 5 of

the '017 patent. The request indicates that claims 14 and 15 are unpatentable over

claims 12 and 14 of the '665 patent and over claim 2 of the '017 patent. The request

indicates that claim 17 is unpatentable over claim 12 of the '665 patent and over claims

2 and 4 of the '017 patent.

    It is noted that double patenting rejections over claims in the '017 and '216

patents were made by the examiner in the prosecution of the application which matured

into the '275 patent. A double patenting rejection over the '665 patent claims was not

made in the prosecution of the application which matured into the '275 patent.

    It is agreed that the consideration of the '216, '665 and '017 patents raises a

substantial new question of patentability as to claims 1-20 of the 6,455,275 (hereafter

the '275 patent). As pointed out on pages 8-26 of the request, the '216, '017 and '665

patents claim similar subject matter which varies in scope, differs in nomenclature

and/or potentially inherently reads on the subject matter recited in claims 1-20 of the

'275 patent.

    With regard to Claims 5-19, the teachings as to the similar subject matter claimed

in the '665 patent alone or the '665 patent in combination with claims in the '017 patent

were not present in the prosecution of the application which became the '275 patent.

Specifically, with regard to claims 5-19, the inherency of the amplification of the DNA II,

the nature of the proteins expressed by the DNA II, the attachment of the DNA I and/or

Application/Control Number: 90/006,953                          Page 4
Art Unit: 1636

DNA II to a bacterial plasmid or phage DNA and the nature of the proteinaceous

material (glycoproteins) expressed in the CHO cells are limitations similar to those

recited in the claims of the '665 patent and the '665 patent in view of the claims in the

'017 patent.  Further there is a substantial likelihood that a reasonable examiner would

consider this teaching important in deciding whether or not the claims are patentable.

Accordingly, the '665 patent alone and/or considered with the '017 patent raises a

substantial new question of patentability as to Claims 5-19.


        The above substantial new question of patentability is based solely on patents
and/or printed publications already cited/considered in an earlier concluded examination of
the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted.
Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by
adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):
        "The existence of a substantial new question of patentability is not precluded by the
        fact that a patent or printed publication was previously cited by or to the Office or
        considered by the Office."
        For any reexamination ordered on or after November 2, 2002, the effective date of
the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not
necessarily preclude the existence of a substantial new question of patentability (SNQ)
that is based exclusively on that old art.  Rather, determinations on whether a SNQ exists
in such an instance shall be based upon a fact-specific inquiry done on a case-by-case
basis.

        In the present instance, there exists a SNQ based solely on US Patents 4,399,216

and 5,179,017 and/or 4,399,216 in view of 5,179,017.  A discussion of the specifics now

follows:

        With regard to Claims 1-4 and 20, new arguments concerning whether the claims in

the '017 and '216 patents render obvious the linking of the two DNA molecules (DNA I and

DNA II) recited in claim 1, arguments concerning the lack of differences between claim 2 of

the '275 patent and claim 5 of the '017 patent or claim 54 of the '216 patent, arguments

Application/Control Number: 90/006,953                                    Page 5
Art Unit: 1636

concerning whether claim 3 is obvious in view of the amplified DNA recited in claim 47 of

the '216 patent or claim 4 of the '017 patent and arguments concerning whether claim 4 is

obvious in view of claim 4 of the '014 patent in view of claim 47 of the '216 patent require

viewing the old art in a new light and raise a substantial new question of patentability.

David Guzo
Primary Examiner
Technology Center 1600

DAVID GUZO
PRIMARY EXAMINER

32

PTO/SB/08A (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| | Application Number | 08/484,136 |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Use as many sheets as necessary) | Filing Date | June 7, 1995 |
| | First Named Inventor | Axel |
| | Art Unit | 1636 |
| | Examiner Name | DAVID GUZO |
| Sheet 1 of 1 | Attorney Docket Number | |

## U. S. PATENT DOCUMENTS

| Examiner Initial* | Cite No.¹ | Document Number Number-Kind Code² (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| *52* | *81* | US- 4,399,216-B1 | 08-16-1983 | Axel et al. | |
| *81* | *82* | US- 4,634,665-B1 | 01-06-1987 | Axel et al. | |
| *82* | | US- 5,179,017-B1 | 01-12-1993 | Axel et al. | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No.¹ | Foreign Patent Document Country Code³·Number⁴·Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T⁶ |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | *David Guzo* | Date Considered | 5/7/04 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹Applicant's unique citation designation number (optional). ²See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁶Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/006,953 | 02/27/2004 | 6455275 | | 7971 |

7590      05/06/2004

John P. White
Cooper & Dunham LLP
1185 Sixth Avenue
New York, NY  10036

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 5 |

DATE MAILED: 05/06/2004

Please find below and/or attached an Office communication concerning this application or proceeding.