# EXHIBIT F

IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
FACSIMILE (310) 202-7199
jtheasby@irell.com

June 1, 2004

**VIA FACSIMILE**

Claire Laporte, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Re:    Columbia University

Dear Ms. Laporte:

We have received your response to my letter of May 27, 2004 regarding the confidential information disclosed in Biogen and Genzyme's Reply and associated Appendix. We are disappointed by your failure to address any of Columbia's concerns.

As you well know, the '159 application prosecution history is a confidential document protected from disclosure by the Patent Act and Patent and Trademark Office Regulations. Regardless of how you obtained excerpts from the '159 application prosecution history, you and your clients are not entitled to possess them. In my previous letter to you of May 27, 2004, we asked that you answer four questions:

> what portions of the '159 application prosecution history are in the possession of Biogen and Genzyme; how did Biogen and Genzyme obtain these portions of the '159 application prosecution history; what other entities possess portions of the '159 application prosecution history; and how did they obtain these portions of the '159 application prosecution history?

We renew our request that you answer these questions and take the steps outlined in my May 27 letter.

Furthermore, we disagree with your assertion that the license agreements are not confidential. An agreement need not include an explicit confidentiality provision to render it improper for a party to reveal it publicly. Columbia's practice of providing redacted versions of the Axel license agreements when necessary and otherwise withholding them from public disclosure amply demonstrated that

1133024

Claire Laporte, Esq.
June 1, 2004
Page 2

Columbia considered them confidential.. Please take the steps outlined in my May 27 letter to rectify this situation.

Finally, there is no basis for your contention that Columbia is "stonewalling" your clients' discovery requests.  In an email dated December 23, 2003, Biogen, Genzyme and Abbott agreed to postpone discovery until after the Judicial Panel on Multidistrict Litigation had ruled on Columbia's motion to transfer.  After the Panel's ruling, Judge Wolf ordered all parties to meet and confer to settle on a case management plan in advance of the scheduling conference to be held on June 22, 2004.  Columbia will comply with its obligations under whatever scheduling order Judge Wolf may enter for this case.

Very truly yours,

Jason G. Sheasby

JGS:cbs

1133024