# EXHIBIT G

Case 1:04-md-01592-MLW    Document 11-8    Filed 06/10/2004    Page 1 of 3



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Claire Laporte
Boston Office
617.832.1210
claporte@foleyhoag.com

June 4, 2004

Via E-mail and Federal Express

David I. Gindler, Esq.
Jason G. Sheasby, Esq.
Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:   *Biogen et al. v. Trustees of Columbia University in the City of New York*

Dear counsel:

This responds to your letter of June 1, 2004.

In my previous letter dated May 27, I set forth the reasons why we disagree with your assertions of confidentiality. In your June 1 letter, you ignored the substance of my response and provided no explanation why you continue to contend that these materials are confidential. Accordingly, we see no reason for further comment.

We also disagree with your assertion that Columbia has not resisted discovery concerning the '159 application and other relevant subjects. Biogen, Genzyme, and Abbott agreed to postpone discovery on December 23, 2003 only because David Gindler made it very clear that Columbia would refuse to respond to our discovery requests without a court order. After this unilateral postponement ended with the ruling on Columbia's motion to transfer more than a month ago, Columbia still has provided no meaningful discovery.

Columbia's concealment of the '159 application and its prosecution history is particularly blameworthy given the importance of that application for Biogen and Genzyme's pending motion for a preliminary injunction. In its opposition brief, Columbia has attempted to minimize the importance of the '159 application. If Columbia continues to claim that Biogen's and Genzyme's licenses of the '159 application are not significant or valuable, it should make the application and its file history available without further delay so that the Court can evaluate Columbia's argument.

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP       BOSTON            WASHINGTON, DC              www.foleyhoag.com

Exhibit G                                                                 40

Irell & Manella
June 4, 2004
Page 2

      Further evidence of Columbia's stonewalling is Columbia's continued refusal to provide the consents necessary for plaintiffs' counsel to review the depositions of the inventors and the attorney who prosecuted the '275 patent from the *Roche* and *Biogen v. Berlex* cases. I wrote to David Gindler on behalf of all plaintiffs on *March 22, 2004* to request that Columbia provide these consents. Despite my subsequent letter and telephone call requesting a response, I have yet to receive *any* reply. I cannot imagine that there is any legitimate reason for Columbia to withhold consent than a simple desire to conceal relevant information for as long as possible.

                                          Very truly yours,

                                          Claire Laporte

cc:    Donald R. Ware, Esq.

41