# EXHIBIT I

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

krosen@gibsondunn.com

June 1, 2004


### *VIA TELECOPIER & U.S. MAIL*

Direct Dial
(213) 229-7635
Fax No.
(213) 229-6635

Client No.
T 92695-00001

Mr. Arthur Wineburg
Pillsbury, Madison LLP
1133 Connecticut Avenue, NW
Washington, DC  20036

Re:   *Immunex Corporation, etc., et al. v. The Trustees of Columbia University, etc.*

Dear Mr. Wineburg:

    I write to address two serious issues with regard to the Reply to Columbia's Opposition to Biogen and Genzyme's Motion for a Preliminary Injunction (the "Reply") and the Appendix in support thereof (the "Appendix") submitted by Biogen and Genzyme on May 26, 2004.

    First, Exhibit 3 of the Appendix attached substantial portions of the October 27, 2003 Amendment to Columbia's pending U.S. Serial No. 08/477,159 (the "'159 application"). The Reply also quotes a portion of the October 27, 2003 Amendment. In particular, the Appendix and Reply excerpt proposed claims for the '159 application. The prosecution history for the '159 application is confidential. Neither Biogen, Genzyme, nor any other person or entity is entitled to view the contents of the '159 application prosecution history. By including major portions of the October 27 Amendment in the Appendix and Reply, Biogen and Genzyme have published Columbia's confidential information without authorization. We ask that you immediately take the following steps: (1) retrieve and destroy all portions of the '159 application prosecution history within the custody or control of yourself or your clients; and (2) fully cooperate with Columbia in attempting to recover all copies of any portion of the '159 Application prosecution history that you or your clients have released to any other persons or entities.

    In addition, to the extent you or your clients have obtained portions of the '159 application prosecution history other than through service of the Reply and Appendix, we ask that you provide answers to the following questions in as much detail as possible: what portions of the '159 application prosecution history are in your or your client's possession; how did you or your clients obtain these portions of the '159 application prosecution history; what other

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

Exhibit I                                                                                               44

## GIBSON, DUNN & CRUTCHER LLP

Mr. Arthur Wineburg
June 1, 2004
Page 2

entities possess portions of the '159 application prosecution history; and how did they obtain these portions of the '159 application prosecution history?

   Second, Exhibits 1 and 2 to the Appendix attach unredacted copies of the December 1993 License Agreement between Biogen and Columbia and the February 1994 License Agreement between Genzyme and Columbia (the "License Agreements"). These License Agreements are highly confidential and contain sensitive commercial information, the release of which damages Columbia. Biogen and Genzyme had no right to release unredacted versions of these License Agreements to the public or to the other Plaintiffs in this action without Columbia's permission. We ask that you immediately take the following steps: (1) retrieve and destroy all portions of the License Agreements within the custody or control of yourself or your clients; and (2) fully cooperate with Columbia in attempting to recover all copies of any portion of the License Agreements that you or your clients have released to any other persons or entities. As an alternative to the request in (1) above, we are prepared to consider an arrangement in which only your clients must destroy all portions of the License Agreements within their custody and control. Outside counsel only can retain and view copies of the License Agreements pending the entry of a formal protective order in the case.

   Columbia reserves all of its rights concerning the disclosure of Columbia's confidential information, and nothing in this letter should be construed to limit any claim Columbia may have against any entity.

   Please inform me in writing whether you agree to the steps identified in this letter by Wednesday, June 2, 2004. In addition, please provide the information requested in this letter by June 4, 2004.

             Very truly yours,

             Kevin S. Rosen

KSR/td
10730551_1.DOC

45