UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                )
IN RE: COLUMBIA UNIVERSITY      )         MDL NO. 1592
PATENT LITIGATION               )
                                )
```

ORDER

WOLF, D.J.                                              June 11, 2004

On May 27, 2004, the court ordered the parties to this multi-district litigation to confer regarding, among other things, a proposed pretrial schedule for this case.  The court also scheduled a hearing on a pending motion for preliminary injunction and a conference for June 22, 2004.

On June 10, 2004, the Trustees of Columbia University in the City of New York ("Columbia") filed a Motion to Stay Litigation Pending Conclusion of Reexamination and Reissue Proceedings in the Patent and Trademark Office (the "Motion to Stay") and an Emergency Motion to Seal Document and Restrict Access to Confidential Information (the "Motion to Seal").

In its Motion to Seal, Columbia asks the court to impound a document and quotation from that document that Biogen Idec MA, Inc. ("Biogen") and Genzyme Corporation ("Genzyme") included in one of their filings.  Columbia argues that the document is part of the confidential prosecution history of a pending patent application.  See generally 35 U.S.C. §122.  The court has the authority to provide this relief and is sealing temporarily the portions of the court file identified by Columbia, to preserve its ability, if

appropriate, to seal the document and information permanently.  The court is also ordering Biogen and Genzyme to file, for the public record, redacted versions of the filings identified by Columbia.

Columbia also asks the court to enter an order "limiting access to all portions of the prosecution history of [U.S. Patent Application No. 08/477,159] to outside counsel for plaintiffs in this consolidated proceeding."  Mot. to Seal at 1.  Citing Federal Rule of Civil Procedure 26(c)(7), Columbia argues that "courts routinely order that access to confidential documents be restricted to outside counsel."  Mem. in Supp. of Mot. to Seal at 8-9.  This Rule authorizes the court to enter a protective order that limits discovery or how parties may use information learned in the course of discovery.  It does not appear to authorize the court to order a party or attorney not to distribute information obtained by means other than discovery.[1]  Furthermore, assuming that the USPTO released portions of Columbia's pending patent application in violation of 35 U.S.C. §122, it appears that Congress and the

---

[1]The two cases cited by Columbia relate to orders governing the disclosure of documents produced in discovery.  See Quotron Sys., Inc. v. Auto. DataProcessing, Inc., 141 F.R.D. 37, 39 (S.D.N.Y. 1992) ("Quotron now moves . . . for entry of a protective order in a form proposed by Quotron, effective as to all documents produced by ADP in this action."); GTE Prods. Corp. v. Gee, 112 F.R.D. 169, 170 (D. Mass. 1986) ("The matter is presently before the Court for decision on the plaintiff's Motion For Protective Order (# 44) which seeks an order prohibiting defendants' counsel from disclosing to the defendants the contents of documents which the plaintiff will produce in discovery which contain confidential information.").

President did not, at least explicitly, create a private right of action to enforce the provisions of that statute. Consequently, the court is not now persuaded that it has the authority to provide the relief that Columbia requests. Nor is it clear whether it would be appropriate to exercise any such authority in the manner requested. Therefore, the court is ordering Columbia confer with opposing counsel and to file a supplemental memorandum addressing the source of the court's authority to grant the requested relief and whether Columbia's request has been made moot by previous disclosures of the relevant information to individuals other than outside counsel for the plaintiffs.

It appears that Columbia's Motion to Stay was prompted, in large part, by the U.S. Patent and Trademark Office's (the "USPTO" or "PTO") decision to reexamine the patent that is at the center of this multi-district litigation, U.S. Patent No. 6,455,275 (the "'275 patent").[2] Columbia also states that it "intends to file an application for reissue of the '275 patent and request that the PTO merge the reexamination and reissue proceedings." Mem. in Supp. of Mot. to Stay at 4. In many cases the decision of the USPTO to

---

[2]Columbia states that the request to reexamine the '275 patent was filed by the Public Patent Foundation, which describes itself as "a not-for-profit legal services organization working to protect the public from the harms caused by the patent system." Mem. in Supp. of Mot. to Stay at 4. The court notes that the president and executive director of the Public Patent Foundation appears to have been recently employed by Patterson, Belknap, Webb & Tyler LLP and that firm represents one of the parties adverse to Columbia in this multi-district litigation, Johnson & Johnson.

3

conduct reexamination and/or reissue proceedings may provide a strong reason to stay litigation. This may not be true, however, in the circumstances of the present cases. The court will address the Motion to Stay at the conference scheduled for June 22, 2004 and is ordering the parties to respond to the Motion to Stay by June 16, 2004. However, in the event that the court decides not to stay this case, the court will establish a schedule at the June 22, 2004 conference. Therefore, the parties must continue to comply with the court's May 27, 2004 Order and be prepared to address scheduling issues at the June 22, 2004 conference.

Columbia asserts that a stay will not prejudice the other parties to this multi-district litigation. Id. at 15-17. However, Columbia does not clearly explain its position on how a stay would impact the pending Joint Motion of Biogen and Genzyme for a Preliminary Injunction (the "Motion for Preliminary Injunction") and Columbia's efforts to terminate Biogen and Genzyme's respective license agreements. The court is ordering Columbia, Biogen and Genzyme to confer and attempt to reach an agreement that would ensure that Biogen and Genzyme are not prejudiced in the event that the court enters a stay and does not decide their motion for a preliminary injunction until the USPTO completes reexamination and, if applicable, reissue of the '275 patent.

In the event that Columbia, Biogen and Genzyme are unable to reach an agreement, the court is now inclined to decide the Motion

4

for Preliminary Injunction before deciding the Motion to Stay. Therefore, Columbia, Biogen and Genzyme shall be prepared to address the Motion for Preliminary Injunction at the scheduled hearing on June 22, 2004. They shall also be prepared to address whether it would be appropriate to enjoin Columbia from terminating Biogen and Genzyme's license agreements with respect to all rights other than the '275 patent, but permit Columbia to terminate the license agreements with respect to the '275 patent. The court is ordering that the parties file, by June 16, 2004, supplemental memoranda addressing the propriety of a more narrow injunction that preserves some, but not all, of Biogen and Genzyme's rights under the license agreements pending the outcome of this case.

Accordingly, it is hereby ORDERED that:

1.    Tab 3 to the Appendix in Support of the Reply Memorandum in Support of the Joint Motion by Plaintiffs Biogen Idec MA, Inc. ("Biogen") and Genzyme Corporation ("Genzyme") for a Preliminary Injunction (the "Amendment") and the quotation of the Amendment on page 8 of the Reply Memorandum are SEALED, at least temporarily.

2.    Biogen and Genzyme shall, by June 15, 2004, file redacted copies of their Reply Memorandum and Appendix for the public record.

3.    The Trustees of Columbia University in the City of New York ("Columbia") shall confer with opposing counsel and, by 5:00 p.m. on June 15, 2004, file a supplemental memorandum addressing

the source of the court's authority to limit disclosure of the Amendment and other portions of the prosecution history of U.S. Patent Application No. 08/477,159 to outside counsel for the other parties and whether its request has been made moot by previous disclosures to individuals other than outside counsel for the other parties.

4.    All parties shall, by 5:00 p.m. on June 16, 2004, respond to Columbia's Motion to Stay, which will be addressed at the June 22, 2004 conference.

5.    Columbia, Biogen and Genzyme shall confer and, by 5:00 p.m. on June 16, 2004, report on whether they have reached an agreement that would ensure that Biogen and Genzyme are not prejudiced in the event that the court enters a stay and does not decide their motion for a preliminary injunction until the USPTO completes reexamination and, if applicable, reissue of the '275 patent.

6.    Columbia, Biogen and Genzyme shall, by 5:00 p.m. on June 16, 2004, file supplemental memoranda addressing the propriety of an injunction that prohibits Columbia from terminating Biogen and Genzyme's license agreements with respect to all rights other than the '275 patent pending the outcome of this case, but permits Columbia to terminate the license agreements with respect to the '275 patent.  This issue will be addressed at the June 22, 2004 hearing.

7.    The parties shall continue to comply with the court's May 27, 2004 Order.

8.    Counsel for all parties shall be available in the event that the June 22, 2004 hearing and conference is not completed on that day and continues on June 23, 2004.

                        /s/ Mark L. Wolf
                    UNITED STATES DISTRICT JUDGE