**TAB 2**

| PROPOSED LIMITS ON DISCOVERY ||
| --- | --- |
| **Plaintiffs' Proposed Limits** | **Columbia's Proposed Limits** |
| Except as set forth in the following sentence, depositions of fact witnesses are for no more than 8 hours (excluding breaks). Depositions of the following witnesses may be taken for up to 24 hours: Axel, Wigler, Silverstein, White, Granowitz, Chasin, Pellicer, Marks, and Levy. By agreement of the parties or good cause shown to the Court, depositions of additional witnesses may also be taken for up to 24 hours. | All depositions are for no more than 8 hours (excluding breaks). If, before a deposition begins, a party believes more than 8 hours will be necessary to complete a deposition, the interested parties will meet and confer to resolve the issue. If the interested parties cannot resolve the issue, the party must seek leave of the court. |
| Plaintiffs may take no more than 300 hours of depositions on common issues. Each plaintiff may take up to 100 additional hours of deposition concerning issues unique to that plaintiff's case. In addition, plaintiffs will be entitled to take the deposition of any witness disclosed by a party as testifying at trial or at a hearing regardless of whether the above limits have been reached.[1]<br><br>Columbia may take no more than 300 hours of depositions on common issues. Columbia may take up to 100 additional hours of deposition concerning issues unique to particular plaintiffs. | Plaintiffs may take no more than 300 hours of depositions on common issues. Each plaintiff may take up to 150 additional hours of deposition concerning issues unique to that plaintiff's case.[2]<br><br>Columbia may take no more than 450 hours of depositions. |

---

[1] Plaintiffs believe that this additional provision allowing deposition of disclosed witnesses regardless of other limits on depositions is necessary because of Columbia's extraordinarily expansive initial disclosures in Genentech's case against it in the Northern District of California. Those disclosures list 58 witnesses as having "discoverable information that the disclosing party may use to support its claims or defenses." Plaintiffs wish to avoid the prejudice that would result from being forced, with incomplete knowledge of Columbia's theories, to choose deponents from among such a large number of potential witnesses. Plaintiffs offered Columbia the option of narrowing its initial disclosures, so that this provision for additional deposition time would not be required. Columbia has refused to do so.

[2] Columbia disagrees with the exception discussed in footnote 1 to whatever hours limits are established by the Court. Just because an individual is included on an initial disclosure does not mean that he or she likely will be, or should be, subject to deposition. Through the discovery process, parties typically identify which witnesses need not be deposed, either because their testimony turns out to be on the periphery of issues in the case, or because their testimony is cumulative of other witnesses, or because the subject matter of their knowledge is better addressed through other discovery mechanisms. This case is no exception. The Court should establish hours limits that apply to both sides. If either party feels that they there is good cause for additional hours at some later stage of the case, they can seek leave of Court upon a showing of good cause.

| | |
|---|---|
| Each expert may be deposed once per expert report. The time allotted for expert deposition testimony will be negotiated in good faith by the parties after each expert report has been submitted. | Each expert may be deposed once per expert report. No other witness may be deposed more than once. |
| Each side may serve 30 interrogatories on common issues. Columbia's 30 interrogatories on common issues must be identical to each plaintiff. Columbia may serve 15 interrogatories on each plaintiff concerning issues unique to its case with such plaintiff, and each plaintiff may serve 15 interrogatories upon Columbia concerning issues unique to its case with Columbia. | Plaintiffs can jointly serve 30 interrogatories on Columbia. Each plaintiff can independently serve 30 additional interrogatories on Columbia. Columbia can serve 60 interrogatories on each plaintiff. |
| | Plaintiffs can jointly serve 30 requests for admission on Columbia. Each plaintiff can independently serve 20 additional requests for admission on Columbia. Columbia can serve 50 requests for admission on each plaintiff.<br><br>The limits on requests for admission do not include requests for admission of the authenticity of documents or requests for admission that a document is a business record; requests for such admissions are without limit. |
| Plaintiffs must jointly serve a set of requests for production on Columbia before serving individual requests for production. Document requests are otherwise unlimited. | Plaintiffs must jointly serve a set of requests for production on Columbia before serving individual requests for production. No party can seek documents already requested in a joint document request. Document requests are otherwise unlimited. |