UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592  (MLW) <br><br> This Document Relates to All Actions |

**JOHNSON & JOHNSON'S OPPOSITION TO COLUMBIA'S MOTION TO STAY LITIGATION PENDING CONCLUSION OF REEXAMINATION AND REISSUE PROCEEDINGS IN THE PATENT AND TRADEMARK OFFICE**

PATTERSON, BELKNAP, WEBB & TYLER LLP
Steven A. Zalesin
Jeffrey I.D. Lewis
Melissa Mandrgoc
1133 Avenue of the Americas
New York, New York  10036
Telephone:  (212)-336-2000
Facsimile:  (212) 336-2222

Attorneys for Plaintiff
Johnson & Johnson

Of counsel:

    Harman Avery Grossman, Esq.
    Johnson & Johnson

Plaintiff Johnson & Johnson ("J&J") joins in plaintiffs' Joint Opposition to Columbia's Motion To Stay Litigation Pending Conclusion of Reexamination and Reissue Proceedings in the Patent and Trademark Office. J&J files this additional memorandum to address a specific issue noted by the Court in its June 11, 2004 Order.

In the June 11 Order, the Court stated that "the president and executive director of the Public Patent Foundation" ("PPF") – the entity that filed the petition for reexamination of the '275 patent that led to Columbia's stay motion – "appears to have been recently employed by Patterson, Belknap, Webb & Tyler LLP" ("PBWT"), and that PBWT "represents one of the parties adverse to Columbia in this multi-district litigation, Johnson & Johnson." *See* June 11, 2004 Order, n.2 at 3. In so noting, the Court appeared to draw a connection between the reexamination petition and J&J and/or PBWT.

J&J and PBWT had no knowledge of PPF's decision to request reexamination of the '275 patent until after the request was filed and publicized by PPF. Neither J&J nor PBWT consented to or authorized the filing of PPF's request.

In fact, PPF's decision to request reexamination of the '275 patent was contrary to the interests of J&J in this litigation. As set forth in plaintiffs' joint opposition to Columbia's stay motion, J&J (and the other licensees) have an interest in the expeditious resolution of the issues surrounding the '275 patent's validity and enforceability. Reexamination proceedings in the Patent and Trademark Office, such as those provoked by PPF's request, often result in a delay of co-pending litigation. J&J and its counsel had no reason to support any reexamination request, and do not do so.

As set forth in Columbia's brief in support of its stay motion, *any* party can petition the Patent and Trademark Office to reexamine the claims of a patent. *See* 35 U.S.C. §

302. Thus, had it been in J&J's interest to do so, J&J itself could have requested reexamination of the '275 patent instead of filing suit to invalidate the patent in court. There is no reason to file such a request in the name of another entity. J&J chose not to file a request for reexamination because such a proceeding could potentially prolong the period of uncertainty surrounding the '275 patent – a patent that took 22 years initially to emerge from the Patent and Trademark Office. J&J strongly disfavors further delay, and urges the Court to deny Columbia's motion for a stay of these proceedings.

Dated: June 16, 2003

Respectfully submitted,

PATTERSON, BELKNAP, WEBB & TYLER LLP

By: /s/    Steven A. Zalesin

Of counsel:

    Harman Avery Grossman, Esq.
    Johnson & Johnson

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic mail and FedEx on June 16, 2004.

/s/ Steven A. Zalesin
Steven A. Zalesin

1020162v2