# EXHIBIT A

## PART 2

CITATION OF PRIOR ART AND *EX PARTE* REEXAMINATION OF PATENTS                    2206

John A. Jones            (Citation Sender)
Jones & Smith
1020 United First Bldg.
1033 Any Street
U.S. Town, Washington 98121

Richard A. Davis         (Patent Owner)
The A.B. Good Co.
Patent Law Dept.
9921 Any Road
Any City, Ohio 44141

In re Doe, et al                    :
Examination Proceeding              :
Control No. 90/999,999             :        NOTIFICATION RE
Filed: February 7, 2000            :        PRIOR ART CITATION
For: U.S. Patent No. 9,999,999     :


The prior art citation filed May 19, 2000, is a proper citation under 37 CFR
1.501(a); however, it was filed after the May 2, 2000, date of the order for
reexamination in reexamination control # 90/999,999.

Because the prior art citation was filed after the date of the order for reexamination, the citation
is being retained in the Technology Center (TC 1700) until the reexamination is terminated. Note
37 CFR 1.501(a) and MPEP § 2294. At that time, the citation will be processed for placement in
the patent file of patent # 9,999,999.

The prior art citation filed May 19, 2000, will not be considered in reexamina-
tion control # 90/999,999.

The patent owner and sender of the citation are being provided with a copy of
this notification. If appropriate, the patent owner may wish to consider submit-
ting prior art from the prior art citation pursuant to 37 CFR 1.555 during the
reexamination proceeding (reexamination control # 90/999,999). In addition, if
appropriate, the sender may file a request for reexamination to place the art of
the prior art citation before the patent examiner.


                                        Kenneth M. Schor
                                        Special Programs Examiner
                                        Technology Center 3700

August 2001

**B.    *Citation Filed by Patent Owner***

If a proper prior art citation is filed by the patent owner, it should be entered in the file. This is true whether the citation is filed prior to or after an order for reexamination has been mailed. No notification to the patent owner is necessary.

The following diagram shows the various situations which can occur when a proper prior art citation is filed and the action to be taken for each alternative situation:

CITATION OF PRIOR ART AND *EX PARTE* REEXAMINATION OF PATENTS    2206



August 2001

**2206**           MANUAL OF PATENT EXAMINING PROCEDURE

## II. CITATION DOES NOT QUALIFY FOR ENTRY UNDER 37 CFR 1.501

### A. *Citation by Third Party*

If the citation is not proper (i.e., it is not limited to patents or printed publications), it should not be entered in the patent file. The sender (if known) and the patent owner *in all cases* should be notified that the citation is improper and that it is not being entered in the patent file. The handling of the citation will vary depending on the particular following situation.

### 1. Service of Copy Included

Where the citation includes an indication of service of copy on the patent owner and the identity of the third party sender is known, the original citation paper should be returned to the third party sender along with the notification of nonentry. If the identity of the third party sender is not known, the original citation papers should be discarded.

### 2. Service of Copy Not Included; Identity of Third Party Sender Known

Where the citation does not include an indication of service on the patent owner, the identity of the third party sender is known, and a duplicate copy of the citation is present, the original citation papers should be returned to the third party sender and the duplicate copy should be sent to the patent owner along with the notification of nonentry. If the duplicate copy required in 37 CFR 1.501(c) is not present, the original citation papers should be sent to the PATENT OWNER along with the notification of nonentry. The third party sender should be sent a notification that the citation was not entered and that the original citation papers were sent to the patent owner.

### 3. Service of Copy Not Included; Identity of Third Party Sender Not Known

Where the citation does not include an indication of service, the identity of the third party sender is not known, and a duplicate copy of the citation is or is not present, the duplicate copy (if present) should be discarded and the original citation papers should be sent to the patent owner along with the notification of nonentry.

### B. *Citation Filed by the Patent Owner*

If an improper prior art citation under 37 CFR 1.501 is filed by the patent owner prior to an order for reexamination, it should not be entered in the file.

The patent owner should be notified of the nonentry, and the citation papers should be returned to the patent owner along with the notification. Prior art submission filed by the patent owner after an order for reexamination should be entered in the file under 37 CFR 1.555.

The following diagram shows the various situations which can occur when an improper prior art citation is filed and the action to be taken for each alternative situation. Any unusual problems should be brought to the attention of the Office of Patent Legal Administration.

CITATION OF PRIOR ART AND *EX PARTE* REEXAMINATION OF PATENTS          2206

## PROCESSING OF CITATIONS OF PRIOR ART WHICH DO NOT QUALIFY FOR ENTRY UNDER 37 CFR 1.501

```
                    ┌──────────────────────────────────┐
                    │ CITATION DOES NOT QUALIFY FOR ENTRY│
                    └──────────────────────────────────┘
              ┌───────────────────┐          ┌───────────────────────┐
              │ FILED BY THIRD PARTY│          │ FILED BY PATENT OWNER │
              └───────────────────┘          └───────────────────────┘
         ┌────────────────┐   ┌───────────────┐
         │ NO SERVICE OF COPY│  │ SERVICE OF COPY│
         └────────────────┘   └───────────────┘
    ┌───────────┐  ┌───────────┐  ┌───────────┐  ┌───────────┐
    │THIRD PARTY│  │THIRD PARTY│  │THIRD PARTY│  │THIRD PARTY│
    │  KNOWN    │  │ NOT KNOWN │  │  KNOWN    │  │ NOT KNOWN │
    └───────────┘  └───────────┘  └───────────┘  └───────────┘
```

| Duplicate Copy present | No duplicate copy present | Duplicate Copy present | No duplicate copy present |

| | | | | | | |
|---|---|---|---|---|---|---|
| Notice to third party | Notice to third party | | | Notice to third party | | |
| Notice to patent owner | Notice to patent owner | Notice to patent owner | Notice to patent owner | Notice to patent owner | Notice to patent owner | Notice to patent owner |
| Original copy returned to third party | | Discard duplicate copy | | Original copy returned to third party | Discard citation | |
| Duplicate copy sent to patent owner | Original copy sent to patent owner | Original copy sent to patent owner | Original copy sent to patent owner | | | Original copy returned to patent owner |

**ACTION TAKEN BY APPROPRIATE PARTY**

August 2001

## 2207    Entry of Court Decision in Patent File

The Solicitor's Office processes *notices* required by 35 U.S.C. 290, received from the clerks of the various courts, and has them entered in the patent file. However, it is considered desirable that the *entire court decision* be supplied to the Office for entry into the patent file. Accordingly, the Office will accept at *any time* from *any party* for placement in the patent file, submissions of the following: copies of notices of suits and other proceedings involving the patent and copies of decisions or other court papers, or papers filed in the court, from litigations or other proceedings involving the patent. Such submissions must be provided without additional comment. Persons making such submissions must *limit the submission to the notification* and not include further arguments or information. Any proper submission will be promptly placed on record (entered) in the patent file. Entry of these submissions is performed by the Files Repository personnel, unless a reexamination proceeding is pending, in which case, the Technology Center (or other area of the Office) having responsibility for the reexamination enters the submission.

### WHERE A REQUEST FOR REEXAMINATION OF THE PATENT HAS BEEN FILED

It is important for the Office to be aware of any prior court or other proceedings in which a patent undergoing reexamination is or was involved, and any results of such proceedings. In accordance with 37 CFR 1.565(a), the patent owner is required to provide the Office with information regarding the existence of any such proceedings and the results thereof, if known. As to third parties, note as follows. Ordinarily, while a reexamination proceeding is pending, third party submissions filed after the date of the order are not placed in the reexamination or the patent file. However, in order to ensure a complete file, with updated status information as to prior proceedings regarding a patent undergoing reexamination, submissions (as above-described) limited to *bare notice* of the proceedings, with copies of the papers of the proceedings, will be accepted and placed in the file at any time during the reexamination from any party. See MPEP § 2240 and § 2242 for handling of requests for reexamination of patents involved in litigation.

## 2208    Service of Citation on Patent Owner

A copy of any submission of a citation of prior art patents or printed publications in a patent file should be served on the patent owner so that the patent owner is kept fully informed as to the content of his or her patent file wrapper. See MPEP § 2206 for handling of prior art citations.

The service to the patent owner should be addressed to the correspondence address as set forth in 37 CFR 1.33(c). See MPEP § 2222 as to the correspondence address.

## 2209    Reexamination

Procedures for reexamination of issued patents began on July 1, 1981, the date when the reexamination provisions of Public Law 96-517 came into effect.

The reexamination statute and rules permit any person to file a request for reexamination containing certain elements and the fee required under 37 CFR 1.20(c). The Office initially determines if "a substantial new question of patentability" (35 U.S.C. 303(a)) is presented. If such a new question has been presented, reexamination will be ordered. The reexamination proceedings which follow the order for reexamination are very similar to regular examination procedures in patent applications; however, there are notable differences. For example, there are certain limitations as to the kind of rejections which may be made, special reexamination forms to be used, and time periods set to provide "special dispatch." When the reexamination proceedings are terminated, a certificate is issued which indicates the status of all claims following the reexamination.

The following sections of this chapter explain the details of reexamination.

The intent of the reexamination procedures covered in this chapter include the following:

(A) To provide procedures for reexamination of patents;

(B) To implement reexamination in an essentially *ex parte* manner;

(C) To minimize the processing costs and complexities of reexamination;

(D) To maximize respect for the reexamined patent;

CITATION OF PRIOR ART AND *EX PARTE* REEXAMINATION OF PATENTS                    **2210**

(E) To provide procedures for prompt and timely determinations by the Office in accordance with the "special dispatch" requirements of 35 U.S.C. 305.

*The basic characteristics of reexamination are as follows:*

(A) Anyone can request reexamination at any time during the period of enforceability of the patent;

(B) Prior art considered during reexamination is limited to prior art patents or printed publications applied under the appropriate parts of 35 U.S.C. 102 and 103;

(C) A substantial new question of patentability must be present for reexamination to be ordered;

(D) If ordered, the actual reexamination proceeding is *ex parte* in nature;

(E) Decision on the request must be made no later than 3 months from its filing, and the remainder of proceedings must proceed with "special dispatch;"

(F) If ordered, a reexamination proceeding will normally be conducted to its conclusion and the issuance of a reexamination certificate;

(G) The scope of a claim cannot be enlarged by amendment;

(H) All reexamination and patent files are open to the public.

## 2210    Request for Reexamination

*35 U.S.C. 302.  Request for reexamination.*

Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Director pursuant to the provisions of section 41 of this title. The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. Unless the requesting person is the owner of the patent, the Director promptly will send a copy of the request to the owner of record of the patent.

*37 CFR 1.510.  Request for ex parte reexamination.*

(a) Any person may, at any time during the period of enforceability of a patent, file a request for an *ex parte* reexamination by the Office of any claim of the patent on the basis of prior art patents or printed publications cited under § 1.501. The request must be accompanied by the fee for requesting reexamination set in § 1.20(c)(1).

(b) Any request for reexamination must include the following parts:

(1) A statement pointing out each substantial new question of patentability based on prior patents and printed publications.

(2) An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited prior art to every claim for which reexamination is requested. If appropriate the party requesting reexamination may also point out how claims distinguish over cited prior art.

(3) A copy of every patent or printed publication relied upon or referred to in paragraph (b)(1) and (2) of this section accompanied by an English language translation of all the necessary and pertinent parts of any non-English language patent or printed publication.

(4) A copy of the entire patent including the front face, drawings, and specification/claims (in double column format) for which reexamination is requested, and a copy of any disclaimer, certificate of correction, or reexamination certificate issued in the patent. All copies must have each page plainly written on only one side of a sheet of paper.

(5) A certification that a copy of the request filed by a person other than the patent owner has been served in its entirety on the patent owner at the address as provided for in § 1.33(c). The name and address of the party served must be indicated. If service was not possible, a duplicate copy must be supplied to the Office.

(c) If the request does not include the fee for requesting reexamination or all of the parts required by paragraph (b) of this section, the person identified as requesting reexamination will be so notified and given an opportunity to complete the request within a specified time. If the fee for requesting reexamination has been paid but the defect in the request is not corrected within the specified time, the determination whether or not to institute reexamination will be made on the request as it then exists. If the fee for requesting reexamination has not been paid, no determination will be made and the request will be placed in the patent file as a citation if it complies with the requirements of § 1.501(a).

(d)      The filing date of the request is:

(1) The date on which the request including the entire fee for requesting reexamination is received in the Patent and Trademark Office; or

(2) The date on which the last portion of the fee for requesting reexamination is received.

(e) A request filed by the patent owner may include a proposed amendment in accordance with § 1.530.

(f) If a request is filed by an attorney or agent identifying another party on whose behalf the request is being filed, the attorney or agent must have a power of attorney from that party or be acting in a representative capacity pursuant to § 1.34(a).

Any person, at any time during the period of enforceability of a patent, may file a request for reexamination by the U.S. Patent and Trademark Office of any claim of the patent based on prior art patents or printed publications. The request must include the elements set forth in 37 CFR 1.510(b) (see MPEP § 2214) and must be accompanied by the fee as set forth in 37 CFR 1.20(c)(1). No attempt will be made to maintain a requester's name in confidence.

which have been cited in the decision on the request, or applied in making rejections or cited as being pertinent during the reexamination proceedings. Such prior patents or printed publications may have come to the examiner's attention because:

(A) they were of record in the patent file due to a prior art submission under 37 CFR 1.501 which was received prior to the date of the order,

(B) they were of record in the patent file as result of earlier examination proceedings, or

(C) they were discovered by the examiner during a prior art search.

In instances where the examiner considers but does not wish to cite documents of record in the patent file, notations should be made in the reexamination file in the manner set forth in MPEP § 719.05, item II.

All citations listed on form PTO-892 and all citations not lined out on any form PTO-1449 and on any form PTO/SB/42 will be printed on the reexamination certificate under "References cited."

## 2258   Scope of Reexamination

*37 CFR 1.552.   Scope of reexamination in ex parte reexamination proceedings.*

(a) Claims in an *ex parte* reexamination proceeding will be examined on the basis of patents or printed publications and, with respect to subject matter added or deleted in the reexamination proceeding, on the basis of the requirements of 35 U.S.C. 112.

(b) Claims in an *ex parte* reexamination proceeding will not be permitted to enlarge the scope of the claims of the patent.

(c) Issues other than those indicated in paragraphs (a) and (b) of this section will not be resolved in a reexamination proceeding. If such issues are raised by the patent owner or third party requester during a reexamination proceeding, the existence of such issues will be noted by the examiner in the next Office action, in which case the patent owner may consider the advisability of filing a reissue application to have such issues considered and resolved.

The reexamination proceeding provides a complete reexamination of the patent claims on the basis of prior art patents and printed publications. Issues relating to 35 U.S.C. 112 are addressed only with respect to new claims or amendatory subject matter in the specification, claims or drawings. Any new or amended claims are examined to ensure that the scope of the original patent claims is not enlarged, i.e., broadened. See 35 U.S.C. 305.

## I.   PRIOR PATENTS OR PRINTED PUBLI-CATIONS

Rejections on prior art in reexamination proceedings may only be made on the basis of prior patents or printed publications. Prior art rejections may be based upon the following portions of 35 U.S.C. 102:

"(a) . . . patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or"

"(b) the invention was patented or described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent in the United States, or"

\*\*\*\*\*

"(d) the invention was first patented or caused to be patented, or was the subject of an inventor's certificate, by the applicant or his legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States, or"

"(e) the invention was described in—

(1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effect under this subsection of a national application published under section 122(b) only if the international application designating the United States was published under Article 21(2)(a) of such treaty in the English language; or

(2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that a patent shall not be deemed filed in the United States for the purposes of this subsection based on the filing of an international application filed under the treaty defined in section 351(a); or"

"(f) he did not himself invent the subject matter sought to be patented, or"

"(g)(1) during the course of an interference conducted under section 135 or section 291, another inventor involved therein establishes, to the extent permitted in section 104, that before such person's invention thereof the invention was made by such other inventor and not abandoned, suppressed, or concealed, or (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. In determining priority of invention under this subsection, there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other."

Rejections made under 35 U.S.C. 102(f) or (g) based on the prior invention of another must be disclosed in a patent or printed publication. Similarly, substantial new grounds of patentability may also be made under 35 U.S.C. 103 which are based on the above indicated portions of 35 U.S.C. 102.

A substantial new question of patentability may be found under 35 U.S.C. 102(f) or (g)/103 based on the prior invention of another disclosed in a patent or printed publication, if there was no common ownership at the time the claimed invention was made. See MPEP § 706.02(l). See MPEP § 706.02(l)(1) for information pertaining to references which qualify as prior art under 35 U.S.C. 102(e)/103.

### A. Previously Considered Prior Art Patents or Printed Publications

After reexamination is ordered based on a proper substantial new question of patentability, a ground of rejection based wholly on prior art previously considered by the Office (in an earlier examination of the patent) may not be raised by the examiner. *In re Recreative Technologies*, 83 F.3d 1394, 38 USPQ2d 1776 (Fed. Cir. 1996). In deciding whether to make a rejection of the claims, the consideration to be given to prior art patents or printed publications cited in an earlier examination is controlled by *In re Portola Packaging Inc.*, 110 F.3d 786, 42 USPQ2d 1295 (Fed. Cir. 1997).

See the guidelines for compliance with the *Portola Packaging* decision in MPEP § 2242. Note also *In re Hiniker Co.*, 150 F.3d 1362, 1367, 47 USPQ2d 1523,1527 (Fed. Cir. 1998)(court held the reexamination proceeding was supported by a substantial new question of patentability where the rejection before the court was based on a combination of art that had been before the examiner during the original prosecution, and art newly cited during the reexamination proceeding.) The court further stated that any error in the Commissioner's authority to institute a reexamination was "washed clean" during the reexamination procedure.

### B. Matters Other Than Patents or Printed Publications

Rejections will not be based on matters other than patents or printed publications, such as public use or sale, inventorship, 35 U.S.C. 101, fraud, etc. In this regard, see *In re Lanham*, 1 USPQ2d 1877 (Comm'r Pat. 1986), and *Stewart Systems v. Comm'r of Patents and Trademarks*, 1 USPQ2d 1879 (E.D. Va. 1986). A rejection on prior public use or sale, insufficiency of disclosure, etc., cannot be made even if it relies on a prior patent or printed publication. Prior patents or printed publications must be applied under an appropriate portion of 35 U.S.C. 102 and/or 103 when making a rejection.

### C. Intervening Patents or Printed Publications

Rejections may be made in reexamination proceedings based on intervening patents or printed publications where the patent claims under reexamination are entitled only to the filing date of the patent and are not supported by an earlier foreign or United States patent application whose filing date is claimed. For example, under 35 U.S.C. 120, the effective date of these claims would be the filing date of the application which resulted in the patent. Intervening patents or printed publications are available as prior art under *In re Ruscetta*, 255 F.2d 687, 118 USPQ 101 (CCPA 1958), and *In re van Langehoven*, 458 F.2d 132, 173 USPQ 426 (CCPA 1972). See also MPEP § 201.11.

### D. Double Patenting

Double patenting is normally proper for consideration in reexamination. See *In re Lonardo*, 119 F.3d 960, 43 USPQ2d 1262 (Fed. Cir. 1997). In *Lonardo*, the Federal Circuit reviewed and interpreted the language of 35 U.S.C. 303 and stated that:

> Since the statute in other places refers to prior art in relation to reexamination, *see id.*, it seems apparent that Congress intended that the phrases 'patents and publications' and 'other patents or printed publications' in section 303(a) not be limited to prior art patents or printed publications.... Finally, it is reasonable to conclude that Congress intended to include double patenting over a prior patent as a basis for reexamination because maintenance of a patent that creates double patenting is as much of an imposition on the public as maintenance of patent that is unpatentable over prior art. Thus, we conclude that the PTO was authorized during reexamination to consider the question of double patenting based upon the '762 patent.

*In re Lonardo*, 119 F.3d at 966, 43 USPQ2d at 1266. Accordingly, the issue of double patenting is appropriate for consideration in reexamination, both as a basis for ordering reexamination and during subsequent examination on the merits. The issue of double

MANUAL OF PATENT EXAMINING PROCEDURE

patenting is to be considered by the examiner when making the decision on the request for reexamination. The examiner should determine whether the issue of double patenting raises a substantial new question of patentability. The issue of double patenting is also to be considered during the examination stage of reexamination proceeding. In the examination stage, the examiner should determine whether a rejection based on double patenting is appropriate.

See also *Ex parte Obiaya*, 227 USPQ 58, 60 (Bd. Pat. App. & Inter. 1985) ("Double patenting rejections are analogous to rejections under 35 U.S.C. 103 and depend on the presence of a prior patent as the basis for the rejection").

As is the case for an application, a judicially created double patenting rejection (made in a reexamination) can be overcome by the filing of a terminal disclaimer in accordance with 37 CFR 1.321(c). Where a terminal disclaimer is submitted in a reexamination proceeding, form paragraph 14.23.01 should be used if the terminal disclaimer is proper. If the terminal disclaimer is not proper, form paragraph 14.25 should be used, and one or more of the appropriate form paragraphs 14.26 to 14.32 must follow form paragraph 14.25 to indicate why the terminal disclaimer is not accepted. See also MPEP § 1490.

### E.    Affidavits or Declarations

Affidavits or declarations which explain the contents or pertinent dates of prior patents or printed publications in more detail may be considered in reexamination, but any rejection must be based upon the prior patents or printed publications as explained by the affidavits or declarations. The rejection in such circumstances cannot be based on the affidavits or declarations as such, but must be based on the prior patents or printed publications.

### F.    Admissions; Use of Admissions

### 1.    Initial Reexamination Determination and Order

The consideration under 35 U.S.C. 303 of a request for reexamination is limited to prior art patents and printed publications. See *Ex parte McGaughey*, 6 USPQ2d 1334, 1337 (Bd. Pat. App. & Inter. 1988). Thus an admission, *per se*, may not be the basis for establishing a substantial new question of patentability. However, an admission by the patent owner of record in the file or in a court record may be utilized in combination with a patent or printed publication.

### 2.    Reexamination Ordered, Examination on the Merits

After reexamination has been ordered, the examination on the merits is dictated by 35 U.S.C. 305, see *Ex parte McGaughey*, 6 USPQ2d 1334, 1337 (Bd. Pat. App. & Inter. 1988).

Admissions by the patent owner in the record as to matters affecting patentability may be utilized in a reexamination proceeding; see 37 CFR 1.104(c)(3).

37 CFR 1.104(c)(3) provides that admissions by the patent owners as to matters affecting patentability may be utilized in a reexamination proceeding. The Supreme Court when discussing 35 U.S.C. 103 in *Graham v. John Deere Co.*, 383 U.S. 6, 148 USPQ 459 (1966) stated, *inter alia*, "the scope and content of the prior art are to be determined." Accordingly, a proper evaluation of the scope and content of the prior art in determining obviousness would require a utilization of any "admission" by the patent owner which can be used to interpret or modify a patent or printed publication applied in a reexamination proceeding. This is true whether such admission results from a patent or printed publication or from some other source. An admission as to what is in the prior art is simply that, an admission, and requires no independent proof. It is an acknowledged, declared, conceded, or recognized fact or truth, *Ex parte McGaughey*, 6 USPQ2d 1334, 1337 (Bd. Pat. App. & Inter. 1988). While the scope and content of the admission may sometimes have to be determined, this can be done from the record and from the paper file in the same manner as with patents and printed publications. To ignore an admission by the patent owner, from any source, and not use the admission as part of the prior art *in conjunction with patents and printed publications* in reexamination would make it impossible for the examiner to properly determine the scope and content of the prior art as required by *Graham*, supra.

The Board of Appeals upheld the use of an admission in a reexamination proceeding in *Ex parte Seiko Koko Kabushiki Kaisha*, 225 USPQ 1260 (Bd. Pat. App. & Inter. 1984), *Ex parte Kimbell*, 226 USPQ 688 (Bd. Pat. App. & Inter. 1985) and in *Ex parte McGaughey*, 6 USPQ2d 1334 (Bd. Pat. App. & Inter.

1988). In *Seiko*, the Board relied on *In re Nomiya*, 509 F.2d 566, 184 USPQ 607 (CCPA 1975) holding an admission of prior art in the specification of the parent undergoing reexamination is considered prior art which may be considered as evidence of obviousness under 35 U.S.C. 103. In *Kimbell*, the Board referred to the patent specification and noted the admission by appellant that an explosion-proof housing was well known at the time of the invention. In *Ex parte McGaughey*, 6 USPQ2d 1334, 1337 (Bd. Pat. App. & Int. 1988), the Board held that any equivocal admission relating to prior art is a fact which is part of the scope and content of the prior art and that prior art admissions established in the record are to be considered in reexamination. An admission from any source can be used with respect to interpreting or modifying a prior art patent or printed publication, in a reexamination proceeding. The Board expressly overruled the prior Board decision in *Ex parte Horton*, 226 USPQ 697 (Bd. Pat. App. & Inter. 1985) which held that admissions which are used as a basis for a rejection in reexamination must relate to patents and printed publications.

The admission can reside in the patent file (made of record during the prosecution of the patent application) or may be presented during the pendency of the reexamination proceeding or in litigation. Admissions by the patent owner as to any matter affecting patentability may be utilized to determine the scope and content of the prior art in conjunction with patents and printed publications in a prior art rejection, whether such admissions result from patents or printed publications or from some other source. An admission relating to *any* prior art (e.g., on sale, public use) established in the record or in court may be used by the examiner in combination with patents or printed publications in a reexamination proceeding. Any admission submitted by the patent owner is proper. A third party, however, may not submit admissions of the patent owner made outside the record. Such a submission would be outside the scope of reexamination.

## G. *Claim Interpretation and Treatment*

Original patent claims will be examined *only* on the basis of prior art patents or printed publications applied under the appropriate parts of 35 U.S.C. 102

and 103. See MPEP § 2217. During reexamination, claims are given the broadest reasonable interpretation consistent with the specification and limitations in the specification are not read into the claims (*In re Yamamoto*, 740 F.2d 1569, 222 USPQ 934 (Fed. Cir. 1984)). In a reexamination proceeding involving claims of an expired patent, which are not subject to amendment, a policy of narrow construction should be applied. Such a policy favors a construction of a patent claim that will render it valid; i.e., a narrow construction, over a broad construction that would render it invalid. See *In re Papst-Motoren*, 1 USPQ2d 1659 (Bd. Pat. App. & Inter. 1986). The statutory presumption of validity, 35 U.S.C. 282, has no application in reexamination (*In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985)).

## II. COMPLIANCE WITH 35 U.S.C. 112

Where new claims are presented or where any part of the disclosure is amended, the claims of the reexamination proceeding, are to be examined for compliance with 35 U.S.C. 112. Consideration of 35 U.S.C. 112 issues should, however, be limited to the amendatory (e.g., new language) matter. For example, a claim which is amended or a new claim which is presented containing a limitation not found in the original patent claim should be considered for compliance under 35 U.S.C. 112 only with respect to that limitation. To go further would be inconsistent with the statute to the extent that 35 U.S.C. 112 issues would be raised as to matter in the original patent claim. Thus, a term in a patent claim which the examiner might deem to be too broad cannot be considered as too broad in a new or amended claim *unless* the amendatory matter in the new or amended claim creates the issue.

### A. *35 U.S.C. 112 Issues To Be Considered*

Compliance of new or amended claims with the enablement and/or description requirements of the first paragraph of 35 U.S.C. 112 should be considered as to the amendatory and new text in the reexamination proceeding. Likewise, the examiner should determine whether the new or amended claims comply with the second paragraph of 35 U.S.C. 112. MPEP § 2163 - § 2173.05(v) provide extensive guidance as to these matters.

## B.    New Matter

35 U.S.C. 305 provides for examination under 35 U.S.C. 132, which prohibits the introduction of new matter into the disclosure. Thus, the question of new matter should be considered in a reexamination proceeding. See MPEP § 2163.06 as to the relationship of the written description requirement of the first paragraph of 35 U.S.C. 112 and the new matter prohibition under 35 U.S.C. 132. Where the new matter is added to the claims or affects claim limitations, the claims should be rejected under 35 U.S.C. 112, first paragraph, for failing to meet the written description requirement.

## C.    Amendment of the Specification

Where the specification is amended in a reexamination proceeding, the examiner should make certain that the requirements of 35 U.S.C. 112 are met. An amendment to the specification can redefine the scope of the terms in a claim such that the claim is no longer clear or is not supported by the specification. Thus, an amendment to the specification can result in the failure of the claims to comply with 35 U.S.C. 112, even where the claims are not amended in any respect.

## III.    CLAIMS IN PROCEEDING MUST NOT ENLARGE SCOPE OF THE CLAIMS OF THE PATENT

Where new or amended claims are presented or where any part of the disclosure is amended, the claims of the reexamination proceeding should be examined under 35 U.S.C. 305, to determine whether they enlarge the scope of the original claims. 35 U.S.C. 305 states that "no proposed amended or new claim enlarging the scope of the claims of the patent will be permitted in a reexamination proceeding...".

## A.    Criteria for Enlargement of the Scope of the Claims

A claim presented in a reexamination proceeding "enlarges the scope" of the claims of the patent being reexamined where the claim is broader than each and every claim of the patent. See MPEP § 1412.03 for guidance as to when the presented claim is considered to be a broadening claim as compared with the claims of the patent, i.e., what is broadening and what is not.

If a claim is considered to be a broadening claim for purposes of reissue, it is likewise considered to be a broadening claim in reexamination.

## B.    Amendment of the Specification

Where the specification is amended in a reexamination proceeding, the examiner should make certain that the amendment to the specification does not enlarge the scope of the claims of the patent. An amendment to the specification can enlarge the scope of the claims by redefining the scope of the terms in a claim, even where the claims are not amended in any respect.

## C.    Rejection of Claims Where There Is Enlargement

Any claim in a reexamination proceeding which enlarges the scope of the claims of the patent should be rejected under 35 U.S.C. 305. Form paragraph 22.11 is to be employed in making the rejection.

¶ 22.11 Rejection, 35 U.S.C. 305, Claim Enlarges Scope of Patent

Claim [1] rejected under 35 U.S.C. 305 as enlarging the scope of the claim(s) of the patent being reexamined. In 35 U.S.C. 305, it is stated that "[a]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding... ." A claim presented in a reexamination "enlarges the scope" of the patent claim(s) where the claim is broader than any claim of the patent. A claim is broader in scope than the original claims if it contains within its scope any conceivable product or process which would not have infringed the original patent. A claim is broadened if it is broader in any one respect, even though it may be narrower in other respects.

[2]

Examiner Note:

The claim limitations which are considered to broaden the scope should be identified and explained in bracket 2. See MPEP § 2258.

## IV.    OTHER MATTERS

Where some of the patent claims in a patent being reexamined have been the subject of a prior Office or court decision, see MPEP § 2242. Where other proceedings involving the patent are copending with the reexamination proceeding, see MPEP § 2282 - § 2286.

Even when a request for reexamination does not present a substantial new question as to all claims, each claim of the patent will be reexamined. The

resulting reexamination certificate will indicate the status of all of the patent claims and any added patentable claims.

Restriction requirements cannot be made in a reexamination proceeding since no statutory basis exists for restriction in a reexamination proceeding.

There are matters ancillary to reexamination which are necessary and incident to patentability which will be considered. Amendments may be made to the specification to correct, for example, an inadvertent failure to claim foreign priority or the continuing status of the patent relative to a parent application if such correction is necessary to overcome a reference applied against a claim of the patent. No renewal of previously made claims for foreign priority under 35 U.S.C. 119 or continuing status of the application under 35 U.S.C. 120, is necessary during reexamination. Correction of inventorship may also be made during reexamination. See 37 CFR 1.324 and MPEP § 1481 for petition for correction of inventorship in a patent. If a petition filed under 37 CFR 1.324 is granted, a Certificate of Correction indicating the change of inventorship will not be issued, because the reexamination certificate that will ultimately issue will contain the appropriate change-of-inventorship information (i.e., the Certificate of Correction is in effect merged with the reexamination certificate).

Affidavits under 37 CFR 1.131 and 1.132 may be utilized in a reexamination proceeding. Note, however, that an affidavit under 37 CFR 1.131 may not be used to "swear back" of a reference patent if the reference patent is claiming the same invention as the patent undergoing reexamination. In such a situation, the patent owner may, if appropriate, seek to raise this issue in an interference proceeding via an appropriate reissue application if such a reissue application may be filed.

Patent claims not subject to reexamination because of their prior adjudication by a court should be identified. See MPEP § 2242.

For handling a dependent claim in reexamination proceedings, see MPEP § 2260.01. All added claims will be examined.

Where grounds set forth in a prior Office or Federal Court decision, which are not based on patents or printed publications clearly raise questions as to the validity of the claims, the examiner's Office action should clearly state that the claims have not been examined as to those grounds not based on patents or printed publications stated in the prior decision. See 37 CFR 1.552(c). See *In re Knight*, 217 USPQ 294 (Comm'r Pat. 1982). All claims under reexamination should, however, be reexamined, but only on the basis of prior patents and printed publications.

If questions other than those indicated above (for example, questions of patentability based on the public use or sale, fraud, abandonment under 35 U.S.C. 102(c), etc.) are discovered during a reexamination proceeding, the existence of such questions will be noted by the examiner in an Office action, in which case the patent owner may desire to consider the advisability of filing a reissue application to have such questions considered and resolved. Such questions could arise in a reexamination requester's 37 CFR 1.510 request or in a 37 CFR 1.535 reply by the requester. Note form paragraph 22.03.

¶ 22.03 Issue Not Within Scope of Reexamination
It is noted that an issue not within the scope of reexamination proceedings has been raised. [1]. The issue will not be considered in a reexamination proceeding. 37 CFR 1.552(c). While this issue is not within the scope of reexamination, the patentee is advised that it may be desirable to consider filing a reissue application provided that the patentee believes one or more claims to be partially or wholly inoperative or invalid based upon the issue.

Examiner Note:
1.  In bracket 1, identify the issues.
2.  This paragraph may be used either when the request for reexamination is based upon issues such as public use or sale, fraud, or abandonment or the invention, or when questions are discovered during a reexamination proceeding.

Where a request for reexamination is filed on a patent after it has been reissued, reexamination will be denied because the patent on which the request for reexamination is based has been surrendered. Should reexamination of the reissued patent be desired, a new request for reexamination including, and based on, the specification and claims of the reissue patent must be filed.

Any amendment made by the patent owner to accompany the initial reexamination request, or in later prosecution of the reexamination proceeding, should treat the changes made by the granted reissue patent as the text of the patent, and all bracketing and underlining made with respect to the patent as changed by the reissue.

Where the reissue patent issues after the filing of a request for reexamination, see MPEP § 2285.

## 2281  Interviews in Reexamination Proceedings

*37 CFR 1.560.  Interviews in reexamination proceedings.*

(a) Interviews in *ex parte* reexamination proceedings pending before the Office between examiners and the owners of such patents or their attorneys or agents of record must be conducted in the Office at such times, within Office hours, as the respective examiners may designate. Interviews will not be permitted at any other time or place without the authority of the Commissioner. Interviews for the discussion of the patentability of claims in patents involved in *ex parte* reexamination proceedings will not be conducted prior to the first official action. Interviews should be arranged in advance. Requests that reexamination requesters participate in interviews with examiners will not be granted.

(b) In every instance of an interview with an examiner in an *ex parte* reexamination proceeding, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the patent owner. An interview does not remove the necessity for response to Office actions as specified in § 1.111. Patent owner's response to an outstanding Office action after the interview does not remove the necessity for filing the written statement. The written statement must be filed as a separate part of a response to an Office action outstanding at the time of the interview, or as a separate paper within one month from the date of the interview, whichever is later.

Interviews are permitted in an *ex parte* reexamination proceeding. In the *ex parte* proceeding, only *ex parte* interviews between the examiner and patent owner and/or the patent owner's representative are permitted. Requests by third party requesters to participate in interviews or to attend interviews will not be granted.

Unless the Office of Patent Legal Administration authorizes otherwise, interviews between examiner and the owners of patents undergoing *ex parte* reexamination or their attorneys or agents must be had in the Office at such times, within Office hours, as the respective examiners may designate.

Interviews for the discussion of the patentability of claims in patents involved in reexamination proceedings will ordinarily not be had prior to the first Office action following the order for reexamination and any submissions pursuant to 37 CFR 1.530 and 1.535. Such interviews will be permitted prior to the first Office action *only* where the examiner initiates the interview for the purpose of providing an amendment which will make the claims patentable and the patent owner's role is passive. The patent owner's role (or patent owner's attorney or agent) is limited to agreeing to the change or not. The patent owner should not

otherwise discuss the case on the merits during this interview.

The patent owner's questions on purely procedural matters may be answered by the examiner at any time during the proceeding.

Where any party who is not the patent owner requests information as to the merits of a reexamination proceeding, the examiner will **not** conduct a personal or telephone interview with that party to provide the information. Only questions on strictly procedural matters may be discussed with that party. A question by a party who is not the patent owner relating to when the next Office action will be rendered is improper as it relates to the merits of the proceeding.

The examiner must complete Interview Summary form PTOL-474 for each interview held where a matter of substance has been discussed (see MPEP § 713.04). A copy of the form should be given to the patent owner at the conclusion of the interview. The original should be made of record in the reexamination file, and a copy should be mailed to any third party requester.

The general procedure for conducting interviews and recording same is described at MPEP § 713.01 - § 713.04.

## PATENT OWNER'S STATEMENT OF THE INTERVIEW

In every instance of an interview with the examiner, a patent owner's statement of the interview, including a complete written statement of the reasons presented at the interview as warranting favorable action, must be filed by the patent owner. This requirement cannot be waived by the examiner. Patent owners are encouraged to submit such written statement as soon after the interview as is possible, and *no later than the next communication to the Office.* Service of the written statement of the interview on any third party requester is required.

## 2282  Notification of Existence of Prior or Concurrent Proceedings and Decisions Thereon

*37 CFR 1.565.  Concurrent office proceedings which include an ex parte reexamination proceeding.*

(a) In an *ex parte* reexamination proceeding before the Office, the patent owner must inform the Office of any prior or concurrent proceedings in which the patent is or was involved

such as interferences, reissues, *ex parte* reexaminations, *inter partes* reexaminations, or litigation and the results of such proceedings. See § 1.985 for notification of prior or concurrent proceedings in an *inter partes* reexamination proceeding.

\*\*\*\*\*

It is important for the Office to be aware of any prior or concurrent proceedings in which a patent undergoing reexamination is or was involved, such as interferences, reissues, reexaminations or litigations, and any results of such proceedings. In accordance with 37 CFR 1.565(a), the patent owner is required to provide the Office with information regarding the existence of any such proceedings, and the results thereof, if known. Ordinarily, no submissions of any kind by third parties filed after the date of the order are placed in the reexamination or patent file while the reexamination proceeding is pending. However, in order to ensure a complete file, with updated status information regarding prior or concurrent proceedings regarding the patent under reexamination, the Office will, at any time, accept for placement in the reexamination file copies from any parties of notices of suits and other proceedings involving the patent and copies of decisions or papers filed in the court from litigations or other proceedings involving the patent. Persons making such submissions must limit the submissions to the notification, and must not include further arguments or information. Where a submission is not limited to bare notice of the prior or concurrent proceedings (in which a patent undergoing reexamination is or was involved), the submission will be returned by the Office. Any proper submission pursuant to 37 CFR 1.565(a) will be promptly placed of record in the reexamination file. See MPEP § 2286 for Office investigation for prior or concurrent litigation.

Form paragraph 22.07 or 22.08, if appropriate, may be used to remind the patent owner of the continuing duty under 37 CFR 1.565(a) to apprise the Office of any litigation activity.

## 2283    Multiple Copending Reexamination Proceedings

*37 CFR 1.565. Concurrent Office proceedings which include an ex parte reexamination proceeding.*

\*\*\*\*\*

(c) If *ex parte* reexamination is ordered while a prior *ex parte* reexamination proceeding is pending and prosecution in the prior *ex parte* reexamination proceeding has not been terminated, the *ex parte* reexamination proceedings will be consolidated and result in the issuance of a single certificate under § 1.570. For merger of *inter partes* reexamination proceedings, see § 1.989(a). For merger of *ex parte* reexamination and *inter partes* reexamination proceedings, see § 1.989(b).

\*\*\*\*\*

See MPEP § 2240 for a discussion as to whether a substantial new question of patentability is raised by the prior art cited in a second or subsequent request for reexamination filed while a reexamination proceeding is pending.

If reexamination is ordered on a request for reexamination while a prior reexamination proceeding is still pending, the decision on whether or not to combine the proceedings will be made by the Technology Center (TC) Director where the reexamination is pending. The TC Director may delegate this to the TC Special Program Examiner. No decision on combining the reexaminations should be made until reexamination is actually ordered in the later filed request for reexamination.

## PROCEEDINGS MERGED

If a second request for reexamination is filed where a first certificate will issue for the first reexamination later than 3 months from the filing of the second request, the proceedings normally will be merged. In this situation the second request is decided based on the original patent claims and if reexamination is ordered, the reexamination proceedings normally would be merged. If the first reexamination is in "issue" for publication of a certificate, it will be withdrawn from issue. The second reexamination proceeding will be merged with the first reexamination proceeding and prosecution will continue after the patent owner and second requester have been given an opportunity to file a statement and reply, respectively.

If the second request is based upon essentially the *same* patents or publications as in the first request or on patents or printed publications which raise essentially the same issues as those raised in the first request, and if reexamination is ordered, the examination of the merged proceeding will continue at the point reached in the first reexamination proceeding. If, however, *new* patents or printed publications are presented in the second request which raise different