# EXHIBIT 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 0 8 2004

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1592

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COLUMBIA UNIVERSITY PATENT LITIGATION

BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN,* J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of seven actions pending as follows: three actions in the District of Massachusetts, two actions in the Northern District of California, and one action each in the Central District of California and the Southern District of New York.[1] Before the Panel is a motion by The Trustees of Columbia University in the City of New York (Columbia) for coordinated or consolidated proceedings of these actions under Section 1407 in the Northern District of California. All other parties in these actions oppose the motion. Those parties are plaintiffs in six actions and the potential tag-along action brought against Columbia; two of the same parties are also the defendants in the action filed by Columbia.[2] If the Panel does determine to order transfer, then, with the exception of plaintiffs in the Central District of California action, each opponent would support centralization in the district in which it brought its action. In that event, plaintiffs in the Central District of California action would support the District of Massachusetts as transferee district, a district also supported, in the alternative, by plaintiff in the Southern District of New York action.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

---

* Judges Selya and Jensen took no part in the decision of this matter.

[1] In addition to the actions before the Panel, there is a related action pending in the District of Massachusetts. This action and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Abbott Bioresearch Center, Inc.; Amgen, Inc.; Baxter Healthcare Corporation; Biogen Idec MA Inc., formerly Biogen, Inc.; Genentech, Inc.; Genzyme Corporation; Genetics Institute LLC; Immunex Corp.; Johnson & Johnson; Serono, Inc.; Ares Trading S.A.; and Wyeth.

- 2 -

litigation. At issue in each of the actions is the same patent, U.S. Patent No. 6,455,275 (the '275 patent), which, according to the parties, involves a recombinant DNA technology called "co-transformation," a process for inserting foreign DNA into a host cell to produce desired proteins. Six of the actions and the potential tag-along action are brought against Columbia by pharmaceutical companies, each of which seeks a declaratory judgment of patent invalidity and unenforceability with respect to the '275 patent. The remaining action is brought by Columbia against two of those companies for breach of contract arising from license agreements relating to the '275 patent and for a declaratory judgment that the '275 patent is valid and enforceable. All actions can thus be expected to share factual and legal questions with respect to the '275 patent concerning patent validity and related questions such as double patenting, prosecution laches, and inequitable conduct. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to time-consuming and complex matters of claims construction; and conserve the resources of the parties, their counsel and the judiciary.

The parties opposing transfer argue, among other things, that insufficient common questions exist among the actions to warrant transfer and that it would be preferable to address any common matters through alternatives to Section 1407 transfer. We find these arguments unpersuasive. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate needs while ensuring that common parties and witnesses are not involved in discovery demands and other pretrial matters in one action that duplicate activity that has already occurred or would occur in the other actions.

In concluding that the District of Massachusetts is an appropriate forum for this docket, we note that most of the parties in this litigation are in the eastern part of the United States, and thus the Massachusetts district should prove to be convenient for many of the litigants. Furthermore, centralization in the Massachusetts forum permits the Panel to assign this litigation to a district i) in which half of the actions are pending; and ii) that is presently equipped with the resources likely required by this complex docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Mark L. Wolf for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1592 -- In re Columbia University Patent Litigation

### Central District of California

*Immunex Corp., et al. v. The Trustees of Columbia University in the City of New York,*
C.A. No. 2:03-4349

### Northern District of California

*Genentech, Inc. v. The Trustees of Columbia University in the City of New York,*
C.A. No. 3:03-1603
*The Trustees of Columbia University in the City of New York v. Johnson & Johnson, et al.,*
C.A. No. 3:03-4875

### District of Massachusetts

*Biogen, Inc., et al. v. The Trustees of Columbia University in the City of New York,*
C.A. No. 1:03-11329
*Wyeth, et al. v. The Trustees of Columbia University in the City of New York,*
C.A. No. 1:03-11570
*Baxter Healthcare Corp. v. The Trustees of Columbia University in the City of New York,*
C.A. No. 1:03-12221

### Southern District of New York

*Johnson & Johnson v. The Trustees of Columbia University in the City of New York,*
C.A. No. 1:03-8811