# EXHIBIT 6

REISSUE LITIGATION

Docket No. 17668-A7-B/JPW/GJG

## REISSUE APPLICATION
## DECLARATION AND POWER OF ATTORNEY
## BY THE INVENTORS

Each of Richard Axel, Michael H. Wigler, and Saul J. Silverstein hereby declares that:

My residence, post office address, and citizenship are stated below next to my name.

I believe I am an original, first and joint inventor of the subject matter which is described and claimed in U.S. Letters Patent Number 6,455,275 B1, issued September 24, 2002 from U.S. Serial No. 08/484,136, filed June 7, 1995 and entitled:

DNA CONSTRUCT FOR PRODUCING PROTEINACEOUS MATERIALS IN EUCARYOTIC CELLS

and for which a reissue patent is being sought, the specification of which, and a Preliminary Amendment to which, are attached hereto.

I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by the Preliminary Amendment referred to above.

I acknowledge the duty to disclose information of which I am aware which is material to patentability in accordance with 37 C.F.R. §1.56.

I hereby claim the benefit under 35 U.S.C. §120 of the patent applications, listed below. Insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States applications in the manner provided by 35 U.S.C. §112, first paragraph, I acknowledge the duty to disclose to the United States Patent and Trademark Office in accordance with 37 C.F.R. § 1.56 all information known to me to be material to patentability which became available between the filing date(s) of such prior application(s) and the filing date of this application:

| Application Serial No. | Filing Date | Status |
|---|---|---|
| 08/395,520 | February 27, 1995 | Abandoned |
| 08/217,007 | March 23, 1994 | Abandoned |
| 07/866,800 | June 26, 1992 | Abandoned |
| 07/716,915 | June 18, 1991 | 5,179,017 |
| 07/346,089 | May 2, 1989 | Abandoned |
| 06/915,273 | October 3, 1986 | Abandoned |
| 06/522,408 | August 11, 1983 | 4,634,665 |
| 06/124,513 | February 25, 1980 | 4,399,216 |

*Reissue Declaration and Power of Attorney by Inventors*
Page 2/7

And I hereby appoint:

> John P. White (Reg. No. 28,678); Christopher C. Dunham (Reg. No. 22,031); Ivan S. Kavrukov (Reg. No. 25,161); Norman H. Zivin (Reg. No. 25,385); Jay H. Maioli (Reg. No. 27,213); William E. Pelton (Reg. No. 25,702); Robert D. Katz (Reg. No. 30,141); Donald S. Dowden (Reg. No. 20,701); Peter J. Phillips (Reg. No. 29,691); Wendy E. Miller (Reg. No. 35,615); Richard S. Milner (Reg. No. 33,970); Robert T. Maldonado (Reg. No. 38,232); Richard F. Jaworski (Reg. No. 33,515); Paul Teng (Reg. No. 40,837); Alan J. Morrison (Reg. No. 37,399); Gary J. Gershik (Reg. No. 39,992); and Pedro C. Fernandez (Reg. No. 41,741)

and each of them, all c/o Cooper & Dunham LLP of 1185 Avenue of the Americas, New York, New York 10036, my attorneys, each with full power of substitution and revocation, to prosecute this application, to make alterations and amendments therein, to receive the patent, and to transact all business in the Patent and Trademark Office connected therewith.

Please address all communications, and direct all telephone calls, regarding this application to:

> John P. White
> Registration No. 28,678
> Cooper & Dunham LLP
> 1185 Avenue of the Americas
> New York, New York 10036
> Tel. (212) 278-0400

**Statement of Invalidity or Inoperativeness:**

I believe the original patent, U.S. Patent No. 6,455,275 B1 (hereinafter "the '275 Patent"), is partially inoperative or invalid because through error, but without deceptive intent on my part, (a) errors exist in the language of claims 1, 4, and 6-18 and (b) we have claimed more or less than we had the right to claim in the '275 Patent. In addition, a statement relating to U.S. Government funding which inadvertently had been omitted from the beginning of the specification is being added.

The errors which render the patent partially inoperative or invalid relate to originally issued claims 1, 4, and 6-18 of the '275 Patent and to new claims 21-37.

*Reissue Declaration and Power of Attorney by Inventors*
*Page 3/7*

I understand that this reissue application is an application for a broadening reissue, at least because it claims <u>transformed mammalian cells</u> and processes for producing substances using such transformed mammalian cells in new claims 26-37, whereas the previously patented claims recited "transformed Chinese Hamster Ovary (CHO) cells".

<u>Claim 1</u>
Original claim 1 recited a transformed Chinese Hamster Ovary ("CHO") cell comprising a "DNA II encoding an amplifiable dominant selectable phenotype not expressed by such Chinese Hamster Ovary cell prior to transformation." However, it is "DNA II" which is amplifiable, not the dominant selectable phenotype. Moreover, it may not be clear in claim 1 whether DNA II or the phenotype was not expressed prior to transformation and that DNA II was foreign DNA. Further, it was an error to recite that the construct rather than the cell was effective for producing the proteinaceous material. Finally, the embodiment of claim 1 which applicants wish to claim is that in which both DNA I and DNA II are amplified. Claim 1 has been amended in the accompanying Preliminary Amendment to address these errors.

<u>Claim 4 has been canceled</u>
Original claim 4 recited a Chinese Hamster Ovary cell comprising DNA I encoding a proteinaceous material "wherein the proteinaceous material is a glycoprotein." However, the terms "proteinaceous material" and "glycoprotein" are defined in the description of the subject patent to be distinct from each other. Specifically, "proteinaceous material" is defined in the '275 Patent at column 4, lines 22-23 as "any biopolymer formed from amino acids," and is used to refer to that for which DNA encodes. In contrast a "glycoprotein" is described as "containing sugar molecules in addition to protein," at column 3, lines 7-8 of the patent; as including "both non-proteinaceous and proteinaceous

*Reissue Declaration and Power of Attorney by Inventors*
Page 4/7

moieties," at column 3, lines 17-19; and as being a cellular material which includes a non-protein or non-proteinaceous or sugar portion which is produced from a proteinaceous material which is a precursor of the glycoprotein at column 7, lines 32-58. Accordingly, DNA I encoding a "proteinaceous material" does not encode a "glycoprotein," and claim 4 has been canceled without disclaimer or prejudice with respect to claiming subject matter encompassed thereby.

Claims 6 and 17
Claims 6 and 17 have been amended to recite that DNA II comprises a gene which encodes a dihydrofolate reductase to address any inference that DNA II is limited to nucleotides encoding a dihydrofolate reductase. Also, the phrase "which renders the transformed CHO cell resistant to methotrexate," has been deleted since this phrase more properly relates to the phenotype exhibited by the cell which may be the result of amplification of DNA II rather than being an intrinsic property of dihydrofolate reductase.

Claims 7-14
Claims 7-14 have been amended to be multiply dependent on claims of the originally issued '275 Patent (as amended herein) and on new claims being added in this reissue application in order that the full scope of patent protection to which we are entitled may be obtained.

In addition, original claim 14 contained an error in that it lacked an antecedent basis for the phrase "the proteinaceous material." The preamble of claim 14 erroneously contained the phrase "a proteinaceous protein," thus providing no antecedent basis for the phrase "the proteinaceous material" later in claim 14. This lack of an antecedent basis for the phrase "the proteinaceous material" has been corrected in amended claim 14.

*Reissue Declaration and Power of Attorney by Inventors*
*Page 3/7*

Claim 15

Original claim 15 recited a method "wherein the proteinaceous material is glycoprotein." As explained above, a "proteinaceous material" is not a "glycoprotein," and methods or processes for producing and recovering a glycoprotein are not the same as methods or processes for producing a proteinaceous material. Therefore, claim 15 contained an error which created an ambiguity. Amended claim 15 more accurately recites our invention of a method for producing a glycoprotein for which patent protection had been obtained and is sought in this reissue application.

Claim 16 and new Claim 21

Original claim 16 contained an error in that it recited "a gene encoding a glycoprotein of interest." However, if this recitation were interpreted without regard to the specification, it could be construed to be inconsistent with the specification. Specifically, a "gene" is used in the specification to refer to DNA that encodes a "proteinaceous material", i.e. an amino acid-containing biopolymer. A "gene" is not used to refer to DNA that encodes a glycoprotein. Claim 16 has been amended and new claim 21 added to correct this error and to obviate any question whether we had obtained patent protection for our invention.

Claim 18

Original claim 18 has been amended to also depend on claim 17 and to address a possible error in claim language.

*Reissue Declaration and Power of Attorney by Inventors*
*Page 6/7*

<u>New Claims 22-37</u>

New claims 22-37 have been added to obtain the full scope of protection to which we are entitled, but which we did not obtain because one or more of original claims 1, 4, and 6-18 were, or may have been construed to be, partially or wholly inoperative or invalid due to the errors discussed above.

The foregoing facts, together with the explanation of the errors in certain claims of the '275 Patent, establish that the '275 Patent is partially inoperative or invalid through error and/or claims more or less than we are entitled to claim.

All errors which are being corrected in the subject reissue application up to the time of filing of this Declaration arose without deceptive intent on my part.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this declaration is directed.

Full Name of
First Joint Inventor: Richard Axel

Signature: [signed] Date: 4/17/04

Citizenship: U.S.A.

Residence: 435 Riverside Drive

   New York, New York 10025 U.S.A

Mailing
Address: Same as residence address

*Reissue Declaration and Power of Attorney by Inventors*
*Page 7/7*

Full Name of
Joint Inventor: ___Michael H. Wigler___

Signature: ___[signed] Michael H Wigler___    Date: ___6-17-04___

Citizenship: ___U.S.A.___

Residence: ___52 Snake Hill Road___
___Cold Spring Harbor, New York 11724 U.S.A___

Mailing
Address: ___Same as residence address___


Full Name of
Joint Inventor: ___Saul J. Silverstein___

Signature: _____    Date: _____

Citizenship: ___U.S.A.___

Residence: ___69 Havemeyer Road___
___Irvington, N.Y. 10533 U.S.A.___

Mailing
Address: ___Same as residence address___

*Reissue Declaration and Power of Attorney by Inventors*
*Page 7/7*

Full Name of
Joint Inventor: _Michael H. Wigler_

Signature: _____  Date: _____

Citizenship: _U.S.A._

Residence: _52 Snake Hill Road_

_Cold Spring Harbor, New York 11724 U.S.A_

Mailing
Address: _Same as residence address_

Full Name of
Joint Inventor: _Saul J. Silverstein_

Signature: _/s/ Saul J. Silverstein_  Date: _06.17.04_

Citizenship: _U.S.A._

Residence: _69 Havemeyer Road_

_Irvington, N.Y. 10533 U.S.A._

Mailing
Address: _Same as residence address_