# EXHIBIT 9

# Chapter 1400 Correction of Patents

| | |
|---|---|
| 1400.01 | Introduction |
| 1401 | Reissue |
| 1402 | Grounds for Filing |
| 1403 | Diligence in Filing |
| 1404 | Submission of Papers Where Reissue Patent Is in Litigation |
| >1405 | Reissue and Patent Term |
| 1406 | Citation and Consideration of References Cited in Original Patent< |
| 1410 | Content of Reissue Application |
| 1410.01 | Reissue Applicant, Oath or Declaration, and Consent of All Assignees |
| 1411 | Form of Specification |
| 1411.01 | Certificate of Correction or Disclaimer in Original Patent |
| 1411.02 | New Matter |
| 1412 | Content of Claims |
| 1412.01 | Reissue Claims Must Be for Same General Invention |
| 1412.02 | Recapture of Canceled Subject Matter |
| 1412.03 | Broadening Reissue Claims |
| 1412.04 | Correction of Inventorship |
| 1413 | Drawings |
| 1414 | Content of Reissue Oath/Declaration |
| 1414.01 | Supplemental Reissue Oath/ Declaration |
| 1415 | Reissue Filing Fees |
| 1415.01 | Maintenance Fees on the Original Patent |
| 1416 | Offer to Surrender and Return of Original Patent |
| 1417 | Claim for Benefit Under 35 U.S.C. 119(a)-(d) |
| 1418 | Notification of Prior/Concurrent Proceedings and Decisions Thereon, And of Information Known To Be Material To Patentability |
| 1430 | Reissue Files Open to the Public and, Notice of Filing Reissue Announced in, *Official Gazette* |
| ** | |
| 1440 | Examination of Reissue Application |
| 1441 | Two-Month Delay Period |
| 1441.01 | Protest in Reissue Applications |
| 1442 | Special Status |
| 1442.01 | Litigation-Related Reissues |
| 1442.02 | Concurrent Litigation |
| 1442.03 | Litigation Stayed |
| 1442.04 | Litigation Involving Patent |
| 1442.05 | **>Court Ordered Filing of Reissue Application< |
| ** | |
| 1443 | Initial Examiner Review |
| 1444 | Review of Reissue Oath/Declaration |
| 1445 | Reissue Application Examined in Same Manner as Original Application |
| 1448 | Fraud, Inequitable Conduct, or Duty of Disclosure Issues |
| 1449 | Protest Filed in Reissue Where Patent Is in Interference |
| 1449.01 | Concurrent Office Proceedings |
| 1449.02 | Interference in Reissue |
| 1450 | Restriction and Election of Species >Made in Reissue Application< |
| 1451 | Divisional Reissue Applications; Continuation Reissue Applications Where the Parent is Pending |
| 1452 | Request for Continued Examination of Reissue Application |
| 1453 | Amendments to Reissue Applications |
| 1454 | Appeal Brief |
| 1455 | Allowance and Issue |
| 1456 | Reissue Review |
| >1457 | Design Reissue Applications and Patents< |
| 1460 | Effect of Reissue |
| 1470 | Public Access of Reissue Applications |
| 1480 | Certificates of Correction — Office Mistake |
| >1480.01 | Expedited Issuance of Certificates of Correction — Error Attributable to Office< |
| 1481 | >Certificates of Correction – < Applicant's Mistake |
| 1485 | Handling of Request for Certificates of Correction |
| 1490 | Disclaimers |

## 1400.01 Introduction [R-2]

A patent may be corrected or amended in four ways, namely:

(A) by reissue,

(B) by the issuance of a certificate of correction which becomes a part of the patent,

(C) by disclaimer, and

(D) by reexamination.

The first three ways are discussed in this chapter while the fourth way (reexamination) is discussed in MPEP Chapter 2200 >for *ex parte* reexamination and MPEP Chapter 2600 for *inter partes* reexamination<.

## 1401 Reissue

*35 U.S.C. 251. Reissue of defective patents.*

Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the

the patent for which reissue is requested. In addition, the application will be examined with respect to compliance with 37 CFR 1.171-1.179 relating specifically to reissue applications, for example, the reissue oath or declaration will be carefully reviewed for compliance with 37 CFR 1.175. See MPEP § 1444 for handling applications in which the oath or declaration lacks compliance with 37 CFR 1.175. Reissue applications with related litigation will be acted on by the examiner before any other special applications, and will be acted on immediately by the examiner, subject only to a 2-month delay after publication for examining reissue applications; see MPEP § 1441.

The original patent file wrapper >/file history< should always be * >obtained< and reviewed when examining a reissue application thereof.

## 1441  Two-Month Delay Period [R-2]

37 CFR 1.176 provides that reissue applications will be acted on by the examiner in advance of other applications, i.e., "special." Generally, a reissue application will not be acted on sooner than 2 months after announcement of the filing of the reissue has appeared in the *Official Gazette*. The 2-month delay is provided in order that members of the public may have time to review the reissue application and submit pertinent information to the Office before the examiner's action. The pertinent information is submitted in the form of a protest under 37 CFR 1.291(a). > For a discussion as to protests under 37 CFR 1.291(a) in reissue applications, see MPEP § 1441.01.< As set forth in MPEP § 1901.04, the public should be aware that such submissions should be made as early as possible, since >,< under certain circumstances >,< the 2-month delay period will not be employed. For example, the Office * >may< act on >a< continuation * >or a< divisional reissue * >application< prior to the expiration of the 2-month period after announcement. Additionally, the Office will entertain * >a petition< under 37 CFR 1.182 which * >is< accompanied by the required petition fee (37 CFR 1.17(h)) to act on a reissue application without delaying for 2 months. Accordingly, protestors to reissue applications (see MPEP § 1441.01) cannot automatically assume that a full 2-month delay period will always be available. Appropriate reasons for requesting that the 2-month delay period not be employed include that litigation has been stayed to permit the filing of the reissue application. Such petitions are decided by the Office of Patent Legal Administration.

## 1441.01  Protest in Reissue Applications [R-2]

>Since reissue applications are not published under 35 U.S.C. 122, pursuant to 37 CFR 1.291(a)(1), a protest may be filed throughout the pendency of a reissue application prior to the date of mailing of a notice of allowance subject to the timing constraints of the examination, as set forth in MPEP § 1901.04.<

A protest with regard to a reissue application should be filed within the 2-month period following the announcement of the filing of the reissue application in the *Official Gazette*. If the protest of a reissue application cannot be filed within the 2-month delay period, the protest can be submitted at a later time. Where the protest is submitted after the 2-month period, no petition for entry of the protest under 37 CFR 1.182 is needed with respect to the protest being submitted after the 2 months >,< unless a final rejection has been issued or prosecution on the merits has been closed for the reissue application.

Where the protest is submitted after the 2-month period, the protest may be received after the first Office action by the examiner, since reissue applications are taken up "special." Once the first Office action is mailed (after the 2-month period), a member of the public may still submit pertinent information in the form of a protest under 37 CFR 1.291(a), and the examiner will consider the information submitted in the next Office action, to the extent that such consideration is appropriate. See MPEP § 1901.04 and § 1901.06 for the timeliness and content criteria as to when a protest is considered.

The Technology Center (TC) to which the reissue application is assigned is listed in the *Official Gazette* notice of filing of the reissue application. Accordingly, the indicated TC should retain the reissue application file for 2 months after the date of the *Official Gazette* notice before transferring the reissue application under the procedure set forth in MPEP § 903.08(d). >(For IFW processing, see IFW Manual.<

The publication of a notice of a reissue application in the *Official Gazette* should be done prior to any examination of the reissue application. If an inadvertent failure to publish notice of the filing of the reissue

application in the *Official Gazette* is recognized later in the examination, action should be taken to have the notice published as quickly as possible, and action on the reissue application may be delayed until 2 months after the publication, allowing for any protests to be filed.

See MPEP § 1901.06 for general procedures on examiner treatment of protests in reissue applications.

## 1442  Special Status

All reissue applications are taken up "special," and remain "special" even though applicant does not respond promptly.

All reissue applications, except those under suspension because of litigation, will be taken up for action ahead of other "special" applications; this means that all issues not deferred will be treated and responded to immediately. Furthermore, reissue applications involved in litigation will be taken up for action in advance of other reissue applications.

## 1442.01  Litigation-Related Reissues

During initial review, the examiner should determine whether the patent for which the reissue has been filed is involved in litigation, and if so, the status of that litigation. If the examiner becomes aware of litigation involving the patent sought to be reissued during examination of the reissue application, and applicant has not made the details regarding that litigation of record in the reissue application, the examiner, in the next Office action, will inquire regarding the specific details of the litigation.

Form paragraph 14.06 may be used for such an inquiry.

*¶ 14.06 Litigation-Related Reissue*

The patent sought to be reissued by this application [1] involved in litigation. Any documents and/or materials which would be material to patentability of this reissue application are required to be made of record in response to this action.

Due to the related litigation status of this application, EXTENSIONS OF TIME UNDER THE PROVISIONS OF 37 CFR 1.136(a) WILL NOT BE PERMITTED DURING THE PROSECUTION OF THIS APPLICATION.

**Examiner Note:**

In bracket 1, insert either —is— or —has been—.

If additional details of the litigation appear to be material to examination of the reissue application, the examiner may make such additional inquiries as necessary and appropriate.

If the existence of litigation has not already been noted, the examiner should place a prominent notation on the application file to indicate the litigation (1) at the bottom of the face of the file in the box just to the right of the box for the retention label, and (2) on the pink Reissue Notice Card form.

Applicants will normally be given 1 month to reply to Office actions in all reissue applications which are being examined during litigation, or after litigation had been stayed, dismissed, etc., to allow for consideration of the reissue by the Office. This 1-month period may be extended only upon a showing of *clear justification* pursuant to 37 CFR 1.136(b). The Office action will inform applicant that the provisions of 37 CFR 1.136(a) are not available. Of course, up to 3 months may be set for reply if the examiner determines such a period is clearly justified.

## 1442.02  Concurrent Litigation [R-2]

In order to avoid duplication of effort, action in reissue applications in which there is an indication of concurrent litigation will be suspended automatically unless and until it is evident to the examiner, or the applicant indicates, that any one of the following applies:

(A) a stay of the litigation is in effect;

(B) the litigation has been terminated;

(C) there are no significant overlapping issues between the application and the litigation; or

(D) it is applicant's desire that the application be examined at that time.

Where any of (A) - (D) above apply, form paragraphs 14.08-14.10 may be used to deny a suspension of action in the reissue, i.e., to deny a stay of the reissue proceeding.

*¶ 14.08 Action in Reissue Not Stayed — Related Litigation Terminated*

Since the litigation related to this reissue application is terminated and final, action in this reissue application will NOT be stayed. Due to the related litigation status of this reissue application, EXTENSIONS OF TIME UNDER THE PROVISIONS OF 37 CFR 1.136(a) WILL NOT BE PERMITTED.

## 1442.04 Litigation Involving Patent [R-2]

*37 CFR 1.178. Original patent; continuing duty of applicant.*

\*\*\*\*\*

(b) In any reissue application before the Office, the applicant must call to the attention of the Office any prior or concurrent proceedings in which the patent (for which reissue is requested) is or was involved, such as interferences, reissues, reexaminations, or litigations and the results of such proceedings (see also § 1.173(a)(1)).

Where the patent for which reissue is being sought is, or has been, involved in litigation, the applicant should bring the existence of such litigation to the attention of the Office. 37 CFR 1.178(b). This should be done at the time of, or shortly after, the applicant files the application, either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application as filed. Litigation begun after filing of the reissue application also should be promptly brought to the attention of the Office.

Litigation encompasses any papers filed in the court or issued by the court. This may include, for example, motions, pleadings, and court decisions, as well as the results of such proceedings. When applicant notifies the Office of the existence of the litigation, enough information should be submitted so that the Office can reasonably evaluate the need for asking for further materials in the litigation. Note that the existence of supporting materials which may substantiate allegations of invalidity should, at least, be fully described, and preferably submitted. The Office is not interested in receiving voluminous litigation materials which are not relevant to the Office's consideration of the reissue application. The status of the litigation should be updated in the reissue application as soon as significant events happen in the litigation.

When a reissue application is filed, the examiner should determine whether the original patent has been adjudicated by a court. The decision(s) of the court, and also other papers in the suit, may provide information essential to the examination of the reissue. Examiners should inform the applicant of the duty to supply information as to litigation involving the patent. Form paragraph 14.11.01 may be used for this purpose. See MPEP § 1418.

Additionally, the patented file will contain notices of the filing and termination of infringement suits on the patent. Such notices are required by law to be filed by the clerks of the Federal District Courts. These notices do not indicate if there was an opinion by the court, nor whether a decision was published. *Shepard's Federal Citations* and the cumulative digests of the *United States Patents Quarterly*, both of which are in the Lutrelle F. Parker, Sr., Memorial Law Library, contain tables of patent numbers giving the citation of published decisions concerning the patent.

A litigation computer search by the Scientific and Technical Information Center (STIC) should be requested by the examiner to determine whether the patent has been, or is, involved in litigation. The "Search Notes" box on the application file wrapper can then be completed to indicate that the review was conducted. A copy of the STIC search should be hole-punched and placed in the reissue file. >(For IFW processing, see IFW Manual.)<

Additional information or guidance as to making a litigation search may be obtained from the library of the Office of the Solicitor. Where papers are not otherwise conveniently obtainable, the applicant may be requested to supply copies of papers and records in suits, or the Office of the Solicitor may be requested to obtain them from the court. The information thus obtained should be carefully considered for its bearing on the proposed claims of the reissue, particularly when the reissue application was filed in view of the holding of a court.

If the examiner becomes aware of litigation involving the patent sought to be reissued during examination of the reissue application, and applicant has not made the details regarding that litigation of record in the reissue application, the examiner, in the next Office action, should inquire regarding the same. Form paragraph 14.06 may be used for such an inquiry. See MPEP § 1442.01.

If the additional details of the litigation appear to be material to patentability of the reissue application, the examiner may make such additional inquiries as necessary and appropriate.

## 1442.05 \*\* >Court Ordered Filing of Reissue Application< [R-2]

\*\*.

In most instances, the reissue-examination procedure is instituted by a patent owner who voluntarily files a reissue application as a consequence of related