# EXHIBIT 10

# Chapter 1900 Protest

1901        Protest Under 37 CFR 1.291
1901.01     Who Can Protest
1901.02     Information Which Can Be Relied on in Protest
1901.03     How Protest Is Submitted
1901.04     When Should the Protest Be Submitted
1901.05     Initial Office Handling and Acknowledgment of Protest
1901.06     Examiner Treatment of Protest
1901.07     Protestor Participation
1901.07(a)  Filing of Multiple Papers Relating to Same Issues
1906        Supervisory Review of an Examiner's Decision Adverse to Protestor
1907        Unauthorized Participation by Protestor
1920        Citation of Prior Art Under 37 CFR 1.501(a)

## 1901 Protest Under 37 CFR 1.291

*37 CFR 1.291. Protests by the public against pending applications.*

(a) Protests by a member of the public against pending applications will be referred to the examiner having charge of the subject matter involved. A protest specifically identifying the application to which the protest is directed will be entered in the application file if:

(1) The protest is submitted prior to the date the application was published or the mailing of a notice of allowance under § 1.311, whichever occurs first; and

(2) The protest is either served upon the applicant in accordance with § 1.248, or filed with the Office in duplicate in the event service is not possible.

(b) Protests raising fraud or other inequitable conduct issues will be entered in the application file, generally without comment on those issues. Protests which do not adequately identify a pending patent application will be returned to the protestor and will not be further considered by the Office. A protest submitted in accordance with the second sentence of paragraph (a) of this section will be considered by the Office if the application is still pending when the protest and application file are brought before the examiner and it includes:

(1) A listing of the patents, publications, or other information relied upon;

(2) A concise explanation of the relevance of each listed item;

(3) A copy of each listed patent or publication or other item of information in written form or at least the pertinent portions thereof; and

(4) An English language translation of all the necessary and pertinent parts of any non-English language patent, publication, or other item of information in written form relied upon.

(c) A member of the public filing a protest in an application under paragraph (a) of this section will not receive any communications from the Office relating to the protest, other than the return of a self-addressed postcard which the member of the public may include with the protest in order to receive an acknowledgment by the Office that the protest has been received. In the absence of a request by the Office, an applicant has no duty to, and need not, reply to a protest. The limited involvement of the member of the public filing a protest pursuant to paragraph (a) of this section ends with the filing of the protest, and no further submission on behalf of the protestor will be considered, except for additional prior art, or unless such submission raises new issues which could not have been earlier presented.

*37 CFR 1.248. Service of papers; manner of service; proof of service; proof of service in cases other than interferences.*

(a) Service of papers must be on the attorney or agent of the party if there be such or on the party if there is no attorney or agent, and may be made in any of the following ways:

(1) By delivering a copy of the paper to the person served;

(2) By leaving a copy at the usual place of business of the person served with someone in his employment;

(3) When the person served has no usual place of business, by leaving a copy at the person's residence, with some person of suitable age and discretion who resides there;

(4) Transmission by first class mail. When service is by mail the date of mailing will be regarded as the date of service;

(5) Whenever it shall be satisfactorily shown to the Commissioner that none of the above modes of obtaining or serving the paper is practicable, service may be by notice published in the *Official Gazette*.

(b) Papers filed in the Patent and Trademark Office which are required to be served shall contain proof of service. Proof of service may appear on or be affixed to papers filed. Proof of service shall include the date and manner of service. In the case of personal service, proof of service shall also include the name of any person served, certified by the person who made service. Proof of service may be made by:

(1) An acknowledgement of service by or on behalf of the person served or

(2) A statement signed by the attorney or agent containing the information required by this section.

(c) See § 1.646 for service of papers in interferences.

The degree of participation allowed a protestor is solely within the discretion of the Commissioner of Patents and Trademarks.

37 CFR 1.291(a) gives recognition to the value of written protests in bringing information to the attention of the Office and in avoiding the issuance of invalid patents. All protests must be submitted prior to the publication of the application or the mailing of a notice of allowance, whichever occurs first, because no protest or other form of preissuance opposition to the grant of a patent may be initiated after publication of the application without the applicant's express

**1901.01** MANUAL OF PATENT EXAMINING PROCEDURE

written consent as specified by 35 U.S.C. 122(c). 37 CFR 1.291(a) provides that public protests against pending applications will be referred to the examiner having charge of the subject matter involved and will be entered in the application file if the protest is submitted prior to the date the application was published or the mailing of a notice of allowance under 37 CFR 1.311, whichever occurs first, and the protest is either served upon the applicant or filed in duplicate in the event service is not possible. Paragraph (b) of 37 CFR 1.291 assures members of the public that a protest will be fully considered by the Office if the protest is submitted in accordance with 37 CFR 1.291(a), the application is still pending when the protest and application file are brought before the examiner, and the protest includes:

(A) a listing of the patents, publications, or other information relied on;

(B) a concise explanation of the relevance of each listed item;

(C) a copy of each listed patent, publication, or other item of information in written form, or at least the pertinent portions thereof; and

(D) an English language translation of all necessary and pertinent parts of any non-English language document relied on.

A party obtaining knowledge of an application pending in the Office may file a protest against the application and may therein call attention to any facts within protestor's knowledge which, in protestor's opinion, would make the grant of a patent thereon improper.

A protestor does not, however, by the mere filing of a protest, obtain the "right" to argue the protest before the Office. Active participation by a protestor "ends with the filing of the protest, and no further submission on behalf of the protestor will be considered, except for additional prior art, or unless such submission raises new issues which could not have been earlier presented." 37 CFR 1.291(c). The USPTO will acknowledge the receipt of a protest in an original or a reissue application file only if a self-addressed postcard is included with the protest (see MPEP § 1901.05). The question of whether or not a patent will issue is a matter between the applicant and the Office acting on behalf of the public.

### 1901.01 Who Can Protest

Any member of the public, including private persons, corporate entities, and government agencies, may file a protest under 37 CFR 1.291. A protest may be filed by an attorney or other representative on behalf of an unnamed principal since 37 CFR 1.291 does not require that the principal be identified.

### 1901.02 Information Which Can Be Relied on in Protest

Any information which, in the protestor's opinion, would make the grant of a patent improper can be relied on in a protest under 37 CFR 1.291(a). While prior art documents, such as patents and publications, are most often the types of information relied on in protests, 37 CFR 1.291(a) is not limited to prior art documents. Protests may be based on any facts or information adverse to patentability. The content and substance of the protest are more important than whether prior art documents, or some other form of evidence adverse to patentability, are being relied on. The Office recognizes that when evidence other than prior art documents is relied on, problems may arise as to authentication and the probative value to assign to such evidence. However, the fact that such problems may arise, and have to be resolved, does not preclude the Office from considering such evidence, nor does it mean that such evidence cannot be relied on in a protest under 37 CFR 1.291. Information in a protest should be set forth in the manner required by 37 CFR 1.291(b).

The following are examples of the kinds of information, in addition to prior art documents, which can be relied on in a protest under 37 CFR 1.291(a):

(A) Information demonstrating that the invention was publicly "known or used by others in this country... before the invention thereof by the applicant for patent" and is therefore barred under 35 U.S.C. 102(a) and/or 103.

(B) Information that the invention was "in public use or on sale in this country, more than 1 year prior to the date of the application for patent in the United States" (35 U.S.C. 102(b)).

(C) Information that the applicant "has abandoned the invention" (35 U.S.C. 102(c)) or "did not himself invent the subject matter sought to be patented" (35 U.S.C. 102(f)).

(D) Information relating to inventorship under 35 U.S.C. 102(g).

(E) Information relating to sufficiency of disclosure or failure to disclose best mode, under 35 U.S.C. 112.

(F) Any other information demonstrating that the application lacks compliance with the statutory requirements for patentability.

(G) Information indicating "fraud" or "violation of the duty of disclosure" under 37 CFR 1.56 may be the subject of a protest under 37 CFR 1.291(a). Protests raising fraud or other inequitable conduct issues will be entered in the application file, generally without comment on those issues. 37 CFR 1.291(b).

Different forms of evidence may accompany, or be submitted as a part of, a protest under 37 CFR 1.291(a). Conventional prior art documents such as patents and publications are the most common form of evidence. However, other forms of evidence can likewise be submitted. Some representative examples of other forms of evidence are litigation-related materials such as complaints, answers, depositions, answers to interrogatories, exhibits, transcripts of hearings or trials, court orders and opinions, stipulations of the parties, etc. Where only a portion of the litigation-related materials is relevant to the protest, protestors are encouraged to submit only the relevant portion(s).

In a protest based on an alleged public use or sale by, or on behalf of, the applicant or applicant's assignee, evidence of such public use or sale may be submitted along with affidavits or declarations identifying the source(s) of the evidence and explaining its relevance and meaning. Such evidence might include documents containing offers for sale by applicant or applicant's assignee, orders, invoices, receipts, delivery schedules, etc. The Office will make a decision as to whether or not public use or sale has been established based on the evidence the Office has available. If applicant denies the authenticity of the documents and/or evidence, or if the alleged public use and/or sale is by a party other than applicant or applicant's assignee, protestor may find it desirable or necessary to proceed via 37 CFR 1.292 (public use proceedings) rather than by a protest under 37 CFR 1.291.

While the forms in which evidence and/or information may be submitted with, or as a part of, a protest under 37 CFR 1.291(a) are not limited, protestors must recognize that such submissions may encounter problems such as establishing authenticity and/or the probative value to apply to the evidence. Obviously, the Office will have to evaluate each item of evidence and/or information submitted with a view as to both its authenticity and what weight to give thereto.

Information which is subject to a court-imposed protective or secrecy order may be submitted with, or as a part of, a protest under 37 CFR 1.291(a). Trade secret information which was obtained by a protestor through agreements with others can likewise be submitted. Such information, if submitted, will be treated in accordance with the guidelines set forth in MPEP § 724 and will be made public if a reasonable examiner would consider the information important in deciding whether to allow the application to issue as a patent.

## 1901.03  How Protest Is Submitted

A protest under 37 CFR 1.291(a) must be submitted in writing, must specifically identify the application to which the protest is directed by application number or serial number and filing date, and must include a listing of all patents, publications, or other information relied on; a concise explanation of the relevance of each listed item; an English language translation of all relevant parts of any non-English language document; and be accompanied by a copy of each patent, publication, or other document relied on. Protestors are encouraged to use form PTO-1449 "Information Disclosure Statement" (or an equivalent form) when preparing a protest under 37 CFR 1.291, especially the listing enumerated under 37 CFR 1.291(b)(1). See MPEP § 609. In addition, the protest and any accompanying papers must either (1) reflect that a copy of the same has been served upon the applicant or upon the applicant's attorney or agent of record; or (2) be filed with the Office in duplicate in the event service is not possible.

It is important that any protest against a pending application specifically identify the application to which the protest is directed with the identification being as complete as possible. If possible, the following information should be placed on the protest:

(A) Name of Applicant(s).
(B) Application number (mandatory).
(C) Filing date of application.
(D) Title of invention.

**1901.03**                     MANUAL OF PATENT EXAMINING PROCEDURE

(E) Group art unit number (if known).

(F) Name of examiner to whom the application is assigned (if known).

(G) Current status and location of application (if known).

(H) The word "ATTENTION:" followed by the area of the Office to which the protest is directed as set forth below.

In addition to the above information, the protest itself should be clearly identified as a "PROTEST UNDER 37 CFR 1.291(a)." If the protest includes exhibits or other attachments, these should also contain identifying information thereon in order to prevent them from becoming inadvertently separated and lost.

Any protest can be submitted by mail to the Assistant Commissioner for Patents, Washington, D.C. 20231, and should be directed to the attention of the Director of the particular Technology Center in which the application is pending. If the protestor is unable to specifically identify the application to which the protest is directed, but, nevertheless, believes such an application to be pending, the protest should be directed to the attention of the Office of Petitions, along with as much identifying data for the application as possible. Protests which do not adequately identify a pending patent application will be returned to the protestor and will not be further considered by the Office.

Where a protest is directed to a reissue application for a patent which is involved in litigation, the outside envelope and the top right-hand portion of the protest should be marked with the words "REISSUE LITIGATION." The notations preferably should be written in a bright color with a felt point marker. Any "REISSUE LITIGATION" protest mailed to the Office should be so marked and mailed to BOX DAC. However, in view of the urgent nature of most "REISSUE LITIGATION" protests, protestor may wish to hand-carry the protest to the appropriate area in order to ensure prompt receipt and to avoid any unnecessary delays.

**INITIAL PROTEST SUBMISSION MUST BE COMPLETE**

A protest must be complete and contain a copy of every document relied on by protestor, whether the document is a prior art document, court litigation material, affidavit, or declaration, etc., because a protestor will *not* be given an opportunity to supplement or complete any protest which is incomplete. Active participation by protestor ends with the filing of the initial protest, as provided in 37 CFR 1.291(c), and no further submission on behalf of protestor will be acknowledged or considered, except for additional prior art, or unless such submission clearly raises new issues which could not have been earlier presented. Protests which will not be entered in the application file include those further submissions in violation of 37 CFR 1.291(c) by which protestor merely seeks to participate in the examination process. For example, mere arguments relating to an Office action or an applicant's reply would not qualify as a new protest. Likewise, additional comments seeking to bring in further or even new data or information with respect to an issue previously raised by protestor would not qualify as a new protest. The Office will not add these arguments or comments to the original protest and will not enter them in the application file.

Even new protests which also argue Office actions or replies or any matter beyond the new issue should not be accepted. Improper protests will be returned by the Technology Center (TC) Director. While improper protests will be returned, a new protest by an earlier protestor will be proper and can be entered if it is clearly limited to new issues which could not have been earlier presented, and thereby constitutes a new protest.

As indicated in 37 CFR 1.291(b)(3), a protest must be accompanied by a copy of each prior art document relied on in order to ensure consideration by the examiner, although a protest without copies of prior art documents will not necessarily be ignored. While a protest without copies of documents will not necessarily be ignored, the submission of such documents with the protest will obviously expedite and ensure consideration of the documents, which consideration might not otherwise occur. Further, some documents which are available to protestor may not be otherwise available to the Office.

Every effort should be made by a protestor to serve a copy of the protest upon the attorney or agent of record or upon the applicant if no attorney or agent is of record. Of course, the copy served upon applicant or upon applicant's attorney or agent should be a complete copy including a copy of each prior art or other

document relied on in the same manner as required by 37 CFR 1.291(a) for the Office copy. The protest filed in the Office should reflect, by an appropriate "Certificate of Service," that service has been made as provided in 37 CFR 1.291(a). Only in those instances where service is not possible should the protest be filed in duplicate in order that the Office can attempt service.

## 1901.04   When Should the Protest Be Submitted

A protest under 37 CFR 1.291(a) must be submitted prior to the date the application was published or the mailing of a notice of allowance under 37 CFR 1.311, whichever occurs first, and the application must be pending when the protest and application file are brought before the examiner in order to be ensured of consideration. As a practical matter, any protest should be submitted as soon as possible after the protestor becomes aware of the existence of the application to which the protest is to be directed. By submitting a protest early in the examination process, i.e., before the Office acts on the application if possible, the protestor ensures that the protest will receive maximum consideration and will be of the most benefit to the Office in its examination of the application. A protest submitted after the mailing of the notice of allowance will not knowingly be ignored if the protest includes prior art documents which clearly anticipate or clearly render obvious one or more claims. However, the likelihood of consideration of a protest decreases as the patent date approaches.

A protest filed after final rejection and complying with 37 CFR 1.291(a) will be considered if the application is still pending when the protest and application are provided to the examiner. However, prosecution will not ordinarily be reopened after final rejection if the prior art cited in the protest is merely cumulative of the prior art cited in the final rejection. If a protest is not submitted within the time period set forth in 37 CFR 1.291(a)(1) it will be acknowledged as set forth in MPEP § 1901.05 only if a self-addressed postcard is included with the protest, and referred to the examiner having charge of the subject matter involved for handling as set forth in MPEP § 1901.06.

A protest with regard to a reissue application should be filed within the 2-month period following announcement of the filing of the reissue application in the *Official Gazette*. If, for some reason, the protest of the reissue application cannot be filed within the 2-month period provided by MPEP § 1441, the protest can be submitted at a later time, but the protestor must be aware that reissue applications are "special" and a later filed protest may be received after action by the examiner. Any request by a protestor in a reissue application for an extension of the 2-month period following the announcement in the *Official Gazette* will be considered only if filed in the form of a petition under 37 CFR 1.182 and accompanied by the petition fee set forth in 37 CFR 1.17(h). The petition under 37 CFR 1.182 and the petition fee must be filed prior to the expiration of the 2-month period provided by MPEP § 1441. The petition must explain why the additional time is necessary and the nature of the protest intended. A copy of such petition must be served upon applicant in accordance with 37 CFR 1.248. The petition should be directed to the appropriate Technology Center (TC) which will forward the petition to the Office of Petitions for decision. Any such petition will be critically reviewed as to demonstrated need before being granted since the delay of examination of a reissue application of another party is being requested. Accordingly, the requests should be made only where necessary, for the minimum period required, and with a justification establishing the necessity for the extension.

If the protest is a "REISSUE LITIGATION" protest, it is particularly important that it be filed early if protestor wishes it considered at the time the Office first acts on the application. Protestors should be aware that the Office will entertain petitions under 37 CFR 1.182, when accompanied by the petition fee set forth in 37 CFR 1.17(h), to waive the 2-month delay period of MPEP § 1441 in appropriate circumstances. Accordingly, protestors to reissue applications cannot automatically assume that the full 2-month delay period of MPEP § 1441 will always be available.

If a protest is filed in a reissue application related to a patent involved in a pending interference proceeding, the reissue application should be referred to the Office of the Deputy Commissioner for Patent Examination Policy before the protest is considered and the application is acted on by the TC. See also MPEP § 1441 as to the filing of a protest in a reissue application.