# EXHIBIT 11

# Chapter 2200  Citation of Prior Art and Ex Parte Reexamination of Patents

2201  Introduction
2202  Citation of Prior Art
2203  Persons Who May Cite Prior Art
2204  Time for Filing Prior Art Citation
2205  Content of Prior Art Citation
2206  Handling of Prior Art Citation
2207  Entry of Court Decision in Patent File
2208  Service of Citation on Patent Owner
2209  >Ex Parte< Reexamination
2210  Request for >Ex Parte< Reexamination
2211  Time for Requesting * >Ex Parte Reexamination <
2212  Persons Who May File a Request >for Ex Parte Reexamination<
2213  Representative of Requester
2214  Content of Request >for Ex Parte Reexamination<
2215  Fee for Requesting >Ex Parte< Reexamination
2216  Substantial New Question of Patentability
2217  Statement in the Request Applying Prior Art
2218  Copies of Prior Art
2219  Copy of Printed Patent
2220  Certificate of Service
2221  Amendments Included in Request by Patent Owner
2222  Address of Patent Owner
2223  Withdrawal of Attorney or Agent
2224  Correspondence
2225  Untimely Paper Filed Prior to Order
2226  Initial Processing of Request >for Ex Parte Reexamination<
2227  Incomplete Request >for Ex Parte Reexamination<
2228  Informal Request >for Ex Parte Reexamination<
2229  Notice of Request >for Ex Parte Reexamination< in *Official Gazette*
2230  Constructive Notice to Patent Owner
2231  Processing of Request Corrections
2232  Public Access
2233  Processing in Technology Center
2234  Entry of Amendments
2235  Record Systems
2236  Assignment of Reexamination
2237  Transfer Procedure
2238  Time Reporting
2239  Reexamination Ordered at the *>Director's< Initiative
2240  Decision on Request
2241  Time for Deciding Request
2242  Criteria for Deciding Request
2243  Claims Considered in Deciding Request
2244  Prior Art on Which the Determination Is Based
2245  Processing of Decision
2246  Decision Ordering Reexamination
2247  Decision on Request for  Reexamination, Request Denied
2247.01     Examples of Decisions on Request for Reexamination
2248  Petition From Denial of Request
2249  Patent Owner's Statement
2250  Amendment by Patent Owner
2250.01     Correction of Patent Drawings
2250.02     Correction of Inventorship
2251  Reply by Third Party Requester
2252  Consideration of Statement and Reply
2253  Consideration by Examiner
2254  Conduct of >Ex Parte< Reexamination Proceedings
2255  Who Reexamines
2256  Prior Art Patents and Printed  Publications *>Reviewed< by  Examiner in Reexamination
2257  Listing of Prior Art
2258  Scope of >Ex Parte< Reexamination
>2258.01 Use of Previously Cited/Considered Art in Rejections<
2259  >*Res Judicata* and< Collateral Estoppel In Reexamination Proceedings
2260  Office Actions
2260.01     Dependent Claims
2261  Special Status For Action
2262  Form and Content of Office Action
2263  Time for Response
2264  Mailing of Office Action
2265  Extension of Time
2266  Responses
2266.01     Submission Not Fully Responsive to Non-final Office Action
2266.02     Examiner Issues Notice of Defective Paper in >Ex Parte< Reexamination
2266.03     Service of Papers
2267  Handling of Inappropriate or  Untimely Filed Papers
2268  Petition for Entry of Late Papers > for Revival of Reexamination Proceeding<
2269  Reconsideration
2270  Clerical Handling
2271  Final Action

| | | |
|---|---|---|
| 2271.01 | Patentability Review Conferences | |
| 2272 | After Final Practice | |
| 2273 | Appeal in >*Ex Parte*< Reexamination | |
| 2274 | Appeal Brief | |
| 2275 | Examiner's Answer | |
| 2276 | Oral Hearing | |
| 2277 | Board of Patent Appeals and Interferences Decision | |
| 2278 | Action Following Decision | |
| 2279 | Appeal to Courts | |
| 2280 | Information Material to Patentability in Reexamination Proceeding | |
| 2281 | Interviews in >*Ex Parte*< Reexamination Proceedings | |
| 2282 | Notification of Existence of Prior or Concurrent Proceedings and Decisions Thereon | |
| 2283 | Multiple Copending >*Ex Parte*< Reexamination Proceedings | |
| 2284 | Copending >*Ex Parte*< Reexamination and Interference Proceedings | |
| 2285 | Copending >*Ex Parte*< Reexamination and Reissue Proceedings | |
| 2286 | >*Ex Parte*< Reeexamination and Litigation Proceedings | |
| 2287 | Conclusion of >*Ex Parte*< Reexamination Proceeding | |
| 2288 | Issuance of >*Ex Parte*< Reexamination Certificate | |
| 2289 | Reexamination Review | |
| 2290 | Format of >*Ex Parte* Reexamination< Certificate | |
| 2291 | Notice of >*Ex Parte* Reexamination< Certificate Issuance in *Official Gazette* | |
| 2292 | Distribution of Certificate | |
| 2293 | Intervening Rights | |
| 2294 | Terminated Reexamination Files | |
| 2295 | Reexamination of a Reexamination | |
| 2296 | USPTO Forms To Be Used >in *Ex Parte* Reexamination< | |

## 2201    Introduction [R-2]

Statutory basis for citation of prior >art< patents or printed publications in patent files and reexamination of patents became available on July 1, 1981, as a result of new sections 301-307 of title 35 United States Code which were added by Public Law 96-517 enacted on December 12, 1980. The rules of practice in patent cases relating to reexamination were initially promulgated on April 30, 1981, at 46 FR 24179-24180 and on May 29, 1981, at 46 FR 29176-29187.

>On November 29, 1999, Public Law 106-113 was enacted, and expanded reexamination by providing an "*inter partes*" option. Public Law 106-113 authorized the extension of reexamination proceedings via an optional *inter partes* reexamination procedure in addition to the present *ex parte* reexamination. 35 U.S.C. 311 - 318 are directed to the optional *inter partes* reexamination procedures. The final rules to implement the optional *inter partes* reexamination were published in the *Federal Register* on December 7, 2000 at 65 FR 76756 and in the *Official Gazette* on January 2, 2001 at 1242 OG 12.

See MPEP Chapter 2600 for guidance on the procedures for *inter partes* reexamination proceedings.

The reexamination statute was amended on November 2, 2002, by Public Law 107-273, 116 Stat. 1758, 1899-1906 (2002) to expand the scope of what qualifies for a substantial new question of patentability upon which a reexamination may be based (see MPEP § 2242, POLICY IN SPECIFIC SITUATIONS, part A), and made technical corrections to the statute. See the 21st Century Department of Justice Appropriations Authorization Act, TITLE III-INTELLECTUAL PROPERTY, Subtitle A - Patent and Trademark Office, Section 13105, of the "Patent and Trademark Office Authorization Act of 2002" - Enacted as part of Public Law 107-273 on November 2, 2002.<

This chapter is intended to be primarily a guide for U.S. Patent and Trademark Office (Office) personnel on the processing of prior art citations and *ex parte* reexamination requests >, as well as handling *ex parte* reexamination proceedings<. Secondarily, it is to also serve as a guide on the formal requirements for filing such documents in the Office.

The ** >flowcharts show< the general provisions of both the citation of prior art and *ex parte* reexamination proceedings, including reference to the pertinent rule sections.

**

## 2286 >Ex Parte< Reeexamination and Litigation Proceedings [R-2]

*37 CFR 1.565. Concurrent office proceedings which include an ex parte reexamination proceeding.*

\*\*\*\*\*

\*\*>
(b) If a patent in the process of *ex parte* reexamination is or becomes involved in litigation, the Director shall determine whether or not to suspend the reexamination. See § 1.987 for *inter partes* reexamination proceedings.<

\*\*\*\*\*

35 U.S.C. 302 permits a request for >*ex parte*< reexamination to be filed "at any time." Requests for >*ex parte*< reexamination are frequently filed where the patent for which reexamination is requested is involved in concurrent litigation. The guidelines set forth below will generally govern Office handling of >*ex parte*< reexamination requests where there is concurrent litigation in the Federal courts.
>

### I. < COURT-SANCTIONED REEXAMINATION PROCEEDING OR LITIGATION STAYED FOR REEXAMINATION

Any request for >*ex parte*< reexamination which indicates (A) that it is filed as a result of an agreement by parties to litigation which agreement is sanctioned by a court, or (B) that litigation is stayed for the filing of a reexamination request will be taken up by the examiner for decision 6 weeks after the request was filed. See MPEP § 2241. If reexamination is ordered, the examination following the statement by the patent owner under 37 CFR 1.530 and the reply by the requester under 37 CFR 1.535 will be expedited to the extent possible. Office actions in these reexamination proceedings will normally set a 1-month shortened statutory period for response rather than the 2 months usually set in reexamination proceedings. See MPEP § 2263. This 1-month period may be extended only upon a showing of sufficient cause. See MPEP § 2265. See generally *In re Vamco Machine and Tool, Inc.*, 752 F.2d 1564, 224 USPQ 617 (Fed. Cir. 1985); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 217 USPQ 985 (Fed. Cir. 1983); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 USPQ 886 (W.D. Okla. 1985); *The Toro Co. v. L.R. Nelson Corp.*, 223 USPQ 636 (C.D. Ill. 1984); *Digital Magnetic Systems, Inc. v. Ansley*, 213 USPQ 290 (W.D. Okla. 1982); *Raytek, Inc. v. Solfan Systems Inc.*, 211 USPQ 405 (N.D. Cal. 1981); and *Dresser Industries, Inc. v. Ford Motor Co.*, 211 USPQ 1114 (N.D. Texas 1981).
>

### II. < FEDERAL COURT DECISION KNOWN TO EXAMINER AT THE TIME THE DETERMINATION ON THE REQUEST FOR REEXAMINATION IS MADE

If a Federal Court decision *on the merits* of a patent is known to the examiner at the time the determination on the request for >*ex parte*< reexamination is made, the following guidelines will be followed by the examiner, whether or not the person who filed the request was a party to the litigation. When the initial question as to whether the prior art raises a substantial new question of patentability as to a patent claim is under consideration, the existence of a final court decision of claim *validity* in view of the same or different prior art does not necessarily mean that no new question is present\*\*>. This is true because of the different standards of proof and claim interpretation employed by the District Courts and the Office. See for example *In re Zletz*, 893 F.2d 319, 322, 13 USPQ2d 1320, 1322 (Fed. Cir. 1989) (manner of claim interpretation that is used by courts in litigation is not the manner of claim interpretation that is applicable during prosecution of a pending application before the PTO) and *In re Etter*, 756 F.2d 852, 225 USPQ 1 (Fed. Cir. 1985) (the 35 U.S.C. 282 presumption of patent validity has no application in reexamination proceedings).< Thus, while the Office may accord deference to factual findings made by the court, the determination of whether a substantial new question of patentability exists will be made independently of the court's decision on validity as it is not controlling on the Office. A *non-final* holding of claim *invalidity* or unenforceability will not be controlling on the question of whether a substantial new question of patentability is present. A final holding of claim invalidity or unenforceability >(after all appeals)<, however, is controlling on the Office. In such cases, a substantial new question of patentability would *not* be present as to the claims held invalid or unenforceable. See *Ethicon v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir. 1988).

Any determination on a request for reexamination which the examiner makes after a Federal Court decision must be reviewed by the Technology Center (TC) *>Special Program Examiner (SPRE)< to ensure that it conforms to the current Office litigation policy and guidelines. See MPEP § 2240. **

For a discussion of the policy in specific situations where a Federal Court decision has been issued, see MPEP § 2242.
>

### III. < REEXAMINATION >WITH CONCURRENT LITIGATION BUT< ORDERED PRIOR TO FEDERAL COURT DECISION **

In view of the statutory mandate to make the determination on the request within 3 months, the determination on the request based on the record before the examiner will be made without awaiting a decision by the Federal Court. It is not realistic to attempt to determine what issues will be treated by the Federal Court prior to the court decision. Accordingly, the determination on the request will be made without considering the issues allegedly before the court. If >an *ex parte*< reexamination is ordered, the reexamination will continue until the Office becomes aware that a court decision has issued. At such time, the request will be reviewed in accordance with the guidelines set forth below. The patent owner is required by 37 CFR 1.565(a) to call the attention of the Office to any prior or concurrent proceeding in which the patent is involved or was involved. Thus, the patent owner has an obligation to promptly notify the Office that a decision has been issued in the Federal Court.
>

### IV. < FEDERAL COURT DECISION ISSUES AFTER >EX PARTE< REEXAMINATION ORDERED

Pursuant to 37 CFR 1.565(a), the patent owner in *>an *ex parte*< reexamination proceeding must promptly notify the Office of any Federal court decision involving the patent. Where the reexamination proceeding is currently pending and the court decision issues, or the Office becomes aware of a court decision relating to a pending reexamination proceeding, the order to reexamine is reviewed to see if a substantial new question of patentability is still present. If no substantial new question of patentability is still present, the order to reexamine is vacated by the TC Director and reexamination is terminated.

A *non-final* **>Federal Court< decision concerning a patent under reexamination shall have no binding effect on a reexamination proceeding.

The issuance of a *final* **>Federal Court< decision upholding validity during *>an *ex parte*< reexamination also will have no binding effect on the examination of the reexamination. This is because the court states in *Ethicon v. Quigg*, 849 F.2d 1422, 1428, 7 USPQ2d 1152, 1157 (Fed. Cir. 1988) that the Office is *not* bound by a court's holding of patent *validity* and should continue the reexamination. The court notes that district courts and the Office use different standards of proof in determining invalidity, and thus, on the same evidence, could quite correctly come to different conclusions. Specifically, invalidity in a district court must be shown by "clear and convincing" evidence, whereas in the Office, it is sufficient to show nonpatentability by a "preponderance of evidence." Since the "clear and convincing" standard is harder to satisfy than the "preponderance" standard, deference will ordinarily be accorded to the factual findings of the court where the evidence before the Office and the court is the same. If sufficient reasons are present, claims held valid by the court may be rejected in reexamination.

On the other hand, **>a *final* Federal Court holding of invalidity or unenforceability (after all appeals), is binding on the Office. Upon the issuance of a final holding of invalidity or unenforceability, the claims held invalid or unenforceable will be withdrawn from consideration in the reexamination. The reexamination will continue as to any remaining claims. Thus, the reexamination will continue if any original, new, or amended claim was not found invalid or unenforceable by the Court. If all of the claims in the reexamination proceeding are finally held invalid or unenforceable, the reexamination will be vacated by the TC Director as no longer containing a substantial new question of patentability and the reexamination will be terminated. If not all claims of the reexamination were held invalid (or unenforceable), a substantial new question of patentability may still exist as to the remaining claims. In such a situation, the remaining claims would be examined; and, as to the claims held invalid/unenforceable, form paragraph

22.80 should be used at the beginning of the Office action.

¶ 22.20 *Claims Held Invalid By Court, No Longer Being Reexamined*

Claims [1] of the [2] patent are not being reexamined in view of the final decision of [3]. Claim(s) [1] was/were held invalid/unenforceable by the [4].

**Examiner Note:**

1. In bracket 1, insert the claim(s) held invalid.
2. In bracket 2, insert the patentee (e.g., Rosenthal, Schor et al).
3. In bracket 3, insert the decision (e.g., *ABC Corp. v. Smith*, 999 USPQ2d 99 (Fed. Cir. 1999) or *XYZ Corp. v. Jones*, 999 USPQ2d 1024 (N.D. Cal. 1999)).
4. In bracket 4, insert the name of the court (e.g., the Court of Appeals for the Federal Circuit, or the Federal District Court).

V. < LITIGATION REVIEW AND TECHNOLOGY CENTER *>SPRE< APPROVAL

In order to ensure that the Office is aware of prior or concurrent litigation, the examiner is responsible for conducting a reasonable investigation for evidence as to whether the patent for which >*ex parte*< reexamination is requested has been or is involved in litigation. The investigation will include a review of the reexamination file, the patent file, and the results of the litigation computer search by the STIC.

If the examiner discovers, *at any time* during the reexamination proceeding, that there is litigation or that there has been a federal court decision on the patent, the fact will be brought to the attention of the TC *>SPRE< prior to any further action by the examiner. The TC *>SPRE< must review any action taken by the examiner in such circumstances to ensure current Office litigation policy is being followed. **
>

VI. < FEDERAL COURT DECISION CONTROLLING IN REEXAMINATION PROCEEDING

Once a federal court has ruled upon the merits of a patent and >an *ex parte*< reexamination is still appropriate under the guidelines set forth above, the federal court decision will be considered controlling and will be followed as to claims finally held to be invalid by the court.

## 2287 Conclusion of >*Ex Parte*< Reexamination Proceeding [R-2]

Upon conclusion of the >*ex parte*< reexamination proceeding, the examiner must prepare a "Notice of Intent to Issue >*Ex Parte*< Reexamination Certificate" (NIRC) by completing form PTOL-469. * >If< appropriate, an examiner's amendment will also be prepared. Where claims are found patentable, reasons must be given for each claim found patentable. See the discussion as to preparation of an examiner's amendment and reasons for allowance at the end of this section. In addition, the examiner must prepare the reexamination file so that the Office of Publications can prepare and issue a certificate in accordance with >35 U.S.C. 307 and< 37 CFR 1.570 ** setting forth the results of the reexamination proceeding and the content of the patent following the proceeding. See MPEP § 2288.

If it is the intent of the examiner to find any claim(s) patentable (confirmed or allowed) in concluding the reexamination proceeding, the examiner will so inform his/her supervisory patent examiner (SPE). The SPE will convene a patentability review conference (see MPEP § 2271.01), and the conference members will review the patentability of the claim(s). If the conference confirms the patentability of the claim(s), a NIRC shall be issued and signed by the examiner, with the two other conferees initialing the NIRC (as "conferee") to indicate their participation in the conference. Both conferees will initial, even though one of them may have dissented from the 3-party conference decision on the patentability of the claim(s). If the conference does not confirm the patentability of the claim(s), a NIRC will not be issued by the examiner; rather, the examiner will issue an appropriate Office action rejecting the claim(s), not confirmed as patentable.

A patentability review conference is not to be held as to any claim that was in the case (proceeding) at the time the case was reviewed by the Board of Patent Appeals and Interferences (Board) or a federal court. The following example will serve to illustrate this point. In a reexamination proceeding, claims 5-10 are allowed by the examiner, and claims 1-4 are rejected. The rejection of claims 1-4 is then appealed to the Board. The Board reverses the rejection of claims 1-4 and imposes a new ground of rejection of claims 1-4