UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592 (MLW) |
| | This Document Relates To All Actions |

**APPENDIX TO THE OPPOSITION OF
BIOGEN IDEC MA INC. AND GENZYME CORPORATION
TO COLUMBIA UNIVERSITY'S EMERGENCY MOTION
TO SEAL AND RESTRICT ACCESS**

Dated:  June 18, 2004

Donald R. Ware  BBO # 516260
Claire Laporte  BBO # 554979
Carla Miriam Levy  BBO # 654212
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Attorneys for plaintiffs BIOGEN IDEC MA
  INC. and GENZYME CORPORATION

# TABLE OF CONTENTS

**Declaration of Claire Laporte**

Tab 1.        Excerpts from the First Amended Complaint, filed September 24, 2003, in *Immunex, Corp. et al. v. Trustees of Columbia University*, No. CV 03-0349 (C.D. Cal.).

Tab 2.        Invoice sent from World Patent Services, Inc. to James Oleson regarding the file histories of U.S. Patent Nos. 6,455,275, 5,179,017, 4,634,665, 4,399,216, and U.S. Patent Application Serial Nos. 08/395,520 and 07/346,089.

Tab 3.        Letter from Arthur Wineburg, Pillsbury Winthrop LLP, to DoHoang Tini Duong, Gibson, Dunn & Crutcher LLP, dated June 14, 2004.

Tab 4.        Facsimile of a Certified Copy Order Form from World Patent Services, Inc. to the Commissioner of Patent and Trademarks, dated May 10, 2004.

Tab 5.        A photocopy of a compact disk received by plaintiffs' counsel from the United States Patent and Trademark Office.

Tab 6.        A letter from David Gindler, Irell & Manella LLP, to Claire Laporte, Foley Hoag LLP, dated May 27, 2004.

Tab 7.        A letter from Claire Laporte, Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated May 28, 2004.

Tab 8.        A letter from Michael J. Cleare, Executive Director, Science & Technology Ventures, Columbia University, to Biogen, Inc., dated Mar. 9, 2004.

Tab 9.        A letter from Michael J. Cleare, Executive Director, Science & Technology Ventures, Columbia University, to Genzyme Corporation, dated Mar. 9, 2004.

Tab 10.       Excerpts from Plaintiffs' First Set of Requests for Production of Documents to Defendant The Trustees of Columbia University in the City of New York, dated Nov. 24, 2003.

Tab 11.       A letter from Claire Laporte, Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated June 4, 2004.

Tab 12.       A letter from Claire Laporte, Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated June 10, 2004.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592<br><br>This document relates to all actions |

## DECLARATION OF CLAIRE LAPORTE

I, Claire Laporte, declare as follows:

1.       I am an attorney licensed to practice in the Commonwealth of Massachusetts.  I am a partner at the law firm of Foley Hoag, LLP in Boston Massachusetts, counsel for Biogen Idec MA Inc. and Genzyme Corporation.  I base this declaration on my personal knowledge unless otherwise stated.

2.       Attached at Tab 1 is a true and correct copy of excerpts from the First Amended Complaint, filed September 24, 2003, in *Immunex, Corp. et al. v. Trustees of Columbia University*, No. CV 03-0349 (C.D. Cal.).

3.       Attached at Tab 2 is a true and correct copy an Invoice sent from World Patent Services, Inc. to James Oleson regarding the file histories of U.S. Patent Nos. 6,455,275, 5,179,017, 4,634,665, 4,399,216, and U.S. Patent Application Serial Nos. 08/395,520 and 07/346,089.

4.       Attached at Tab 3 is a true and correct copy of a letter from Arthur Wineburg, Pillsbury Winthrop LLP, to DoHoang Tini Duong, Gibson, Dunn & Crutcher LLP, dated June 14, 2004.

5.      Attached at Tab 4 is a true and correct copy of a facsimile of a Certified Copy Order Form from World Patent Services, Inc. to the Commissioner of Patent and Trademarks, dated May 10, 2004.

6.      Attached at Tab 5 is a true and correct photocopy of a compact disk received by plaintiffs' counsel from the United States Patent and Trademark Office.

7.      Attached at Tab 6 is a true and correct copy of a letter from David Gindler, Irell & Manella LLP, to Claire Laporte, Foley Hoag LLP, dated May 27, 2004.

8.      Attached at Tab 7 is a true and correct copy of a letter from Claire Laporte, Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated May 28, 2004.

9.      Attached at Tab 8 is a true and correct copy of a letter from Michael J. Cleare, Executive Director, Science & Technology Ventures, Columbia University, to Biogen, Inc., dated Mar. 9, 2004.

10.      Attached at Tab 9 is a true and correct copy of a letter from Michael J. Cleare, Executive Director, Science & Technology Ventures, Columbia University, to Genzyme Corporation, dated Mar. 9, 2004.

11.      Attached at Tab 10 is a true and correct copy of excerpts from Plaintiffs' First Set of Requests for Production of Documents to Defendant The Trustees of Columbia University in the City of New York, dated Nov. 24, 2003.

12.      Attached at Tab 11 is a true and correct copy of a letter from Claire Laporte, Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated June 4, 2004.

13.    Attached at Tab 12 is a true and correct copy of a letter from Claire Laporte,

Foley Hoag LLP, to David Gindler, Irell & Manella LLP, dated June 10, 2004.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated:  June 18, 2004

Claire Laporte

# Exhibit 1

1   ARTHUR WINEBURG, *pro hac vice*
    PILLSBURY WINTHROP LLP
2   1133 Connecticut Avenue, N.W.
    Washington, D.C. 20036
3   Telephone: (202) 775-9800
    Facsimile: (202) 833-8491
4
    KIRKE M. HASSON #61446
5   PILLSBURY WINTHROP LLP
    50 Fremont Street
6   Post Office Box 7880
    San Francisco, CA 94120-7880
7   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
8
    JENNIE L. LA PRADE #82224
9   VICKI G. NORTON #175067
    PILLSBURY WINTHROP LLP
10  725 South Figueroa Street, Suite 2800
    Los Angeles, California 90017-5406
11  Telephone: (213) 488-7100
    Facsimile: (213) 629-1033
12
    Attorneys for Plaintiffs
13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16
17  Immunex Corporation, a Washington     )   No. CV 03-4349MRP(CWx)
    corporation, and Amgen Inc., a        )
18  Delaware corporation,                 )   FIRST AMENDED COMPLAINT
                              Plaintiffs,  )   FOR DECLARATORY AND
19                                         )   INJUNCTIVE RELIEF RE:
              vs.                          )   CONTRACT RIGHTS,
20                                         )   INVALIDITY,
    The Trustees of Columbia University    )   UNENFORCEABILITY AND
21  in the City of New York, a New York    )   NON-INFRINGEMENT OF U.S.
    corporation,                           )   PATENT NO. 6,455,275
22                                         )
                              Defendant.   )
23                                         )
24                                         )
25
26
27      For their Complaint, Plaintiffs Immunex Corporation ("Immunex") and

28  Amgen Inc. ("Amgen") aver as follows:

                              - 1 -

70045849v7

## Introduction

1.      Immunex and Amgen (collectively "Plaintiffs") bring this action for a declaration that, contrary to the contentions of defendant, The Trustees of Columbia University in the City of New York ("Columbia"), Plaintiffs do not owe royalties and fees to Columbia under the license agreement between Amgen and Columbia, dated as of June 1, 1989, nor the license agreement between Immunex and Columbia dated as of October 1, 1991, and further that the only issued extant patent covered by the license agreements, U.S. Patent 6,455,275 ("the '275 patent"), issued September 24, 2002, is invalid, non-infringed and unenforceable.

2.      Columbia has secured four patents from the U.S. Patent and Trademark Office, all based on the same patent application filed February 25, 1980.  The first issued in 1983, and the next two, which issued in 1987 and 1993, were terminally disclaimed by Columbia so that all three patents expired in 2000. For license rights under these three patents during their life, pursuant to the license agreements with Columbia, Amgen and Immunex paid more than 100 million dollars.

3.      Columbia also secured corresponding foreign patents from patent offices in Europe, Canada and Japan, including European Patent No. 045,809, the national patents based on the European patent, and Japanese Patent No. 5700410. These patents expired on February 25, 2000, twenty years from their priority filing date.  Columbia also obtained corresponding Canadian Patent No. 1179953, which expired on December 27, 2001.

4.      After the three U.S. patents expired on August 16, 2000, Columbia demanded continued payment of royalties because Columbia had additional pending patent applications claiming priority to that 1980 patent application. Columbia thereafter demanded royalty payments, asserting that failure to pay royalties was a breach of the license agreement.

- 2 -

70045849v7

1      44.    Instead, Columbia limited its prospective arguments that the new

2 claims were free from a double-patenting rejection to distinctions between the

3 new claims and the '216 patent claims. Even though some of the new claims

4 related to transformed CHO cells, Columbia failed to raise the previous

5 Examiner's rejections of transformed cell claims in view of the '017 patent.

6 Columbia's statements and omissions were material and misleading, because,

7 among other things, they suggested that the '216 patent was the only basis for a

8 double-patenting rejection and ignored the prior double patenting rejection based

9 on the '017 patent. In fact, the Examiner was misled, as he relied only on the

10 '216 patent as a basis for a double-patenting rejection. As a result of Columbia's

11 manipulation of the process, and its non-disclosures and misleading statements,

12 Columbia obtained the '275 patent.

13              **(iv)**   **During prosecution of the '275 patent, Columbia further**

14                         **misled the examiners to avoid double-patenting rejections**

15                         **based on the '017 patent**

16      45.    To avoid double-patenting rejections based on the '017 patent,

17 Columbia further misled the examiners of the '275 patent regarding the related

18 application, U.S. Application Ser. No. 08/477,159 ("the '159 application) which

19 it still has pending in the PTO. The '159 application was filed and prosecuted by

20 the same attorney and law firm that filed the '275 patent, and claims priority to

21 the same application first filed in February 1980.

22      46.    On April 29, 1997, the examiner of the '159 application rejected

23 claim 135, for obviousness-type double patenting in view of claims in the '017

24 patent. Claim 135 was drawn to a method of producing a proteinaceous material

25 by culturing CHO cells. Columbia failed to overcome the '159 examiner's

26 double-patenting rejection of claim 135 and canceled the claim on August 24,

27 1998.

28

1    95.    This is an exceptional case, and Plaintiffs seek an award of

2  attorneys' fees pursuant to 35 U.S.C. § 285.

3

4    WHEREFORE, Plaintiffs pray for judgment against Columbia as follows:

5        a.    For a declaration that Columbia's claims for royalties lack

6  merit, and that no royalties are owed under the License Agreements with

7  Plaintiffs;

8        b.    For a declaration that Plaintiffs do not infringe the '275 patent

9  and that the claims of the '275 patent are invalid and/or unenforceable;

10        c.    For injunctive relief to prohibit Columbia from efforts to

11  enforce against Plaintiffs the '275 patent or any obligation arising from the

12  License Agreement;

13        d.    For attorneys' fees and costs of suit; and

14        e.    For such other, further and additional relief as the Court may

15  deem just and proper.

16    Dated:  September 24, 2003.

17                        ARTHUR WINEBURG
                          KIRKE M. HASSON
18                        VICKI G. NORTON
                          JENNIE L. LA PRADE
19                        PILLSBURY WINTHROP LLP

20

21

22                        By _____
                             Jennie L. La Prade
23                        ATTORNEYS FOR PLAINTIFFS
                          IMMUNEX CORPORATION and
24                        AMGEN INC.

25

26

27

28

- 25 -

70045849v7

**Exhibit 2**

# *World Patent Services, Inc.*

# **Invoice**

**2001 Jefferson Davis Hwy.  Suite 304-B**
**Arlington, VA  22202**
**Tel: (703-418-2848  Fax: (703) 418-3848**
**E-Mail: wps@world-patent.com**

| DATE | INVOICE # |
|------|-----------|
| 10/17/2002 | 17613 |

| BILL TO |
|---------|
| Foley Hoag<br>James Oleson<br>155 Seaport Blvd.<br>Boston, MA 02210 |

PAID

| TERMS | DUE DATE | CONTRACT # |
|-------|----------|------------|
| Net 30 | 11/16/2002 | |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| Re: US Patent File Histories: 6455275, 5179017, 4634665, 4399216, 08/395520, 07/346089<br>Your Ref: 20657-28 | |
| 1396 Pages of FH @ .75 per page | 1,047.00 |
| Next Day Air - UPS | 56.00 |

| **Total** | $1,103.00 |
|-----------|-----------|

# Exhibit 3



**PILLSBURY WINTHROP**LLP

1133 CONNECTICUT AVENUE NW WASHINGTON, DC 20036 202.775.9800 F: 202.833.8491

June 14, 2004

Arthur Wineburg
Phone: 202.775.9880
awineburg@pillsburywinthrop.com

VIA EMAIL: tduong@gibsondunn.com
DoHoang Tini Duong
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

   In Re: Columbia University Patent Litigation

Dear Ms. Duong:

   In accordance with Judge Wolf's June 11, 2004 Order and in response to your letter of June 14, please be advised that outside counsel for and in-house counsel of Amgen and Immunex have reviewed the '159 application file. We received copies of documents in the '159 application file from the U.S.P.T.O. as well as from Plaintiff Biogen Corp.

   The prosecution of the '159 application was also publicly disclosed in Amgen's complaint with no objection raised by Columbia. See Paragraph 45-49 and Section 72(4) of Amgen's Second Amended Complaint.

      Very truly yours,

      PILLSBURY WINTHROP LLP

      Arthur Wineburg

AW:jlt

# Exhibit 4

**U.S. Department of Commerce**
Patent and Trademark Office
May 1994

**CERTIFIED COPY OF ... FORM**
Patents ... on

Office Use Only
Deposit Account No
Finance

TO: Commissioner of Patent and Trademarks, Box 10, Washington, D.C 20231

Requested by:

World Patent Services, Inc.
Box 188

Date of Request: 5/10/04   Docket #: FHE

Total Amount Paid: $ 20

Payment Method
☐ Cash
☐ Check #
☐ Credit Card
☐ MasterCard ☐ VISA ☒
☐ AmEx
☐ PTO Deposit Acct

Authorization to charge additional fees:
Yes ☐ No ☐

**CREDIT CARD INFORMATION REDACTED**

One (1) Certified Copy of the Appln. As Filed:

08/477159   filed 6/5/95   (Electronic)

Delivery Method
☒ PTO Box #: 188
☐ U.S. Mail
☐ Overnight Courier #:

Send Copies to:
Box 188

Instructions:
**✱EXPEDITE✱**

For Office Use Only

**Statement and Signature**
Charges to deposit account or credit card are authorized, as indicated herein.

Rick Jordan   (WPS@WORLD-PATENT.com)   5/10/04
Signature                              Date

(703) 418-2848           (703) 418-3848
Area Code and Telephone Number   Fax Number

Power to Inspect Attached
Yes ☐ No ☐
Page 1 of 2

**Exhibit 5**



**Exhibit 6**

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
FACSIMILE (310) 202-7199
jsheasby@irell.com

May 27, 2004

**VIA FACSIMILE**

Claire Laporte, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600

      Re:    Columbia University

Dear Ms. Laporte:

      I write to address two serious issues with regard to the Reply to Columbia's Opposition to Biogen and Genzyme's Motion for a Preliminary Injunction (the "Reply") and the Appendix in support thereof (the "Appendix") submitted by Biogen and Genzyme on May 26, 2004.

      First, Exhibit 3 of the Appendix attached substantial portions of the October 27, 2003 Amendment to Columbia's pending U.S. Serial No. 08/477,159 (the "'159 application"). The Reply also quotes a portion of the October 27, 2003 Amendment. In particular, the Appendix and Reply excerpt proposed claims for the '159 application. The prosecution history for the '159 application is confidential. Neither Biogen, Genzyme, nor any other entity is entitled to view the contents of the '159 application prosecution history. By including major portions of the October 27 Amendment in the Appendix and Reply, Biogen and Genzyme have published Columbia's trade secrets without authorization. We ask that you immediately take the following steps: (1) retrieve and destroy all portions of the '159 application prosecution history within the custody or control of Biogen and Genzyme; (2) fully cooperate with Columbia in attempting to recover all copies of any portion of the '159 Application prosecution history released to any other entities; (3) immediately make arrangements with the Court to prevent any entity from obtaining the excerpts from the October 27 Amendment contained in the Appendix and Reply. In addition, please provide answers to the following questions in as much detail as possible: what portions of the '159 application prosecution history are in the possession of Biogen and Genzyme; how did Biogen and Genzyme obtain these portions of the '159 application prosecution history; what other entities possess portions of the '159 application prosecution history, and how did they obtain these portions of the '159 application prosecution history?