IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Claire Laporte, Esq.
May 27, 2004
Page 2

Second, Exhibits 1 and 2 to the Appendix attach unredacted copies of the December 1993 License Agreement between Biogen and Columbia and the February 1994 License Agreement between Genzyme and Columbia (the "License Agreements"). These License Agreements are highly confidential, and contain sensitive commercial information, the release of which damages Columbia. Biogen and Genzyme have no right to release unredacted versions of these License Agreements to the public or to the other Plaintiffs in this action without Columbia's permission. We ask that you immediately take the following steps: (1) fully cooperate with Columbia in attempting to recover all copies of the License Agreements released to unauthorized parties; (2) immediately make arrangements with the Court to prevent any other Plaintiffs or members of the public from obtaining an unredacted copy of the License Agreements.

Columbia reserves all of its rights concerning the disclosure of Columbia's confidential information and trade secrets by Biogen and Genzyme, and nothing in this letter should be construed to limit any claim Columbia may have against Biogen, Genzyme or any other entity.

Please inform me in writing whether you agree to the steps identified in this letter by the end of the day tomorrow, May 28, 2004. In addition, please provide the information requested in this letter by June 4, 2004.

Very truly yours,

*Jason Sheasby*

Jason G. Sheasby

1131851.1 07

# Exhibit 7



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

May 28, 2004

Claire Laporte
Boston Office
617.832.1210
claporte@foleyhoag.com

**Via E-mail and Federal Express**

David I. Gindler, Esq.
Jason G. Sheasby, Esq.
Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067

    Re:    *Biogen et al. v. Trustees of Columbia University in the City of New York*

Dear counsel:

    This responds to Jason's letter of May 27, 2004 concerning the purported confidentiality of documents attached to our preliminary injunction reply brief.

    Your assertions of confidentiality are baseless. As to the document from the '159 file history, you will note that each page bears the legend, "Copy provided by USPTO from the PACR Image Database on 5-11-2004." As this legend indicates, it is the Patent Office itself that has made the '159 file history available to the public. Thus, if you have any complaint with anyone concerning the disclosure of this document, it is with the Patent Office. Further, nothing in the document is a trade secret, as the document simply recites claimed inventions (along with *yet another request for an extension of time*). Unless Columbia is pursuing claims that are not described in and enabled by the specification, Columbia is claiming inventions that were disclosed and a matter of public record since the issuance of the '216 patent more than two decades ago.

    As to the license agreements, your assertion of confidentiality is preposterous. There is no obligation of confidentiality either in the license agreements themselves or anywhere else that prohibits Biogen and Genzyme from disclosing them to anyone if they wish to do so. Indeed, Amgen and Immunex disclosed their unredacted license agreements with Columbia when they attached them to their original and amended complaints, and I am not aware that any court has ordered them to be sealed. Amgen's counsel also report that Columbia made no complaint about the disclosure of those license agreements.

Irell & Manella
May 28, 2004
Page 2

      Columbia's desire to keep all of this material confidential from plaintiffs and the District Court is revealing, and explains your failure to produce the '159 file history in discovery. We explicitly requested the '159 file history in document requests served in November, 2003 (*see, e.g.,* request nos. 2 and 12), and yet we have received no meaningful production of documents from Columbia to this day. Given your complete stonewalling on our discovery requests and your demands that plaintiffs destroy all copies of the '159 file history, it is apparent that Columbia's goal is to conceal relevant information from the Court and the parties in connection with the pending motion for a preliminary injunction against Columbia's repressive effort to terminate plaintiffs' licenses to the '159 application.

      In this regard, please produce, *immediately*, the entire '159 file history and all other documents concerning the '159 application, as requested more than six months ago, so that we will not be further hampered in the court proceedings.

      For the reasons set forth above, we will not accede to the improper demand contained in your letter.

      We look forward to hearing from you.

                          Very truly yours,

                          Claire Laporte

cc:    Donald R. Ware, Esq.

# Exhibit 8

COLUMBIA UNIVERSITY SCIENCE AND TECHNOLOGY VENTURES

Engineering Terrace, Suite 363
Mail Code 1206
500 West 120th Street
New York, NY 10027, U.S.A.
212.854.8444 T
212.854.8463 F
stv.columbia.edu

March 9, 2004

RECEIVED
MAR 12 2004
IDEC PHARMACEUTICALS
LEGAL DEPARTMENT

**VIA CERTIFIED U.S. MAIL**
**RETURN RECEIPT REQUESTED**

Biogen, Inc.
Fourteen Cambridge Center
Cambridge, Massachusetts 02142
Att: Vice President, Marketing

Re:   Notice of Material Breach of License Agreement

Dear Sir or Madam:

Pursuant to Section 5(b) of the license agreement dated December, 1993, between Columbia and Biogen, Inc., Columbia hereby gives notice that Biogen is in material breach of its obligations under this agreement.

Columbia is terminating the license agreement based on the following material breaches by Biogen: (1) failing to pay all royalties due on Licensed Products manufactured on or after September 24, 2002, the date on which United States Patent No. 6,455,275 was issued; (2) failing to provide required reports for such unpaid royalties; (3) failing to pay all fees due under the license agreement. Accordingly, this agreement shall terminate in thirty days, unless Biogen cures its material breach within that time frame.

This letter identifies only those material breaches based on which Columbia is terminating the license agreement. Nothing contained herein is intended to be, nor should be construed as, a waiver or modification of any of Columbia's rights to seek all appropriate relief for any breach of the parties' license agreement not set forth in this letter.

Very truly yours,

Michael J. Cleare, Ph.D.
Executive Director
Science and Technology Ventures

1096229

# Exhibit 9

COLUMBIA UNIVERSITY SCIENCE AND TECHNOLOGY VENTURES



Engineering Terrace, Suite 363
Mail Code 2206
500 West 120th Street
New York, NY 10027, U.S.A.

212.854.8444 T
212.854.8463 F

stv.columbia.edu

March 9, 2004

**VIA CERTIFIED U.S. MAIL**
**RETURN RECEIPT REQUESTED**

Genzyme Corporation
500 Kendall Street
Cambridge, MA  02142
Attn:   Vice President
           General Counsel

Dear Sir or Madam:

This letter addresses your obligations under the license agreement dated February 1994, between Columbia and Genzyme Corporation.

Columbia for all time disclaims any right under the license agreement to collect a royalty from Genzyme based on the existence of a pending patent application.

To the extent you have paid a royalty under the license agreement based on the existence of a pending patent application, as opposed to an issued patent, please make an accounting of these payments to Columbia (with supporting documentation), and Columbia will refund the appropriate amount.

Very truly yours,

Michael J. Cleare, Ph.D.
Executive Director
Science and Technology Ventures

1099153

# Exhibit 10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BIOGEN, INC., GENZYME
CORPORATION, and ABBOTT
BIORESEARCH CENTER, INC.,

        Plaintiffs,

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

        Defendant.

CIVIL ACTION No. 03-CV-11329 (MLW)

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK**

    Plaintiffs Biogen Idec MA, Inc., formerly known as Biogen, Inc. ("Biogen"), Genzyme Corporation ("Genzyme"), and Abbott Bioresearch Center, Inc. ("Abbott"), pursuant to Fed. R. Civ. P. 26 and 34 and the Local Rules of this Court, hereby request that the defendant The Trustees of Columbia University in the City of New York ("Columbia") produce and permit to inspect and copy all documents and things in its possession, custody, or control that are requested below.

### DEFINITIONS

    For the purpose of these requests, the following terms shall have the meanings set forth below:

    1.    "Columbia" means the defendant The Trustees of Columbia University in the City of New York and any of its past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf, including, without limitation, Columbia Innovation Enterprises or any other technology transfer office of Columbia, all in-house or outside patent counsel (including, without limitation, Cooper & Dunham, as defined herein), and all lobbyists engaged by or working on behalf of Columbia.

    2.    "Biogen" means the plaintiff Biogen, Inc., now known as Biogen Idec MA, Inc., and any of its affiliates, subsidiaries, successors-in-interest, predecessors-in-interest, divisions,

past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf.

3. "Genzyme" means the plaintiff Genzyme Corp. and any of its affiliates, subsidiaries, successors-in-interest, predecessors-in-interest, divisions, past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf.

4. "Abbott" means the plaintiff Abbott Bioresearch Center, Inc. and any of its affiliates, subsidiaries, successors-in-interest, predecessors-in-interest, divisions, past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf.

5. "You," "your," "yourself," or "Defendant" shall mean the Defendant Columbia.

6. The definitions set forth in Local Rule 26.5(c) shall apply to these requests.

7. The words "and," "or," and "and/or" shall be construed in the conjunctive or disjunctive, whichever makes the document request more inclusive.

8. The words "any" and "all" shall both be construed to mean "any and all."

9. The "Axel Patents" shall mean, collectively, U.S. Patent Nos. 4,399,216, 4,634,665, 5,179,017, and 6,455,275. Each of these individually shall also be identified by its final three digits, e.g., "the '275 patent" shall mean U.S. Patent No. 6,455,275.

10. The "Cotransformation Patents" shall mean, collectively, the Axel Patents and U.S. Patent No. 5,149,636.

11. "Inventors" shall mean the inventors listed on the face of the Cotransformation Patents, namely, Richard Axel, Michael H. Wigler, Saul J. Silverstein, and/or James M. Roberts, either individually or collectively, and their employees, attorneys, agents, representatives, and any other person acting for them or on their behalf.

12. "Co-Author" shall mean any of the persons listed as co-author in certain publications in which the Inventors were also co-authors, namely Raymond Sweet, Gek Kee Sim, Barbara Wold, Angel Pellicer, Elizabeth Lacy, Tom Maniatis, Michael Perucho, D. Kurtz, S. Dana, Erwin Wagner, Adele El Kareh, Michael Dewey, Arnold J. Reuser and Beatrice Mintz, either individually or collectively, and their employees, attorneys, agents, representatives, and any other person acting for them or on their behalf.

13. "Related Applications" shall mean any patent applications, domestic or foreign, that relate in any way to the patent applications that resulted in the Cotransformation Patents, including without limitation Patent Application Nos. 08/477,159, 08/484,136, 08/395,520, 08/217,007, 07/866,800, 07/716,915, 07/346,089, 06/915,273, 06/522,408, 06/124,513 and Patent Applications Nos. 249,454 (filed on September 26, 1988), 103,807 (filed on October 1, 1987), 683,251 (filed on December 17, 1984), and 358,206 (filed on March 15, 1982) and any

parent applications, divisional applications, continuing applications, PCT or other foreign applications, and provisional applications.

14. "Related Patents" shall mean any patents, domestic or foreign, issuing from the Related Applications.

15. "Prior Art" shall mean any knowledge, act, conduct, writing, or event that could arguably have any relevance to the patentability of a patent claim pursuant to 35 U.S.C. §§ 102 and 103, even if you believe that it does not have such relevance.

16. "Cooper & Dunham" shall mean the Cooper & Dunham LLP law firm and any of its past or present partners, directors, officers, employees, attorneys, agents, representatives, paralegals, and any other person acting for it or on its behalf.

17. "NIH" shall mean the National Institutes of Health, a division of the Unites States Department of Health and Human Services, and any of its past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf.

18. "HHS" shall mean the United States Department of Health and Human Services, and any of its past or present directors, officers, employees, attorneys, agents, representatives, and any other person acting for it or on its behalf.

## INSTRUCTIONS

A. To the extent that objection is made to any document request as overly broad or unduly burdensome, please state the basis for that assertion and specify what documents or categories of documents responsive to the request you are producing.

B. To the extent that objection is made to any document request as vague or ambiguous, please identify the particular words, terms, or phrases that are asserted to make the request vague or ambiguous, and please specify the meaning actually attributed by you to any such words, terms, or phrases in your response.

## REQUESTS

1. The prosecution histories of each of the **Cotransformation Patents.**

2. The prosecution histories of any **Related Applications** and **Related Patents** including, without limitation, the prosecution histories of any foreign counterparts of the **Cotransformation Patents.**

3. All documents concerning Application No. 06/124,513 and the corresponding issued U.S. Patent No. 4,399,216.

4. All documents concerning Application No. 06/522,408 and the corresponding issued U.S. Patent No. 4,634,665.

5. All documents concerning Application No. 06/915,273.

6. All documents concerning Application No. 07/346,089.

7. All documents concerning Application No. 07/716,915 and the corresponding issued U.S. Patent No. 5,179,017.

8. All documents concerning Application No. 07/866,800.

9. All documents concerning Application No. 08/217,007.

10. All documents concerning Application No. 08/395,520.

11. All documents concerning Application No. 08/484,136 and the corresponding issued U.S. Patent No. 6,455,275.

12. All documents concerning Application No. 08/477,159.

13. All documents concerning Application No. 103,807, filed on October 1, 1987.

14. All documents concerning Application No. 683,251, filed on December 17, 1987.

15. All documents concerning Application No. 358,206, filed on March 15, 1982.

16. All documents concerning Application No. 249,454, filed on September 26, 1988 and the corresponding issued U.S. Patent No. 5,149,636.

17. Any communications between **Columbia** and the U.S. Patent and Trademark Office in connection with the prosecution of the **Cotransformation Patents** and **Related Applications**.

18. Any communications between **Columbia** and the U.S. Patent and Trademark Office in connection with the prosecution of the **Cotransformation Patents** and **Related Applications** that are missing from the U.S. Patent and Trademark Office file histories, including, without limitation, the Amendment dated November 15, 1999 in connection with Application No. 08/484,136; the Letter dated February 12, 1993 in connection with Application No. 07/866,800; and the Information Disclosure Statement dated December 27, 1994 in connection with Application No. 07/866,800.

19. All documents concerning the decision to abandon each **Related Application** that was abandoned during prosecution.

20. All documents concerning the decision to file each continuation application that is a **Related Application**.

21. All documents concerning each Notice of Appeal filed in the U.S. Patent and Trademark Office in connection with each of the **Related Applications**, including documents concerning the decision to file each Notice of Appeal and the decision whether or not to file an Appeal Brief subsequent to each Notice of Appeal.

103. All litigation files of any patent case involving any patent in which **Columbia** has any right, title, or interest and in which a licensee or accused infringer has asserted that the patent in suit in the case is invalid for double patenting or lack of enablement, or unenforceable for prosecution laches or inequitable conduct.

Dated: November 24, 2003

BIOGEN IDEC MA, INC.,
GENZYME CORPORATION, and
ABBOTT BIORESEARCH CENTER, INC.

*/s/ Claire Laporte*

_____
Donald R. Ware  BBO # 516260
Claire Laporte  BBO # 554979
Katherine M. Hamill  BBO # 639201
Carla Miriam Levy  BBO # 654212
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Attorneys for BIOGEN IDEC MA, INC. and
  GENZYME CORPORATION

*Of Counsel:*
Mark A. Pals
Marcus E. Sernel
KIRKLAND & ELLIS LLP
AON Building
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
Attorneys for plaintiff ABBOTT
  BIORESEARCH CENTER, INC.

Peter E. Gelhaar BBO # 188310
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 720-2880
Attorneys for plaintiff ABBOTT
  BIORESEARCH CENTER, INC.

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY ~~MAIL~~-HAND ~~ON~~ AND E-MAIL ON NOVEMBER 24, 2003

*/s/ Claire Laporte*

# Exhibit 11



**FOLEY HOAG LLP**
ATTORNEYS AT LAW

Claire Laporte
Boston Office
617.832.1210
claporte@foleyhoag.com

June 4, 2004

**Via E-mail and Federal Express**

David I. Gindler, Esq.
Jason G. Sheasby, Esq.
Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

    Re:    *Biogen et al. v. Trustees of Columbia University in the City of New York*

Dear David:

    This responds to your letter of June 1, 2004.

    In my previous letter dated May 27, I set forth the reasons why we disagree with your assertions of confidentiality. In your June 1 letter, you ignored the substance of my response and provided no explanation why you continue to contend that these materials are confidential. Accordingly, we see no reason for further comment.

    We also disagree with your assertion that Columbia has not resisted discovery concerning the '159 application and other relevant subjects. Biogen, Genzyme, and Abbott agreed to postpone discovery on December 23, 2003 only because David Gindler made it very clear that Columbia would refuse to respond to our discovery requests without a court order. After this unilateral postponement ended with the ruling on Columbia's motion to transfer more than a month ago, Columbia still has provided no meaningful discovery.

    Columbia's concealment of the '159 application and its prosecution history is particularly blameworthy given the importance of that application for Biogen and Genzyme's pending motion for a preliminary injunction. In its opposition brief, Columbia has attempted to minimize the importance of the '159 application. If Columbia continues to claim that Biogen's and Genzyme's licenses of the '159 application are not significant or valuable, it should make the application and its file history available without further delay so that the Court can evaluate Columbia's argument.

Irell & Manella
June 4, 2004
Page 2

      Further evidence of Columbia's stonewalling is Columbia's continued refusal to provide the consents necessary for plaintiffs' counsel to review the depositions of the inventors and the attorney who prosecuted the '275 patent from the *Roche* and *Biogen v. Berlex* cases. I wrote to David Gindler on behalf of all plaintiffs on *March 22, 2004* to request that Columbia provide these consents. Despite my subsequent letter and telephone call requesting a response, I have yet to receive *any* reply. I cannot imagine that there is any legitimate reason for Columbia to withhold consent than a simple desire to conceal relevant information for as long as possible.

                                                    Very truly yours,

                                                    Claire Laporte

cc:    Donald R. Ware, Esq.

# Exhibit 12



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Claire Laporte
Boston Office
617.832.1210
claporte@foleyhoag.com

June 10, 2004

**By E-Mail and Mail**

David I. Gindler, Esq.
Jason G. Sheasby, Esq.
Irell & Manella
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067

    Re:    *Biogen et al. v. Trustees of Columbia University*,
            Civil Action No. 03-11329-MLW (D. Mass.)

Dear Counsel:

    We have repeatedly requested immediate production of the '159 application file history in its entirety. You have not responded, other than to say that it would be a matter for discovery. Please advise us *today* whether Columbia will produce this material as requested.

    Columbia's motion for a stay during the pendency of reexamination and reissue proceedings, and in particular your indication during our recent call that you will be requesting that the Court stay the case before ruling on the pending motion for preliminary injunction, increases the urgency of our request. As Columbia no doubt hopes, it is possible that claims of the '159 application will issue as a patent during the pendency of any stay granted by the Court. So that the Court can fairly evaluate the implications of Columbia's stay motion, it is imperative that Columbia make available to plaintiffs the complete file history of the '159. Any further attempt to conceal this information will be brought to the Court's attention promptly.

    Accordingly, please advise us today as to whether Columbia will produce the entire file history immediately and will commit to continuing disclosure of the file history as prosecution continues.

David I. Gindler, Esq.
Jason G. Sheasby, Esq.
June 10, 2004
Page 2

    I look forward to hearing from you.

                                  Very truly yours,

                                  Claire Laporte

cc:    Thomas F. Maffei, Esq.