UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592<br><br>This Document Relates To All Actions. |

**JOINT SURREPLY IN OPPOSITION TO COLUMBIA UNIVERSITY'S MOTION TO STAY LITIGATION PENDING CONCLUSION OF REEXAMINATION AND REISSUE PROCEEDINGS IN THE PATENT AND TRADEMARK OFFICE SUBMITTED ON BEHALF OF GENENTECH, INC., BIOGEN IDEC MA INC., GENZYME CORPORATION, ABBOTT BIORESEARCH CENTER, INC., IMMUNEX CORPORATION, AMGEN INC., WYETH, AND GENETICS INSTITUTE LLC**

1.     On Friday, in a reply brief to support its motion for stay, Columbia disclosed the material portions of a just-filed application for reissue of the patent in suit, U.S. Patent No. 6,455,275 (the "'275 patent"). Because Columbia waited to file its reissue application until just after plaintiffs' oppositions to the stay motion were due, the undersigned plaintiffs submit this short surreply concerning Columbia's reissue application.

2.     The reissue application reveals that Columbia is now seeking to expand the scope of the '275 patent by adding no fewer than seventeen <u>new</u>, <u>broader</u> claims and by amending its existing claims to enlarge their breadth as well. In other words, rather than merely respond to issues raised in the reexamination with respect to its issued claims, Columbia wants to use its reissue application to initiate prosecution of new claims, and thereby to start the prosecution clock all over. Columbia tries to justify the reopening of prosecution, some twenty-four years after filing its original application and after having obtained more than 120 claims in three earlier issued patents, on the ground that it "failed to obtain the full scope of protection" for its 1980 invention. (Reissue Application Declaration (Reply Ex. 6), p. 6.)

3.     Columbia's disingenuous excuse for continuing its prosecution of the '275 patent claims indefinitely while seeking a stay of this litigation represents the ultimate abuse of the patent system. It is an abuse that the PTO cannot redress. Plaintiffs' challenge to the validity of the '275 patent, and their effort to put an end to Columbia's ongoing prosecution laches, should proceed in this Court without further delay.

4.     Columbia insists that this action must be stayed because, as a result of its latest application, the '275 patent "will be surrendered and reissued with new and amended claims." (Reply at 1.) Columbia's argument boils down to an assertion that all court proceedings are premature because Columbia intends to ensure that the claims of the '275 patent will remain a

moving target for years to come. This is not justification for a stay. If litigation must await the conclusion of Columbia's endless maneuvering in the PTO, plaintiffs will never get to court.

5. Notably, Columbia's reply brief completely ignores plaintiffs' prosecution laches argument, the essence of which is that Columbia should not be permitted to return to the PTO year after year to extract new patent claims out of a 1980 application. Nor does Columbia respond to plaintiffs' demonstration that the PTO will not even consider allegations of inequitable conduct, as plaintiffs have raised here. (See Joint Opposition Br. at 25.) Because both inequitable conduct and prosecution laches have the potential to render the '275 patent unenforceable no matter what happens during reexamination and reissue, there is nothing to be gained, and considerable prejudice to plaintiffs, by staying the litigation. Columbia also fails to respond to plaintiffs' showing that the PTO lacks the resources to deal with the double patenting issues plaintiffs raise. (See Joint Opposition Br. at 19-20.) This Court is the most appropriate forum for resolution of all the key issues in this case. (See id. at 25-26.)

6. Columbia argues that "the parties and the Court may expend needless time and effort addressing the interpretation of claims that will no longer exist in their present form after the conclusion of proceedings in the PTO." (Reply at 5.) As stated above, plaintiffs have asserted not only double patenting, but also prosecution laches and inequitable conduct. And the basic thrust of Columbia's reissue application is that the '275 claims are not broad enough. If the narrower claims are invalid for double patenting, the broader, more generic ones are even more so. For example, unsatisfied with the '275 patent's original claims, all of which were directed to transformed CHO cells, Columbia has applied for new claims directed to the broader genus of transformed mammalian cells. (Preliminary Amendment Accompanying Reissue App. (Reply Ex. 7), pp. 6-12.) Given Columbia's utter silence in the face of plaintiffs' double patenting

- 2 -

arguments against claims directed solely to transformed CHO cells, it is difficult to imagine how Columbia could expect to obtain broader claims directed to transformed mammalian cells, a genus that Columbia first claimed in its '216 patent issued in 1983.

7.      Columbia spends the bulk of its reply brief attempting to put the best spin on each dilatory step it has taken in the litigation. However Columbia paints it, the bottom line is that Columbia has been prosecuting the progeny of a single patent application for twenty-four years, and it now seeks to delay litigation challenging its prosecution conduct on the ground that <u>still further prosecution</u> is in order.

8.      Although Columbia does not attempt to argue that the PTO will move faster than this Court (<u>see</u> Reply at 6), Columbia does not address the fact that in the <u>ex parte</u> PTO proceedings, Columbia has substantial control over the length of the process, and plaintiffs cannot stop Columbia from exploiting the numerous opportunities for delay provided by the rules for reexamination and reissue. Indeed, Columbia's decision to file for reissue will itself delay the proceedings in the PTO while the Office of Patent Legal Administration determines whether the reexamination and the reissue should be merged. Manual of Patent Examining Procedure ("M.P.E.P.") § 2286. Moreover, now that Columbia has filed for a broadening reissue, it can seek new broadening claims even after the two-year deadline for broadening reissue applications, M.P.E.P. § 1412.03, and it can appeal from any new claims rejected by the examiner, stringing out the prosecution still further.

9.      If this litigation is stayed now, there is no guarantee that plaintiffs will ever obtain resolution of their declaratory judgment claims. Columbia has manipulated the system for twenty-four years, exploiting loopholes, extending deadlines, filing and then abandoning

- 3 -

multiple continuation applications, and filing appeals with no intent of pursuing them.  Columbia should not be permitted to delay judicial scrutiny of its patent forever.

DATED:  June 21, 2004                                        Respectfully submitted,

| | |
|---|---|
| /s/  Claire Laporte | /s/  Charles K. Verhoeven |
| Donald R. Ware (BBO # 516260) | Adrian M. Pruetz (Cal. Bar No. 118215) |
| Claire Laporte  (BBO # 554979) | Charles K. Verhoeven (Cal. Bar No. 170151) |
| Carla Miriam Levy  (BBO # 654212) | Robert W. Stone (Cal. Bar No. 163513) |
| FOLEY HOAG LLP | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 155 Seaport Boulevard | 50 California Street, 22nd Floor |
| Boston, MA 02210-2600 | San Francisco, California 94111 |
| Telephone:  (617) 832-1000 | Telephone:  (415) 875-6600 |
| Facsimile:  (617) 832-7000 | Facsimile: (415) 875-6700 |
| Attorneys for BIOGEN IDEC MA INC. and GENZYME CORPORATION | Attorneys for GENENTECH, INC. |
| | |
| /s/  Marcus E. Sernel | /s/ Eileen M. Herlihy |
| Mark A. Pals | Eileen M. Herlihy (BBO #231410) |
| Marcus E. Sernel | PALMER & DODGE LLP |
| KIRKLAND & ELLIS LLP | 111 Huntington Ave. at Prudential Center |
| AON Building | Boston, MA 02199-7613 |
| 200 East Randolph Drive | Telephone: (617) 239-0100 |
| Chicago, Illinois 60601 | Facsimile: (617) 227-4400 |
| Telephone:  (312) 861-2000 | |
| Facsimile:  (312) 861-2200 | Arthur Wineburg |
| | PILLSBURY WINTHROP LLP |
| /s/  Peter E. Gelhaar | 1133 Connecticut Avenue, N.W. |
| Peter E. Gelhaar (BBO #18831)) | Washington, D.C. 20036 |
| DONNELLY, CONROY & GELHAAR, LLP | Direct Phone: 202-775-9880 |
| One Beacon Street | Telephone: (202) 775-9800 |
| Boston, Massachusetts 02108 | Facsimile: 202-833-8491 |
| Telephone:  (617) 720-2880 | |
| Facsimile:  (617) 720-3554 | Kirke M. Hasson |
| Attorneys for ABBOTT BIORESEARCH CENTER, INC. | PILLSBURY WINTHROP LLP |
| | 50 Fremont Street |
| | San Francisco, CA 94105-2228 |
| | Telephone: (415) 983-1000 |
| | Facsimile: (415) 983-1200 |
| | |
| | Attorneys for IMMUNEX CORPORATION and AMGEN INC. |

- 5 -

/s/ Patricia A. Carson
Leora Ben-Ami
Patricia A. Carson
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
(212) 836-8000

Robert S. Frank, Jr. (BBO #177240)
Eric J. Marandett (BBO #561730)
Paul D. Popeo (BBO #567727)
CHOATE HALL & STEWART
Exchange Place
Boston, MA 02109-2804
Telephone: (617) 248-5000

Attorneys for WYETH and
GENETICS INSTITUTE LLC