```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

                               )
IN RE: COLUMBIA UNIVERSITY     )    MDL NO. 1592
PATENT LITIGATION              )
                               )
```

ORDER

WOLF, D.J.                                          June 23, 2004

As stated at the June 22, 2004 hearing, with the agreement of the parties, the court is entering the attached Protective Order. However, the court is concerned that the Protective Order raises First Amendment concerns not addressed in the parties' submissions to date.

In their Supplemental Memorandum in Support of its Motion to Seal and Restrict Access to Confidential Information, the Trustees of Columbia University in the City of New York cite <u>Public Citizen Health Research Group v. FDA</u>, 953 F. Supp. 400 (D.D.C. 1996). In <u>Public Citizen</u>, the court entered a protective order limiting disclosure of information by the plaintiff that the FDA claimed it had improperly released in response to a request under the Freedom of Information Act. The plaintiff "argue[d] that First Amendment concerns counsel against such an order being issued by this court." <u>Id.</u> at 4. The court rejected these arguments, stating in part that "a protective order prohibiting [plaintiff] from disseminating or using the information . . . will not infringe on any First Amendment concern, as this order is only temporary in nature and as such, is 'not the kind of classic prior restraint that requires

exacting First Amendment scrutiny.'  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 26, 104 S.Ct. 2199, 2204, 81 L.Ed.2d 17 (1984)."  Id. at 404-05.

Unlike the information at issue in Public Citizen and this case, the information at issue in Seattle Times was information produced during the discovery process.  Therefore, the Supreme Court's First Amendment analysis in Seattle Times may be limited to protective orders that limit disclosure of information learned pursuant to a court order.  See Seattle Times, 467 U.S. at 22 ("This case presents the issue whether parties to civil litigation have a First Amendment right to disseminate, in advance of trial, information gained through the pretrial discovery process."); id. at 26 ("By its terms, the [protective] order did not apply to information gained by means other than the discovery process."); id. at 32 ("The critical question that this case presents is whether a litigant's freedom comprehends the right to disseminate information that he has obtained pursuant to a court order that both granted him access to that information and placed restraints on the way in which the information might be used."); id. at 32 ("A litigant has no First Amendment right of access to information made available only for purposes of trying his suit."); id. at 33-34 ("[T]he party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes.").

Accordingly, it is hereby ORDERED that:

1. The parties shall, by July 16, 2004, submit supplemental memoranda addressing the First Amendment implications of the attached Protective Order.

2. The parties shall comply with the attached Protective Order.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE
