UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | Case No. 04-md-01592<br><br>This Document Relates to All Actions |

**JOINT REPORT ON THE COURT'S AUTHORITY TO CONDUCT AN EXPEDITED TRIAL ON ALL PARTIES' CLAIMS FOR DOUBLE PATENTING**

1027458v3

Pursuant to paragraph 2 of the Court's June 23, 2004 Scheduling Order, all of the plaintiffs whose actions were transferred to this Court (Johnson & Johnson, Genentech, Inc., Amgen Inc. and Immunex Corporation),[1] and defendant, The Trustees of Columbia University in the City of New York, respectfully report that the Court has authority "to permit all parties in all cases to participate in an expedited trial in the District of Massachusetts on the issue of non-statutory double patenting" where the parties jointly stipulate to jurisdiction before this Court for trial on that limited issue.

As the Court recognized at the June 22, 2004 hearing, the rules governing multi-district litigation generally require a transferee court to remand each transferred case to the district court in which the action was commenced for trial "at or before the conclusion of . . . pretrial proceedings." See 28 U.S.C. § 1407(a). However, this general rule requiring remand does not apply if the parties *stipulate* to the jurisdiction of the transferee court for purposes of trial. Indeed, courts have repeatedly held that a transferee court may preside over a trial on the merits where the parties waive their entitlement to remand and stipulate to a trial in the transferee district. See In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d 1372 (J.P.M.L. Apr. 9, 2003); In re Farmers Ins. Exchange Claims Reps. Overtime Pay Litig., 300 F.Supp. 2d 1020, 1028 n.5 (D. Or. 2003); In re Carbon Dioxide Indus. Antitrust Litig., 229 F.3d 1321, 1325-26 (11th Cir. 2000), cert. denied, 532 U.S. 920 (2001). The Judicial Panel on Multidistrict Litigation also recently confirmed that "a transferee judge [can] try an action that had been transferred to him . . . so long as the parties waived their entitlement to remand under Section 1407." In re Brand Names, 264 F. Supp. 2d at 1377 n.4.[2]

---

[1] The other plaintiffs' actions are before the Court for all purposes, including trial.

[2] The decision in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach et al., 523 U.S. 26 (1998), concerning restrictions on an MDL court's ability to transfer a case to itself under 28 USC § 1404 for trial over the objections of a party to that case, is not to the contrary. Nothing in

1027458v3

Further, parties may stipulate to permit the transferee court to try only certain enumerated issues, while reserving other issues for trial upon remand of the case to the transferor district. See Jack Winter, Inc. v. Koratron Co., 327 F. Supp. 206, 211 (N.D. Ca. 1971) ("[i]f all of the parties [] were to agree to participate in this limited trial and to be bound by the judgment, the resulting adjudications could conceivably greatly simplify the disposition of the remaining issues following the remand of the cases by the panel.").

In short, so long as the parties agree, this Court may preside over an expedited trial regarding plaintiffs' allegations of non-statutory double-patenting (should such a trial prove necessary). The parties are in the process of preparing an appropriate stipulation, and will submit it for the Court's approval as soon as possible.

---

the Supreme Court's opinion in Lexecon prevents a transferee court from presiding over a trial on a particular issue or issues where all parties have so stipulated. Indeed, the opinion itself contemplates that the outcome might have been different if the parties had waived their right to a remand for trial. Id. at 37 n.1.

Dated: July 16, 2004

Respectfully submitted,

| /s/ Steven A. Zalesin | /s/ Adrian M. Pruetz |
|---|---|
| Steven A. Zalesin<br>Jeffrey I. D. Lewis<br>Patterson, Belknap, Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>(212) 336-2000 (telephone)<br>(212) 336-2222 (facsimile)<br><br>*Attorneys for Johnson & Johnson* | Adrian M. Pruetz<br>Charles K. Verhoeven<br>Robert W. Stone<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>*Attorneys for Genentech, Inc.* |
| /s/ Arthur Wineburg | /s/ David I. Gindler |
| Arthur Wineburg<br>Pillsbury Winthrop LLP<br>1133 Connecticut Avenue, NW<br>Washington, DC 20036-4305<br>Telephone: (202) 775-9800<br>Facsimile: (202) 833-8491<br><br>Eileen M. Herlihy<br>Palmer & Dodge LLP<br>111 Huntington Avenue at Prudential Center<br>Boston, MA 02199-7613<br>Telephone: (617) 239-0100<br>Facsimile: (617) 227-4400<br><br>*Attorneys for Immunex Corporation and Amgen Inc.* | David I. Gindler<br>Jason Sheasby<br>Irell & Manella LLP<br>Los Angeles, CA 90076<br>Telephone: (310) 203-7106<br>Facsimile: (310) 203-7199<br><br>*Attorneys for The Trustees of Columbia University in the City of New York* |

/s/  Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067
Telephone:  (310) 552-8500
Facsimile:  (310) 551-8741

*Attorneys for The Trustees of Columbia
University in the City of New York*

5

1027458v3