

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592<br><br>This Document Relates To All Actions. |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LIMITED DISCOVERY RELEVANT TO
THE ISSUE OF NON-STATUTORY DOUBLE PATENTING
[REDACTED]**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION........................................................................................................... 1

II.     THE ONGOING PROSECUTION HISTORY OF THE '159 APPLICATION
IS HIGHLY RELEVANT TO PLAINTIFFS' DOUBLE PATENTING CLAIM...... 1

III.    CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

### CASES

*Avery Dennison Corp. v. UCB Films PLC,*
   No. 95 C 6531, 1996 U.S. Dist. LEXIS 16070 (N.D. Ill. Oct. 24, 1996) ................................. 2

*Central Sprinkler Co. v. Grinnel Corp.,*
   897 F. Supp. 225, 228, 229, 230 (E.D. Penn. 1995) ........................................................ 2, 3, 5

*Cordis Corp. v. SciMed Life Systems, Inc.,* 982 F. Supp. 1358, 1363 (D. Minn. 1997) ............... 2, 3

*Laitram Corp. v. Morehouse Industrial, Inc.,* 143 F.3d 1456 (Fed. Cir. 1998) ............................... 3

*Microsoft Corp. v. Multi-Tech Systems, Inc.,* 357 F.3d 1340, 1350 (Fed. Cir. 2004) ................. 2, 3

*Mushroom Associates v. Monterey Mushrooms Inc.,*
   25 U.S.P.Q.2d 1304 (N.D. Cal. 1992) ............................................................................... 4

*Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.,* 35 F. Supp. 2d 370, 372 (D. Del. 1998) ......... 2, 5

I.  **INTRODUCTION**

In this multidistrict litigation, plaintiffs are seeking, among other relief, a declaration of the invalidity of Columbia's U.S. Patent No. 6,455,275 ("'275 patent"). By Order of June 23, 2004, this Court stayed all aspects of this litigation except for the single issue whether the '275 patent is invalid for double patenting in view of Columbia's U.S. Patent Nos. 4,399,216 ("'216 patent"), 4,634,665, and 5,179,017 (collectively "original Axel patents").

At a chambers conference on June 22, 2004, in response to plaintiffs' request to depose the named inventors, Columbia urged that their testimony would be irrelevant to double patenting, and argued that the double patenting issues could be resolved based upon the intrinsic record. On that basis the Court declined to authorize inventor depositions. June 22, 2004 Hr'g Tr., at 183-86 (Tab 1).[1] Accordingly, plaintiffs now seek only the narrowly circumscribed document discovery enumerated in this motion, i.e., the file history to date of Columbia's U.S. Patent Application No. 08/477,159 ("'159 application") and any future communications between Columbia and the Patent Office in furtherance of the prosecution of the '159 application. If, in light of Columbia's responsive contentions, expert reports, or arguments proffered by Columbia to oppose summary judgment, it appears that further fact discovery is necessary or appropriate, plaintiffs reserve the right to ask that the scope of fact discovery be revisited at that time.

II. **THE ONGOING PROSECUTION HISTORY OF THE '159 APPLICATION IS HIGHLY RELEVANT TO PLAINTIFFS' DOUBLE PATENTING CLAIM.**

This Court should order prompt, ongoing production of the file history of Columbia's '159 application. This file history is critically relevant to the double-patenting issues now before the Court. Courts have not hesitated to order production of pending patent applications when

---

[1] Citations to new record sources are to the Appendix To Memorandum In Support of Plaintiffs' Motion For Limited Discovery Relevant to the Issue of Non-Statutory Double Patenting, filed herewith. Citations to materials appearing in that Appendix are either to the Declaration of Carla M. Levy contained therein, or to materials appearing behind a numbered tab. In the latter case, the material will be cited by title and tab number.

they are relevant to the issues in litigation. *See, e.g., Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 35 F. Supp. 2d 370, 372 (D. Del. 1998); *Avery Dennison Corp. v. UCB Films PLC*, No. 95 C 6531, 1996 U.S. Dist. LEXIS 16070, *2 (N.D. Ill. Oct. 24, 1996); *Cordis Corp. v. SciMed Life Sys., Inc.*, 982 F. Supp. 1358, 1360 (D. Minn. 1997); *Central Sprinkler Co. v. Grinnel Corp.*, 897 F. Supp. 225, 227 (E.D. Penn. 1995).

The contents of the '159 file history are relevant both to claim construction and to the double-patenting analysis itself. As to claim construction, the '159 application claims priority to the parent application of all the Axel patents and shares that application's disclosure.

**REDACTED** Columbia's representations to the Patent Office regarding the scope and meaning of those terms as it prosecutes the '159 application are highly relevant to the claim construction of the existing patents now before the Court. Moreover, the '159 file history is relevant to the pending reexamination and reissue proceedings for the '275 patent, as Columbia has admitted. When asked by the Court about the '159 application, Columbia's attorney stated that "there must be overlapping issues" between the reexamination and the reissue on the one hand, and the '159 application on the other. June 22, 2004 Hr'g Tr., at 77 (Tab 1).

Columbia's representations to the Patent Office are relevant and admissible whether they were made before or after the issuance of the '275 patent. In *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004), the Federal Circuit held that an applicant's statements made in prosecuting a patent were relevant to the interpretation of other patents in the same family, including patents that had issued before the statements were made. In discussing

the effect of the later file history statements on the claims of the earlier issued patent, the court stated:

> Furthermore, even though the [earlier issued patent] had already issued, we think that it is not unsound to apply the same interpretation to that patent. We take the patentee at its word and will not construe the scope of the [earlier issued] patent's claims more broadly than the patentee itself clearly envisioned.

*Microsoft*, 357 F.3d at 1350. Indeed, the court noted that "the relevance of the statement made in this instance is enhanced by the fact that it was made in an official proceeding in which the patentee had every incentive to exercise care in characterizing the scope of its invention." *Id.*; *see also Cordis*, 982 F. Supp. at 1363 (concluding that file history of continuing application is relevant as extrinsic evidence for construction of claims in issued patent); *Central Sprinkler*, 897 F. Supp. at 230 (rejecting patentee's argument that continuing applications can never affect scope of issued patent and ordering production of file history of unpublished application); *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1460 n.2 (Fed. Cir. 1998) ("[W]hen two patents using the same claim term both stem from the same parent patent application, the prosecution histories of both are relevant to an understanding of the term in both patents.").

**REDACTED**

Moreover, the continuing prosecution of the '159 application will contain argument by Columbia directly pertinent to the double patenting questions at issue here.

**REDACTED**

The relevance of the ongoing prosecution history of the '159 application is not diminished merely because plaintiffs have already obtained portions of it from the Patent Office. *See Mushroom Assocs. v. Monterey Mushrooms Inc.*, 25 U.S.P.Q.2d 1304 (N.D. Cal. 1992) (ordering production of complete file history that referenced patent in suit where movant had partial file history, noting that "[a]*ccess to the complete prosecution history is necessary* to determine if any other references to [the patent in suit] occurred") (emphasis added).

**REDACTED**

Ordering Columbia to produce the ongoing prosecution history of the '159 application will not prejudice Columbia. First, the information sought by plaintiffs is narrow in scope,

restricted only to the existing contents of the '159 application's file history and further communications between Columbia and the Patent Office in connection with prosecution of the '159 application. Compelling production of the relatively small number of documents requested will impose no undue burden or expense on Columbia, making Columbia's vehement objection to disclosing its written statements to the Patent Office even more suspect. Where requests are narrowly tailored, "direct relevancy tips the scale in favor of disclosure." *Central Sprinkler*, 897 F. Supp. at 229.

Second, production of the '159 file history to plaintiffs in this litigation will cause Columbia no economic harm. Plaintiffs are already in possession of the claims Columbia is pursuing in the '159 application. Further, plaintiffs are not competitors of Columbia, and the '159 file history is not a trade secret. In *Central Sprinkler*, the patentee argued that its patent applications should remain secret despite their relevance to the patent infringement dispute at hand because it and the defendant were direct competitors. *Central Sprinkler*, 897 F. Supp. at 228. The patentee argued that because of this relationship, its production of the pending applications would allow the defendant to learn technical information and product development strategies it could exploit in its future commercial activities. *Id.* Even in the face of such commercial risk to the patentee, however, the court concluded that the value of the pending applications and their file histories to determining the scope and meaning of the patents in suit was too great to justify denying defendant's motion to compel their production. *Id.* at 230; *see also Tristrata*, 35 F. Supp. 2d at 372 (ordering production of pending applications despite fact that patentee was "a direct competitor with the defendants"). If even direct competitors in a commercial field can be ordered to produce allegedly sensitive documents where they are relevant to litigation, then Columbia certainly should be ordered to do the same.

## III. CONCLUSION

Plaintiffs respectfully request that this Court order Columbia to produce the entire file history of the '159 application to date, as well as any future communications between Columbia and the Patent Office in furtherance of the prosecution of the '159 application.

DATED: July 16, 2004                              Respectfully submitted,

_____                         _____
Donald R. Ware (BBO # 516260)                     Adrian M. Pruetz, admitted *pro hac vice*
Claire Laporte (BBO # 554979)                     Charles K. Verhoeven, admitted *pro hac vice*
Carla Miriam Levy (BBO # 654212)                  Robert W. Stone, admitted *pro hac vice*
FOLEY HOAG LLP                                    QUINN EMANUEL URQUHART OLIVER &
155 Seaport Boulevard                             HEDGES, LLP
Boston, MA 02210-2600                             50 California Street, 22nd Floor
Telephone: (617) 832-1000                         San Francisco, California 94111
Facsimile: (617) 832-7000                         Telephone: (415) 875-6600
Attorneys for BIOGEN IDEC MA INC. and             Facsimile: (415) 875-6700
  GENZYME CORPORATION                             Attorneys for GENENTECH, INC.

_Mark A. Pals_ /CML
---
Mark A. Pals, admitted *pro hac vice*
Marcus E. Sernel, admitted *pro hac vice*
KIRKLAND & ELLIS LLP
AON Building
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, Massachusetts 02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
Attorneys for ABBOTT BIORESEARCH
CENTER, INC.

_Eileen M. Herlihy_ /CML
---
Eileen M. Herlihy (BBO #231410)
PALMER & DODGE LLP
111 Huntington Ave. at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

Arthur Wineburg, admitted *pro hac vice*
PILLSBURY WINTHROP LLP
1133 Connecticut Avenue, N.W.
Washington, D.C. 20036
Direct Phone: 202-775-9880
Telephone: (202) 775-9800
Facsimile: 202-833-8491

Kirke M. Hasson, admitted *pro hac vice*
PILLSBURY WINTHROP LLP
50 Fremont Street
San Francisco, CA 94105-2228
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for IMMUNEX CORPORATION
and AMGEN INC.

_Steven A. Zalesin_ /CML
---
Steven A. Zalesin, admitted *pro hac vice*
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222
Attorneys for JOHNSON & JOHNSON

_Leora Ben-Ami_ /CML
---
Leora Ben-Ami, admitted *pro hac vice*
Patricia A. Carson, admitted *pro hac vice*
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

Robert S. Frank, Jr. (BBO #177240)
Eric J. Marandett (BBO #561730)
Paul D. Popeo (BBO #567727)
CHOATE HALL & STEWART
Exchange Place
Boston, MA 02109-2804
Telephone: (617) 248-5000

Attorneys for WYETH and
GENETICS INSTITUTE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2004, I caused a true copy of the above document to be served upon counsel of record for all parties in this action.

_____