UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592<br><br>This Document Relates To All Actions. |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR LIMITED DISCOVERY RELEVANT TO THE ISSUE OF
NON-STATUTORY DOUBLE PATENTING**

1.	In response to plaintiffs' opening brief, which seeks discovery of the file history of Columbia's U.S. Patent Application No. 08/477,159 ("'159 application") based on its clear relevance to the double patenting issues in this litigation, Columbia has offered nothing more than conjectural attorney argument about supposed harm to Columbia, coupled with misstatements as to the file history's relevance.  These are insufficient grounds to insulate the '159 file history from discovery.

2.	Columbia concedes that it would not suffer the harm of a competitor compelled to reveal trade secrets, the type of harm that courts generally address by permitting the discovery while imposing a narrowly tailored protective order.  Instead, Columbia speculates that permitting discovery of the '159 file history would "unfairly disadvantage" Columbia in its "litigation and settlement strategy."  (Opp'n at 11.)  Columbia does not explain why the revelation of truthful information concerning its written communications with a governmental agency will unfairly jeopardize Columbia's litigation posture or prevent Columbia from pursuing honest settlement discussions.  Instead, Columbia just says it "wants to ensure that the individuals advising the plaintiffs in this litigation, or in any settlement discussions, do not have access to this information at all."  (Opp'n at 12.)  One can only conclude that Columbia hopes to keep outside counsel in the dark because disclosure of the '159 file history would weaken its case on the merits and undermine whatever settlement positions it take in the future.

3.	As a threshold matter, Columbia's argument is nonsensical, since Columbia has long been aware that plaintiffs' outside counsel already have access to portions of the '159 application, due in part to Columbia's earlier decision to provide a copy of the claims then pending to one of the plaintiffs and to have its patent attorney, John White, acknowledge in

writing that Columbia did not intend to treat the information as confidential with respect to licensees.

4.   Moreover, Columbia's attempt to block plaintiffs' outside counsel from advising their clients about the implications of Columbia's statements to the Patent Office in prosecuting the '159 application is utterly improper.  It follows on the heels of Columbia's earlier demand, in settlement negotiations with Baxter and Serono, that each enter into a confidentiality agreement precluding them from disclosing the substance of those settlement discussions to their outside counsel.  Columbia is not entitled to the Court's assistance in maintaining litigation and settlement tactics that depend on withholding material information from one or more of the plaintiffs and interfering with their ability to obtain advice from their chosen outside counsel.

5.   Unable to identify any cognizable harm or prejudice arising from production of the '159 file history, Columbia devotes the bulk of its opposition to disputing the relevance of statements to the Patent Office about claim terms that appear in both the patent-in-suit, Columbia's U.S. Patent No. 6,455,275 ("'275 patent"), and the original Axel patents.  As explained in plaintiffs' opening brief, not only does the '159 application contain claim terms identical to those in the '275 patent and the Axel patents, but, based on those patents, the Patent Office has already forced Columbia to respond to numerous rejections for double patenting. (Opening Br. at 3-4.)  In its responses, Columbia has characterized the scope of several claim terms, and it is foreseeable that the Patent Office will demand further explanations as the '159 prosecution progresses.  (*Id.*)  It is contrary to both Federal Circuit precedent and common sense for Columbia to maintain that the file history of a pending application employing claim language identical to that in the patent-in-suit is irrelevant to this litigation, particularly when Columbia

has made and will continue to make representations, in the context of double patenting rejections in that prosecution, about the meaning and scope of the claim language.

6.      While Columbia has cited numerous cases at footnote 2, page 3 of its Opposition to support its argument that "[m]ore frequently than not, courts refuse to order production of pending patent application files," many of these cases are inapposite to the discovery motion filed by the plaintiffs. In particular, in many of the cases cited by Columbia, the courts refused to compel production of pending patent application files where their only purported relevance was that they related to the same general subject matter as the patent in suit. By contrast, the plaintiffs in the instant case are seeking focused discovery of the file history of a continuation of the patent in suit. In *Central Sprinkler Co. v. Grinnel Corp.*, 897 F. Supp. 225, 229-230 (E.D.PA. 1995), the court addressed this very distinction in ordering discovery of pending continuation and continuation-in-part patent application files:

> The most important factor in support of disclosure is that the requests seek information on patents that are directly relevant to this action. Even the cases Plaintiff cites recognize that direct relevancy "tips the scale in favor of disclosure." *Fischer* [*Imaging Corp. v. Lorad Corp*]*.,* 148 F.R.D. [273,] 274 [(D. Colo. 1993)] (citing *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 207 U.S.P.Q. 1136, 1980 WL 30340 (E.D. Wis. 1980)); *Struthers Scientific & Int'l Corp. v. General Foods Corp.*, 45 F.R.D. 375, 379 (S.D. Tex. 1968). ***Defendants have limited their requests to applications that are based on the two applications that resulted in the patent in suit. They have not requested applications concerning sprinkler systems in general or any other broad category. This distinguishes these discovery requests from the ones in the cases Central cites to this Court.*** *Fischer*, 148 F.R.D. at 275 (request for applications filed on general subject matter of patent in suit; court held, "no specific showing of direct relevance or particularized need has been made"); *Struthers*, 45 F.R.D. 375 (same); *Wolowitz v. United States*, 185 U.S.P.Q. 155, 156, 1975 WL 21125 (Ct. Cl.1975) (same); *Ideal Toy*, 478 F. Supp. at 1194-95 (continuing-type applications sought for patents other than those in suit, disclosure denied); but cf. *Great Lakes Carbon Corp. v. Continental Oil Corp.*, 23 F.R.D. 33, 35 (W.D. La. 1958) (denying disclosure of defendant's application for allegedly infringing product). ***Indeed, many courts apparently routinely order disclosure of applications stemming from the patents in suit.*** *B. Braun Med.*, 155 F.R.D. at 528; *Scovill*, 61 F.R.D. at 602; *Ares-Serono, Inc. v. Organon Int'l, B.V.*, 862

- 3 -

> F.Supp. 603, 607-08 (D. Mass. 1994); *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989); *Mushroom Assoc. v. Monterey Mushrooms, Inc.*, 25 U.S.P.Q.2d 1304, 1306 (N.D. Cal.1992) (unrelated application disclosed because referred to patent in suit); *Paper Converting Machine Co.*, 207 U.S.P.Q. at 1137; see also *Key Tech., Inc. v. Simco/Ramic Corp.*, 137 F.R.D. 322, 324 (D. Or. 1991) (denied request asking for any applications, not just patent in suit).

*Central Sprinkler*, 897 F. Supp. at 229-230 (emphasis added).

7. Thus, in cases in which the parties have requested the file histories of pending patent applications that were continuations or continuations-in-part of the patents in suit, such as the '159 file history sought by the plaintiffs in this case, courts have found those files to be directly relevant and compelled production. *See Avery Dennison Corp. v. UCB SA*, 1996 U.S. Dist. LEXIS 16070, *3-6 (N.D. Ill. 1996) (court ordered the production of any pending patent applications that claimed the benefit of the filing date of any of the family of applications leading to the patents-in-suit.); *Tristrata Tech., Inc. v. Beirsdorf, Inc.*, 35 F. Supp. 2d 370, (D. Del. 1998) (court granted defendant's request for production of continuations and continuations-in-part of the patents in suit because they were relevant to claim construction); *Central Sprinkler*, 897 F. Supp. at 229-230 (E.D.PA. 1995) and cases cited therein.

8. Columbia incorrectly asserts the irrelevance of the '159 file history based on plaintiffs' failure to cite it in their recently served double patenting contentions. First, Columbia has never provided a complete file history, and it can scarcely assert the irrelevance of documents whose content is known to Columbia alone. Second, in providing their contentions to Columbia pursuant to the Court's order, plaintiffs were not required to specify all of the *evidence* they would offer to support their contentions. Columbia's suggestion that the absence of citations to the '159 file history in plaintiffs' double patenting contentions says anything about its relevance or discoverability is groundless. Finally, Columbia has only just served its own double patenting contentions and expert reports have not yet been exchanged. The '159 file history

- 4 -

contains admissions and representations made *by Columbia*, and plaintiffs are entitled to have access to them in order to rebut any inconsistent arguments Columbia makes in its contentions or expert reports. Since Columbia has only just served its contentions, plaintiffs can scarcely be faulted for failing to demonstrate precisely which statements made in the '159 file history contradict the contentions Columbia just recently disclosed and has yet to explain in an expert report.

9. Finally, plaintiffs in fact have cited excerpts from the '159 file history in their pleadings and in briefs previously submitted to this Court. *See, e.g.,* Mem. in Supp. of Joint Mot. by Pls. Biogen Idec and Genzyme Corp. for a Prelim. Inj. at 7, 39; Reply in Supp. of Joint Mot. by Pls. Biogen Idec and Genzyme Corp. for a Prelim. Inj. at 8-9.) Plaintiffs seek discovery of the '159 file history because it is relevant to this litigation – not, as Columbia implies, to achieve any unfair advantage.

Dated: August 10, 2004

Respectfully submitted,

/s/ Carla M. Levy
Donald R. Ware (BBO # 516260)
Claire Laporte (BBO # 554979)
Carla Miriam Levy (BBO # 654212)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
Attorneys for BIOGEN IDEC MA INC. and
 GENZYME CORPORATION

/s/ Adrian M. Pruetz
Adrian M. Pruetz, admitted *pro hac vice*
Charles K. Verhoeven, admitted *pro hac vice*
Robert W. Stone, admitted *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
Attorneys for GENENTECH, INC.

/s/  Mark A. Pals
Mark A. Pals, admitted *pro hac vice*
Marcus E. Sernel, admitted *pro hac vice*
KIRKLAND & ELLIS LLP
AON Building
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, Massachusetts 02108
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554
Attorneys for ABBOTT BIORESEARCH CENTER, INC.

/s/  Eileen M. Herlihy
Eileen M. Herlihy (BBO #231410)
PALMER & DODGE LLP
111 Huntington Ave. at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

Arthur Wineburg, admitted *pro hac vice*
PILLSBURY WINTHROP LLP
1133 Connecticut Avenue, N.W.
Washington, D.C. 20036
Direct Phone: 202-775-9880
Telephone: (202) 775-9800
Facsimile: 202-833-8491

Kirke M. Hasson, admitted *pro hac vice*
PILLSBURY WINTHROP LLP
50 Fremont Street
San Francisco, CA 94105-2228
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for IMMUNEX CORPORATION and AMGEN INC.

/s/  Melissa Mandrgoc
Steven A. Zalesin, admitted *pro hac vice*
Melissa Mandrgoc, admitted *pro hac vice*
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
Attorneys for JOHNSON & JOHNSON