UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation,<br><br>Defendant. | Civil Action No. 04-10740-MLW<br><br>C.D. Cal. No. CV 03-4349 MRP (CWx) |
| AND RELATED COUNTERCLAIM | |

**AMGEN INC.'S AND IMMUNEX CORPORATION'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM <u>FORESEEABLY UNAVAILABLE WITNESSES</u>**

At the June 22, 2004 hearing, the Court expressed its inclination to allow the depositions of elderly witnesses to proceed *simultaneously* with the double patenting issues:

> The one thing I'm inclined to permit go on *simultaneously* – some of the parties say *there's some witnesses who are getting well up in years, and maybe their depositions ought to be taken.* . . .

See Ex. A (Transcript of June 22, 2004 hearing at 42:15-18 (emphasis added)). Amgen raised this issue at the hearing because many relevant facts transpired over 20 years ago and two important players in the field – Professor Srinivasan who is 77 years old and Professor Siminovitch who is 83 years old -- may become unavailable before general discovery opens.

At the hearing, the Court *distinguished* between discovery regarding elderly witnesses and discovery for double patenting which would need to be "narrowly focused." *See* Transcript of June 22, 2004 hearing at 42:15-18. Columbia, in its Opposition, argues that Amgen's requested discovery does not satisfy the Court's "narrowly focused" standard for discovery

related to double-patenting. But that is not the basis for Amgen's motion – the basis is the foreseeable unavailability of the Professors.[1]

Columbia, in its Opposition, argues that the Professors' testimony is irrelevant to invalidity. Columbia ignores that any opinions formed by the Professors *in the 1980 time frame* on topics relevant to their work on cell transformation are properly discoverable and relevant. *See* Fed. R. Civ. P. 45(c)(3)(B)(ii), Fed. R. Evid. 701; *see also Kaufman v. Edelstein*, 539 F.2d 811, 817 (2d Cir. 1976) (noting that disclosure of an expert's previously-formed opinions can be required under Rule 45). For example, because the Professors worked in the relevant field in 1980, their opinions based upon their perceptions at the time they performed their work with CHO cells and *dhfr* are relevant and discoverable. The Professors' documents and testimony are relevant, for example, to the invalidity of the patents under 35 U.S.C. §§ 102(f) & (g). *See, e.g., Apotex USA Inc., v. Merck & Co.*, 254 F.3d 1031, 1039-1040 (Fed. Cir. 2001) (relying on testimony evidence for a 102(g) challenge). The relevance of such documents and testimony is highlighted by the fact that Professor Siminovich headed the laboratory where Professor William Lewis (now deceased) worked on cell transformation concerning Chinese Hamster Ovary ("CHO") cells and the dihydrofolate reductase ("*dhfr*") gene – work performed prior to the earliest filing date of the Axel patents and related to the subject matter of the Axel Patent claims. *See* Exs. B & C. The Professors' research efforts and communications can constitute prior art

---

[1] Although Amgen hopes that when general discovery in this case is commenced that Professors Srinivasan and Siminovitch will be in good health with a good recollection of the events in the later 1970's, the age of a witness, by itself, is a long-recognized basis for granting a motion to take discovery from a witness. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (affirming stay, but citing Rule 27(a) in reversing the district court's denial of a motion to depose an older witness during the stay, because "[i]t would be ignoring the facts of life to say that a 71-year old witness will be available to give his deposition or testimony at an undeterminable future date").

under at least sections 102(f) (the inventors did not invent the subject matter) and 102(g) (invention by another).

Columbia contends that Amgen seeks to depose these witnesses because they have been retained by Columbia as expert consultants. Opposition at 4. Amgen could not have had such ulterior motives since it did not know that Columbia hired either of the Professors as consultants until after Amgen filed its motion. Instead, it is Columbia who has the hidden agenda. Prior to Columbia's disclosure but after Columbia's retention of the Professors, Columbia demanded that Amgen detail the relevance of the Professors' testimony and the anticipated subject matter to be covered in the deposition. Clearly, Columbia already knew both the relevance and the anticipated testimony of these witnesses.

In order to preserve the testimony and documents of Professors Srinivasan and Siminovitch, Amgen respectfully requests that the Court allow discovery concerning these Professors to proceed. In addition, because both Professors are under the control of Columbia, Amgen requests that the Court require Columbia to produce these witnesses and their documents.

August 11, 2004

Respectfully submitted,

IMMUNEX CORPORATION and AMGEN INC.
By their attorneys,

/s/Eileen M. Herlihy
Eileen M. Herlihy (BBO #231410)
Palmer & Dodge LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

CERTIFICATE OF SERVICE
I hereby certify that I caused a true copy of the above document to be served electronically upon the attorney of record for each other party on August 11, 2004.

/s/Erin D.E. Joffre