UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592<br><br>This Document Relates To All Actions. |

**SUPPLEMENTAL MEMORANDUM SEEKING TO VACATE OR CLARIFY
THE COURT'S JUNE 23, 2004 PROTECTIVE ORDER**

I. **INTRODUCTION**

Several questions have arisen recently as to the scope of the Court's June 23, 2004, Protective Order (the "Protective Order," Court Dkt. No. 34) restricting dissemination of the file history of Columbia's U.S. Patent Application No. 08/477,159 (the "'159 file history"). The undersigned plaintiffs file this supplemental brief to raise these issues with the Court, and to address Columbia's failure to address the First Amendment issues raised by the Court's June 23, 2004 briefing order (Court Dkt. No. 33). Should the Court decide that significantly weighty governmental interests justify the continuation of the Protective Order despite the fact that it operates as a prior restraint on speech, plaintiffs request clarification and/or modification of the Order so as to ensure that they may effectively represent their clients in this litigation without risking civil or criminal contempt.

The procedural background is as follows: On June 10, 2004, Columbia moved the Court to seal portions of Biogen's and Genzyme's reply brief in support of their joint motion for a preliminary injunction that discussed the '159 file history. The Court ordered the parties to brief the question whether the Court had authority to restrict access to the portions of the file history that had already been released, and whether the issue was moot. After Columbia supplemented its brief on June 15, plaintiffs filed opposition briefs on June 18. On June 23, the Court issued a Briefing Order attaching the Protective Order and directing the parties to submit further memoranda "addressing the First Amendment implications of the attached Protective Order." The parties filed supplemental briefs pursuant to the Briefing Order on July 16.

II. **COLUMBIA HAS NOT IDENTIFIED ANY GOVERNMENTAL INTERESTS THAT CAN JUSTIFY THE PRIOR RESTRAINT.**

Nowhere in its July 16 supplemental brief does Columbia address the pivotal First Amendment issue in this case: whether the Protective Order is an impermissible prior restraint

on speech. (Court Dkt. 33, Columbia Supp'l Mem.) As plaintiffs explain in their July 16 supplemental brief, the Protective Order is subject to heightened scrutiny under the First Amendment because it operates to restrict the access of plaintiffs' counsel, the general public, and the press to materials obtained outside of the judicial process. (Court Dkt. 33, Pls.' Supp'l Mem. at 3-5.)

Unable to justify a constitutionally disfavored prior restraint on speech, Columbia instead devotes its brief to whether there is a "constitutional right of access" to the '159 file history, focusing on cases such as *In re Boston Herald Inc.*, 321 F.3d 174, 184 (1st Cir. 2003). The issue in *Boston Herald* was whether the named newspaper had a right of access to documents concerning a criminal defendant's eligibility for funds under the Criminal Justice Act. *See id.* at 175-76. The First Circuit held that the press does not automatically have access to all documents tied to criminal proceedings. *Id.* at 184.

The *Boston Herald* case, which addresses only public access to *criminal* proceedings, has nothing to do with the issues before this Court. As the Court recognized in its Briefing Order and plaintiffs discussed in their July 16 supplemental filing, cases restricting parties' rights to review and distribute materials to which they can obtain access only through judicial processes are inapposite. (*See* Pls.' Supp'l Mem. at 9-10.) The issue here is whether the Court may prohibit a party from disseminating documents it obtained outside of the litigation process – as distinguished from discovery materials, settlement agreements, Court orders or other documents that were obtained or created in connection with a court proceeding. For this reason, cases permitting the party in possession of its own confidential documents to file them under seal are also inapposite. In those cases, the party in possession of the documents always remains free to

- 2 -

distribute the documents more widely; here, if the Protective Order continues in force, plaintiffs will not have that right.

Skirting the prior restraint issue by focusing on another subject altogether, Columbia fails to outline any governmental interests in a court order restricting disclosure of the '159 file history, let alone any that are sufficiently weighty to justify a prior restraint. It argues only that there is no public "tradition of accessibility" to patent prosecution histories. (Columbia Supp'l Mem. at 7-8.) The purported justifications Columbia offered in earlier briefs are also insufficient to support a prior restraint. (*See* Pls.' Supp'l Mem. at 6-8.)

Interests which courts *have* deemed sufficiently weighty – national security, for example, and a criminal defendant's right to a fair trial – stand in stark contrast to Columbia's tactical desire to enhance its bargaining position in license negotiations by precluding licensee or prospective licensees from access to the file history of a patent application it seeks to license. (Pls.' Supp'l Mem. at 7.) To restrain the dissemination of a file history that plaintiffs independently obtained from the Patent Office outside of any court proceeding, without any showing of a sufficiently weighty governmental interest, would flout operative First Amendment principles.

## III. ISSUES AS TO THE SCOPE OF THE PROTECTIVE ORDER UNDERSCORE THE PRIOR RESTRAINT CONCERNS.

In addition to the First Amendment issues detailed in plaintiffs' July 16 supplemental brief, plaintiffs' counsel have thus far experienced difficulty in working under the Protective Order as applied to practical issues arising in connection with this litigation. For example:

1. Is the Order intended to permit an attorney who has recently been hired as in-house counsel for one of the plaintiffs to obtain access to the '159 file history, despite not having been identified in the list of counsel submitted to the Court pursuant to the Order on June 24, 2004?

- 3 -

2.  Is it intended that counsel be permitted to share the '159 file history with outside experts, document reproduction services, trial consultants, or other outside vendors whom litigation attorneys routinely engage in connection with their cases?

While Columbia has expressed a willingness to work with plaintiffs with respect to the these issues, the risk of civil or criminal contempt for violation of the Order hinders Plaintiffs' use of the file history and impels them to seek the Court's guidance.  Moreover, although Plaintiffs have attempted to anticipate potential issues, it is likely that unanticipated questions will arise again and require further requests for the Court's guidance.  Practical problems, such as these, which must be resolved day to day to avoid contempt, underscore the First Amendment concerns arising by reason of the prior restraint.

### IV.    CONCLUSION

Columbia cannot overcome its burden to show that governmental interests support the prior restraint in this case by devoting a brief to legal tangents.  Should the Court find that the Protective Order is constitutionally warranted, however, the undersigned plaintiffs respectfully request that the Order be clarified and/or modified to resolve the issues identified above.

Dated:  August 11, 2004                                             Respectfully submitted,

| /s/  Carla M. Levy | /s/  Adrian M. Pruetz |
|---|---|
| Donald R. Ware (BBO # 516260) | Adrian M. Pruetz, admitted *pro hac vice* |
| Claire Laporte  (BBO # 554979) | Charles K. Verhoeven, admitted *pro hac vice* |
| Carla Miriam Levy  (BBO # 654212) | Robert W. Stone, admitted *pro hac vice* |
| FOLEY HOAG LLP | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 155 Seaport Boulevard | 50 California Street, 22nd Floor |
| Boston, MA 02210-2600 | San Francisco, California 94111 |
| Telephone:  (617) 832-1000 | Telephone:  (415) 875-6600 |
| Facsimile:  (617) 832-7000 | Facsimile: (415) 875-6700 |
| Attorneys for BIOGEN IDEC MA INC. and   GENZYME CORPORATION | Attorneys for GENENTECH, INC. |

| | |
|---|---|
| /s/  Mark A. Pals | \s\ Patricia A. Carson |
| Mark A. Pals, admitted *pro hac vice* | Leora Ben-Ami, admitted *pro hac vice* |
| Marcus E. Sernel, admitted *pro hac vice* | Patricia A. Carson, admitted *pro hac vice* |
| KIRKLAND & ELLIS LLP | KAYE SCHOLER LLP |
| AON Building | 425 Park Avenue |
| 200 East Randolph Drive | New York, New York  10022 |
| Chicago, Illinois 60601 | (212) 836-8000 |
| Telephone:  (312) 861-2000 | |
| Facsimile:  (312) 861-2200 | Robert S. Frank, Jr. (BBO #177240) |
| | Eric J. Marandett (BBO #561730) |
| Peter E. Gelhaar (BBO #188310) | Paul D. Popeo (BBO #567727) |
| Michael S. D'Orsi (BBO #566960) | CHOATE HALL & STEWART |
| DONNELLY, CONROY & GELHAAR, LLP | Exchange Place |
| One Beacon Street | Boston, MA 02109-2804 |
| Boston, Massachusetts 02108 | Telephone: (617) 248-5000 |
| Telephone:  (617) 720-2880 | |
| Facsimile:  (617) 720-3554 | Attorneys for WYETH and |
| Attorneys for ABBOTT BIORESEARCH CENTER, INC. | GENETICS INSTITUTE LLC |