UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SEEKING TO VACATE OR CLARIFY THE COURT'S JUNE 23, 2004 PROTECTIVE ORDER**

Dated:  August 13, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

I.       **The Protective Order Does Not Violate The First Amendment**

Plaintiffs' August 11 Memorandum merely reiterates the arguments made in their original July 16 Memorandum: the Protective Order is a prior restraint on speech, prior restraints on speech are constitutionally disfavored, and therefore this Court cannot grant a protective order when attorneys whose professional conduct the Court has the power to regulate improperly obtained Columbia's confidential information from the United States Patent and Trademark Office ("PTO"). Whether analyzed as a right of access issue or a prior restraint issue, the considerations and the end result are essentially identical – there can be no constitutional right to disseminate a pending patent application because Plaintiffs and the public have no right to this material at all.

Every protective order entered by any court is, by definition, a prior restraint on speech. What Plaintiffs fail to recognize is that a prior restraint does not, in and of itself, violate the First Amendment. Indeed if that were the case, no court would ever be able to enter such an order. *Cf. Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 570 (1976) ("This Court has frequently denied that First Amendment rights are absolute and has consistently rejected the proposition that a prior restraint can never be employed."). Given the omnipresence of protective orders in litigation, it is clear that a prior restraint must rise to a certain level of constitutional significance before it runs afoul of the First Amendment. As explained in Columbia's June 15 Supplemental Memorandum in Support of its Motion to Seal and Restrict Access to Confidential Information, because neither the public nor the Plaintiffs have any right of access to the '159 application file history, the Protective Order limiting its dissemination simply does not implicate meaningful First Amendment concerns.

Pursuant to an Act of Congress, the file histories of pending patent applications are confidential and the public has no right of access to them. *See* 35 U.S.C. § 122. Indeed, the PTO recently confirmed that the '159 application file history is confidential and that access to it was improper. (Exhibit A.) In the context of discovery, protective orders generally do not violate the First Amendment because the public would have had no right of access to the materials but for the litigation, and because the court has a countervailing right to regulate the conduct of discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984). Similarly, because the public has no right of access to the '159 application file history and because this Court has the right to regulate the conduct of attorneys appearing before it, a protective order limiting its distribution is constitutional. *Cf. Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 606 (1978) (upholding order restricting access to information in court records because Congress had provided for when and under what circumstances the information should be disclosed to the public).

## II. Plaintiffs' Concerns Regarding Implementation Of The Protective Order Are A Pretext

Plaintiffs have never conferred with Columbia about their view that the Protective Order requires Court modification. To the contrary, when Plaintiffs asked Columbia to address their concerns regarding what members of their litigation teams (*e.g.*, new attorneys, experts) can view the improperly obtained '159 application, Columbia agreed to their requests. (Exhibit B.) Columbia is willing to meet and confer with the Plaintiffs to discuss what, if any, language needs to be included in the protective order to address any additional concerns they may have. The parties can then make a joint report to the Court on the matter. Participants in patent litigation almost invariably operate under protective orders that carry

with them the threat of contempt.  Contrary to Plaintiffs' suggestion, this fact cannot justify denying Columbia's right to keep the '159 application confidential.

August 13, 2004                                 Respectfully submitted,

                                                 THE TRUSTEES OF COLUMBIA
                                                 UNIVERSITY IN THE CITY OF NEW YORK

                                                 By its attorneys,

                                                 _/s/ David I. Gindler_____
                                                 David I. Gindler
                                                 Irell & Manella LLP

                                                 _/s/ Wayne M. Barsky_____
                                                 Wayne M. Barsky
                                                 Gibson, Dunn & Crutcher LLP