# EXHIBIT B

| | |
|---|---|
| **From:** | Gindler, David |
| **Sent:** | Thursday, August 05, 2004 6:06 PM |
| **To:** | 'Claire Laporte Esq. (claporte@foleyhoag.com)' |
| **Cc:** | Sheasby, Jason; 'Wayne M. Barsky Esq. (wbarsky@gibsondunn.com)' |
| **Subject:** | Issues We've Discussed |

Claire, here are my thoughts on the issues that you've raised:

1. We would be willing to exclude from expert discovery production of drafts of expert reports. We would not agree to exclude communications from counsel to experts.

2. We would be willing to allow Biogen to name an additional in-house lawyer who may have access to the '159 application under the terms of the protective order entered by Judge Wolf.

3. We would be willing to allow your experts access to the '159 application, so long as we have in place the typical procedure for disclosing the name, cv, and other relevant information to us before the disclosure is made so that we can decide whether or not to object to the disclosure to a particular expert. There would be a limited period time for Columbia to object, and if an objection is made, there would be an expedited procedure for resolving the objection. We would also want the expert to sign something confirming that he or she will comply with the protective order and submit to jurisdiction in D. Mass. for purposes of enforcing the protective order.

I am going to be out of the country for the next week. Let me suggest that you follow up with Jason Sheasby or Wayne Barsky in my absence.

David I. Gindler, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
dgindler@irell.com
(310) 203-7106  Direct Dial
(310) 556-5206  Direct Fax
(323) 377-7826  Mobile

1