UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 04-MD-1592 (MLW)<br><br>Civil Action No. 04-10470-MLW<br>C.D. Cal. No. CV 02-4349 MRP (CWx) |

**COLUMBIA UNIVERSITY'S SURREPLY IN OPPOSITION TO AMGEN INC.'S AND IMMUNEX CORPORATION'S MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM "FORESEEABLY UNAVAILABLE" WITNESSES**

Dated: August 12, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

Amgen's Reply Brief – though slightly lengthier than its opening brief – once again fails to identify any compelling reason why Amgen needs to take discovery from Drs. Srinivasan and Siminovitch, much less any reason that it needs that discovery immediately. Without even acknowledging this Court's reluctance to interrupt the double-patenting phase of the case with other, unrelated discovery, Amgen's Reply Brief also fails to explain what testimony Amgen hopes to obtain from the two doctors. Unsubstantiated allegations that Columbia already knows "both the relevance of these witnesses and the anticipated testimony" is completely insufficient to justify Amgen's effort to exempt itself from the case management plan ordered by this Court. This is particularly true inasmuch as these witnesses have been retained as consulting experts by Columbia regarding the very issue about which Amgen seeks to depose them.

Amgen sidesteps the question of the impropriety of its attempt to obtain discovery from Columbia's retained experts by suggesting that "opinions formed by the Professors in the 1980 time frame on topics relevant to their work on cell transformation are properly discoverable and relevant." Reply Br., at p.2. This argument ignores the fact that both sides have retained experts who will provide their <u>expert</u> opinions on this very question. *Kaufman v. Edelstein*, 539 F.2d 811 (2d Cir. 1976), which was cited by Amgen, is not to the contrary. *Kaufman* addresses the ability of a party to litigation to compel <u>expert</u> testimony from an <u>unretained expert</u>, 539 F.2d at 817-21, not a party's attempt to circumvent expert discovery entirely by seeking purportedly "factual" discovery from the other side's experts.

The additional facts tossed into the Reply Brief by Amgen do not demonstrate any need for Amgen's requested discovery. Amgen points out that Professor Siminovitch headed a lab where work was done relating to transformed CHO cells and the DHFR gene, and that both

doctors are "important players in the field." In conclusory fashion, Amgen suggests that the discovery sought from the doctors will be relevant to validity, but does not explain why or how. Amgen has the prior art articles authored by Drs. Siminovitch and Srinivasan (along with approximately 93 other articles that it maintains are relevant and important). That should be sufficient until expert discovery is permitted by this Court.

Amgen's suggestion that this Court was inclined to permit depositions of elderly witnesses at the beginning of the June 22, 2004 hearing overlooks the fact that the Court – after listening to Amgen's arguments regarding the depositions of Dr. Srinivasan and Dr. Siminovitch in chambers – specifically responded to a question about whether those depositions would be permitted by directing the plaintiffs to file a motion that identifies "some really good reason to get some narrowly focused additional depositions." (Transcript of June 22, 2004 hearing, at 186:1-14.) As the foregoing makes clear, Amgen has not followed this instruction.

Moreover, the situation here is unlike the situation in *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967), where a court indefinitely stayed litigation pending resolution of a parallel criminal proceeding, but permitted the deposition of a relevant witness – the plaintiff in the case – to proceed. Here, the delay imposed by waiting for the double-patenting issues to be resolved before beginning general discovery is minimal, and the relevance of Drs. Srinivasan and Siminovitch is questionable.

As such, Columbia submits that Amgen's motion should be denied. In the event that this Court disagrees, it would be appropriate to impose reasonable limits on the discovery permitted, as outlined in Columbia's opposition brief.

Dated: August 12, 2004

          Respectfully submitted,

          THE TRUSTEES OF COLUMBIA
          UNIVERSITY IN THE CITY OF NEW YORK

          By its attorneys,

            /s/ Wayne M. Barsky
            Wayne M. Barsky
            Gibson, Dunn & Crutcher LLP

            /s/ Thomas F. Maffei
            Thomas F. Maffei
            Griesinger, Tighe & Maffei, LLP

60112761v1