UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA UNIVERSITY'S EMERGENCY MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION**

Dated: September 2, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

1166887

Defendant The Trustees of Columbia University in the City of New York ("Columbia") hereby moves this Court for an order dismissing the following claims for relief under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that this Court no longer has subject matter jurisdiction over them:

- *Immunex Corp. and Amgen Inc. v. Columbia University*, Case No. 04cv10740 MLW:

    o First Claim For Relief: Declaratory Judgment that Amgen and Immunex Owe No Royalties;

    o Second Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Invalid By Reason of Double Patenting and Statutory Grounds (28 U.S.C. § 2201);

    o Third Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Inequitable Conduct (28 U.S.C. § 2201);

    o Fourth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Prosecution Laches (28 U.S.C. § 2201);

    o Fifth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Patent Misuse (28 U.S.C. § 2201);

    o Sixth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Non-Infringement of the '275 Patent (28 U.S.C. § 2201);

    o Seventh Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Columbia's Failure to Perform Condition (28 U.S.C. § 2201);

    o Eighth Claim For Relief: Declaratory Judgment that the '275 Patent is Not Infringed, Is Invalid, and Is Unenforceable (28 U.S.C. § 2201).

- *Biogen, Inc., Genzyme Corp., and Abbott Bioresearch Center, Inc. v. Columbia University*, Case No. 03cv11329 MLW:

    o Count I: Declaration Under the License Agreements;

- o   Count II:  Declaration of Invalidity of the '275 Patent;

- o   Count III:  Declaration of Unenforceability of the '275 Patent for Prosecution Laches;

- o   Count IV:  Declaration of Unenforceability of the '275 Patent for Inequitable Conduct.

- *Wyeth and Genetics Institute LLC v. Columbia University*, Case No. 03cv11570 MLW:

  - o   First Claim For Relief:  Declaratory Judgment that the '275 Patent is Invalid;

  - o   Second Claim For Relief:  Declaratory Judgment that the '275 Patent is Invalid and Unenforceable By Reason of Prosecution Laches;

  - o   Third Claim For Relief:  Declaratory Judgment that the '275 Patent is Unenforceable due to Inequitable Conduct;

  - o   Fourth Claim For Relief:  Declaratory Judgment that Wyeth Owes no Royalties Under the '275 Patent or any Pending Related Application;

  - o   Fifth Claim For Relief:  Declaratory Judgment that Wyeth has no Contractual Royalty Obligation Because the License Agreement does not Provide for Royalty Payments Based on Pending Patent Applications;

  - o   Sixth Claim For Relief:  Declaratory Judgment that the '275 Patent is Unenforceable by Reason of Patent Misuse;

  - o   Seventh Claim For Relief:  Declaration that the '275 Patent is Unenforceable Against Wyeth Because Columbia is in Breach of the License Agreement;

  - o   Eighth Claim For Relief:  Declaration that Columbia is in Breach of its Agreement with the HHS and Wyeth is Entitled to Relief as a Third-Party Beneficiary to the Columbia/HHS Letter Agreement;

  - o   Ninth Claim For Relief:  Declaration that Wyeth has no Contractual Royalty Obligation Because Columbia is in Breach of its Implied Duty of Good Faith and Fair Dealing;

  - o   Tenth Claim For Relief:  Declaratory Judgment that Wyeth has no Contractual Royalty Obligation Because Wyeth is Entitled to an Implied License to the '275 Patent Based Upon Legal Estoppel.

- *Johnson & Johnson v. Columbia University*, Case No. 04cv10743 MLW:

    - First Claim for Relief:  Declaration Under the License Agreement;

    - Second Claim for Relief:  Declaration of Invalidity of the '275 Patent;

    - Third Claim for Relief:  Declaration of Unenforceability of the '275 Patent for Prosecution Laches;

    - Fourth Claim for Relief:  Declaration of Unenforceability of the '275 Patent Due to Inequitable Conduct;

    - Sixth Claim for Relief:  Declaration of Unenforceability of the '275 Patent Due To Patent Misuse.

- *Genentech, Inc. v. Columbia University*, Case No. 04cv11546 MLW:

    - First Claim For Relief:  Declaratory Judgment That The '275 Patent Is Invalid Because Of Double Patenting;

    - Second Claim For Relief:  Declaratory Judgment That The '275 Patent Is Invalid And Unenforceable Because Of Prosecution Laches;

    - Third Claim For Relief:  Declaratory Judgment That The '275 Patent Is Unenforceable Because Of Inequitable Conduct;

    - Fourth Claim For Relief:  Declaratory Judgment That Genentech Owes No Royalties Under The '275 Patent.

Columbia further moves this Court for an order dismissing the following claims under Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure on the grounds that the plaintiffs fail to state a claim upon which relief may be granted:

- *Biogen, Inc., Genzyme Corp., and Abbott Bioresearch Center, Inc. v. Columbia University*, Case No. 03cv11329 MLW:

    - Count V:  Declaration of Exceptional Case.

- *Wyeth and Genetics Institute LLC v. Columbia University*, Case No. 03cv11570 MLW:

    - Eleventh Claim For Relief:  Declaration of an Exceptional Case.

Finally, Columbia moves this Court for a suggestion of remand pursuant to J.P.M.L. Rule 7.6(c) as to the following causes of action:

- Remand to the Southern District of New York: *Johnson & Johnson v. Columbia University*, Case No. 04cv10743 MLW:

    o Fifth Claim for Relief: Declaration of No Royalties Owed For U.S. Activities After Expiration of U.S. Patents.

- Remand to the Northern District of California: *Genentech, Inc. v. Columbia University*, Case No. 04cv11546 MLW:

    o Fifth Claim For Relief: Breach Of Contract.

- Remand to the Central District of California: *Columbia University v. Immunex Corp. and Amgen Inc.*, Case No. 04cv10740 MLW:

    o Columbia's First Cause of Action: Amgen's Breach of Contract;

    o Columbia's Second Cause of Action: Immunex's Breach of Contract;

    o Columbia's Third Cause of Action: Declaratory Relief Against Amgen;

    o Columbia's Fourth Cause of Action: Declaratory Relief Against Immunex.

The motion is based on the concurrently filed Memorandum, the Declaration of David I. Gindler and exhibits thereto, all documents on file with the Court, any other oral or documentary evidence as may be presented, and such other matters of which the Court may properly take judicial notice.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7-1(d), oral argument is hereby requested.

| | |
|---|---|
| September 2, 2004 | Respectfully submitted,<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY IN THE CITY OF NEW YORK<br><br>By its attorneys,<br><br>_/s/ David I. Gindler_____<br>David I. Gindler<br>Irell & Manella LLP<br><br>_/s/ Wayne M. Barsky_____<br>Wayne M. Barsky<br>Gibson, Dunn & Crutcher LLP |

**Certificate Of Compliance With Local Rule 7.1**

We, David I. Gindler and Wayne M. Barsky, hereby certify that on September 1, 2004 we requested by electronic mail that plaintiffs stipulate to the relief sought by this motion, but were unable to procure their agreement.

                                                    _/s/ David I. Gindler_____
                                                    David I. Gindler
                                                    Irell & Manella LLP

                                                    _/s/ Wayne M. Barsky_____
                                                    Wayne M. Barsky
                                                    Gibson, Dunn & Crutcher LLP

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

# [PROPOSED] ORDER

This matter having come before the Court upon the emergency motion of Defendant The Trustees of Columbia University in the City of New York, it is hereby ORDERED as follows:

1.  The Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED. The following claims are hereby dismissed for lack of subject matter jurisdiction:

- *Immunex Corp. and Amgen Inc. v. Columbia University*, Case No. 04cv10740 MLW:

    o First Claim For Relief: Declaratory Judgment that Amgen and Immunex Owe No Royalties;

    o Second Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Invalid By Reason of Double Patenting and Statutory Grounds (28 U.S.C. § 2201);

    o Third Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Inequitable Conduct (28 U.S.C. § 2201);

    o Fourth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Prosecution Laches (28 U.S.C. § 2201);

    o Fifth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Because the '275 Patent Is Unenforceable By Reason of Patent Misuse (28 U.S.C. § 2201);

- o Sixth Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Non-Infringement of the '275 Patent (28 U.S.C. § 2201);

- o Seventh Claim For Relief: Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Columbia's Failure to Perform Condition (28 U.S.C. § 2201);

- o Eighth Claim For Relief: Declaratory Judgment that the '275 Patent is Not Infringed, Is Invalid, and Is Unenforceable (28 U.S.C. § 2201).

- *Biogen, Inc., Genzyme Corp., and Abbott Bioresearch Center, Inc. v. Columbia University*, Case No. 03cv11329 MLW:

  - o Count I: Declaration Under the License Agreements;

  - o Count II: Declaration of Invalidity of the '275 Patent;

  - o Count III: Declaration of Unenforceability of the '275 Patent for Prosecution Laches;

  - o Count IV: Declaration of Unenforceability of the '275 Patent for Inequitable Conduct.

- *Wyeth and Genetics Institute LLC v. Columbia University*, Case No. 03cv11570 MLW:

  - o First Claim For Relief: Declaratory Judgment that the '275 Patent is Invalid;

  - o Second Claim For Relief: Declaratory Judgment that the '275 Patent is Invalid and Unenforceable By Reason of Prosecution Laches;

  - o Third Claim For Relief: Declaratory Judgment that the '275 Patent is Unenforceable due to Inequitable Conduct;

  - o Fourth Claim For Relief: Declaratory Judgment that Wyeth Owes no Royalties Under the '275 Patent or any Pending Related Application;

  - o Fifth Claim For Relief: Declaratory Judgment that Wyeth has no Contractual Royalty Obligation Because the License Agreement does not Provide for Royalty Payments Based on Pending Patent Applications;

  - o Sixth Claim For Relief: Declaratory Judgment that the '275 Patent is Unenforceable by Reason of Patent Misuse;

- o Seventh Claim For Relief: Declaration that the '275 Patent is Unenforceable Against Wyeth Because Columbia is in Breach of the License Agreement;

- o Eighth Claim For Relief: Declaration that Columbia is in Breach of its Agreement with the HHS and Wyeth is Entitled to Relief as a Third-Party Beneficiary to the Columbia/HHS Letter Agreement;

- o Ninth Claim For Relief: Declaration that Wyeth has no Contractual Royalty Obligation Because Columbia is in Breach of its Implied Duty of Good Faith and Fair Dealing;

- o Tenth Claim For Relief: Declaratory Judgment that Wyeth has no Contractual Royalty Obligation Because Wyeth is Entitled to an Implied License to the '275 Patent Based Upon Legal Estoppel.

- *Johnson & Johnson v. Columbia University*, Case No. 04cv10743 MLW:

  - o First Claim for Relief: Declaration Under the License Agreement;

  - o Second Claim for Relief: Declaration of Invalidity of the '275 Patent;

  - o Third Claim for Relief: Declaration of Unenforceability of the '275 Patent for Prosecution Laches;

  - o Fourth Claim for Relief: Declaration of Unenforceability of the '275 Patent Due to Inequitable Conduct;

  - o Sixth Claim for Relief: Declaration of Unenforceability of the '275 Patent Due To Patent Misuse.

- *Genentech, Inc. v. Columbia University*, Case No. 04cv11546 MLW:

  - o First Claim For Relief: Declaratory Judgment That The '275 Patent Is Invalid Because Of Double Patenting;

  - o Second Claim For Relief: Declaratory Judgment That The '275 Patent Is Invalid And Unenforceable Because Of Prosecution Laches;

  - o Third Claim For Relief: Declaratory Judgment That The '275 Patent Is Unenforceable Because Of Inequitable Conduct;

  - o Fourth Claim For Relief: Declaratory Judgment That Genentech Owes No Royalties Under The '275 Patent.

2.   The Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2) is GRANTED.  The following claims are hereby dismissed for failure to state a claim upon which relief may be granted:

- *Biogen, Inc., Genzyme Corp., and Abbott Bioresearch Center, Inc. v. Columbia University*, Case No. 03cv11329 MLW:

    o   Count V:  Declaration of Exceptional Case.

- *Wyeth and Genetics Institute LLC v. Columbia University*, Case No. 03cv11570 MLW:

    o   Eleventh Claim For Relief:  Declaration of an Exceptional Case.

3.   The Motion for Suggestion of Remand pursuant to J.P.M.L. Rule 7.6(c) is GRANTED.  The Court will recommend to the Judicial Panel on Multidistrict Litigation that the following claims be remanded to their original transferor courts:

- Remand to the Southern District of New York: *Johnson & Johnson v. Columbia University*, Case No. 04cv10743 MLW:

    o   Fifth Claim for Relief:  Declaration of No Royalties Owed For U.S. Activities After Expiration of U.S. Patents.

- Remand to the Northern District of California: *Genentech, Inc. v. Columbia University*, Case No. 04cv11546 MLW:

    o   Fifth Claim For Relief:  Breach Of Contract.

- Remand to the Central District of California: *Columbia University v. Immunex Corp. and Amgen Inc.*, Case No. 04cv10740 MLW:

    o   Columbia's First Cause of Action:  Amgen's Breach of Contract;

    o   Columbia's Second Cause of Action:  Immunex's Breach of Contract;

    o   Columbia's Third Cause of Action:  Declaratory Relief Against Amgen;

- 5 -

- o Columbia's Fourth Cause of Action: Declaratory Relief Against Immunex.

_____
Honorable Mark L. Wolf
United States District Judge

Boston, Massachusetts

Dated: