UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA UNIVERSITY'S MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Dated:  September 2, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF FACTS | 2 |
|  | A. Background | 2 |
|  | B. The Nature Of The Pending Claims | 2 |
|  | C. Columbia's Covenants | 3 |
| III. | THE APPLICABLE LEGAL PRINCIPLES | 4 |
|  | A. Subject Matter Jurisdiction Requires An Actual Controversy | 4 |
|  | B. An Actual Controversy Requires A "Reasonable Apprehension" Of Suit | 4 |
|  | C. A Covenant Not To Sue Removes Any "Reasonable Apprehension" Of Suit | 5 |
|  | D. Potential Future Disputes Are Irrelevant To Subject Matter Jurisdiction | 5 |
| IV. | COLUMBIA'S COVENANT NOT TO SUE VITIATES SUBJECT MATTER JURISDICTION OVER ALL BUT TWO OF PLAINTIFFS' CLAIMS | 7 |
| V. | THE REMAINING CLAIMS SHOULD BE REMANDED TO THE DISTRICT COURTS WHERE THEY WERE ORIGINALLY FILED | 8 |
| VI. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
    172 F.3d 852 (Fed. Cir. 1999) ...................................................................................5, 6, 7

*BP Chems. Ltd. v. Union Carbide Corp.*,
    4 F.3d 975 (Fed. Cir. 1993) ..................................................................................................4

*Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human
    Resources*,
    532 U.S. 598 (2001) ..............................................................................................................8

*Gen-Probe Inc. v. Vysis, Inc.*,
    359 F.3d 1376 (Fed. Cir. 2004) ...........................................................................................4

*Grupo Dataflux v. Atlas Global Group, L.P.*,
    124 S. Ct. 1920 (2004) .........................................................................................................4

*In re Baseball Bat Antitrust Litig.*,
    112 F. Supp. 2d 1175 (J.P.M.L. 2000) ..............................................................................8

*In re Columbia Univ. Patent Litig.*,
    313 F. Supp. 2d 1383 (J.P.M.L. 2004) ..............................................................................9

*Inland Steel Co. v. LTV Steel Co.*,
    364 F.3d 1318 (Fed. Cir. 2004) ...........................................................................................8

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
    355 F.3d 1361 (Fed. Cir. 2004) ...........................................................................................6

*Machinery Corp. of America v. Gullfiber AB*,
    774 F.2d 467 (Fed. Cir. 1985) .............................................................................................8

*Preiser v. Newkirk*,
    422 U.S. 395 (1975) ..............................................................................................................4

*Spectronics Corp. v. H.B. Fuller Co., Inc.*,
    940 F.2d 631 (Fed. Cir. 1991) ........................................................................................6, 7

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
    57 F.3d 1054 (Fed. Cir. 1995) ...................................................................................passim

Page(s)

**Statutes**

28 U.S.C. §§ 2201-2202 ................................................................................................................ 4

35 U.S.C. § 285 ........................................................................................................................ 3, 8

**Rules**

MDL Rule 7.6(c) .......................................................................................................................... 1

I.  **PRELIMINARY STATEMENT**

By this emergency motion, The Trustees of Columbia University in the City of New York ("Columbia") respectfully moves to dismiss all but two of the plaintiffs' claims in this proceeding for lack of subject matter jurisdiction. Yesterday, Columbia filed a Covenant Not To Sue ("Covenant") with this Court in which it expressly promised that it would not assert the '275 patent against any product that any plaintiff in this action currently makes or sells, or has previously made or sold. By doing so, Columbia has now unequivocally given up the right to sue plaintiffs for past, current, or future infringement of the '275 patent as to any current or past product, or to collect royalties from them under the '275 patent with respect to such products. The effect of this Covenant, as a matter of settled Federal Circuit law, is to eliminate any case or controversy over the validity, enforceability, or infringement of the '275 patent.

Accordingly, all of the declaratory relief claims filed by plaintiffs challenging the validity, enforceability, and infringement of the '275 patent, and the plaintiffs' obligation to pay royalties thereunder, are non-justiciable and must be dismissed for lack of subject matter jurisdiction. As discussed below, only two claims asserted by plaintiffs are unaffected by the Covenant (along with Columbia's counterclaims against Amgen and Immunex). Columbia respectfully moves this Court for an order suggesting to the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to MDL Rule 7.6(c), that the JPML remand these two claims and Columbia's counterclaims to the respective district courts in which they were originally filed.

## II. STATEMENT OF FACTS

### A. Background

There are now five cases pending in this multidistrict litigation. The plaintiff drug companies each licensed a portfolio of patent rights from Columbia, including the '275 patent. Each of the plaintiffs contends that the '275 patent is invalid and unenforceable, each seeks declaratory relief to that effect, and each is refusing to pay royalties under its license agreement. In view of the common questions of law and fact pertaining to the validity and enforceability of the '275 patent, the JPML transferred all pending cases to this Court for consolidated pretrial proceedings.

### B. The Nature Of The Pending Claims

As outlined in the Table of Claims (attached hereto as Appendix 1), certain of the claims pending in this action are framed as seeking a declaratory judgment that the '275 patent is invalid, unenforceable, or not infringed.[1] Appendix 1. Another group of claims is framed as seeking a declaratory judgment that no royalties are owed under the '275 patent.[2] *Id.* A third group of claims seeks a declaratory judgment that no royalties are owed on account of any pending patent application.[3] *Id.* Finally, two claims seek a

---

[1] Genentech Claims 1-3; Amgen/Immunex Claim 8; Biogen Claims 1-4; Wyeth/Genetics Institute Claims 1-3, 6-7; Johnson & Johnson Claims 2-4, 6.

[2] Genentech Claim 4; Amgen/Immunex Claims 2-7; Wyeth/Genetics Institute Claims 4, 8-10; Johnson & Johnson Claim 1. The asserted grounds for this claim vary somewhat by plaintiff, but include: a) the alleged invalidity, unenforceability, or non-infringement of the '275 patent; b) Columbia's alleged breach of its license agreement; and c) Columbia's alleged breach of its commitments to the Department of Health & Human Services.

[3] Amgen/Immunex Claim 1; Wyeth/Genetics Institute Claim 5.

declaration of exceptional case status under 35 U.S.C. § 285.[4]  *Id.*  There are two claims that do not fall into any of the foregoing categories: 1) Genentech's fifth claim for breach of contract based on the alleged improper termination of its license agreement; and 2) Johnson & Johnson's fifth claim for a declaration that no royalties are owed for certain U.S. activities conducted after expiration of Columbia's U.S. patents.  In addition, Columbia's counterclaims against Amgen and Immunex for breach of contract and declaratory relief also fall outside the foregoing categories.

  **C.**  **Columbia's Covenants**

On March 9, 2004, Columbia gave a written, unequivocal commitment to each of the plaintiffs that "Columbia for all time disclaims any right under the license agreement to collect a royalty from [the licensee] based on the existence of a pending patent application." Exh. A to Gindler Decl.[5]

On September 1, 2004, Columbia filed with this Court a written, unequivocal commitment to each of the plaintiffs that it would (1) not assert any claim of patent infringement against plaintiffs under the '275 patent as it presently reads, with respect to any product currently made, used, offered for sale, sold, or imported by plaintiffs, or any product which was made, used, offered for sale, sold, or imported by plaintiffs prior to the date of this covenant (collectively, "covered products"); and (2) not assert the '275 patent as it presently reads against any plaintiff as a basis to recover royalties with respect to covered products under such plaintiff's license agreement with Columbia. Exh. B to Gindler Decl.

---

[4] Biogen Claim 5; Wyeth/Genetics Institute Claim 11.

[5] The accompanying Declaration of David I. Gindler contains the exhibits cited in this Memorandum.

### III. THE APPLICABLE LEGAL PRINCIPLES

#### A. Subject Matter Jurisdiction Requires An Actual Controversy

The Declaratory Judgment Act requires the existence of a case or controversy as a prerequisite for subject matter jurisdiction in the federal courts. 28 U.S.C. §§ 2201-2202; *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1379 (Fed. Cir. 2004) ("The Declaratory Judgment Act only supports jurisdiction in the event of an 'actual controversy.'"). An actual controversy must exist through all stages of the litigation, not merely at the time a declaratory judgment action is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment." *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S. Ct. 1920, 1924 (2004).

#### B. An Actual Controversy Requires A "Reasonable Apprehension" Of Suit

The Federal Circuit has developed a two-part test to determine whether an actual "case or controversy" exists to support a declaratory relief action challenging the validity, enforceability, and/or infringement of a patent:

> There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (citing *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)) (quotations omitted). The purpose of this test is to "'determine whether the need for judicial attention is real and immediate,' in which case the federal courts have jurisdiction, or whether it is 'prospective and uncertain of occurrence,' in which case they do not." *Super Sack*, 57 F.3d at 1058 (quoting *BP Chems. Ltd.*, 4 F.3d at 978).

### C. A Covenant Not To Sue Removes Any "Reasonable Apprehension" Of Suit

In *Super Sack*, the Federal Circuit held that a patent owner's covenant not to sue the plaintiff divested the district court of subject matter jurisdiction over the plaintiff's claims for declaratory judgments of patent invalidity and unenforceability. 57 F.3d at 1059-60. There, the patentee provided the following covenant: "Super Sack will unconditionally agree not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." *Id*. at 1056. The Federal Circuit held that, in promising not to sue, Super Sack eliminated "the existence of an actual controversy," thereby rendering the declaratory judgment claim nonjusticiable. *Id*. at 1055, 1060.

Similarly, in *Amana Refrigeration, Inc. v. Quadlux, Inc*., 172 F.3d 852 (Fed. Cir. 1999), the Federal Circuit held that "Quadlux's promise not to assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana, removed any reasonable apprehension that Amana will face an infringement suit[,]" and thus destroyed subject matter jurisdiction over Amana's claim for a declaratory judgment of invalidity. *Id*. at 855.

### D. Potential Future Disputes Are Irrelevant To Subject Matter Jurisdiction

As a matter of law, subject matter jurisdiction cannot be predicated on the fact that a *future* dispute between the parties may arise as to new products, or as to the claims in a reissued patent. The Federal Circuit has squarely addressed these issues.

In *Amana*, the declaratory judgment plaintiff argued "that the Quadlux covenant did not remove Amana's reasonable apprehension of being sued with regard to its new products 'in the pipeline,' but not advertised, manufactured, marketed, or sold before the filing date."

*Id*. at 855. The Federal Circuit rejected this argument, holding that "an actual controversy cannot be based on a fear of litigation over future products." *Id*.; *see also Super Sack*, 57 F.3d at 1060 ("The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity.").

In *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 636 (Fed. Cir. 1991), *partial abrogation on other grounds recognized by Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1370 (Fed. Cir. 2004), the Federal Circuit affirmed dismissal based on the patentee's promise not to sue the declaratory judgment plaintiff for infringement of the then-existing claims of a patent as to which reissue proceedings were pending. The court rejected the declaratory judgment plaintiff's argument that "the potential grant of a reissue patent manifestly places it at risk of further litigation on the subject matter contained in the specification of the [original] patent, which Spectronics believes will reappear in the claims of the reissue patent and form the basis for threatened or actual litigation against it." *Spectronics*, 940 F.2d at 636.

While acknowledging that a reissued patent might raise questions of infringement and validity at some later date, the Federal Circuit emphasized the uncertain future of the patent in finding that the plaintiff could not have a "reasonable apprehension" of an infringement suit sufficient to support subject matter jurisdiction:

> There is, however, no guarantee that the reissue patent will eventually issue. Furthermore, even if Spectronics had an objectively reasonable apprehension about a future suit based upon the reissue,…Spectronics can not demonstrate that its present activity is potentially infringing of any patent claims, since it is immune to suit under the claims of the [original] patent, and no reissue patent claims yet exist by which infringement *vel non* can be measured.

*Id.* (citations omitted); *see also Amana*, 172 F.3d at 855 (affirming the lower court's dismissal of declaratory judgment claims for lack of subject matter jurisdiction, the Federal Circuit noted that "[h]ere, as in *Spectronics*, the future existence of a reissue patent is wholly speculative and, therefore, cannot create a present controversy.").

### IV. COLUMBIA'S COVENANT NOT TO SUE VITIATES SUBJECT MATTER JURISDICTION OVER ALL BUT TWO OF PLAINTIFFS' CLAIMS

Columbia has expressly and unequivocally promised each plaintiff in this action that it will not ever assert the '275 patent, as it now reads, against any past or current product. Exh. B to Gindler Decl. As a result of this commitment, plaintiffs cannot, as a matter of law, have any "reasonable apprehension" of suit by Columbia under the '275 patent that would support the ongoing jurisdiction of this Court over claims seeking to establish the invalidity, unenforceability, or non-infringement of the '275 patent. Here, as in *Super Sack*, each plaintiff can have "no cause for concern that it can be held liable for any infringing acts involving products that it made, sold, or used on or before" the date on which the Covenant was extended to them. 57 F.3d at 1059. And here, as in *Super Sack*, Columbia's Covenant "removes from the field any controversy sufficiently actual to confer jurisdiction over this case." *Id*. Accordingly, all claims seeking a declaratory judgment of invalidity, unenforceability, or non-infringement must be dismissed. *See* Category I of Appendix 1.

In addition to the group of claims seeking declaratory judgment of invalidity, unenforceability, and/or non-infringement, there is a second group of claims that seek declaratory judgment that no royalties are owed under the '275 patent. *See* Category II of Appendix 1. By promising never to assert the '275 patent as to current or past products, Columbia is unequivocally promising that plaintiffs will never have to pay any royalties on

any current or past products. Thus, plaintiffs' claims seeking to establish the lack of a royalty obligation to Columbia under the '275 patent are also non-justiciable for all of the same reasons as are set forth above.

A third group of claims seeks declaratory relief that no royalties are owed on the basis of pending patent applications. *See* Category III of Appendix 1. Earlier in this case, Columbia voluntarily and unequivocally disclaimed any right to collect royalties on the basis of pending patent applications and thus there can be no actual controversy over this issue as well. Exh. A to Gindler Decl.

Finally, there are two claims purporting to seek a declaratory judgment that this is an "exceptional case" under 35 U.S.C. § 285. *See* Category IV of Appendix 1. As a matter of law, the plaintiffs cannot be adjudicated the "prevailing party" in this action—the prerequisite for the determination of exceptional case status, *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985)—without having achieved any substantial relief on the merits. *Buckhannon Board and Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 603 (2001); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) (noting "the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters…the legal relationship of the parties") (quotations omitted). Thus, these claims must also be dismissed.

## V.   THE REMAINING CLAIMS SHOULD BE REMANDED TO THE DISTRICT COURTS WHERE THEY WERE ORIGINALLY FILED

It is within the authority of this Court to suggest to the JPML remand of claims when only case-specific, collateral claims remain in the action, and when remand to the transferor court would promote the just and efficient resolution of the actions. *In re Baseball Bat*

*Antitrust Litig.*, 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000).  The JPML will consider remand at or before the conclusion of coordinated proceedings when there has been a suggestion of remand by the transferee court, or on motion of any party.  J.P.M.L. R. 7.6(c)(i)-(ii).

In ordering the transfer of this action, the JPML observed that "[a]ll actions can thus be expected to share factual and legal questions with respect to the '275 patent concerning patent validity and related questions such as double patenting, prosecution laches, and inequitable conduct." *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004).  Given the Covenant provided by Columbia to plaintiffs, subject matter jurisdiction over the backbone of this MDL proceeding has now been fully extinguished. There are only two claims asserted by plaintiffs, along with Columbia's counterclaims against Amgen and Immunex, as to which the subject matter jurisdiction of this Court remains unaffected—but none of these claims was originally filed in this district, and none of these claims implicates the validity, enforceability, or infringement of the '275 patent.

Accordingly, Columbia requests that this Court issue an order suggesting to the JPML that the following claims for relief be remanded to the following district courts, each one of which is the district court in which the claim was originally filed:  1) Genentech's fifth claim for breach of contract for the alleged improper termination of the license agreement between the parties should be remanded to the Northern District of California; 2) Johnson & Johnson's fifth claim for a declaration of no royalties owed for certain U.S. activities following expiration of Columbia's U.S. patents should be remanded to the Southern District of New York; and, 3) Columbia's counterclaims against Amgen and

Immunex for breach of contract and declaratory relief should be remanded to the Central District of California.

## VI. CONCLUSION

Columbia's covenant not to assert the '275 patent against plaintiffs with respect to any past or current product has extinguished any justiciable controversy regarding the validity, enforceability, or infringement of the '275 patent, and vitiated the subject matter jurisdiction of this Court as to all but two claims asserted by plaintiffs. Accordingly, Columbia respectfully requests that the Court grant this motion to dismiss and issue an order suggesting remand to the respective transferor courts of plaintiffs' two remaining claims along with Columbia's counterclaims against Amgen and Immunex.

September 2, 2004

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

 /s/ David I. Gindler
David I. Gindler
Irell & Manella LLP

 /s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP

**Appendix 1: Table of Asserted Claims**

**Category I:**  declaratory judgment of invalidity, unenforceability, and/or non-infringement.

**Category II**:  declaratory judgment that no royalties are owed under the '275 patent.

**Category III:**  declaratory judgment that no royalties are owed on the basis of pending patent applications.

**Category IV:**  declaratory judgment of "exceptional case" status under 35 U.S.C. § 285.

**Category V**:  claims that should be remanded.

|  | **Category I** | **Category II** | **Category III** | **Category IV** | **Category V** |
|---|---|---|---|---|---|
| Genentech | 1st, 2nd, 3rd | 4th |  |  | 5th |
| Amgen and Immunex | 8th | 2nd, 3rd, 4th, 5th, 6th, 7th | 1st |  |  |
| Biogen, Genzyme, and Abbott Bioresearch Center | 1st, 2nd, 3rd, 4th |  |  | 5th |  |
| Wyeth and Genetics Institute | 1st, 2nd, 3rd, 6th, 7th | 4th, 8th, 9th, 10th | 5th | 11th |  |
| J & J | 2nd, 3rd, 4th, 6th | 1st |  |  | 5th |
| Columbia v. Amgen |  |  |  |  | 1st, 2nd, 3rd, 4th |