# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA'S COVENANT NOT TO SUE PLAINTIFFS FOR INFRINGEMENT OF THE '275 PATENT AS IT PRESENTLY READS FOR PRODUCTS MADE, USED OR SOLD ON OR BEFORE THE DATE OF THIS COVENANT**

Dated: September 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

1172875

The Trustees of Columbia University in the City of New York ("Columbia") hereby covenants (1) not to assert any claim of patent infringement against Genentech, Inc., Biogen Idec MA Inc., Genzyme Corporation, Abbott Bioresearch Center, Inc., Wyeth, Genetics Institute LLC, Johnson & Johnson, Amgen Inc., and Immunex Corporation (collectively, "plaintiffs") under United States Patent No. 6,455,275 (the "'275 patent") as it presently reads, with respect to any product currently made, used, offered for sale, sold, or imported by plaintiffs, or any product that was made, used, offered for sale, sold, or imported by plaintiffs prior to the date of this covenant (collectively, "covered products"); and (2) not to assert the '275 patent as it presently reads against any plaintiff as a basis to recover royalties with respect to covered products under such plaintiff's license agreement with Columbia. This covenant is limited to the '275 patent as it presently reads and does not apply to any other patent, whether related or unrelated to the '275 patent. Specifically, this covenant does not apply to any reissued or reexamined version of the '275 patent that may issue in the future or to any patent that may issue from United States Patent Application No. 08/477,159.

In granting this covenant to plaintiffs, Columbia in no way concedes that the '275 patent is not infringed, invalid, or unenforceable. To the contrary, Columbia categorically rejects all such claims by plaintiffs.

This covenant eliminates any actual case or controversy between Columbia and any plaintiff concerning the '275 patent at this time. *See, e.g., Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed Cir. 1999) ("Quadlux's promise not to assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana, removed any reasonable apprehension that Amana will face an infringement suit based on its

activities before the filing date"); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) ("Super Sack is forever estopped by its counsel's statement of non-liability, on its face and as explained during oral argument before this court, from asserting liability against Chase in connection with any products that Chase made, sold, or used on or before July 8, 1994. This estoppel, in turn, removes from the field any controversy sufficiently actual to confer jurisdiction over this case."). Accordingly, Columbia respectfully submits that the Court no longer has subject matter jurisdiction over plaintiffs' claims relating to the '275 patent.

September 1, 2004

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

 /s/ David I. Gindler
David I. Gindler
Irell & Manella LLP

 /s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP