**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

September 2, 2004

**VIA MESSENGER**

The Honorable Mark L. Wolf
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:    *In re Columbia University Patent Litigation*, MDL No. 1592 (MLW)

Dear Judge Wolf:

      This law firm represents The Trustees of Columbia University in the City of New York ("Columbia") in connection with the above-referenced multidistrict litigation. I am writing in regard to a matter of immediate importance in these consolidated actions.

      Yesterday, Columbia filed a covenant not to sue plaintiffs for infringement of the '275 patent as it presently reads, or to seek royalties from plaintiffs on the basis of that patent, with respect to products made, used, or sold by plaintiffs on or before the date of the covenant. A copy of the covenant is enclosed with this letter.

      Under well-settled Federal Circuit authority, this covenant eliminates subject matter jurisdiction over plaintiffs' claims related to the '275 patent. *E.g., Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999); *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995). Accordingly, Columbia requested that plaintiffs agree to dismiss their claims voluntarily. Plaintiffs have not agreed to do so.

      As a result, Columbia has today filed an Emergency Motion to Dismiss, in which Columbia requests that the Court dismiss all but two of the claims asserted by plaintiffs, and that the Court suggest to the Judicial Panel on Multidistrict Litigation that it remand the remaining claims to the districts from which they were transferred. A copy of our motion is enclosed with this letter.

      Given the schedule adopted by the Court to resolve the double-patenting issues—a schedule which is no longer necessary in light of the covenant not to sue—we respectfully urge the Court to take up the Motion to Dismiss on an expedited basis so that the parties

1172476.1

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Mark L. Wolf
September 2, 2004
Page 2

may avoid incurring additional expense litigating issues as to which there no longer exists a justiciable case or controversy.

Sincerely,

David I. Gindler

DIG:mas

cc:     Counsel of Record

1172476.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE COLUMBIA UNIVERSITY
PATENT LITIGATION

MDL No. 1592 (MLW)

This Document Relates To All Actions

**COLUMBIA'S COVENANT NOT TO SUE PLAINTIFFS FOR INFRINGEMENT
OF THE '275 PATENT AS IT PRESENTLY READS FOR PRODUCTS MADE,
USED OR SOLD ON OR BEFORE THE DATE OF THIS COVENANT**

Dated: September 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA  02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

1172875

The Trustees of Columbia University in the City of New York ("Columbia") hereby covenants (1) not to assert any claim of patent infringement against Genentech, Inc., Biogen Idec MA Inc., Genzyme Corporation, Abbott Bioresearch Center, Inc., Wyeth, Genetics Institute LLC, Johnson & Johnson, Amgen Inc., and Immunex Corporation (collectively, "plaintiffs") under United States Patent No. 6,455,275 (the "'275 patent") as it presently reads, with respect to any product currently made, used, offered for sale, sold, or imported by plaintiffs, or any product that was made, used, offered for sale, sold, or imported by plaintiffs prior to the date of this covenant (collectively, "covered products"); and (2) not to assert the '275 patent as it presently reads against any plaintiff as a basis to recover royalties with respect to covered products under such plaintiff's license agreement with Columbia. This covenant is limited to the '275 patent as it presently reads and does not apply to any other patent, whether related or unrelated to the '275 patent. Specifically, this covenant does not apply to any reissued or reexamined version of the '275 patent that may issue in the future or to any patent that may issue from United States Patent Application No. 08/477,159.

In granting this covenant to plaintiffs, Columbia in no way concedes that the '275 patent is not infringed, invalid, or unenforceable. To the contrary, Columbia categorically rejects all such claims by plaintiffs.

This covenant eliminates any actual case or controversy between Columbia and any plaintiff concerning the '275 patent at this time. *See, e.g., Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed Cir. 1999) ("Quadlux's promise not to assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana, removed any reasonable apprehension that Amana will face an infringement suit based on its

activities before the filing date"); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) ("Super Sack is forever estopped by its counsel's statement of non-liability, on its face and as explained during oral argument before this court, from asserting liability against Chase in connection with any products that Chase made, sold, or used on or before July 8, 1994. This estoppel, in turn, removes from the field any controversy sufficiently actual to confer jurisdiction over this case."). Accordingly, Columbia respectfully submits that the Court no longer has subject matter jurisdiction over plaintiffs' claims relating to the '275 patent.

September 1, 2004

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

/s/ David I. Gindler
David I. Gindler
Irell & Manella LLP

/s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP

1172875

- 2 -