# FOLEY HOAG LLP
ATTORNEYS AT LAW

Donald R. Ware
Boston Office
617.832.1167
dware@foleyhoag.com

September 2, 2004

The Honorable Mark L. Wolf
Clerk to the Honorable Mark L. Wolf
United States District Court for the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

　　　　Re:　*In re Columbia University Patent Litigation*
　　　　　　Civil Action No. 04-MDL-01592-MLW

Dear Judge Wolf:

　　　　We write in response to the letter submitted earlier today by counsel for Columbia University in connection with its so-called "emergency" motion to dismiss for lack of subject matter jurisdiction. We first learned of Columbia's request yesterday afternoon at approximately 3:00 p.m., when Columbia's counsel sent an e-mail (copy attached), asking each of plaintiffs to agree, by 4:00 p.m. today, to the dismissal of all pending actions.

　　　　Contrary to the Local Rule, Columbia did not meet and confer with any of plaintiffs' counsel about the motion it filed today, and indeed, many of plaintiffs' counsel and/or their clients are on vacation or otherwise unavailable this week. Nevertheless, late this afternoon, shortly before the beginning of the Labor Day weekend, Columbia filed its "emergency" motion and supporting memorandum, and requested by letter that the Court entertain the motion "on an expedited basis."

　　　　Because Columbia has presented no legitimate reason to deprive plaintiffs of the fourteen-day period for opposition briefs provided by Local Rule 7.1(B)(2), and because this is a dispositive motion with significant consequences for plaintiffs, plaintiffs respectfully request that they be allowed until September 16, 2004, to oppose Columbia's motion, in accordance with the Local Rule.

　　　　In this afternoon's letter to the Court, Columbia requests expedited determination of this sudden and unexpected development because of a purported interest in "avoid[ing] incurring additional expense litigating issues as to which there no longer exists a justiciable case or controversy." The timing of Columbia's filing raises numerous concerns. Nowhere in its motion papers or its letter to the Court does Columbia explain why it waited to make this filing until two years after asserting the '275 patent against the entire biotechnology industry, until nearly six months after

The Honorable Mark L. Wolf
September 2, 2004
Page 2

notifying plaintiffs that it was terminating their licenses for nonpayment of royalties allegedly due under the patent, and until nearly three months after filing its application for reissue of the patent, all of which forced the industry to incur substantial burdens and expenses.

Now, faced with an imminent determination of the double patenting issues plaintiffs raised long ago, Columbia seeks to deprive the Court of jurisdiction while it tries to persuade the Patent Office to reissue the patent, the claims of which would be expressly carved out of the covenant not to sue on which Columbia bases this motion. Columbia's eleventh hour effort to derail the schedule carefully worked out by the parties and the Court last June to resolve the double patenting issues underscores once again Columbia's inability even to defend the patent-in-suit on the merits.

Columbia's attempt to stave off the double patenting hearing on jurisdictional grounds is also disingenuous. Columbia's motion papers admit that the federal courts will continue to have jurisdiction over contract claims for wrongful termination of plaintiffs' licenses, specifically citing Genentech's wrongful termination claim filed in May 2004. As the Court is aware, Biogen Idec and Genzyme likewise have strenuously asserted wrongful termination of their licenses, and we believe the other plaintiffs will be entitled to relief on this ground as well. Because the wrongful termination claims are predicated, in part, on the invalidity of the '275 patent on double patenting grounds, that issue will require resolution by the Court in any case, and thus there is no excuse for Columbia's effort to disrupt the schedule.

Plaintiffs therefore respectfully request fourteen days to oppose Columbia's motion to dismiss.

                          Sincerely,

                          \s\ Donald R. Ware
                          Donald R. Ware

cc:      Counsel of Record

**From:** Gindler, David [DGindler@irell.com]
**Sent:** Wednesday, September 01, 2004 2:58 PM
**To:** sazalesin@pbwt.com; Laporte, Claire; Vicki Norton Esq.; Adrian Pruetz Esq.; Ware, Donald; Eileen Herlihy Esq.; Leora Ben-Ami Esq.; Mark A. Pals Esq.; Melissa Mandrgoc Esq.; Patricia Carson Esq.; Robert Stone Esq.
**Cc:** Barsky, Wayne M.; Tom Maffei; Scott McConchie
**Subject:** Covenant Not to Sue from Columbia University

I am writing to inform you that Columbia is filing today the attached Covenant Not to Sue with respect to the '275 patent. As you will see, the Covenant Not to Sue eliminates any actual case or controversy between plaintiffs and Columbia with respect to the '275 patent. I would appreciate your informing me by 1:00 p.m. PDT on Thursday, September 2, whether plaintiffs will agree to dismiss their actions against Columbia and dispense with any further proceedings on their claims.

At Wayne Barsky's request, I am sending this message on Columbia's behalf to counsel for Amgen.


David I. Gindler, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
dgindler@irell.com
(310) 203-7106  Direct Dial
(310) 556-5206  Direct Fax
(323) 377-7826  Mobile

"MMS <irell.com>" made the following
annotations on 09/01/2004 11:58:08 AM
--------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

==============================================================================