# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

September 3, 2004

The Honorable Mark L. Wolf
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    *In re Columbia University Patent Litigation*, MDL No. 1592 (MLW)

Dear Judge Wolf:

    I am writing briefly to respond to the letter dated September 2, 2004, from Donald Ware, counsel for Biogen Idec and Genzyme in the above referenced multidistrict litigation. I do not intend to respond to Mr. Ware's rhetoric. I wish to offer only two points.

    First, by filing the motion this week, Columbia did not intend in any way to preempt the plaintiffs' opportunity to respond. On the contrary, given the fast track schedule the case is on, and the impending deposition of Professor Srinivasan, scheduled for September 14, Columbia thought it prudent to file the motion as soon as possible and in time to give the plaintiffs an opportunity to respond and for the Court to consider the matter before the discovery begins.

    As the Court knows, the parties are not operating under normal circumstances. In addition to Professor Srinivasan's deposition, responsive expert reports are due on September 17. Expert discovery must be completed by October 1. Summary judgment motions are to be filed on October 8. In light of these impending deadlines – and the substantial amount of work that must be completed before then – Columbia believes that its motion should be heard as quickly as possible, particularly since, respectfully, the law on which it relies clearly supports the position that the case should be dismissed in light of Columbia's covenant.

    Second, Mr. Ware is wrong to suggest that the validity or enforceability of the '275 patent can be litigated through the back door as a part of claim for wrongful termination of a plaintiff's license agreements. Columbia's covenant not to sue expressly states that Columbia will not "assert the '275 patent as it presently reads against any plaintiff as a basis

1179593.1

**IRELL & MANELLA LLP**
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

The Honorable Mark L. Wolf
September 3, 2004
Page 2

to recover royalties with respect to covered products under such plaintiff's license agreement with Columbia." This means that Columbia's notices of termination of plaintiffs' license agreements are ineffective insofar as they were based upon the failure to report and pay royalties on products covered by the '275 patent.

Columbia respectfully submits that the Court should consider the important jurisdictional issue raised by Columbia's motion on the earliest possible date.

Sincerely,

/s/ David I. Gindler

David I. Gindler

cc:    Counsel of Record

1179593.1