UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation,<br><br>Defendant. | Civil Action No. 04-10740-MLW<br><br>C.D. Cal. No. CV 03-4349 MRP (CWx) |
| AND RELATED COUNTERCLAIM | |

### AMGEN INC.'S AND IMMUNEX CORPORATION'S MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM FORESEEABLY UNAVAILABLE WITNESS DR. GOODGAL

Amgen Inc. and Immunex Corp. (collectively "Amgen") hereby move to take the deposition of Dr. Sol Goodgal to preserve evidence because of his age and the fact that his testimony promises to be key to several issues, such as double patenting and invalidity under 35 U.S.C. §§102(a), (f) and (g). Amgen has recently identified Dr. Goodgal as another important witness that may become unavailable in the future due to his age, Dr. Sol Goodgal, who is 82 years old. At the June 22, 2004 hearing, this Court recognized the importance of preserving the testimony of foreseeably unavailable witnesses, such as elderly witnesses. *See* Transcript of June 22, 2004 hearing at 42:15-18. Accordingly, when Amgen identified two such witnesses, Drs. Srinivasan and Siminovitch, the Court allowed Amgen to take their depositions over the objections of Columbia. *See* Order of August 17, 2004 at ¶3.

Prior to the filing of the patent-in-suit, Dr. Goodgal was an innovator in the field of DNA

transformation. When Amgen recently obtained highly relevant documents of Dr. Goodgal, it promptly sought Columbia's agreement to preserve his testimony. As with Amgen's request to depose Drs. Srinivasan and Siminovitch, Columbia once again refused. Accordingly, Amgen has to petition the Court for permission to preserve Dr. Goodgal's testimony.

I. **THERE IS A GREAT LIKEIHOOD THAT DR. GOODGAL'S TESTIMONY MAY BE IRREVOCABLY LOST**

The likelihood that Dr. Goodgal's unique and highly relevant testimony may be irrevocably lost while the reissue and reexamination proceedings for U.S. Patent No. 6,455,275 ("'275 patent") linger at the United States Patent and Trademark Office or while only double patenting issues proceed warrants preservation of Dr. Goodgal's testimony <u>now</u>. This Court clearly recognizes the importance of preserving evidence that foreseeably may be lost. *See* Transcript of June 22, 2004 hearing at 42:15-18; Order of August 17, 2004 at ¶3. Moreover, this Court has the clear authority to grant a party the opportunity to preserve testimony from witnesses that might otherwise be lost. *See, e.g.,* Fed. R. Civ. P. 27.[1] Furthermore, <u>the age of a witness alone</u> is a well-recognized basis for allowing discovery from that witness. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (reversing the district court's denial of a motion to depose an older witness because "[i]t would be ignoring the facts of life to say that a 71-year old witness will be available to give his deposition or testimony at an undeterminable future date").

---

[1] The Court's power under Rule 27 is not affected by Columbia's motion to dismiss arguing that there is no longer a case or controversy. *See, e.g., In re Verizon Internet Servs., Inc.*, 257 F.Supp.2d 244, 254 (D.D.C. 2003), *rev'd on other grounds, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003) (noting that "Rule 27(a) provides a compelling precedent for judicial compulsion of information outside the context of a pending case or controversy.").

## II. THE TESTIMONY OF DR. GOODGAL IS RELEVANT TO MULTIPLE ISSUES IN THE COLUMBIA PATENT LITIGATIONS

Dr. Goodgal worked in 1978 and 1979 on DNA transformation experiments in Chinese Hamster Ovary ("CHO") cells – work prior to the filing date of the '275 patent and concerning the subject matter thereof. Exh. 1. Dr. Goodgal published some of his work in a grant application. *Id.* (The abstract of Grant Number 5R01GM024263-03, "Genetic Transfer in Mammalian Somatic Cells," awarded to Goodgal, S., University of Pennsylvania Fiscal Year 1980); Exh. 2 ("Notice of Grant" for "Genetic Transfer in Mammalian Somatic Cells").

Amgen anticipates that Dr. Goodgal's testimony will be relevant to double patenting issues. As just one example, one of the issues in double patenting is whether the use of CHO cells in DNA transformation was obvious in view of the prior Axel patents and prior art. Dr. Goodgal's work with CHO cells prior to the filing of the '275 patent goes to the very heart of this issue.

Moreover, Amgen anticipates that Dr. Goodgal's work will be relevant to the invalidity of the '275 patent under 35 U.S.C. § 102(a), (f) & (g). *See, e.g., Apotex USA Inc., v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001) (relying on testimony evidence for a 102(g) challenge). In fact, Dr. Goodgal's work and publications can constitute prior art under sections 102(a) (prior knowledge or use of the alleged invention), 102(f) (the inventors did not invent the subject matter) or (g) (invention by another).

## III. AMGEN RECENTLY OBTAINED RELEVANT DOCUMENTS OF DR. GOODGAL

Amgen is now seeking the deposition of Dr. Goodgal because relevant documents of Dr. Goodgal were only recently obtained. On September 8, 2004, Amgen received documents describing Dr. Goodgal's work in DNA transformation using CHO cells. Norton Decl. at ¶2. Amgen promptly sought Columbia's permission to depose Dr. Goodgal regarding his prior art

work. In addition, Dr. Goodgal can authenticate these documents, and thus create the foundation for their later introduction into evidence.

## IV. CONCLUSION

In order to preserve the testimony of Dr. Goodgal, Amgen respectfully requests that the Court allow Dr. Goodgal's deposition to proceed.

September 20, 2004                    Respectfully submitted,

                                      IMMUNEX CORPORATION and AMGEN INC.
                                      By their attorneys,


                                       /s/Vicki G. Norton
                                      Vicki G. Norton (CA #175067)
                                      Wilson Sonsini Goodrich & Rosati
                                      3611 Valley Centre Drive, Suite 525
                                      San Diego, CA  92130
                                      Telephone:  (858) 350-2300
                                      Facsimile:  (858) 350-2399

                                      Arthur Wineburg (DC #163220)
                                      Akin Gump Strauss Hauer & Feld LLP
                                      1333 New Hampshire Avenue, N.W.
                                      Washington, D.C.  20036-1564
                                      Telephone:  202-887-4000
                                      Facsimile:  202-887-4288

                                      Kirke M. Hasson (CA #61446)
                                      Pillsbury Winthrop LLP
                                      50 Fremont Street
                                      San Francisco, CA  94105-2228
                                      Telephone:  (415) 983-1000
                                      Facsimile:  (415) 983-1200

Eileen M. Herlihy (BBO #231410)
Palmer & Dodge LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

### Certificate Under L.R. 7.1

In accordance with Local Rule 7.1(a)(2), Amgen's counsel, Vicki Norton, certifies that they have conferred with Columbia's counsel, Wayne Barsky, on September 16th-18th, 2004, about this Motion and attempted in good faith to resolve the matter but were unable to reach agreement.

_____ /s/Vicki G. Norton

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party electronically on September 20, 2004.

/s/Vicki G. Norton