# EXHIBIT

# C

# Patterson, Belknap, Webb & Tyler LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
Fax (212) 336-2222

Christopher C. Angell
Douglas E. Barzelay
Susan F. Bloom
Henry P. Bubel
Laura E. Butzel
William F. Cavanaugh, Jr.
Lisa E. Cleary
Edward F. Cox
John Delli Venneri
Gregory L. Diskant
David W. Dykhouse
Philip R. Forlenza
Hugh J. Freund
Paul G. Gardephe
Eugene M. Gelernter
Alan Gettner
David M. Glaser
Antonia M. Grumbach
Erik Haas
Andrew L. Herz
Dana W. Hiscock
Scott Horton
Scott B. Howard
Karen C. Hunter
Kenneth J. King
Rochelle Korman
Robin Krause
Jeffrey E. LaGueux
Kim J. Landsman

Robert W. Lehrburger
Jeffrey I.D. Lewis
Robert P. LoBue
Ellen M. Martin
Maureen W. McCarthy
Thomas C. Morrison
Bernard F. O'Hare
Gloria C. Phares
Thomas W. Pippert
Herman H. Raspé
Robert M. Safron
Karla G. Sanchez
Kenneth L. Sankin
John Sare
Peter J. Schaeffer
Andrew D. Schau
John E. Schmeltzer, III
John P. Schmitt
Arthur D. Sederbaum
Karl E. Seib, Jr.
Saul B. Shapiro
Michael J. Timmons
Peter W. Tomlinson
Richard R. Upton
Frederick B. Warder III
William W. Weisner
John D. Winter
Stephen P. Younger
Steven A. Zalesin

Of Counsel

Harold R. Tyler
_____

Anthony P. Coles
David F. Dobbins
George S. Frazza
Robert M. Pennoyer
Stephen W. Schwarz
Robert B. Shea
Ira T. Wender, P.C.
_____

Direct Phone
(212) 336-2110

Direct Fax
(212) 336-2111

Email Address
sazalesin@pbwt.com

September 21, 2004

**By Fax**

David I. Gindler, Esq.
Irell & Manella LLP
1800 Avenue of the Stars
9th Floor
Los Angeles, CA  90067-4276

Dear David:

I write to confirm two aspects of our recent discussions concerning Columbia University's Motion to Dismiss and Covenant Not To Sue.

**1.  Minimum Royalty Under 1989 License Agreement**

Last week, I asked you to confirm that, under the Covenant and related representations that Columbia has made, Johnson & Johnson (J&J) presently has no obligation to pay the $500,000 annual "minimum royalty" referred to in paragraph 4(e) of the parties' 1989 license agreement concerning Erythropoietin.  I explained that, given Columbia's representations that (1) J&J owes no royalties on account of the '275 patent, and (2) Columbia does not seek to collect royalties based upon pending applications, J&J should not be required to pay any royalties, including a "minimum royalty," at this time.  You have indicated that Columbia is still formulating its position on this issue, and thus is not able to provide J&J at this time with the confirmation it seeks.

David I. Gindler, Esq.
September 21, 2004
Page 2

## 2. Liability for U.S. Activities Based Upon Foreign Patents

In your letter of September 17, you stated that, under the 1989 license agreement, Columbia does not seek payment of royalties for U.S. activities that occurred after August 16, 2000 based upon the existence of a later expiring foreign patent, "except to the extent that Johnson & Johnson's conduct infringed such later expiring foreign patent under the patent laws of the relevant foreign jurisdiction." In our telephone conversation yesterday, you confirmed that, in the quoted scenario, any royalties due on account of activities that occurred after August 16, 2000 would be calculated based upon sales of Erythropoietin in the foreign jurisdiction in question, and would not encompass sales of Erythropoietin in the United States.

As we further discussed, in point of fact, the only foreign patent that expired after August 16, 2000 was the Canadian patent. J&J paid royalties on all Erythropoietin sold in Canada until the expiration date of that patent. Accordingly, Columbia does not contend that J&J presently owes further royalties to Columbia based upon the existence of foreign patents that expired after August 16, 2000.

Please let me know right away if you disagree with anything set forth above. Best regards.

Sincerely,

Steven A. Zalesin

1106927v1