# EXHIBIT D

Sep-15-2004  04:12pm   From-PILLSBURY-WINTHORP LLP           4169897396           T-317  P.001/006  F-930



# PILLSBURY WINTHROP LLP

50 FREMONT STREET  SAN FRANCISCO, CA  94105-2228  415.983.1000  F: 415.983.1200
MAILING ADDRESS: P. O. BOX 7880  SAN FRANCISCO, CA  94120-7880

**FACSIMILE**                                              Total Pages (including cover):  6

HOUSTON
LONDON
LOS ANGELES
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
SINGAPORE
STAMFORD
SYDNEY
TOKYO
WASHINGTON DC

| | | | |
|---|---|---|---|
| Date: | September 15, 2004 | Must Be Sent By: | |
| To: | Donald R. Ware, Esq. | Fax No: | (617) 832-7000 |
|  | Claire Laporte, Esq. | | |
|  | Carla M. Levy, Esq. | | |
| Company: | Foley Hoag LLP | Phone No: | (617) 832-1000 |
| To: | Adrian M. Pruetz, Esq. | Fax No: | (415) 875-6700 |
|  | Charles K. Verhoeven, Esq. | | |
|  | Robert W. Stone, Esq. | | |
| Company: | Quinn Emanuel Urquhart Oliver & Hedges LLP | Phone No: | (415) 875-6600 |
| To: | Mark A. Pals, Esq. | Fax No: | (312) 861-2200 |
|  | Marcus E. Sernel, Esq. | | |
| Company: | Kirkland & Ellis | Phone No: | (312) 861-2000 |
| To: | Peter E. Gelhaar, Esq. | Fax No: | (617) 720-2880 |
|  | Michael S. D'Orsi, Esq. | | |
| Company: | Donnelly Conroy & Gelhaar | Phone No: | (617) 720-3554 |
| To: | Eileen M. Herlihy, Esq. | Fax No: | (617) 227-4400 |
| Company: | Palmer & Dodge, LLP | Phone No: | (617) 239-0100 |
| To: | Steven A. Zalesin, Esq. | Fax No: | (212) 336-2222 |
|  | Melissa Mandrgoc, Esq. | | |
| Company: | Patterson Belknap Webb & Tyler | Phone No: | (212) 336-2000 |
| To: | Leora Ben-Ami, Esq. | Fax No: | (212) 836-6565 |
|  | Patricia A. Carson, Esq. | | |
| Company: | Kaye Scholer LLP | Phone No: | (212) 836-8000 |

**Confidentiality Note:**
The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

If you have not properly received this fax, please call (415) 983-1000. Thank you.
Operator: _____ Time Sent _____ Batch ID: _____

10824211V1



**PILLSBURY WINTHROP**

SEPTEMBER 15, 2004
PAGE 2

**FACSIMILE**

HOUSTON
LONDON
LOS ANGELES
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
SINGAPORE
STAMFORD
SYDNEY
TOKYO
WASHINGTON DC

Comments (continued):

| | | | |
|---|---|---|---|
| To: | Robert S. Frank, Jr., Esq.<br>Eric J. Marandett, Esq.<br>Paul D. Popeo, Esq. | Fax No: | (617) 248-4000 |
| Company: | Choate, Hall & Stewart | Phone No: | (617) 248-5000 |
| To: | Thomas F. Maffei, Esq.<br>Scott McConchie, Esq. | Fax No: | (617) 542-0900 |
| Company: | Griesinger, Tighe & Maffei | Phone No: | (617) 542-9900 |
| From: | Kirke M. Hasson | Phone No: | (415) 983-1077 |
| User No: | 03500 | C/M No: | 011571 0000001 |

Comments:

Confidentiality Note:
The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

Sep-15-2004 04:12pm   From-PILLSBURY-WINTHORP LLP          4159837396          T-317   P.003/006   F-930



# PILLSBURY WINTHROP LLP

50 FREMONT STREET SAN FRANCISCO, CA 94105-2228  415.983.1000  F: 415.983.1200
MAILING ADDRESS: P. O. BOX 7880 SAN FRANCISCO, CA 94120-7880

September 15, 2004

Kirke M. Hasson
Phone: 415.983.1077
kirke.hasson@pillsburywinthrop.com

VIA FACSIMILE

David I. Gindler, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Wayne M. Barsky, Esq.
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026

Re: *Amgen, Inc. v. Columbia University* litigation, MDL-1592

Dear Counsel:

Thank you for David Gindler's letter today inviting additional clarification of the Covenant. Plaintiffs request further clarification of the Covenant in seven categories:

1. "any product currently made, used, offered for sale, sold, or imported, or any product that was made, used, offered for sale, sold, or imported" (Covenant), and "by way of example, Rituxan is a product currently made and sold by Genentech" (Letter, Sept. 10, 2004). Please confirm:

(a) The Covenant extends not only to vials or lots that were manufactured by September 1, 2004, but also to vials or lots of the same product manufactured at any time in the future, and to the use and sale of such material.

(b) The Covenant extends to all proteins now sold (rituximab, epoetin alfa, etanercept, etc.), not merely the brand name products marketed.

(c) The Covenant extends to all proteins now sold, even if changes are later made in the process by which such a protein is manufactured.

10823937v5



David I. Gindler, Esq.
Wayne M. Barsky, Esq.
September 15, 2004
Page 2

    (d)    The Covenant extends to all proteins now sold, even if a new construct or new transformed cells are later created to express any such protein.

    2.    The Covenant refers to "any product." The '275 patent refers to transformed cells (e.g., '275 patent, claim 1), constructs (e.g., '275 patent, claim 20) and methods (e.g., '275 patent, claim 14). Please confirm:

    (a)    The Covenant extends to all transformed cells made by September 1, 2004, whether or not amplification of DNA I or DNA II has occurred.

    (b)    The Covenant extends to all constructs made by September 1, 2004.

    (c)    The Covenant extends to all proteins expressed before September 1, 2004 using such transformed cell or construct or method.

    (d)    The Covenant extends to the continued production, use or sale after September 1, 2004, of such cells, constructs and proteins.

    3.    "The issue of new products" (RT 9/9/04, 29:24). Please confirm:

    (a)    The Covenant extends to the future manufacture, use, sale, etc. of anything a plaintiff had produced by September 1, 2004, such as a transformed cell, a construct, or a cell line that had been made by September 1, 2004, regardless of whether that thing had yet led to any commercially sold product.

    (b)    As an example, the Covenant extends to the future manufacture, use, sale, etc. of a protein that a plaintiff had made by September 1, 2004, or of a construct, transformed cell, or cell line expressing that protein, where the protein was in pre-clinical or clinical trials on that date.

    4.    "prior to the date of this covenant" (Covenant).

Please confirm that, if a scientist at one of the plaintiffs creates for the first time after September 1, 2004, a construct or a cotransformed cell, such as a first cotransformation with a DNA I encoding for a particular protein, the Covenant extends to:

    (a)    such construct or cotransformed cell.

    (b)    methods using such construct or cotransformed cell.

    (c)    a protein produced using such construct or cotransformed cell.

10823937v5

2



David I. Gindler, Esq.
Wayne M. Barsky, Esq.
September 15, 2004
Page 3

    5.    "This covenant is limited to the '275 patent as it presently reads and does not apply to any other patent, whether related or unrelated to the '275 patent. Specifically, this covenant does not apply to any reissued or reexamined version of the '275 patent that may issue in the future or to any patent that may issue from United States Patent Application No. 08/477,159" (Covenant). "The Covenant applies to any claim of any reissued or reexamined version of the '275 patent that is the same as, or substantially identical to, a claim of the '275 patent as it currently reads" (Letter, Sept. 10, 2004). "The Covenant does not apply to any claim in any patent that may issue in the future based upon the pending '159 application, irrespective of whether plaintiffs contend that such claim is the same as, or substantially identical to, a claim of the '275 patent as it currently reads" (Id.). Please confirm:

    (a)    The September 10, 2004 letter was a modification (not merely a "clarification") of the Covenant, in stating that "The Covenant applies to any claim of any reissued or reexamined version of the '275 patent that is the same as, or substantially identical to, a claim of the '275 patent as it currently reads."

    (b)    The Covenant extends to any claim in any patent that may issue in the future based upon the pending '159 application, if that claim is actually (not merely "contended" to be) identical or substantially identical to a claim of the '275 patent as it currently reads.

    (c)    Other than the '159 application and the '275 reissue, no pending patent applications exist that claim priority to U.S. Application Serial No. 06/124,513.

    6.    "The Covenant does not apply to [plaintiffs'] affiliates or customers" (Letter, Sept. 10, 2004). Please confirm that a plaintiff's rights under the Covenant are transferable by the plaintiff with the product. In other words, please confirm that the Covenant applies to a covered product if, for example, a plaintiff elects to have the product manufactured for it by an affiliate or third party, or sold by an affiliate or third party. Similarly, please confirm that the Covenant applies to a covered product if a plaintiff sells its business in the product to a third party.

    7.    Columbia "covenants . . . not to assert any claim of patent infringement" (Covenant). Please confirm that this extends to activity by a plaintiff that could be considered to be contributory infringement or inducement of infringement of the '275 patent.

Sep-15-2004 04:13pm   From-PILLSBURY-WINTHORP LLP          4159837396          T-317  P.006/006  F-930

David I. Gindler, Esq.
Wayne M. Barsky, Esq.
September 15, 2004
Page 4


PILLSBURY WINTHROP

Plaintiffs would appreciate Columbia's written confirmation on these points as soon as possible tomorrow, and no later than 5:00 pm PST. If you would like to discuss these issues, please let us know when.

Very truly yours,

*Kirke M. Hasson*

Kirke M. Hasson

cc:   All plaintiffs' counsel

4

10823937v5