# EXHIBIT F

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7106
FACSIMILE (310) 556-5206
dgindler@irell.com

September 20, 2004

**VIA E-MAIL**

Claire Laporte, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210-2600

Re:   In re Columbia University Patent Litigation, MDL No. 1592

Dear Claire:

  I write to expand on my September 19 letter, in which I stated Columbia's position that your clients' declaratory relief claims are foreclosed by *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376 (Fed. Cir. 2004). The Federal Circuit's decision in *Gen-Probe* forecloses Biogen and Genzyme from pursuing any declaratory relief claims against Columbia relating to the validity, enforceability, or infringement of the '275 patent.

  The facts and reasoning of *Gen-Probe* are instructive. After entering into a license agreement with respect to the '338 patent, Gen-Probe filed an action against Vysis, the patentee, alleging that it did not infringe the patent and that the patent is invalid and unenforceable. Gen-Probe paid all royalties owed under the licensee agreement and remained a licensee in good standing during the litigation. Vysis filed a motion to dismiss the action for lack of subject matter jurisdiction on the ground that, "as a licensee in good standing, Gen-Probe could not have had a reasonable apprehension of suit when it initiated this action." *Id.* at 1379. The district court denied the motion. *Id.*

  The Federal Circuit reversed. The court began by observing that declaratory relief jurisdiction requires "a reasonable apprehension on the part of the declaratory relief plaintiff that it will face an infringement suit." *Id.* at 1380. The court observed that Gen-Probe could not have any reasonable apprehension of an infringement suit because "the license insulated Gen-Probe from an infringement suit instituted by Vysis." *Id.* at 1381. Accordingly, the court concluded that "[t]his license, unless materially breached, obliterated any reasonable apprehension of a lawsuit based on the prior circumstances cited by the district court for jurisdiction." *Id.*

  The present case is no different. The license agreements of Biogen and Genzyme are in full force and effect. Under *Gen-Probe*, these license agreements "obliterate[] any reasonable apprehension of a lawsuit" for infringement of the '275 patent.

1186494

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Claire Laporte, Esq.
September 20, 2004
Page 2

      Moreover, Columbia's Covenant Not to Sue Plaintiffs For Infringement of the '275 Patent, filed September 1, 2004, further secures Biogen and Genzyme's freedom from apprehension of imminent legal action by Columbia. The *Gen-Probe* court expressly noted that a valid license agreement amounts to "an enforceable covenant not to sue." *Id.* at 1381. Accordingly, in light of this Covenant and Columbia's recent confirmation that Biogen and Genzyme's respective license agreements are in full force and effect, your clients enjoy the protection of two separate barriers between them and reasonable fear of infringement litigation. Thus, as in *Gen-Probe*, there is no basis for continued exercise of subject matter jurisdiction over your clients' declaratory judgment claims.

      Please let me know if you disagree with Columbia's position. If you do disagree, we suggest that you include any arguments on this issue in your clients' opposition to the Motion to Dismiss, as Columbia intends to address the implications of *Gen-Probe* in its reply.

                                          Very truly yours,

                                          David I. Gindler

cc:    Steven A. Zalesin, Esq.
        Mark A. Pals, Esq.

1186494