1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


BIOGEN, INC., ET AL              )  CA 03-11329
                                 )  Boston, MA
v.                               )  June 22, 2004
                                 )
COLUMBIA UNIVERSITY, ET AL       )


BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE


APPEARANCES:

(As previously noted.)










JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

                                                                76

1        MR. GINDLER:  Yes, Immunex asked for a copy of
2   the then current claims, and we said, okay.  They didn't
3   have a right to it, but they asked.  They didn't say, we
4   have a contractual right to this.  They said, we'd like
5   to see it.  Can we have it?  And Mr. White said, sure,
6   you can have the copy of the then pending claims.  They
7   didn't have a right to it.  No one else has a right to
8   it.  They can ask.  We can say yes.  We can say no.  And
9   there are reasons that we might say yes and reasons that
10  we might say no.  We might say yes because it might
11  encourage them to keep their license in place, keep
12  paying fees.  We might say no.  But it's just the
13  parties' agreement.  The parties made these agreements,
14  and they should live by it.  Our agreement says, you pay
15  royalties until the patent -- unless and until the patent
16  is held invalid by a court of competent jurisdiction.
17       THE COURT:  What would happen if I ordered that
18  you -- you know, that I denied the preliminary injunction
19  with regard to the '275 but not the '636 or the potential
20  '159?
21       MR. GINDLER:  They would keep the license to
22  the '636 and the '159.  If the '159 became a patent, they
23  would be licensed and obligated to pay us royalties.
24       THE COURT:  And is that a problem for Columbia?
25       MR. GINDLER:  Well, it doesn't honor the

1  license agreement. But is it a problem? Well, if they
2  were to pay us on the patent if the '159 issues, that
3  would be great. I have this really bad feeling that they
4  don't plan to do that, that when the '159 issues, if it
5  issues, they're going to challenge that patent too. So
6  I'm not feeling so good that we're going to get money
7  from them at the end of the day, but --
8       THE COURT: When do you expect a decision from
9  the Patent Office on the '159?
10      MR. GINDLER: Oh, I can never predict how
11 quickly they're going to act.
12      THE COURT: Well, have you made all the --
13      MR. GINDLER: I think it's fair to say the
14 following, that we're pretty much toward the end of the
15 process.
16      THE COURT: Is it affected by the reexamination
17 and reissuance regarding the '275?
18      MR. GINDLER: Nothing we've been told by the
19 Patent Office says that. It wouldn't surprise me if it
20 were, because there must be overlapping issues, but I
21 just don't know if they're going to look at them together
22 or not.
23      THE COURT: And if I ordered that you couldn't
24 terminate them with regard to the '636 and '159, should I
25 order that they pay something and, if I ordered that they

78

```
1    pay something, would that destroy subject matter
2    jurisdiction because they're not paying in connection
3    with -- they're not licensing the '275; is there a real
4    case in controversy?
5              MR. GINDLER:  I don't think so because the
6    reason that they're here is not because of the '636 or
7    the '159.  They're here because they really don't like
8    that '275 patent.
9              THE COURT:  So you think there would be a real
10   case of controversy?
11             MR. GINDLER:  Well, there is a case of
12   controversy about the '275.
13             THE COURT:  So, if I entered that more limited
14   injunction because I thought, given the two Cordis cases
15   and Gen-Probe, it's legally permissible, and that's the
16   equitable way to strike the balance, you would not argue
17   that that destroyed subject matter jurisdiction?
18             MR. GINDLER:  That's correct.  If you ordered
19   them -- if you enjoined us from terminating on '636 and
20   '159, as long as they complied with their contractual
21   obligations as to '636 and '159, I don't think there
22   would be any destruction of subject matter jurisdiction
23   here on the '275 issues.
24             THE COURT:  And when you say pay for it, that's
25   $30,000 a year, which is applied against royalties.
```