UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL NO. 04-01592 |
| IMMUNEX CORPORATION, a Washington<br>Corporation and AMGEN INC., a Delaware<br>Corporation,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY in the City of New York,<br>a New York Corporation,<br><br>                    Defendant. | Civil Action No. 04-10740-MLW<br><br>C. D. Cal. No. CV 03-4349 MRP (CWx) |
| AND RELATED COUNTERCLAIM | |

**AMGEN INC.'S AND IMMUNEX CORPORATION'S BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT TO PRODUCE DR. SIMINOVITCH FOR HIS DEPOSITION OR IN THE ALTERNATIVE FOR ENTRY OF LETTERS ROGATORY**

This Court has already held that Amgen Inc. and Immunex Corporation (collectively "Amgen") may take Dr. Siminovitch's deposition to preserve his highly relevant factual knowledge.  Nevertheless, The Trustees of Columbia University ("Columbia") has refused to produce its non-testifying expert, Dr. Siminovitch, and his documents.  Therefore, this motion concerns the procedure for taking the deposition of Dr. Siminovitch, who lives in Canada.

Amgen subpoenaed Dr. Siminovitch by serving Columbia and its counsel because Dr. Siminovitch is retained by and under the control of Columbia.  However, Columbia refused to produce Dr. Siminovitch or his documents pursuant to the subpoena.  Therefore, Amgen requests that the Court compel Columbia to produce Dr. Siminovitch and his documents because he is under Columbia's control.

In the alternative, Amgen requests that the Court enter the Letters Rogatory, attached hereto as Exhibit A, to begin the discovery process in Canada. Columbia assents to the entry of Letters Rogatory.

Finally, due to this procedural dispute, Amgen cannot complete Dr. Siminovitch's deposition by the current deadline of September 30, 2004. Accordingly, Amgen requests that the time for completing Dr. Siminovitch's deposition be extended to allow sufficient time to secure his deposition. If the Court does not compel Columbia to produce Dr. Siminovitch, significantly more time (likely several months) will be needed to compel his attendance through Letters Rogatory. Columbia assents to Amgen's requested extension of time.

I. **COLUMBIA SHOULD BE COMPELLED TO PRODUCE DR. SIMINOVITCH BECAUSE HE IS RETAINED BY AND UNDER THE CONTROL OF COLUMBIA**

Dr. Siminovitch has been retained by Columbia as a non-testifying expert witness in this case. Accordingly, Dr. Siminovitch is under Columbia's control. Amgen cannot personally serve Dr. Siminovitch because he lives in Canada. Thus, because of his relationship with Columbia, Amgen served a subpoena for Dr. Siminovitch's documents and deposition on Columbia and its counsel, as the agent of Dr. Siminovitch. However, Columbia has refused to produce Dr. Siminovitch pursuant to the subpoena and should now be compelled to do so because Columbia controls Dr. Siminovitch.

Another court has held the party retaining a non-testifying expert witness responsible for making the witness available for a deposition. *See Sullivan v. Strum, Ruger & Co., Inc.*, 80 F.R.D. 489, 491 (D. Mont. 1978). In *Sullivan*, one party sought to depose the other party's non-testifying expert witness because the witness had factual knowledge and opinions that were developed outside of his role as an expert. *Id.* at 490. The court agreed that the witness could be deposed and held that the "defendant is responsible for making [his expert] available for

2

deposition." *Id.* at 490-91.  Moreover, the court held that the defendant was "responsible for [his expert's] actions in this litigation" and would be responsible and suffer sanctions if the expert refused to be deposed.  *Id.* at 491.  Similarly here, Columbia has refused to produce Dr. Siminovitch and should be held responsible for producing Dr. Siminovitch and his documents.

Further, the Court should compel Columbia to produce Dr. Siminovitch to sanction Columbia's attempt to withhold relevant facts by retaining important prior art witnesses.  Shortly after Columbia learned the relevance of the testimony of Drs. Siminovitch and Srinivasan, it secretly retained them with no intention of using them to testify.[1]  Had Columbia not interfered with Amgen's discovery, Dr. Siminovitch may have cooperated in the discovery Amgen seeks.

## II.     IN THE ALTERNATIVE, AMGEN REQUESTS THAT THE COURT ENTER LETTERS ROGATORY FOR DR. SIMINOVITCH

If the Court does not compel Columbia to produce its retained expert witness, Amgen requests that the Court enter the Letters Rogatory (attached as Exhibit A) regarding

---

[1] Amgen first apprised Columbia that it would rely upon Dr. Siminovitch's work on June 16, 2004 and that it would seek to depose Dr. Srinivasan on July 15, 2004.  *See* Amgen Inc.'s and Immunex Corporation's Memorandum of Law in Opposition to Columbia University's Motion to Stay Litigation Pending Conclusion of Reexamination and Reissue Proceedings in the Patent and Trademark Office, at n.6, pg. 8; Exh. B.  In his deposition on September 14, 2004, Dr. Srinivasan admitted that he was contacted by Columbia only in the last two months.  Exh. C at 122:5-123:7-19.  Therefore, Columbia retained Dr. Srinivasan as a consultant after it learned of Amgen's desire to depose him.  Columbia likely retained Dr. Siminovitch also shortly after Amgen disclosed its reliance upon his work.  Soon after Columbia retained Drs. Siminovitch and Srinivasan, counsel for Columbia admitted that it would not be submitting the expert report of either.  August 16, 2004 Hearing Transcript at 95:14-21.

   Notably, when Amgen was discussing with Columbia the possibility of an agreement to the deposition of Drs. Srinivasan and Siminovitch in mid-July, Columbia never mentioned that Dr. Srinivasan or Dr. Siminovitch was a retained consultant.  In fact, it was not until Columbia opposed Amgen's motion to allow the deposition of Drs. Srinivasan and Siminovitch that Columbia revealed that it had retained Drs. Siminovitch and Srinivasan.  Columbia University's Brief in Opposition to Amgen Inc.'s and Immunex Corporation's Motion for Leave to Obtain Discovery from "Foreseeably Unavailable" Witnesses, at 4.

Dr. Siminovitch so that Amgen can take the discovery this Court already allowed in its August 17, 2004 Order.  August 17, Order at pg. 1.

Canadian domestic law and the law of Ontario require receipt of Letters Rogatory directly from this Court so that Amgen can obtain Dr. Siminovitch's documents and deposition. *See* Vienna Convention on Consular Relations and Optical Protocol on Disputes, Dec. 24, 1969, art. 5, 21 U.S.T. 77, Ontario Evidence Act, R.S.O. 1990, c. E.23, s.60(1), and the Canada Evidence Act, R.S.. 1985, c. C-5, S. 51; s.C. 1999, c. 18, s. 91.  Because this Court has already ordered that Amgen may take discovery regarding Dr. Siminovitch (August 17, 2004 Order at pg. 1), entry of the Letters Rogatory is merely a formality to begin the discovery process under Canadian law.

Columbia assents to the entry of Letters Rogatory regarding Dr. Siminovitch.

### III. AMGEN REQUESTS THAT THE COURT EXTEND THE DEADLINE TO TAKE THE DEPOSITION OF DR. SIMINOVITCH

The Court ordered that the deposition of Dr. Siminovitch be completed by September 30, 2004.  August 17, 2004 Order at pg. 1.  However, given the current dispute, it has become impossible to complete his deposition by this time.  Regardless of whether the Court orders Columbia to produce Dr. Siminovitch or enters Letters Rogatory, the current deadline will have passed.  Moreover, given that the need for preserving Dr. Siminovitch's testimony has not diminished in light of any recent actions in this case,[2] Amgen requests that the Court extend the

---

[2] Columbia's pending motion to dismiss does not affect this issue in any manner.  The Court's power under Federal Rule of Civil Procedure 27, which authorizes the Court to grant a party the opportunity to preserve testimony from witnesses that might otherwise be lost, is not affected by Columbia's motion arguing that there is no longer a case or controversy.  *See, e.g.*, *In re Verizon Internet Servs., Inc.*, 257 F.Supp.2d 244, 254 (D.D.C. 2003), *rev'd on other grounds*, *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc*., 351 F.3d 1229 (D.C. Cir. 2003)

(continued...)

4

deadline to take the deposition of Dr. Siminovitch. The length of the extension of time needed depends upon the relief granted by this Court. If the Court grants Amgen's motion to compel, Amgen can take the deposition within two or three weeks of the order. However, if the Court enters Letters Rogatory instead of compelling Columbia to produce Dr. Siminovitch, several months will be needed to go through Canadian procedures.

Columbia assents to Amgen's requested extension of time.

## IV.     CONCLUSION

Because Dr. Siminovitch is retained by and under the control of Columbia, Columbia should be compelled to produce Dr. Siminovitch and his documents. In the alternative, Amgen requests that the Court enter the attached Letters Rogatory regarding Dr. Siminovitch. Regardless of the relief granted, Amgen requests that the current deadline of September 30, 3004 for completing Dr. Siminovitch's deposition be extended for an amount time that depends upon the relief granted.

Dated: September 24, 2004        Respectfully submitted,

IMMUNEX CORPORATION and AMGEN INC.
By their attorneys,

          /s/ Eileen M. Herlihy

Eileen M. Herlihy (BBO #231410)
PALMER & DODGE LLP
111 Huntington Avenue at Prudential Center
Boston, MA  02199-7613
Telephone:  (617) 239-0100
Facsimile:  (617) 227-4400

---

(continued...)

(noting that "Rule 27(a) provides a compelling precedent for judicial compulsion of information outside the context of a pending case or controversy.").

Vicki G. Norton (CA #175067)
WILSON SONSINI GOODRICH & ROSATI
 3611 Valley Centre Drive, Suite 525
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399

6

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the document to be served by e-mail on September 24, 2004, upon the following parties.

      /s/  Kara Krolikowski

Donald R. Ware (BBO # 516260)
Claire Laporte  (BBO # 554979)
Carla Miriam Levy  (BBO # 654212)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
dware@foleyhoag.com
CLaporte@Foleyhoag.com
clevy@foleyhoag.com
Telephone:  (617) 832-1000
Facsimile:   (617) 832-7000

Attorneys for BIOGEN IDEC MA INC. AND
 GENZYME CORPORATION

Mark A. Pals, admitted *pro hac vice*
Marcus E. Sernel, admitted *pro hac vice*
KIRKLAND & ELLIS LLP
AON Building
200 East Randolph Drive
Chicago, IL  60601
mpals@kirkland.com
msernel@kirkland.com
Telephone:  (312) 861-2000
Facsimile:   (312) 861-2200

Peter E. Gelhaar (BBO #188310)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street
Boston, MA 02108
peg@dcglaw.com
msd@dcglaw.com
Telephone:  (617) 720-2880
Facsimile:   (617) 720-3554

Attorneys for ABBOTT BIORESEARCH
CENTER, INC.

Adrian M. Pruetz, admitted *pro hac vice*
Charles K. Verhoeven, admitted *pro hac vice*
Robert W. Stone, admitted *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
adrianpruetz@quinnemanuel.com
charlesverhoeven@quinnemanuel.com
robertstone@quinnemanuel.com
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for GENENTECH, INC.

Leora Ben-Ami, admitted *pro hac vice*
Patricia A. Carson, admitted *pro hac vice*
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
lbenami@kayescholer.com
pcarson@kayescholer.com
Telephone:  (212) 836-8000
Facsimile:   (212) 836-8689

Robert S. Frank, Jr. (BBO #177240)
CHOATE HALL & STEWART
Exchange Place
Boston, MA 02109-2804
rfrank@choate.com
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

Attorneys for WYETH AND
GENETICS INSTITUTE LLC

| | |
|---|---|
| Steven A. Zalesin, admitted *pro hac vice*<br>Melissa Mandrgoc, admitted *pro hac vice*<br>PATTERSON, BELKNAP, WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>sazalesin@pbwt.com<br>mmandrgoc@pbwt.com<br>Telephone:  (212) 336-2000<br>Facsimile:   (212) 336-2222<br><br>Attorneys for JOHNSON & JOHNSON | Morgan Chu, admitted *pro hac vice*<br>David Gindler, admitted *pro hac vice*<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>mchu@irell.com<br>dgindler@irell.com<br>Telephone:  (310) 277-1010<br>Facsimile:   (310) 203-7199<br><br>Thomas F. Maffei (BBO # 313220)<br>GRIESINGER, TIGHE & MAFFEI, LLP<br>176 Federal Street<br>Boston, MA 02210-2600<br>tmaffei@gtmllp.com<br>Telephone:  (617) 542-9900<br>Facsimile:   (617) 542-0900<br><br>Wayne M. Barsky<br>GIBSON, DUNN & CRUTCHER LLP<br>2029 Century Park East<br>Los Angeles, CA 90067-3026<br>wbarsky@gibsondunn.com<br>Telephone:  (310) 552-8500<br>Facsimile:   (310) 551-8741<br><br>Attorneys for THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK |