# EXHIBIT B

Case 1:04-md-01592-MLW     Document 123-3     Filed 09/24/2004     Page 1 of 4

**WSGR    Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

3611 Valley Centre Drive, Suite 525
San Diego, CA 92130
PHONE 858.350.2300
FAX 858.350.2399
www.wsgr.com

VICKI G. NORTON
Internet: vnorton@wsgr.com
Direct Dial: (858) 350-2305

July 16, 2004

Wayne Barsky, Esq.
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California 90067-3026

    Re:    **Immunex Corp. and Amgen Inc. v. Columbia University**

Dear Mr. Barsky:

    I am writing in response to, and to correct or clarify certain statements in your letter of July 15, 2004 regarding our phone conference earlier that day concerning Amgen's request that Columbia agree to discovery of elderly witnesses including Dr. Siminovitch and Dr. Srinivasan.

    As an initial matter, you first raised the irrelevant issue of whether Wilson Sonsini had appeared in the case, and whether you would even discuss a discovery issue in the case with me. As you are aware, I have represented Amgen since the inception of this case. I also informed you (as you should have known from the pleadings) that since I became a member of Wilson Sonsini, I have been admitted to appear *pro hac vice* in this case, and signed a declaration in this case.

    After overcoming that initial hurdle, you then indicated that one piece of information you required before agreeing to stipulate to the discovery of Drs. Siminovitch and Srinivasan was the answer to whether the plaintiffs in the MDL proceedings would agree to coordinate on the discovery of these witnesses. We also discussed the basis for Amgen's request for discovery of these witnesses, and I informed you that they were co-authors of prior art presentations or articles and collaborators on relevant work. Further, in case it was not clear from our conversation, we never limited our request for discovery to depositions only as your letter suggests; we will also need to take discovery of relevant documents.

    When I told you I would request coordination with the other plaintiffs, I also specifically asked what other information, in addition to coordination of the plaintiffs, Columbia would require to agree to our request.

2497828_1.DOC

**Wilson Sonsini Goodrich & Rosati**
PROFESSIONAL CORPORATION

Wayne Barsky
July 16, 2004
Page 2

Regarding your request for additional information, your letter fails to accurately set forth all of the information that I provided to you concerning the relevance of Dr. Siminovitch and Dr. Srinivasan. I advised you that Dr. Siminovitch was Dr. Lewis' supervisor and that Dr. Srinivasan collaborated with Dr. Lewis on prior art articles, presentations, and/or work. When you asked for citations to references I informed you not only that I felt I had provided sufficient information for you to determine the relevance of discovery of Drs. Siminovitch and Srinivasan to this case, but also that I was in a car and unable to provide specific citations to you at that time. Further, given that Dr. Srinivasan is on the Columbia faculty and is under Columbia's control, Columbia has more information available to it regarding the details of Dr. Srinivasan's work than does Amgen.

After speaking with you, we immediately contacted the other six plaintiffs regarding coordination, as I said we would. Thereafter, Art Wineburg, co-counsel for Amgen, left you a voicemail message yesterday informing you that the other plaintiffs agreed to coordinate for the depositions of Dr. Siminovitch and Dr. Srinivasan. It is my understanding that in response to Mr. Wineburg's voicemail, you left him a voicemail indicating that you were sending a letter to me. Given the plaintiffs' agreement, however, and the information previously provided, we were surprised to see your continued unwillingness to cooperate in the discovery of elderly witnesses whose relevant information must be preserved, as discussed by the Court at the June 22, 2004 hearing.

Although I believe that the information previously provided to you covered and exceeded the information that would have been revealed in a document subpoena, I am, in the spirit of cooperation, providing the following additional information: Dr. Siminovitch's and Dr. Srinivasan's documents and testimony are relevant and need to be preserved because of their ages in light of the publication (attached to this letter) Srinivasan and Lewis, *Transfer of the Dihydrofolate Reductase Gene into Mammalian Cells Using Metaphase Chromosomes or Purified DNA* in *Introduction of Macromolecules into Viable Mammalian Cells*, p. 27-45 (eds: Baserga, R; Croce, C; Rovera, G. Alan R. Liss, Inc., NY, NY., 1980) (reporting a presentation made in May 1979), and the work described therein. Both Dr. Lewis and Dr. Srinivasan carried out the work underlying their relevant prior art in Dr. Siminovitch's lab.

When we spoke yesterday, I also asked who I should contact in your office today if we needed to have a follow up conversation, because of the need to resolve this by today (the Court's deadline), and because you had informed me that you were out of the office today. You told me to contact your office because you would be in communication with your office. Therefore, I left a voicemail for you advising you of this letter and asking you to call me.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Wayne Barsky
July 16, 2004
Page 3

    Because I was traveling from the east coast yesterday, I did not receive your letter until this morning but called you and prepared this letter at the first available opportunity. If we do not hear from you, we have no choice but to file a motion with the court concerning discovery involving these two witnesses as the deadline to file is today. Should Columbia change its mind, please advise us by no later than 4:00 EST so that we do not have to take up the court's time with this dispute.

        Sincerely,

        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation

        Vicki G. Norton

VGN/aeb
Enclosure

C:\NrPortbl\PALIB1\NJM\2497828_1.DOC (4620)