UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | 04-MDL-01592 |

## EMERGENCY MOTION TO EXTEND
## SUMMARY JUDGMENT BRIEFING SCHEDULE

The undersigned plaintiffs, Biogen Idec MA, Inc., Genzyme Corporation and Abbott Bioresearch Center, Inc. ("plaintiffs"), hereby respectfully request a three-week extension of the briefing schedule set for summary judgment motions in this Multidistrict Litigation.  Opening briefs are currently due to be filed by Friday, October 8, 2004.

Plaintiffs would have preferred to preserve the schedule set by the Court on June 23, 2004, and have been working diligently towards that goal.  Unfortunately, the schedule has become impractical due to recent events, which include (1) Columbia's unwillingness to schedule any depositions at all during the first week of the scheduled two-week deposition period, with the result that expert depositions will take place not only Saturday and Sunday, October 2 and 3, but also Monday, October 4, leaving a mere four calendar days between the deposition of Columbia's expert and the summary judgment deadline; and (2) Columbia's filing of a Motion to Dismiss (Court Dkt. No. 86) on September 2, with only one day's prior warning, that has sidetracked the parties with discussions, letter-writing and briefing on an issue that should have been raised by Columbia long ago.

Current and proposed summary judgment schedule. Under the current schedule, opening briefs on double patenting are due Friday, October 8; opposition briefs are due Friday, October 22; and reply briefs are due Monday, November 1. (Court Dkt. No. 32.) This schedule provided a hearing date of November 22, 2004. Movants propose that the entire schedule be extended by three weeks. Under the proposed schedule, opening briefs would be due Friday, October 29, opposition briefs Friday, November 12, and reply briefs Monday, November 22. Movants further propose that the summary judgment hearing currently set for Monday, November 22, also be moved three weeks, to Monday, December 13, which is the date currently set for a trial, if necessary, on double patenting.[1]

Delayed completion of expert depositions. One of the reasons for the requested extension is that Columbia insisted upon deferring all expert depositions until the very end of and beyond the two week period the Court set aside for expert depositions. (Court Dkt. No. 32 (setting October 1, as the deadline for taking depositions of expert witnesses).) As a result, expert depositions will run through the weekend before the summary judgment deadline, and Columbia's expert will not be deposed until Sunday and Monday, October 3 and 4, leaving just four days before the summary judgment deadline.[2] Columbia refused to schedule any depositions at all during the first week of the two-week deposition period, on the ground that its expert needed the entire first week "to analyze and review three rebuttal reports." (Letter from

---

[1] This proposal takes advantage of the December 13 date already set aside by the Court. With regard to the scheduled trial date, plaintiffs currently anticipate that no trial will be needed, and in any case are prepared to defer for now the scheduling of a trial and leave it to the Court's discretion. The Court has also scheduled a technology tutorial for November 5. Plaintiffs are prepared to leave the rescheduling of this tutorial to the Court's discretion.

[2] Four experts engaged by various groups of plaintiffs submitted initial and/or rebuttal expert disclosures relating to double patenting: Dr. Bruce J. Dolnick, Dr. Harvey F. Lodish, Dr. Rodney E. Kellems, and Dr. William J. Lennarz. Dr. Lennarz was deposed September 27; the deposition of Dr. Dolnick took place on September 29, and Columbia has asked to continue his deposition for another day; Dr. Lodish will be deposed Friday, October 1; Dr. Kellems will

David I. Gindler to Counsel of Record, Sept. 17, 2004 (attached as Exhibit 1).) Accordingly,

Columbia "propose[d]" that the expert depositions be held one after another during the week of

September 27 (the second week of the period). (Id.)

When counsel for Biogen and Genzyme expressed concern with waiting until the second

week, Columbia's counsel reiterated that he "really [didn't] see how we're going to be able to

take any depositions before September 27," as "our lawyers and our expert will need time to

study plaintiffs' four expert reports." (Exhibit 2.) Columbia rejected Genentech's offer to make

Dr. Rodney E. Kellems available for deposition on September 23 (Exhibit 3), and also insisted

that "the depositions of plaintiffs' experts should be conducted before the depositions of

Columbia's expert" (Exhibit 1 (emphasis added)). In order to accommodate Columbia's

demands, it has become necessary for the parties to extend the period for completing depositions

and to schedule the deposition of Columbia's expert for Sunday and Monday, October 3 and 4.

In short, Columbia insisted, for its own benefit, on modifying the Court's schedule to

allow itself a full week to review rebuttal reports and prepare for depositions. The result is that

the time between the deposition of Columbia's expert witness and the current summary judgment

deadline is a mere four calendar days, one of which will be occupied at least in part by this

Court's hearing on Columbia's motion to dismiss. It is simply impracticable to obtain final

transcripts and file a complete brief on the important issue of summary judgment of obviousness-

type double patenting under these time constraints.

Columbia's Motion to Dismiss. Compounding the time pressure caused by Columbia's

refusal to spread depositions throughout the deposition period is the fact that plaintiffs have been

---

be deposed Saturday, October 2; and Columbia's expert, Dr. Francis H. Ruddle, will be deposed by plaintiffs on
Sunday, October 3 and Monday, October 4.

occupied during the past several weeks with investigation, client consultation, negotiation and briefing related to Columbia's ever-changing positions with respect to its Covenant Not to Sue and the status of plaintiffs' licenses. After a telephone hearing on September 9, 2004, this Court (a) ordered the parties to confer regarding the meaning of the covenant and prospects for settlement, (b) ordered the filing of a joint statement reporting the results of settlement discussions, and (c) ordered plaintiffs to respond to Columbia's motion by September 22, 2004. (Court Dkt. No. 96.)

By letter of Friday, September 10, 2004 (attached as Exhibit 4), Columbia provided some additional information regarding the scope of the covenant. It took some time for plaintiffs and their counsel to consider Columbia's letter, discuss its implications with their clients and co-plaintiffs, and formulate additional questions for Columbia, as this Court had encouraged plaintiffs to do. Plaintiffs consolidated their questions regarding the scope of the covenant, and by a single letter of Wednesday, September 15, 2004 (attached as Exhibit 5), requested further clarification. Columbia did not respond to this request for clarification until late in the afternoon of Friday, September 17, 2004 (attached as Exhibit 6). Thereafter, plaintiffs had only three business days to assess Columbia's responses to their questions about the covenant's scope, discuss those responses with their clients and counsel, and prepare declarations and opposition briefs that addressed them.

Columbia also waited until September 13 to notify Biogen and Genzyme of Columbia's position as to the status of their licenses (Letters from David I. Gindler to Donald R. Ware, Sept. 13, 2004 (attached as Exhibit 7)), notwithstanding their representation to plaintiffs and to the Court in the September 9 telephone conference that such clarification could be provided by "today or tomorrow." Tel. Conf. Tr. at 10 (attached as Exhibit 8). Six days later, on Sunday,

September 19, 2004, Columbia first notified Biogen and Genzyme of Columbia's position that "under *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376 (Fed. Cir. 2004), there is no subject matter jurisdiction over any of your clients' declaratory relief claims against Columbia." (Letter from David I. Gindler to Claire Laporte, Sept. 19, 2004 (attached as Exhibit 9)). Finally, by letter of September 20, 2004 (attached as Exhibit 10) – fully 18 days after filing its motion to dismiss and 2 days before the deadline for filing opposition briefs – Columbia summarized its arguments for lack of subject matter jurisdiction under *Gen-Probe*, a ground for dismissal it had not raised in its initial briefing.

In a 29-page reply brief filed on Tuesday, September 28 (Court Dkt. No. 124), Columbia further shifted its position, both as to the extent and duration of its Covenant Not To Sue and its position as to the status of Biogen's and Genzyme's licenses, prompting an additional request for clarification (attached as Exhibit 11), to which Columbia responded Friday, October 1 (attached as Exhibit 12). Columbia's moving target tactics will require additional consultation between counsel and their clients in advance of next Wednesday's hearing on Columbia's motion to dismiss, and the likely filing of a surreply brief.

Plaintiffs suspect that the timing of Columbia's covenant and motion to dismiss, falling within the few weeks between the completion of initial expert disclosures and the deadline for summary judgment motions, was no accident. By waiting until this late stage of the litigation, continually shifting its position, and delaying a complete statement of its jurisdictional position until weeks after filing its "emergency" motion to dismiss, Columbia has ensured that plaintiffs will have spent almost a full month occupied with an unanticipated motion to dismiss, in addition to work on rebuttal expert reports, expert depositions, and summary judgment motions.

Conclusion. Plaintiffs believe that, in view of the developments described herein, the current schedule does not permit them sufficient time to prepare their summary judgment papers, that additional time is needed and that with a three-week extension, plaintiffs will better assist the Court in determining this important issue. The undersigned plaintiffs hereby respectfully request that this Court extend the summary judgment briefing and hearing schedule by three weeks. Under the requested schedule, summary judgment briefs will be due Friday, October 29, opposition briefs will be due Friday, November 12, and reply briefs will be due Monday, November 22, and the hearing will be December 13, 2004. The undersigned appreciate the Court's prompt attention to this motion given the impending deadline under the current schedule.

Date: October 1, 2004                          Respectfully submitted,


/s/ Claire Laporte                             /s/ Mark A. Pals
Donald R. Ware (BBO # 516260)                  Mark A. Pals
Claire Laporte  (BBO # 554979)                 Marcus E. Sernel
Carla Miriam Levy  (BBO # 654212)              KIRKLAND & ELLIS LLP
FOLEY HOAG LLP                                 AON Building
155 Seaport Boulevard                          200 East Randolph Drive
Boston, MA 02210-2600                          Chicago, Illinois 60601
Telephone:  (617) 832-1000                     Telephone:  (312) 861-2000
Facsimile:  (617) 832-7000                     Facsimile:  (312) 861-2200
Attorneys for BIOGEN IDEC MA INC. and
  GENZYME CORPORATION                          Peter E. Gelhaar (BBO #18831))
                                               DONNELLY, CONROY & GELHAAR, LLP
                                               One Beacon Street
                                               Boston, Massachusetts 02108
                                               Telephone:  (617) 720-2880
                                               Facsimile:  (617) 720-3554
                                               Attorneys for ABBOTT BIORESEARCH
                                               CENTER, INC.

**Certification of Counsel**

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for plaintiffs Biogen and Genzyme conferred with counsel for all other parties regarding the issues addressed in this motion. Abbott joins this motion. The other plaintiffs do not join in the motion but will not file briefs in opposition.

Biogen and Genzyme have been attempting to confer in good faith with Columbia since Wednesday, September 29, but have been unable to resolve or narrow the issue. Counsel first contacted Columbia's counsel in order to meet and confer on Wednesday afternoon, September 29, and asked counsel to call. Columbia did not return the call that day. Counsel for Biogen and Genzyme spoke with Columbia's counsel Thursday morning and were informed that Columbia would try to have an answer that day. On Thursday afternoon, however, Columbia's counsel indicated that Columbia would not have a response that day. Today Columbia's counsel stated that Columbia was still undecided and would not be able to respond today.

/s/ Claire Laporte