UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 04-MD-1592 (MLW)<br><br>Civil Action No. 04-10470-MLW<br>C.D. Cal. No. CV 02-4349 MRP (CWx) |

**MEMORANDUM OF LAW IN SUPPORT OF COLUMBIA UNIVERSITY'S EMERGENCY MOTION FOR LEAVE TO COMPLETE THE DEPOSITION OF AMGEN'S PRINCIPAL EXPERT, BRUCE DOLNICK**

Dated: October 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

The Trustees of Columbia University ("Columbia") respectfully seek leave pursuant to Federal Rule of Civil Procedure 30(d)(2) to continue and complete the deposition of the principal expert retained by Amgen Inc. and Immunex Corp. (collectively "Amgen"), Dr. Bruce Dolnick. Dr. Dolnick has been deposed for a single, seven-hour day thus far.

## I. INTRODUCTION AND BACKGROUND

In this litigation, Columbia has designated one expert witness. The plaintiffs have designated four expert witnesses. Columbia agreed to produce its expert, Dr. Ruddle, for two days, and this deposition is scheduled for October 3 and 4. Columbia believed, however, that one day of testimony from each of the plaintiffs' experts would be sufficient, and did not insist at that time on more than one day be reserved for any of the plaintiffs' four experts.

On Monday, September 27, 2004, Columbia deposed Dr. Lennarz, one of Amgen's experts. As Columbia expected, it was able to complete Dr. Lennarz's deposition in one day.

On Wednesday, September 29, 2004, Columbia deposed Amgen's principal expert, Dr. Bruce Dolnick. Columbia was unable to complete Dr. Dolnick's deposition in one day. Columbia requested that Amgen produce Dr. Dolnick for an additional day at any time in the next several weeks. Amgen refused, and insisted on terminating the deposition after seven hours. *See* Deposition Transcript of Bruce Dolnick dated September 29, 2004, at 271:2-273:13.[1]

This case – in which hundreds of millions of dollars are potentially at stake – raises highly technical issues regarding recombinant DNA technology as it was known in the early 1980s. The theories asserted by Dr. Dolnick are highly complex and require careful exploration.

---

[1] The cited excerpts from Dr. Dolnick's deposition are attached hereto as Exhibit A. Note that the version submitted has two conflicting sets of page numbers. For purposes of this motion, Columbia cites to the pages found spread throughout the transcript, not to the page numbers at the bottom of the pages.

This fact is evidenced by the sheer length of Dr. Dolnick's expert reports. His initial and rebuttal reports have a combined total of 176 pages. Because of the volume and complexity of this material, Columbia had time to ask Dr. Dolnick about only some of the key scientific publications relied upon by Dr. Dolnick and about only a portion of his opinions at the first day of his deposition. Specifically, Dr. Dolnick's reports contained opinions regarding many of the major issues in this case, including mechanisms of gene amplification, stable incorporation, glycosylation, and claim construction. Columbia almost completed its questions regarding gene amplification and stable incorporation, but did not have time to reach glycosylation (or any of the scientific articles pertinent to that topic) or claim construction in any significant detail other than Claims 16 and 19 of the '275 patent.[2]

In addition to the complexities of the case, the deposition took longer than expected because Dr. Dolnick asked to – and was allowed to – read every document used during the first day of testimony *in its entirety* before answering questions regarding those documents. Other than Dr. Dolnick's two expert reports, only five exhibits were introduced. All of those five exhibits were scientific articles. Four of the five articles had been expressly cited and relied upon by Dr. Dolnick in his expert reports; the fifth exhibit listed Dr. Dolnick as a co-author.[3] Dr.

---

[2] Columbia believes that it conducted Dr. Dolnick's deposition very efficiently. The complete transcript is being filed concomitantly with this motion, in case the Court wants to assure itself of that fact. *See* Affidavit of Scott McConchie, filed herewith.

[3] The five articles used were: (1) the Lai article, which is cited at pages 8, 9, 16, 44, and 47 of Dr. Dolnick's initial report and pages 5 and 9 of his rebuttal report; (2) the Alt article, which is cited at page 25 of Dr. Dolnick's initial report and page 3 of his rebuttal report; (3) the Schimke article, which is cited a pages 8-9 and 25 of Dr. Dolnick's initial report; (4) the Kaufman article, which is cited in Dr. Dolnick's rebuttal report at page 4. The cited pages from Dr. Dolnick's reports are attached as Exhibit B.

Dolnick spent almost an hour and a half – on the record – reviewing these documents while counsel for all the parties patiently waited.[4]

Although Columbia does not begrudge Dr. Dolnick's insistence that he be permitted to read every document placed before him in its entirety—including the very articles on which he expressly relies in his expert report—neither should Columbia be prejudiced by this fact.

Courts have held that the appropriate time to seek leave from the court for additional deposition time is <u>after</u> the parties have completed their allotted day of deposition testimony. *See Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002); *see also* 7 James William Moore, *Moore's Federal Practice* § 30.45 (3rd ed.) ("A party generally should not seek additional time for a deposition before the deposition is taken. Rather, the better practice is for the deposition to go forward to determine how much can be covered in the seven hours.").

Given the circumstances of Dr. Dolnick's deposition and the number and complexity of opinions that he asserts in his reports, there is good cause to permit Columbia at least an additional day of deposition testimony and for this additional day to take place within a reasonable amount of time before Columbia's responses to summary judgment motions are due. Columbia believes that Dr. Dolnick's deposition can be completed in a single additional day of seven hours of testimony, and seeks no more than that amount of time by this motion.

---

[4] Dr. Dolnick took a full 28 minutes to review one exhibit. *See* Dolnick Tr., at 188:5-10. He spent a great deal of time reading other exhibits as well. *See, e.g.*, Dolnick Tr., at 50:15-20; 55:12-56:20; 57:5-10; 63:10-15; 92:5-15; 97:24-99:15; 138:5-10; 172:20-25; 172:20-25; 184:5-20.

## II. THE LAW AUTHORIZES THIS COURT TO PERMIT ADDITIONAL DEPOSITION TIME HERE

Under the Federal Rules of Civil Procedure, this Court can alter the seven hour limit set by Rule 30(d)(2). *See* Fed. R. Civ. Proc. 26(b)(2); 30(d)(2). Notably, Rule 30(d)(2) provides that this Court actually "must allow additional time" if that additional time is "needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. Proc. 30(d); *see also Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D. Mass. 2002) ("Obviously, the Court will allow more than seven hours 'if needed for a fair examination of the plaintiff.'"). There are many depositions for which a period of longer than one day is appropriate. *See* Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2104.1 ("[T]here are certainly are depositions for which a longer period is appropriate.").

The Advisory Committee Notes to Rule 30 expressly describe some of the factors that may be considered by a court in deciding whether to permit additional deposition time, including the extent of the documents presented to the witness and the fact that the witness has been designated as an expert:

> Parties considering extending the time for a deposition – and courts asked to order an extension – might consider a variety of factors. For example, . . . . [i]n cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. *Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. . . . Finally, with regard to expert witnesses, there may more often be a need for additional time – even after the submission of the report required by*

      Rule 26(a)(2) – for full exploration of the theories upon which the
      witness relies.

(Emphasis added.)

    There is good cause here to permit Columbia to continue Dr. Dolnick's deposition. As discussed above, Dr. Dolnick is an expert witness who has developed significant (and numerous) opinions that are relevant to central issues in this case. *See, e.g., Independence Park Apartments v. United States*, 59 Fed. Cl. 765, 769-70 (Fed. Cl. 2004) (permitting additional deposition time beyond the seven hours: "Dr. Peiser's expert opinions are likely to serve a pivotal role Consequently, the Court concludes that some additional time should be granted to the government to depose Dr. Peiser."); *cf. Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 32 (D. Conn. 2003) (basing its denial of defendant's request for more deposition time on the fact that the witness "is not a designated expert witness"). Moreover, Dr. Dolnick has broadly opined on all of the double patenting issues that are currently before the Court, and is Amgen's principal expert witness in this regard.

    Given the range of opinions that Dr. Dolnick has offered, additional deposition time is appropriate. *See, e.g., Raymond v. Ameritech Corp.*, No. 03C4509, 2004 WL 1381134, at *2 (N.D. Ill. May 7, 2004) (affirming magistrate's order permitting additional deposition time because of the "potentially wide range of issues" that the witness had not yet testified about). Moreover, Columbia has amply supported this motion with citations to the transcript that demonstrate its need for additional deposition time. *Cf. Beneville v. Pileggi*, No. 03CV474, 2004 WL 1631358 (D. Del. Jul. 19, 2004) (denying motion for additional deposition time because the moving party "provided the Court with no evidence by which it might determine whether additional deposition time is necessary"); *Nicholas v. Wyndham Int'l, Inc.*, No. 2001/147MR,

- 5 -

2002 WL 32359953, at *2 (D.V.I. Nov. 18, 2002) (criticizing the moving party's failure to describe the additional relevant matters of inquiry warranted additional time).

Columbia believes that the requested additional deposition time is a reasonable request, particularly in light of the fact that the plaintiffs will have a second day with Columbia's expert.

### III. CONCLUSION

For the reasons set forth above, Columbia's Motion for Leave To Complete the Deposition of Amgen's Principal Expert, Bruce Dolnick, should be granted. Columbia should be permitted an additional seven hours of deposition time with Dr. Dolnick to take place a reasonable amount of time before Columbia's responses to summary judgment motions are due.

Dated: October 1, 2004

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

/s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP

/s/ Scott McConchie
Scott McConchie
Dated: October 1, 2004                    Griesinger Tighe & Maffei, LLP

60115102v1