UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 04-MD-1592 (MLW)<br><br>Civil Action No. 04-10470-MLW<br>C.D. Cal. No. CV 02-4349 MRP (CWx) |

**COLUMBIA UNIVERSITY'S BRIEF IN OPPOSITION TO AMGEN INC.'S AND IMMUNEX CORPORATION'S MOTION FOR LEAVE TO OBTAIN DISCOVERY FROM FORESEEABLY UNAVAILABLE WITNESS DR. GOODGAL**

Dated: October 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

Unaccompanied by any of the other plaintiffs, Amgen once again seeks permission to conduct the deposition of yet another of the many individuals working in the general field of cell transformation in the late 1970s and early 1980s. Amgen's last solo effort in this regard, the deposition of Professor Srinivasan, was so obviously unnecessary that certain of the plaintiffs chose not to attend at all, one plaintiff sent a paralegal, and the other plaintiffs attended strictly as "observers" but did not participate in the proceeding at all. Moreover, Amgen managed to prove at this deposition exactly what Columbia had previously informed this Court: that Professor Srinivasan's articles are *not* prior art to the '275 patent.

In addition, despite having secured the permission of the Court to conduct Professor Siminovitch's deposition, Amgen took no steps to serve Professor Siminovitch, a resident of Canada. Instead, Amgen simply delivered a copy of a subpoena issued by this Court to Columbia's local counsel in Boston—as if that were sufficient to procure the attendance in Boston of a foreign, non-party resident. Because serving Columbia's local counsel in Boston was plainly inadequate to compel a foreign resident to travel across national borders to appear at an American legal proceeding, Professor Siminovitch has not been deposed. It was only last week—more than a month after the Court's order permitting Professor Siminovitch's deposition—that Amgen finally began the process, through its motion for alternative relief, of seeking letters rogatory to serve Professor Siminovitch in Canada.

In the wake of this frolic, Amgen now claims to have found yet another octogenarian whose work is "highly relevant," Dr. Sol Goodgal. Dr. Goodgal's testimony, Amgen claims, is vital and should go forward despite the stay of all discovery entered by this Court after the June 22, 2004 hearing—a stay that all parties in this action other than Amgen are content to observe.

According to Amgen, Dr. Goodgal's grant application is prior art to the '275 patent.[1] In support of this claim, Amgen submits a notice of grant (Exh. 1 to Amgen's Declaration), dated December 1979—just two months before the priority date of the '275 patent—and an abstract (Exh. 2 to Amgen's Declaration) which, although undated, indicates that the grant relates to work conducted as late as December 31, 1980, long *after* the priority date of the '275 patent.

Before filing this motion, Amgen confirmed that it was in possession of a copy of Dr. Goodgal's grant application, and in response to the undersigned counsel's request, stated it would provide a copy of the application to Columbia's counsel. Amgen then changed its mind, and to this day has never supplied a copy of the very document that Amgen contends is invalidating prior art. *See* Letter from Vicki Norton to Wayne Barsky, dated September 17, 2004, attached as Exhibit A; and Letter in response from Wayne Barsky, dated September 17, 2004, attached as Exhibit B.

In short, Amgen is asking for leave to take additional discovery during the stay period, but is not willing even to make a copy of the single document that it claims makes Dr. Goodgal's deposition such an urgent necessity. This stinginess renders Amgen's meet and confer obligations on this motion superficial at best, notwithstanding this Court's recent reminder to the parties of the importance of such obligations, and is a sufficient basis, in and of itself, for denying Amgen's motion.

The parties to this action are in the midst of an intense effort to complete expert discovery, complete the briefing on the pending motion to dismiss, and otherwise comply with

---

[1] "Dr. Goodgal published some of his work in a grant application." Motion at 3. This is the only work that Amgen alleges Dr. Goodgal published.

the expedited schedule set by the Court in connection with the plaintiffs' double patenting allegations. That Amgen would request yet another exception from the stay entered by this Court, but refuse to share the very document that Amgen claims constitutes prior art, speaks volumes about Amgen's good faith. This Court set a date by which plaintiffs were obligated to file a motion requesting any discovery. Amgen filed such a motion, and the Court has ruled on it. If there were other witnesses that Amgen desired to depose, it was Amgen's responsibility to request their depositions by the deadline set by the Court. Amgen apparently failed to do so. This Court should, accordingly, deny Amgen's latest motion.

For the reasons set forth above, Amgen's Motion for Leave to Obtain Discovery from Foreseeably Unavailable Witness Dr. Goodgal should be denied.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

/s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP

/s/ Scott McConchie
Scott McConchie
Dated: October 1, 2004                Griesinger Tighe & Maffei, LLP

60114735v1

- 3 -