UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 04-MD-1592 (MLW)<br><br>Civil Action No. 04-10470-MLW<br>C.D. Cal. No. CV 02-4349 MRP (CWx) |

**COLUMBIA UNIVERSITY'S BRIEF IN PARTIAL OPPOSITION TO AMGEN INC.'S AND IMMUNEX CORPORATION'S MOTION TO COMPEL COLUMBIA TO PRODUCE DR. SIMINOVITCH FOR HIS DEPOSITION OR IN THE ALTERNATIVE FOR ENTRY OF LETTERS ROGATORY**

Dated: October 1, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, CA 90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

I.  **INTRODUCTION**

This Court held that Amgen Inc. and Immunex Corporation (collectively "Amgen") may depose Dr. Siminovitch as a percipient witness. This Court did not hold that Amgen was relieved of complying with Rule 45 of the Federal Rules of Civil Procedure. Despite that crucial distinction, Amgen asks this Court to ignore applicable rules regarding how a party obtains discovery from a percipient witness. Columbia simply asks that the Court decline Amgen's invitation to ignore those rules and instead require Amgen to adhere to them. Amgen has demonstrated nothing in its motion why this Court should do otherwise.

Columbia has offered to accommodate Amgen in virtually every respect to permit Amgen to take this deposition. Columbia does not object to the entry of Letters Rogatory or to Amgen's requested extension of the September 30, 2004 deadline for which to depose Dr. Siminovitch. However, Columbia is under no obligation to produce Dr. Siminovitch, who is in Canada, to testify as a percipient witness merely because Columbia engaged him as a *confidential*, non-testifying legal consultant. Amgen has not bothered to effect service of a subpoena on Dr. Siminovitch. All Columbia asks is that Amgen do what every other party to litigation must do – subpoena a percipient witness who is not an officer or employee of another party.

II.  **COLUMBIA HAS NO DUTY TO PRODUCE DR. SIMINOVITCH, WHO IS BEING DEPOSED SOLELY AS A PERCIPIENT WITNESS, SIMPLY BECAUSE COLUMBIA FORTUITOUSLY HAS ENGAGED HIM AS A CONFIDENTIAL, CONSULTING EXPERT**

The Federal Rules of Civil Procedure require the service of a valid subpoena in order to depose anyone who is not a party to the action except for an officer, director or managing agent of a corporate party. *See, e.g.* Fed. R. Civ. P. 45; *Sykes v. Int'l, LTD. v. Pilch's Poultry Breeding Farms, Inc.*, 55 F.R.D. 138, 139 (D. Conn. 1972); *Cameo-Parkway Records, Inc. v. Premier Albums, Inc.*, 43 F.R.D. 400, 401 (S.D.N.Y. 1967); *Colonial Capital Co. v. General Motors*

*Corp.*, 29 F.R.D. 514, 515 (D. Conn. 1961). Anyone other than a current officer, director or managing agent must be pursued in their individual capacity. *Cameo-Parkway Records, Inc.*, 43 F.R.D. at 402.

It is undisputed that Dr. Siminovitch is not an "officer, director, or managing agent" of Columbia. Accordingly, he is not subject to the deposition notice process of Fed. R. Civ. P. 30(b). The fact that Dr. Siminovitch happens to be a confidential, retained consultant does not change this straightforward analysis.

The confidential, consulting relationship between Columbia and Dr. Siminovitch cannot be used by Amgen to bootstrap an argument for bypassing otherwise applicable discovery procedures. That is because discovery of a non-testifying expert's opinions, and even their identities, is prohibited. *See e.g.* Fed. R. Civ. P. 24(b)(4)(B); *Kuster v. Harner*, 109 F.R.D. 372, 374 (D. Minn. 1986); *In re Pizza Time Theater Sec. Litig.*, 113 F.R.D. 94, 97-98 (N.D. Cal. 1986). At this stage of the case, that confidential relationship between Dr. Siminovitch and Columbia, despite the fortuity of Amgen's having stumbled upon it, does not yet exist analytically (and never will unless he is designated as a testifying expert). Therefore, it cannot be a basis for Amgen to ignore the subpoena process for percipient witness testimony. In other words, Amgen should not be allowed to bootstrap something that is off limits – the consulting relationship – and use it to avoid following the rules applicable to percipient discovery.

Much of the foregoing was confirmed recently by the First Circuit in *Arroyo-Velazquez v. Hospital Hermanos Melendez, Inc.*, 82 Fed. Appx. 702, 707 (1st Cir. 2003). A copy of that opinion is attached hereto as <u>Exhibit A</u>. In *Arroyo-Velazquez*, the First Circuit held that the plaintiffs were *not* obligated to produce for deposition a treating physician who they had previously named as an expert witness but who later refused to serve as an expert witness and

who the defendant was seeking to depose as a fact witness. The court explained its reasoning: "The problem is that Dr. Talamini is not an expert witness biddable by plaintiff's counsel, but, at least by 2002, merely a fact witness designated by Arroyo. Ordinarily it would be defense counsels' job to subpoena such a witness for deposition." *Id.* Dr. Talamini was at one point a designated expert witness, yet the First Circuit held that once he was no longer in that realm, it was not the plaintiff's responsibility to produce him for deposition. Surely the same holds true for Dr. Siminovitch, who has never been a designated expert witness, only whose percipient testimony has been permitted by this Court, and whose relationship with Columbia is confidential and hence analytically non-existent here.

Notwithstanding the body of case law that establishes the procedural rules in this circumstance, Amgen relies on one district court case from Montana that was not presented with, and thus did not consider, the compelling points noted above. *See Sullivan v. Strum, Ruger & Co., Inc.*, 80 F.R.D. 489, 491 (D. Mont. 1978). That likely explains why the *Sullivan* decision, which largely addressed the discoverability of percipient information by deposition, stated merely as an afterthought that the witness should be produced. Not surprisingly, the court cited no authority for that part of its ruling. Columbia's confidential consulting relationship with Dr. Siminovitch is off limits in this case. As such, that confidential relationship, even the existence of which itself is not discoverable, cannot be a basis for requiring Columbia to produce Dr. Siminovitch in lieu of a subpoena from Amgen.

### III.  COLUMBIA DOES NOT OPPOSE THE ALTERNATIVE RELIEF SOUGHT BY AMGEN

Columbia does not object to Amgen's alternative request for entry of Letters Rogatory. Columbia also does not object to additional time to allow Amgen to comply with the Federal Rules of Civil Procedure to obtain testimony from Dr. Siminovitch. Columbia merely asks this

4

Court not to sanction Amgen's unabashed effort to disobey applicable procedural rules under cover of an impermissible court order.

## IV. CONCLUSION

There is no rule of law that requires Columbia to produce Dr. Siminovitch or any documents in his possession. Amgen has available to it procedures to obtain that discovery. Amgen simply does not want to follow those rules. Amgen's motion thus should be denied.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

/s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP

/s/ Scott McConchie
Scott McConchie
Griesinger Tighe & Maffei, LLP

Dated: October 1, 2004

10816359_1.DOC

5