UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY<br>PATENT LITIGATION | MDL No. 1592 (MLW)<br><br>This Document Relates To All Actions |

**COLUMBIA UNIVERSITY'S RESPONSE TO EMERGENCY MOTION TO
EXTEND SUMMARY JUDGMENT BRIEFING SCHEDULE**

Dated: October 4, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Morgan Chu
David I. Gindler
Jason G. Sheasby
Irell & Manella LLP
1800 Ave of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda J. Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

1192580

I.      **THE COURT SHOULD GRANT A STAY OF THIS ACTION INSTEAD OF AN EXTENSION OF THE SUMMARY JUDGMENT SCHEDULE**

Under all the circumstances of this case, Columbia submits that a stay of these expedited proceedings pending resolution of the motion to dismiss for lack of subject matter jurisdiction would more fairly resolve the issues raised by the motion for an extension of time. If the Court denies Columbia's motion to dismiss, Columbia would not oppose the additional time requested by plaintiffs so long as Columbia has a concomitant extension of time (given that plaintiffs propose no additional time for Columbia in their motion). On the other hand, if the Court grants the motion to dismiss, then plaintiffs' request for three additional weeks to file their summary judgment motion will be moot.

There are several reasons why a stay of proceedings is a more practical course of action. First, plaintiffs have now abandoned any effort—and no longer desire—to maintain the current expedited schedule to ensure a trial commencing on December 13. Their insistence on preserving the expedited double patenting schedule was their principal reason for previously arguing against Columbia's request that the Court stay the action pending resolution of the motion to dismiss for lack of subject matter jurisdiction. Accordingly, since plaintiffs no longer object to modifying the current schedule, it makes all the more sense for the Court to resolve the critical jurisdictional issues before the parties continue to incur very substantial fees and costs litigating the merits of the double patenting challenge to the '275 patent. These jurisdictional issues arise not only under *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), and its progeny as to all plaintiffs, but also under *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376 (Fed. Cir. 2004), as to Biogen, Genzyme, and Abbott—three plaintiffs whose license agreements have been restored as a consequence of the Covenant Not to Sue ("Covenant") granted by Columbia.

Second, a stay of this action pending a ruling on the motion to dismiss—rather than a long extension solely for the purpose of allowing plaintiffs more time to prepare their summary judgment motion—would be particularly appropriate in view of several recent actions by two of the plaintiffs who have filed the motion for an extension. In particular, rather than seeking leave to amend their complaint against Columbia, and in an obvious end-run around the requirements of Federal Rule of Civil Procedure 15, Biogen and Genzyme filed a second action against Columbia in this District asserting the very same claims that are included in this action, together with four new (and fatally defective) claims. Columbia has challenged this outrageous procedural abuse in a separate, pending motion to dismiss, and the Court may well wish to be fully briefed on that issue before considering the schedule for summary judgment briefing in the case.[1]

Finally, there are several pending motions pertaining to additional or continued depositions in this action that should be resolved before the Court rules on Biogen's request for additional time to brief the summary judgment motion because they may well affect the resolution of that motion. Amgen has filed motions pertaining to the requested depositions of Professors Siminovitch and Goodgal. Columbia has filed a motion seeking leave to conduct a second day of Professor Dolnick's deposition so that this deposition may be completed. Columbia also expects to file another motion seeking leave to conduct a second day of Professor Lodish's deposition. The Court's rulings on these pending motions may well affect the briefing on any summary judgment motions by the plaintiffs (for example,

---

[1] Specifically, on Friday, October 1, Columbia filed a motion to dismiss this improperly filed, duplicative action. Biogen and Genzyme have informed Columbia that they intend to file a motion to consolidate their newly-filed duplicative action with the action that they commenced in this District more than fifteen months ago. Columbia believes that, if the Court does not grant the pending motion to dismiss for lack of subject matter jurisdiction, there should be no further proceedings in this case until the Court resolves the two motions relating to Biogen and Genzyme's later-filed action.

Columbia is requesting permission to complete Professor Dolnick's deposition reasonably in advance of the date on which Columbia's summary judgment opposition would be due).

## II.    COLUMBIA HAS NOT DELAYED THE PROGRESS OF THIS CASE

Contrary to plaintiffs' strident allegations, Columbia has done nothing to delay the progress of the double patenting schedule. It is nonsense for plaintiffs to suggest that Columbia calibrated the timing of the Covenant and its subsequent motion to dismiss for the purpose of interfering with plaintiffs' preparation of their motions for summary judgment or expert discovery. Indeed, in the Joint Report submitted to the Court on September 8, Columbia requested that the Court stay all proceedings pending resolution of the motion to dismiss—conduct entirely *inconsistent* with any attempt to interfere with plaintiffs' efforts with respect to the double patenting phase of the case. It was plaintiffs who argued against the entry of a stay and insisted that the parties proceed to meet-and-confer and finish the briefing on the motion to dismiss while simultaneously complying with all of the expedited deadlines in the double patenting schedule.

Nor has Columbia delayed in providing any clarifications regarding the Covenant. On Friday, September 10, the day after the telephonic hearing, Columbia provided written confirmation, at the direction of the Court, of its responses to questions previously posed by plaintiffs and answered by Columbia during a telephone conference on September 7. On Monday, September 13, Columbia notified each plaintiff, also at the suggestion of the Court, whether its license agreement was reinstated by operation of the Covenant. Although Columbia's counsel indicated at the September 9 hearing he would attempt to notify each plaintiff of the status of its license "today or tomorrow," it took a little longer than expected to track down all of the relevant facts with respect to all eight plaintiffs—something the

Court itself anticipated might happen. Ex. A (Tr. at 10:19-21) ("[A]nd if it takes you longer than today, take your time. I mean, you're not going to take forever, I know.").

Plaintiffs asked for no further clarifications until the afternoon of Wednesday, September 15, when they faxed three pages of questions to Columbia and demanded a response by the following day, which happened to be Rosh Hashanah. While it was not possible to meet plaintiffs' unreasonable demand, Columbia did respond in detail to all of these questions in a letter sent by email to all plaintiffs on the morning of Friday, September 17. Columbia received no further requests from plaintiffs before they filed their oppositions to the motion, and no plaintiff has identified anything unclear or contradictory in the September 17 letter.

In addition, plaintiffs' suggestion that Columbia raised *Gen-Probe* issues for the first time just before the filing of their oppositions to the motion to dismiss is also untrue. During the September 9 telephonic hearing, the Court itself raised *Gen-Probe* when explaining the reasons why Columbia should inform each plaintiff, during the meet-and-confer process, as to whether its license agreement remains terminated in light of the Covenant. As the Court explained at the telephonic hearing:

> THE COURT: Well, that anticipated my next question. These are the type of things when, you know, you're conferring, to narrow or eliminate disputes, you ought to be focusing on, because if Biogen has its license back, if it's Columbia's position—and it has to be clarified that it's not terminated—under that Gen-Probe case that I discussed at 29 to 30 of [my] preliminary injunction decision on August 13, *maybe that contributes to eliminating a case [or] controversy too*.

Ex. A (Tr. at 9:5-13) (emphasis added). Thus, the Court made clear that one purpose of the additional meet-and-confer time was to allow Columbia to clarify the status of plaintiffs' license agreements so that the parties could address whether "that contributes to eliminating a case [or] controversy." Accordingly, plaintiffs were on notice that they should address

*Gen-Probe* in their oppositions, and that Columbia would address *Gen-Probe* in its reply. Furthermore, while under no obligation to do so, on September 20, Columbia sent letters to Biogen, Genzyme, and Abbott, stating Columbia's position that no case or controversy exists as to these plaintiffs under *Gen-Probe*.

Finally, Columbia has acted entirely properly with respect to expert depositions. Instead of serving one expert report, on August 27, plaintiffs served *three* initial expert reports from three individuals totaling over 300 pages, with each expert addressing the entire range of double patenting issues in this case. Then, on September 17, plaintiffs served *four* rebuttal expert reports, from four individuals totaling over 50 pages, with each expert report again addressing the full range of double patenting issues. In light of the extraordinary volume of the multiple expert reports served by plaintiffs, Columbia could not begin to take their depositions one week after service of these four rebuttal reports. In order to have adequate time to prepare for the depositions of four experts, yet comply with the existing schedule, Columbia proposed that the depositions take place on September 27 through October 1, with each deposition scheduled for a single day and all depositions set for a single city, either Boston or New York. Plaintiffs rejected this proposal, insisting upon deposing Columbia's expert for three consecutive days, and demanding that Columbia travel to multiple cities for the depositions of their experts. The parties ultimately agreed on a schedule that placed the deposition of Columbia's expert on Sunday and Monday, October 3 and 4. Although Columbia's expert was available for a day of his deposition on Friday, October 1, plaintiffs declined to accept that day for his deposition because one of their own experts could only be available on Saturday, October 2, during that week.

Columbia has thus done nothing to delay the progress of the double patenting phase of this case. The parties have worked very hard to complete their work within the deadlines

set by the Court. It is true that some expert deposition time will take place after October 1, but that was hardly the result of dilatory tactics by Columbia, as plaintiffs unfairly allege.

### III. CONCLUSION

Given that no party desires to maintain the current schedule, there is no reason for the parties to continue incurring the very substantial cost of this complex biotechnology case until the Court determines whether it can still exercise subject matter jurisdiction over this multidistrict litigation. For the reasons stated herein, Columbia respectfully submits that a stay of the double patenting phase is the appropriate course of action.

October 4, 2004

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

 /s/ David I. Gindler
David I. Gindler
Irell & Manella LLP

 /s/ Wayne M. Barsky
Wayne M. Barsky
Gibson, Dunn & Crutcher LLP