# CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 • FAX (617) 248-4000

WWW.CHOATE.COM

ERIC J. MARANDETT P.C.
DIRECT DIAL: (617) 248-5287
EMAIL: EMarandett@Choate.com

October 4, 2004

**BY ELECTRONIC FILING**

The Honorable Mark L. Wolf
United States District Judge
John Joseph Moakley U.S. Courthouse
Room 5110
Courthouse Way
Boston, MA  02210

      **RE:**   *In re Columbia University Patent Litigation*
             CM/ECF Case, No. 04-MDL-01592

Dear Judge Wolf:

      I write on behalf of plaintiffs Wyeth and Genetics Institute, LLC (collectively "Wyeth") pursuant to the Court's Orders of October 1, 2004 in the above-referenced multi-district litigation, requiring the parties' responses to (1) Biogen Idec MA, Genzyme Corporation, and Abbott Bioresearch Center, Inc.'s Emergency Motion to Extend Summary Judgment Briefing Schedule (the "Motion to Extend") and (2) Columbia University's Emergency Motion for Leave to Complete the Deposition of Amgen's Principal Expert, Bruce Dolnick (the "Motion for Leave").  Wyeth responds to those motions as follows:

      1.     Wyeth does not oppose the Motion to Extend.

      2.     The Motion for Leave does not concern Wyeth.  However, to the extent that the Court's October 1, 2004 Order requires a response from Wyeth, Wyeth states that it opposes the Motion for Leave on the ground that it seeks relief contrary to Rule 30(d)(2) of the Federal Rules of Civil Procedure and the parties' agreement concerning expert depositions in this case.  Following service of expert reports, the parties reached an agreement that Columbia's expert would be subject to two days of deposition by all plaintiffs combined and that each of the plaintiffs' experts, including Dr. Dolnick, would be subject to deposition for one seven hour day, consistent with Rule 30(d)(2).  Nothing occurred during the course of Dr. Dolnick's deposition or otherwise that would justify altering the parties' agreement.

The Honorable Mark L. Wolf
October 4, 2004
Page 2


In view of the tight schedule in this case Columbia, like the plaintiffs, should be compelled to honor its agreement and conduct its examination of Dr. Dolnick within the confines of the seven hours permitted by the Rules.

                                        Respectfully submitted,

                                        /s/ Eric J. Marandett

                                        Eric J. Marandett P.C.

EJM:amd
cc:    Counsel of Record

3753983v1