UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation, | Civil Action No. 04-10740-MLW |
| Plaintiffs, | C.D. Cal. No. CV 03-4349 MRP (CWx) |
| vs. | |
| THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM | |

**IMMUNEX CORPORATION AND AMGEN INC.'S OPPOSITION TO COLUMBIA UNIVERSITY'S EMERGENCY MOTION FOR LEAVE TO COMPLETE THE DEPOSITION OF AMGEN'S PRINCIPAL EXPERT, BRUCE DOLNICK**

Federal Rule of Civil Procedure 30(d)(2) imposes a clear limit on the duration of a deposition – one day of seven hours, unless the parties agree or the court orders otherwise.  With full knowledge of this limit, and of the length and content of Dr. Dolnick's initial and rebuttal expert reports, The Trustees of Columbia University ("Columbia") and the Plaintiffs agreed to a deposition schedule allotting one day for each of the Plaintiff's experts, including one day with each of Amgen Inc.'s and Immunex Corporation's (collectively "Amgen") experts, Dr. Dolnick and Dr. Lennarz, and two days for the nine Plaintiffs to depose Columbia's expert.

Now, unhappy with its bargained-for deposition schedule, Columbia seeks to undo the explicit agreement it made with the Plaintiffs with respect to the timing and length of the experts' depositions based upon only two reasons, neither of which constitutes good cause – 1) the length of Dr. Dolnick's expert reports and 2) the time Dr. Dolnick took at Columbia's request to review documents at his deposition.  However, both of these reasons are meritless.  First, Columbia was

fully aware of the length of Dr. Dolnick's report when it proposed and agreed to one day of deposition with Dr. Dolnick.  Second, Columbia ignored the advisory procedure set forth in Rule 30, and chose to have Dr. Dolnick review lengthy technical documents during his deposition, and to ask questions requiring a complete review of the reference, and therefore has only itself to blame.  Accordingly, Columbia should be held to its bargained-for schedule and its motion should be denied.

## ARGUMENT

According to the 2000 Advisory Committee Notes of Rule 30, Columbia must show "good cause" for an order extending the examination of a witness beyond seven hours. Columbia has not shown and cannot show the required "good cause" because the situation Columbia finds itself in is of its own making.  *See e.g.*, *Jensen v. Astrazeneca LP*, 2004 WL 2066837, at *3 (D. Minn. 2004) (denying request for additional deposition time because the defendant failed to demonstrate that additional time was <u>necessary,</u> instead merely alluding to voluminous documents and multiple claims but providing no detail showing that such documents and claims were not previously known, and noting that "defendant has given the Court no indication that this failure cannot be blamed on inadequate time management").  Further, Columbia had sufficient time to elicit 273 transcript pages of testimony from Dr. Dolnick.[1] Clearly the reasonable time spent by Dr. Dolnick reviewing the technical references did not prevent Columbia from obtaining copious testimony.  Columbia bargained for and received its seven hours with Dr. Dolnick.

---

[1] Columbia represented that the entire transcript of the deposition of Dr. Bruce Dolnick was submitted to the Court attached to the Affidavit of Scott McConchie.  *See* Columbia's Motion at p. 2, n.2;  Affidavit of Scott McConchie.  Because of the length of the transcript, Amgen does not re-submit the transcript but will refer to the transcript attached to the Affidavit of Scott McConchie as "Dolnick Tr."

I.    **Columbia Knew The Content Of Dr. Dolnick's Expert Report When It Agreed That His Deposition Would Be For One Day And Seven Hours**

When Plaintiffs and Columbia began discussing the expert deposition schedule, Plaintiffs requested at least three days with Columbia's expert, Dr. Ruddle.  Exh. 1.  Plaintiffs made this request because there are nine Plaintiffs, five Plaintiffs' counsel were to examine Dr. Ruddle, and Plaintiffs had four experts to whom Dr. Ruddle could respond.  Therefore, Plaintiffs needed more than seven hours of deposition time with Dr. Ruddle.  Columbia, on the other hand, did not request <u>any time</u> in addition to the seven hours provided for by Federal Rule of Civil Procedure 30.  In fact, Columbia expressly stated that it thought that the expert depositions should be limited to one day and seven hours.  Exh. 2.  Instead of seeking more time with each expert, Columbia proposed deferring all of the expert depositions until the second week of the two-week expert deposition period, and further proposed that no deposition last longer than seven hours. *Id.*

Plaintiffs acceded to Columbia's demand, and Columbia agreed to Plaintiffs' compromise that all of the Plaintiffs combined have a total of two days to depose Columbia's expert, Dr. Ruddle.  Exhs. 3-4.

Columbia complains now that it could not complete Dr. Dolnick's deposition in the seven hours provided for in the Rules because of the "volume and complexity" of his reports.  However, Columbia was aware of the length and subject matter of Dr. Dolnick's reports well in advance of the deposition schedule negotiations.  If Columbia wanted more time with Dr. Dolnick, it should have said so when the parties negotiated the schedule.  In fact, the schedule provided Columbia with seven hours to depose Amgen's expert Dr. Lennarz and an additional seven hours to depose Amgen's expert Dr. Dolnick, while Amgen's counsel receives only three hours of the time allotted to the nine Plaintiffs for questioning Dr. Ruddle.

None of the cases Columbia relies upon address the issue here – where the party seeking more time expressly bargained for the schedule it received but now seeks the Court's assistance to extract itself from the bargain it made.  Had Columbia indicated up-front that it might need

more time with Dr. Dolnick or any other expert witness, the Plaintiffs and Columbia may have

been able to negotiate. Instead, Columbia seeks to hold Plaintiffs to their end of the bargain (two

days – 14 hours – total with Dr. Ruddle) while Columbia wants to renege on its agreement with

Plaintiffs.

## II.    Columbia Should Bear The Burden Of Its Decision To Not Ask Dr. Dolnick To Review Lengthy Scientific Articles In Advance

To the extent that Dr. Dolnick needed to review documents at his deposition without

prior notice, Columbia bears the fault. Columbia <u>chose</u> not to avail itself of the suggested

procedures for questioning a witness about documents which are set forth in the Advisory

Committee Notes of Rule 30, and should therefore have to bear the consequences of that choice.

The 2000 Advisory Committee Notes for Rule 30 note:

> In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party <u>to send copies of the document to the witness sufficiently in advance of the deposition so that the witness can become familiar with them</u>.  (emphasis added).

Columbia did not send a single document to Dr. Dolnick in advance of his deposition. Clearly,

to do so would not have been burdensome. Columbia asked about only five articles. Columbia's

Motion at p.2 and p.2, n.3. On one of the articles, Dr. Dolnick is listed as a third author and the

article was written more than 20 years ago; Columbia cannot have expected Dr. Dolnick to

remember the entire contents of this article and answer carefully crafted questions at his

deposition without carefully reviewing it. Exh. 5. Further, Columbia's suggestion that Dr.

Dolnick should have known the full contents of four of these lengthy scientific articles, Exhs. 6-

9, simply because he cited them in his expert report is ludicrous. Dr. Dolnick relied upon more

than 60 articles in his expert reports and could not possibly have committed all of them to

memory. The unreasonableness of Columbia's position is particularly acute in light of the

questions Dr. Dolnick was asked about them. For example, regarding one of the five articles, Dr.

Dolnick was asked the following:

> So Dr. Dolnick, <u>did the authors</u> of Exhibit 26 <u>write anything that would suggest</u> to a person of skill reading this article in 1978 that

4

> one of these mechanisms was significantly more likely than any
> other?

Dolnick Tr. at 92:7-11 (emphasis added).  As another example, Columbia asked Dr. Dolnick the

following about another article:

> <u>Is there any indication anywhere</u> in the Lai paper as to whether or
> not – well, as to the means by which the cell took up those TK+
> genes?

Dolnick Tr. at 166:22-25 (emphasis added).  Clearly, these kinds of questions require Dr.

Dolnick to perform a careful review of the reference in order to determine whether the authors

wrote "anything" or whether there is such an "indication anywhere" in the paper.

## III.    Columbia Wasted Much Of The Seven Hours With Irrelevant And Repetitious Questioning

The transcript of Dr. Dolnick's deposition clearly evidences that Columbia failed to

effectively manage its time during the deposition.  *See e.g.*, *Jensen*, 2004 WL 2066837, at *3.

Columbia's counsel chose to spend a disproportionate amount of time questioning Dr. Dolnick

on whether the reverse transcription molecular mechanism proposed in 1978 for gene

amplification was still viable in 1980; 105 pages of the transcript are devoted to that one line of

questioning when there are no double patenting issues based upon "amplification" because the

claims of the '275 patent and prior Axel patents require "amplified DNA".  *See* Dolnick Tr. at

67-157, 186, 195, and 206-219.  Again, it was Columbia's choice to devote so much of the

deposition to this area.

In addition, Columbia's counsel repeatedly asked the same questions.  *Compare, e.g.*,

Dolnick Tr. at  145:8-11 *with* Dolnick Tr. at 147:12-17 (asking the same question twice).  In fact,

Counsel for Amgen objected more than a dozen times on the grounds that a question had been

previously asked and previously answered.  *See, e.g.*, Dolnick Tr. at 103:22-105:20; 117:17-

119:6; 142:4-143:12; 145:8-146:10 and 147:12-19; 148:6-24; 149:10-150:13; 263:22-265:21.

Even the witness, Dr. Dolnick, repeatedly remarked that he had already answered questions that

were being asked again.  *See, e.g.*, Dolnick Tr. at 103:22-105:14; 142:4-143:12; 148:6-24;

263:22-265:21.

Moreover, Columbia did not even introduce Dr. Dolnick's expert report as an exhibit until page 241 of the transcript, in the last hour of the deposition. Dolnick Tr. at 241:9-11. Thus, Columbia's assertion that the length of Dr. Dolnick's expert report is cause for their inability to obtain what they needed in the seven hours of deposition that they requested begs credulity.

Finally, Columbia also did not have all of its exhibits sufficiently prepared. Columbia had to break during the deposition to obtain a legible copy of one of the exhibits. Dolnick Tr. at 155:14-156:21. Counsel for Amgen even assisted Columbia's counsel in obtaining a legible copy of the article in order to expedite the deposition.

It is only Columbia's fault that it did not use its bargained-for seven hours with Dr. Dolnick efficiently.

## CONCLUSION

For the foregoing reasons, Amgen respectfully requests that Columbia's motion be denied.

October 4, 2004

Respectfully submitted,

IMMUNEX CORPORATION and AMGEN INC.
By their attorneys,
/s/ Eileen M. Herlihy
Eileen M. Herlihy (BBO #231410)
Palmer & Dodge LLP
111 Huntington Avenue at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

Vicki G. Norton (CA #175067)
Wilson Sonsini Goodrich & Rosati
3611 Valley Centre Drive, Suite 525
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399