UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | No. 04-MDL-01592<br><br>This Document Relates To:<br><br>No. 03-CV-11329-MLW<br><br>**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**<br><br>**FILED UNDER SEAL** |

APPENDIX OF DECLARATIONS TO THE OPPOSITION OF
BIOGEN IDEC MA INC. AND GENZYME CORPORATION
TO COLUMBIA UNIVERSITY'S MOTION TO DISMISS

**REDACTED**

Donald R. Ware (BBO # 516260)
Claire Laporte (BBO # 554979)
Carla Miriam Levy (BBO # 654212)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
Attorneys for BIOGEN IDEC MA INC. and
    GENZYME CORPORATION

Dated: September 22, 2004

## TABLE OF CONTENTS

**Declaration of Jennifer Dupré**

**Declaration of Dr. Kenneth Karey**

**Declaration of Deborah McMurray**

**Declaration of Dr. Holly Prentice**

# DUPRÉ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | No. 04-MDL-01592<br><br>This Document Relates To:<br>No. 03-CV-11329-MLW<br><br>**FILED UNDER SEAL** |

## DECLARATION OF JENNIFER L. DUPRÉ

I, Jennifer L. Dupré, declare as follows:

1. I am the Senior Patent Counsel of Genzyme Corporation ("Genzyme") and am authorized to make this Declaration on its behalf. The statements made herein are based on corporate records and my own personal knowledge.

2. In 1994, Genzyme entered a non-exclusive license agreement with Columbia (the "Genzyme License"). Under the Genzyme License, Genzyme paid royalties to Columbia on the original Axel cotransformation patents until their expiration. The license agreement also requires payment of royalties on patents issuing from divisions, continuations and continuations-in-part applications.

3. The Genzyme License requires Genzyme to submit a quarterly sales report to Columbia "[w]ithin 90 days after the close of each calendar quarter" and provides that "[i]f a payment is due, such payment shall be submitted with the report." Genzyme License § 4(a), at 4-5. The Genzyme License also states that the licensee "shall be in material breach of this

Agreement if it fails to make all reports or pay all fees and royalties when due." Genzyme License § 5(b), at 5.

4. On March 9, 2004, Columbia sent notice to Genzyme that Genzyme was in material breach of its license agreement for failure to pay royalties for use of the technology claimed in the '275 patent and failure to submit the quarterly reports required under their licenses. The notice stated that the license would terminate if these breaches were not cured within sixty days. Letter from Michael J. Cleare, Ph.D., Executive Dir., Sci. & Tech. Ventures, Columbia, to Genzyme (Mar. 9, 2004).

5. Genzyme has taken no steps to cure the breaches alleged by Columbia in its letter of March 9, 2004.

6. Genzyme has not made royalty payments to Columbia for the '275 patent.

7. Genzyme has not submitted to Columbia a quarterly report under the license agreement since sending its last royalty payment in 2003.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Cambridge, Massachusetts, on this 22nd day of September, 2004.

*/s/ Jennifer L. Dupré*
Jennifer L. Dupré

# KAREY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | No. 04-MDL-01592<br><br>This Document Relates To:<br>No. 03-CV-11329-MLW<br><br>**CONFIDENTIAL INFORMATION OF GENZYME CORPORATION - SUBJECT TO PROTECTIVE ORDER**<br><br>**FILED UNDER SEAL** |

### DECLARATION OF DR. KENNETH P. KAREY

I, Dr. Kenneth P. Karey, declare as follows:

1. I am Senior Director of Therapeutic Protein Expression at Genzyme Corporation ("Genzyme"). My work includes directing the programs for development of cell lines for expression of the proteins that comprise Genzyme's therapeutic products.

# REDACTED

**TWO (2) PAGES REDACTED IN ENTIRETY**

**CONFIDENTIAL INFORMATION OF GENZYME CORPORATION
SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL**

# REDACTED

I declare under penalty of perjury that the foregoing is true and correct. Executed at

FRAMINGHAM, MA , on this 22nd day of September, 2004.

_____
KENNETH P. KAREY, Ph.D.

-4-

## MCMURRAY

09/22/2004 12:41 FAX  1 617 679 2550          BIOGEN                              ☑002/003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | No. 04-MDL-01592<br><br>This Document Relates To:<br>No. 03-CV-11329-MLW<br><br>**FILED UNDER SEAL** |

### DECLARATION OF DEBORAH McMURRAY

I, Deborah McMurray, declare as follows:

1. I am the Senior Manager of Revenue Accounting for Biogen Idec MA, Inc. ("Biogen") and am authorized to make this Declaration on its behalf. The statements made herein are based on corporate records and my own personal knowledge.

2. In 1993, Biogen (then Biogen, Inc.) entered into a non-exclusive license agreement with Columbia (the "Biogen License"). Under this agreement, Biogen paid royalties to Columbia on the original Axel cotransformation patents until their expiration. The Biogen License also requires payment of royalties on patents issuing from "any and all divisions, continuations and continuations-in-part" thereof. Biogen License § 1(c), at 2.

3. The Biogen License also requires Biogen to submit a quarterly sales report to Columbia "[w]ithin 90 days after the close of each calendar quarter" and provides that "[i]f a payment is due, such payment shall be submitted with the report." Biogen License § 4(a), at 5. The Biogen License also states that the licensee "shall be in material breach of this Agreement if it fails to make all reports or pay all fees and royalties when due." Biogen License § 5(b), at 5.

4. On March 9, 2004, Columbia sent notice to Biogen that Biogen was in material breach of its license agreement for failure to pay royalties for use of the technology claimed in the '275 patent, failure to submit the quarterly reports required under their licenses, and failure to pay all fees due under the license agreement. The notice stated that the license would terminate if these breaches were not cured within thirty days. Letter from Michael J. Cleare, Ph.D., Executive Dir., Sci. & Tech. Ventures, Columbia, to Biogen (Mar. 9, 2004).

5. Biogen has taken no steps to cure the breaches alleged by Columbia in its letter of March 9, 2004.

6. Biogen has not made royalty payments to Columbia for the '275 patent.

7. Biogen has not submitted to Columbia a quarterly report under the license agreement since sending its last royalty payment in 2002.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Cambridge, Massachusetts, on this 22nd day of September, 2004.

*Deborah McMurray*
Deborah McMurray

**PRENTICE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | No. 04-MDL-01592<br><br>This Document Relates To:<br><br>No. 03-CV-11329-MLW<br><br>**CONFIDENTIAL INFORMATION OF BIOGEN IDEC MA INC. - SUBJECT TO PROTECTIVE ORDER**<br><br>**FILED UNDER SEAL** |

**DECLARATION OF DR. HOLLY PRENTICE**

I, Dr. Holly Prentice, declare as follows:

1.  I am Principal Scientist in the Gene Expression Technology Group at Biogen Idec MA Inc. ("Biogen").

**REDACTED**

**FIVE (5) PAGES REDACTED IN ENTIRETY**

09/22/2004 15:42 FAX 1 617 679 3200

☑ 001/001

**CONFIDENTIAL INFORMATION OF BIOGEN IDEC MA INC.
SUBJECT TO PROTECTIVE ORDER - FILED UNDER SEAL**

# REDACTED

I declare under penalty of perjury that the foregoing is true and correct. Executed at Cambridge, Massachusetts on this 22nd day of September, 2004.

_____
HOLLY PRENTICE, Ph.D.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on the 22d day of September, 2004, I caused a true copy of the above document to be served upon counsel for Columbia University.

_____