UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE COLUMBIA UNIVERSITY
PATENT LITIGATION

MDL No. 04-MD-1592 (MLW)

Civil Action No. 04-10470-MLW
C.D. Cal. No. CV 02-4349 MRP (CWx)

**REPLY BRIEF IN SUPPORT OF COLUMBIA UNIVERSITY'S EMERGENCY
MOTION FOR LEAVE TO COMPLETE THE DEPOSITION OF AMGEN'S
PRINCIPAL EXPERT, BRUCE DOLNICK**

Dated: October 5, 2004

Thomas F. Maffei (BBO # 313220)
Scott McConchie (BBO # 634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Kevin S. Rosen
Amanda Tessar
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES
OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK

Columbia submits this brief response to Immunex Corporation and Amgen Inc.'s Opposition to Columbia University's Emergency Motion For Leave To Complete The Deposition Of Amgen's Principal Expert, Bruce Dolnick, and states as follows:

1) While Immunex Corporation and Amgen Inc. (collectively, "Amgen") are correct that Columbia did not request that more than one day be set aside for Dr. Dolnick's deposition, Columbia did not ever agree that it would not seek more time if necessary. While Columbia was able to conclude both Dr. Lennarz's and Dr. Kellem's depositions in a single day, it was unable to do so with Dr. Dolnick despite its best efforts. Columbia should not be penalized for not having sought leave to conduct more than a single day of Dr. Dolnick's deposition before it was absolutely necessary.

2) Columbia also should not be penalized for acceding to Dr. Dolnick's request, and Amgen's counsel's insistence, that he be permitted to read each article, word-for-word, before answering any questions about those articles. Nor does Columbia begrudge Dr. Dolnick for reading each of these articles from beginning to end while an army of lawyers watched. Rather, Columbia simply asks that it not be prejudiced for having allowed Dr. Dolnick that courtesy.

3) Dr. Dolnick was, to put it generously, a challenging witness, as any review of his transcript will readily show. *See, e.g.,* Doln. Tr., at 258:16-266:3 (avoiding responding to question regarding the scope of claim 19 of the '275 patent).

4) The notion that reverse transcription of an mRNA transcript is relevant solely to amplification is, as Amgen well knows, just plain wrong. It is relevant not just to amplification

---

The articles shown to Dr. Dolnick are important scientific articles that were cited by most, if not all, of the plaintiffs' experts in the case. For example, all four of plaintiffs' experts expressly rely in their written reports upon the Lai paper in their reports as establishing that a person of skill in the art in 1980 would have known that a CHO cell would glycosylate a foreign protein.

but to the core issue of stable incorporation. That Amgen would profess a lack of understanding of this connection is, at best, disingenuous.

5) Columbia has accommodated the plaintiffs at every turn. Without forcing plaintiffs to go to court, Columbia agreed to produce Dr. Ruddle for two days of testimony. We are now in the *third* day of Dr. Ruddle's testimony, as Dr. Ruddle gets extremely tired in the afternoons and prefers not to provide testimony after 4 p.m., when his attention and energy level flags. Rather than making an issue of it, Columbia immediately agreed to produce Dr. Ruddle for a *third* day of testimony, and if it is necessary to provide a *fourth* day so that the plaintiffs have their full fourteen hours, Columbia will do so.

## Conclusion

For the reasons set forth above, and in Columbia's principal memorandum, Columbia requests that it be allowed an additional seven hours of deposition time with Dr. Dolnick, which would take place a reasonable amount of time before Columbia's responses to summary judgment motions are due.

Respectfully submitted,

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK

By its attorneys,

/s/ Amanda Tessar
Amanda Tessar
Gibson, Dunn & Crutcher LLP

/s/ Scott McConchie
Scott McConchie
Griesinger, Tighe & Maffei, LLP

Dated: October 5, 2004