UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE COLUMBIA UNIVERSITY
PATENT LITIGATION

MDL No. 1592 (MLW)

**PLAINTIFFS WYETH AND GENETICS INSTITUTE'S SUPPLEMENTAL
SUBMISSION REGARDING PROSECUTION LACHES PURSUANT TO COURT'S
ORDER OF OCTOBER 7, 2004**

Dated:  October 12, 2004

Leora Ben-Ami
Patricia A. Carson
Kaye Scholer LLP
425 Park Avenue
New York, NY  10024
(212) 836-8000
(212) 836-8689
Attorneys for Wyeth and Genetics Institute

As required by the Court's October 7, 2004 Order, Plaintiffs Wyeth and Genetics Insitute ("Wyeth" or "Plaintiffs") submit this supplemental submission addressing any cases relevant to whether the allegation of prosecution laches changes the analysis of *Spectronics Corp. v. H.B. Fuller Corp., Inc.* 940 F.2d 631 (Fed. Cir. 1991), with respect to U.S. Patent No. 6, 455, 275 ("the '275 patent") and *GAF Building Materials Corp. v. Elk Corp. of Dallas,* 90 F.3d 470 (Fed. Cir. 1996), with respect to the '159 application.   Although Wyeth has not found any cases directly on point, Wyeth respectfully requests that the Court consider the following comments regarding the impact of prosecution laches on this case.

Wyeth's complaint filed on August 20, 2003, asserts *inter alia,* that the '275 patent is unenforceable due to Columbia's unreasonable and unexplained delays (totaling nearly twenty-two years from the filing of the priority document to the '275 patent issue date) in prosecuting the claims of the '275 patent.  An assertion of unenforceability based on prosecution laches is unique from traditional unenforceability defenses.  In certain circumstances, traditional unenforceability defenses arising from patentee's failure during patent prosecution to disclose information material to patentability may be mitigated during subsequent prosecution. *See e.g., Baxter International, Inc. v. McGaw Inc.,* 149 F. 3d 1321.   In contrast, where prosecution laches forms the basis of the unenforceability assertion, subsequent prosecution only exacerbates the situation.

Plaintiffs' assertion of prosecution laches arises from Columbia's unreasonable and unexplained delay in procuring the '275 patent.  Columbia's unreasonable delay cannot be remedied by the additional time that it will now spend pursuing the '275 reissue or the '159 continuation application.   A patentee that has unjustifiably delayed prosecution of an earlier issued patent necessarily also unjustifiably delayed prosecution of a later patent or application in

that family.  As such, a finding that the '275 patent is unenforceable by reason of prosecution laches will necessarily bar enforcement of any subsequent patents in the '275 patent family, including the '275 patent reissue and the '159 continuation.

As detailed in Wyeth's opposition to Columbia's Emergency Motion to Dismiss, Columbia has wrongfully terminated Wyeth's license.  At the same time, Columbia is openly pursuing additional broader claims through the reissue proceedings involving the '275 patent and the continued prosecution of the '159 application.  Moreover, Columbia has repeatedly stated with confidence that it will prevail on double patenting and a reissue patent will emerge from the U.S. Patent and Trademark Office proceedings.  The threat of a patent infringement suit continues to loom over Wyeth as long as Columbia continues its efforts to unjustifiably extend its patent monopoly.  A ruling from this Court holding that Columbia's '275 patent is unenforceable by reason of prosecution laches will finally put an end this travesty.  Plaintiffs therefore urge this Court to retain jurisdiction over its claim that the '275 patent is unenforceable due to prosecution laches.

_____/s/ Eric J. Marandett_____
Respectfully Submitted,
Robert S. Frank, Jr.
Eric J. Marandett
Paul D. Popeo
**CHOATE HALL & STEWART**
Exchange Place
53 State Street
Boston, MA 02109-2804
(617) 248-5000

Patricia A. Carson
Leora Ben-Ami
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022
Telephone: 212-836-8000
Facsimile: 212-836-8689
