UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation, | CIVIL ACTION NO.: 04-10740-MLW<br><br>C. D. Cal. No. CV 03-4349 MRP (CWx) |
| Plaintiffs, | Judge Mark L. Wolf |
| vs. | |
| THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

**MEMORANDUM OF PLAINTIFFS AMGEN INC. AND IMMUNEX CORPORATION IN RESPONSE TO THE COURT'S ORDER OF OCTOBER 7, 2004**

**[CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER]**

**[CONFIDENTIAL VERSION SUBMITTED FOR FILING UNDER SEAL]**

Columbia's Covenant is insufficient to warrant dismissal. Amgen demonstrated in its Opposition to Columbia's "Emergency" Motion to Dismiss and at the October 6 hearing that Columbia's Covenant must cover **claims** that are identical or substantially identical to those in the '275 patent in order to divest this Court of subject matter jurisdiction. The Covenant would need to cover such claims whether they originate in the '275 reissue or the '159 application.

10828919v4                                                                                              **Public Version**

Despite Columbia's pointed responses to the other plaintiffs' arguments, it completely ignored Amgen's argument at the hearing.

Instead, Columbia argued that the decision in *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) means that the Covenant does not need to cover the '159 patent application, because the possible claims that may issue in a patent application do not support declaratory relief. The *GAF* decision is inapplicable here. Amgen does **not** contend that the Covenant must include all of the '159 claims – no matter what their scope – or even refer to the '159 application. Amgen contends that the Covenant must include only those claims that are identical or substantially identical to the '275 claims (whether issuing from the reissue or the '159 application) in order to divest this Court of subject matter jurisdiction.

Columbia's Covenant falls short of the reassurance that was given in the cases on which Columbia relies: *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631 (Fed. Cir. 1991), *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) and *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999). And that is the precise assurance that is necessary here to moot the controversy – a declaration that Amgen has no liability by reason of any **claim** in the '275 patent or any substantially similar claim.

The Court and all parties have focused most on the *Spectronics* case, where, as here, a reissue proceeding was pending. In *Spectronics*, the assurance given by the patentee was not merely a covenant not to sue, but also a concession that "Spectronics has been absolved from all liability on all the claims of the '366 patent" and therefore "there will be no future confrontation with respect to them." *Spectronics*, at 940 F.2d 637. The court found that this was satisfactory because it protected plaintiff from any substantially identical claim that might emerge from the

reissue proceedings. In effect, plaintiff was **forever** assured that it could not "be held liable for practicing the invention claimed in the '366 patent." *Id.* at 638.[1]

Columbia's Covenant falls short of this assurance – **because it expressly excludes any identical claims that may later arise under the '159 patent application.**[2] Amgen demonstrated in its Opposition to Columbia's Motion to Dismiss that the risk of such claims issuing from the '159 application is not idle speculation:

**REDACTED**

To moot the controversy, a declaration that Amgen has no liability by reason of any **claim** in the '275 patent or any substantially similar claim is necessary, whether that claim arises in the '275 patent, in the reissue of the '275 patent or other patent issuing from an application in the same family. And the declaration can be granted without need to make any reference to the

---

[1] The covenants in *Super Sack* and *Amana* achieved substantially the same result in a different way, by covering **forever** any product currently made, and noting that there was no showing of any concrete activity toward the introduction of new products. *Super Sack*, at 57 F.3d 1059 ("Super Sack is forever estopped by its counsel's statement of nonliability"); *Amana*, at 172 F.3d 856 ("Quadlux is forever estopped from asserting liability against Amana in connection with any products that Amana advertised, manufactured, marketed, or sold before July 31, 1997, and that resolves the controversy"). Here, on the contrary, Columbia reserves the right to assert a new patent against products now made by Amgen, and the evidence of Amgen's ongoing, concrete activity and creation of new products is unrebutted.

[2] "[T]his covenant does not apply to . . . any patent that may issue from United States Patent Application No. 08/477,159." Covenant, Sept. 1, 2004, p. 1.

3

 **Public Version**

10828919v4

'159 application. This relief would have collateral estoppel effect if those claims were granted in another application, just as the covenant in *Spectronics* would have such effect as a matter of law regarding claims that might have issued from the reissue proceeding pending in that case, even though no one knew what would emerge from that reissue proceeding.[4] In *Spectronics*, it was not known what the result of the reissue proceeding would be, any more than it is now known what the result of Columbia's reissue proceeding and '159 patent application will be. But the decree sought in *Spectronics*, and mooted by the Covenant, covered the **claims** of the issued patent, wherever they may resurface. So should Columbia's Covenant here.

For the above reasons and the reasons set forth in Amgen's Opposition, Amgen requests that the Court deny Columbia's "Emergency Motion to Dismiss for Lack of Subject Matter Jurisdiction."

*Eileen M. Herlihy* /KK
Eileen M. Herlihy (BBO #231410)
PALMER & DODGE LLP
111 Huntington Ave. at Prudential Center
Boston, MA 02199-7613
Telephone: (617) 239-0100
Facsimile: (617) 227-4400

Kirke M. Hasson
PILLSBURY WINTHROP LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for IMMUNEX CORPORATION
AND AMGEN INC.

---

[4] "The letter dated September 10, 2004 ("September 10 Letter) was not a modification of the Covenant in stating that 'The Covenant applies to any claim of any reissued or reexamined version of the '275 patent that is the same as, or substantially identical to, a claim of the '275 patent as it currently reads.' The quoted statement is simply the legal consequence of the Covenant, as explained in *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631 (Fed. Cir. 1991), and *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852 (Fed. Cir. 1999)." Letter, Gindler to Counsel, Sept. 17, 2004, in Exh. A to Amgen's Opposition memorandum filed Sept. 22, 2004, at paragraph 5(a).

# Exhibit A

Confidential – Filed Under Seal