

```
                                                         Priority  ✓
                                                         Send      —
                                                         Enter     —
                                                         Closed    ___
                                                         JS-5/JS-6 ___
                                                         JS-2/JS-3 ___
                                                         Scan Only ___
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Immunex Corp. and Amgen, Inc. ) | CASE No. CV 03-4349 MRP |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OF DECISION** RE: Motion to Dismiss Plaintiffs' |
| The Trustees of Columbia University ) | Seventh Claim for Relief, or in the Alternative, Motion for |
| Defendant. ) | A More Definite Statement |

   On December 29, 2003, Defendant Trustees of Columbia Univeristy ("Columbia") filed a Motion to Dismiss Plaintiffs' Seventh Claim for Relief, or in the Alternative, Motion for a More Definite Statement. On January 23, 2004, the Court heard oral argument and took the matter under submission.

### BACKGROUND

   Columbia is the assignee of U.S. Patent 6,455,275 (the "'275 patent") which is useful in the production of biotech drugs. Two alleged licensees of that patent, Immunex. Corp. ("Immunex") and Amgen, Inc. ("Amgen") seek declaratory judgment that they owe no royalties and have no contractual obligations to Columbia. They also

seek a declaration that the '275 patent is invalid, unenforceable, and not infringed.

Columbia's Motion seeks only the dismissal or clarification of the Seventh Claim for Relief, not of the entire Complaint. The Seventh Claim for Relief has previously been at issue before this Court.

## I. Original Seventh Claim for Relief

In November 2003, this Court dismissed the Seventh Claim for Relief as it appeared in the First Amended Complaint. This claim was entitled "Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Columbia's Breach of Contract." It began with a paragraph incorporating all of the preceding paragraphs and then continued as follows:

> 89. Columbia's actions as described above constitute a material breach of its contractual obligations to refrain from unreasonable royalties and repressive practices, in derogation of Plaintiffs' rights under the License Agreement.
>
> 90. Plaintiffs further seek a declaration that, as a result of Columbia's breach of those contractual obligations, Columbia is estopped from enforcing and may not enforce against Plaintiffs the '275 patent.

(First Amended Complaint for Declaratory and Injunction Relief re: Contract Rights, Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 6,455,275 (filed September 24, 2003) ("FAC")). The claim concluded by requesting several forms of relief.

Columbia successfully moved this Court to dismiss the Plaintiffs' Seventh Claim for Relief on the basis that estoppel was not a remedy for breach of contract, and thus that the Seventh Claim advanced an unrecognized legal theory. (Memorandum of Decision Re: Motion to

Dismiss Plaintiffs' Seventh Claim for Relief (November 21, 2003) ("Memorandum of Decision")). This Court accepted the argument that estoppel was not a remedy for breach of contract and dismissed ¶90 with prejudice. (Memorandum of Decision, 4-7).

The remainder of the Seventh Claim for Relief was dismissed without prejudice. (Memorandum of Decision, 7-10). This Court determined that "the unavailability of estoppel as a remedy does not defeat Plaintiffs' claim for declaratory judgment that Columbia breached its contracts with the Plaintiffs." (*Id.* at 8). In its Memorandum of Decision, this Court noted that the Plaintiffs had not had an opportunity to argue that they had pled breach of contract because Columbia assumed *arguendo* in its motion that Columbia had breached its contractual obligations. (*Id.* at 9). Thus, although this Court found that the Plaintiffs had not sufficiently alleged the harm element necessary to a breach of contract action, it allowed the Plaintiffs an opportunity to amend their Complaint to develop this breach of contract claim. (*Id.* at 7-10).[1]

---

[1] This Court's decision warned:
> In permitting this amendment, however, the Court cautions the Plaintiffs that it will not entertain a claim that is duplicative of those asserted elsewhere in the Complaint. That being said, the Court recognizes that Plaintiffs' other claims seek declarations that the Plaintiffs have no contractual obligations. It does not necessarily follow that Columbia had no contractual obligations. If the Plaintiffs can assert that Columbia had contractual obligations that it breached they may be able to assert a non-duplicative claim, assuming that the other elements of a breach of contract claim are adequately pled.

(Memorandum of Decision 10).

## II. Seventh Claim for Relief in the Second Amended Complaint

In response to this Court's Memorandum of Decision, the Plaintiffs filed a Second Amended Complaint. (Second Amended Complaint for Declaratory and Injunctive Relief Re: Contract Rights, Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 6,455,275 (filed Dec. 10, 2003)("SAC")). The Seventh Claim for Relief now has a new title: "Declaratory Judgment that Amgen and Immunex Have No Contractual Royalty Obligations Based on Columbia's Failure to Perform Condition." (SAC, ¶88-93). The first and final paragraphs of this Claim are unchanged – they incorporate the preceding paragraph and ask for judgment. The intervening paragraphs, however, are drastically different. They read:

> 89. Columbia's contractual obligation to refrain from repressive practices, in derogation of Plaintiffs' rights under the License Agreement, was a condition to the obligations of Plaintiffs.
>
> 90. By Columbia's acts and omissions as alleged above, Columbia engaged in repressive practices, thus failing to fulfill this condition.
>
> 91. An actual controversy has arisen and now exists between Plaintiffs, on one hand, and Columbia, on the other hand, concerning whether, as Columbia contends, Plaintiffs are required to pay additional royalties or whether, as Plaintiffs contend, their obligation to pay additional royalties is excused by reason of Columbia's failure to refrain from repressive practices.
>
> 92. Plaintiffs therefore desire a judicial determination and declaration of the parties' respective rights and duties with respect to Columbia's obligation to refrain from repressive practices, including a declaration that, apart from the requirements of the federal patent laws, Columbia engaged in repressive practices, within the meaning of the License Agreement, as a result of which payment of the royalties claimed by Columbia is excused, and that Columbia cannot use the failure of Plaintiffs to make those payments as a ground to terminate the License Agreement. A

4

> judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties under the License Agreement.

(SAC, ¶89-92). These paragraphs are the focus of the motion at issue here.

## LEGAL STANDARDS

### I. Motion to Dismiss

Columbia moves for an order dismissing this action pursuant to FRCP Rule 12(b)(6). This Rule allows defenses based on "failure to state a claim upon which relief can be granted." This Court should look to Ninth Circuit law to determine the standard for a Rule 12(b)(6) motion. (*Polymer Indus. Prods. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937 (October 20, 2003) ("Application of Rule 12(b)6) is a procedural question not pertaining to patent law. Therefore this court applies the rule of the regional circuit . . .")). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all material allegations in the Complaint and reasonable inferences from the alleged facts. (*Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)). Thus, the sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. (*Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

### II. Motion for a More Definite Statement

Columbia moves in the alternative for a more definite statement pursuant to FRCP 12(e). Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that party

|   |   |
|---|---|
| 1 | cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. |
| 2 | |
| 3 | |
| 4 | (FRCP 12(e)). |
| 5 | **ANALYSIS** |
| 6 | **I. Motion to Dismiss** |
| 7 | Having reviewed the submitted documents and heard oral argument |
| 8 | on this matter, this Court finds that the Plaintiffs' have stated a |
| 9 | claim upon which relief could be granted. The motion to dismiss is |
| 10 | therefore **DENIED**. In allowing this claim to remain in the case, |
| 11 | however, this Court cautions the Plaintiffs that stating a claim is a |
| 12 | far cry from being able to prove one. Although this Court will remain |
| 13 | open to further evidence and argument, review thus far suggests that |
| 14 | Plaintiffs' Seventh Claim is unlikely to survive a dispositive motion. |
| 15 | |
| 16 | **A. Limitations on Leave to Amend** |
| 17 | Contrary to Columbia's assertions, this Court's prior decision |
| 18 | does not limit the Plaintiffs' ability to amend their Seventh Claim as |
| 19 | they did in the Second Amended Complaint. |
| 20 | 1. <u>Breach of Contract</u> |
| 21 | With the exception of ¶90, this Court dismissed the Seventh Claim |
| 22 | for Relief without prejudice. (Memorandum of Decision, 7-10). This |
| 23 | Court's decision suggested the elements that would be necessary to |
| 24 | plead a breach of contract claim because this is what it appeared that |
| 25 | the Plaintiffs were trying to assert. (FAC, ¶88-91 (asserting a claim |
| 26 | of "Declaratory Judgment that Amgen and Immunex have No Contractual |
| 27 | Royalty Obligations Based on Columbia's Breach of Contract")). |
| 28 | |

1  If Plaintiffs wanted to make a claim that Columbia failed to
2  satisfy a condition, rather than a claim that Columbia breached a
3  contract, this Court would have preferred that the Plaintiffs make
4  that claim at the outset of this litigation. However, this Court did
5  not specifically limit the Plaintiffs' amendment to a breach of
6  contract claim. The Federal Rules also require this Court to grant
7  liberal leave to amend. (FRCP 15(a) (requiring that leave to amend "be
8  freely given when justice so requires."). Therefore, neither this
9  Court's Memorandum of Decision nor the Federal Rules restrict the
10 Plaintiffs from asserting their new Seventh Claim for Relief as long
11 as they have pled a cognizable claim.[2]

    2. <u>Duplicative Claims</u>

13 Although the Plaintiffs' new Seventh Claim claim mirrors other
14 claims in requesting a declaration that Plaintiffs owe no royalties,
15 it bases this request on a different legal theory. In its admonition
16 in its Memorandum of Decision, this Court was seeking to prevent
17 repetitive assertions of the same theories that other claims assert as
18 bases for relief. Here, the theory purportedly justifying relief is
19 unique; it does not matter that the requested relief is similar. This
20 Court does not consider Plaintiffs' new Seventh Claim to be
21 duplicative of other claims.

**B. Substantive Issues with Plaintiffs' Seventh Claim**

The license agreements between Columbia and the Plaintiffs read:

> All rights granted by Columbia under this
> Agreement are subject to any rights required to be
> granted to the Government of the United States of

---

[2] This Court assumes that the Plaintiffs have now asserted all of the claims they intend to assert. Further leave to amend will not be granted.

7

America, including without limitation any rights reserved or obligations imposed by the Government pursuant to . . . the determination letter to Columbia from the Department of Health and Human Services dated February 24, 1981 . . .

(SAC, Ex. E ¶2(b) ("Amgen License"); SAC, Ex. F ¶2(b) ("Immunex License"). The determination letter referenced in this agreement requires that "[a]ny license granted by the University under the U.S. patent application shall include adequate safeguards against unreasonable royalties and repressive practices." (Amgen License, ¶39).

The Plaintiffs' Seventh Claim for Relief argues that this "repressive practices" language, which is incorporated into the license agreement, is a condition of the Plaintiffs' performance. (SAC, ¶89). They claim that Columbia's acts and omissions constituted repressive practices, and thus that Columbia failed to satisfy a condition of the Plaintiffs' performance. (SAC, ¶90). Plaintiffs ask this Court to declare that Columbia engaged in repressive practices within the meaning of the License Agreements and that the Plaintiffs were therefore excused from paying royalties. (SAC, ¶92).

Columbia raises two substantive objections to the Plaintiffs' new Seventh Claim for Relief: 1) that the language in the license agreements does not create a condition and 2) that Columbia's requested relief is not available as a matter of law.[3] Although

---

[3] This second ground for dismissal was first raised in Columbia's Reply. (Compare Motion 4-6 (arguing that the contract contained no conditions) with Reply 3-9 (arguing that the Plaintiffs' requested relief is unavailable as a matter of law)). This Court appreciates the development of issues made possible when all arguments are presented in the opening memorandum and asks that both parties refrain in the future from reserving for the Reply arguments that could be made in a Motion.

8

absence of conditional language may support a motion for summary judgment, neither of these objections justifies dismissing the Plaintiffs' Seventh Claim.

### 1. Condition in License Agreements

Columbia argues that Columbia's alleged obligation to refrain from repressive practices is not a condition of the parties' contracts. (Motion, 4-7). This argument is not appropriate for resolution in a motion to dismiss. At this stage in the litigation this Court is only considering whether the Seventh Claim states a claim upon which relief could possibly be granted.

This Court understands and agrees with Columbia's contention that this Court may consider documents attached to the Complaint. However, these documents support an argument that the Plaintiffs' Seventh Claim for relief is meritless, not the argument that the Seventh Claim does not state a claim for which relief could be granted. Although it may be true that the Seventh Claim has no merit, this Court will not interpret the contract language and make that determination in deciding a Motion to Dismiss. At some later point in this litigation this Court may engage in contract interpretation and determine that the language on which Plaintiffs rely does not create a condition, but this is not the appropriate stage for that determination.

### 2. Availability of Requested Relief

Columbia takes issue with the section of the Seventh Claim that asks this Court for declarations that Columbia engaged in repressive practices "as a result of which payment of the royalties claimed by Columbia is excused, and that Columbia cannot use the failure of Plaintiffs to make those payments as a ground to terminate the License

Agreement." (SAC, ¶92). Columbia misunderstands this paragraph to say that Plaintiffs would receive an excuse from payment and a right to use the technology for which payment is being excused. This is not a reasonable reading of ¶92. The Plaintiffs' claim asks that this Court declare that Columbia's failure to satisfy a condition excuses Plaintiffs' performance and that Plaintiffs failure to make the payments that this Court ultimately excuses (if Plaintiffs prove this claim) cannot give Columbia grounds to terminate the remainder of the license agreement, which covers patents beyond those at issue here. (Amgen License, ¶1(b); Immunex License ¶1(c)). This relief does not appear to be beyond the scope of what is legally permissible and its inclusion in the Seventh Claim does not justify dismissing the claim.

## IV. Motion for a More Definite Statement

A Motion for a More Definite Statement is appropriate where a pleading is "so vague or ambiguous that party cannot reasonably be required to frame a responsive pleading." FRCP 12(e). Columbia argues that it needs a more definite statement of what the Plaintiffs mean when they argue that Columbia engaged in repressive practices. The first 58 paragraphs of the Second Amended Complaint establish the facts on which Plaintiffs' Complaint is based, and paragraph 58 specifically details the Plaintiffs' complaints about Columbia's demand for royalties and fees. Columbia should be able to draw enough information from these paragraphs to form a responsive pleading.

Columbia argues that it is confused by the Plaintiffs' desire for a declaration that "apart from the requirements of the federal patent laws, Columbia engaged in repressive practices." This Court's reading of this statement is not that the repressive practices could not also

be a violation of the patent laws. Instead, the Plaintiffs claim that by engaging in the acts of which the Plaintiffs complain Columbia violated the repressive practices provision in the license agreements, in addition to and apart from any violation of the patent laws that those same acts may have constituted. Although this thought could have been more artfully communicated, it is sufficiently clear that this Court is confident that Columbia will be able to frame a responsive pleading. The Motion for a More Definite Statement is therefore **DENIED**.

## CONCLUSION

It is not without hesitation that this Court is allowing the Plaintiffs' Seventh Claim for Relief to remain in this case. The Motion to Dismiss is denied because, utilizing creativity and imagination, there conceivably could be a scenario whereby Plaintiffs could show that their license agreements contained a condition and this condition was unsatisfied, thereby excusing reciprocal performance and justifying declaratory relief.

At this stage it appears highly unlikely that this scenario will be supported by the facts. It is unlikely that the language the Plaintiffs reference actually creates a condition. Even if it did, this Court's experience suggests that the "repressive practices" language is a reference to anti-competitive activities, not to the kinds of inequitable conduct and patent misuse claims Plaintiffs' counsel offered as examples repressive practices. Nevertheless, although this Court suspects that upon a proper motion on a more developed record the Seventh Claim will be defeated, the Court will allow the Plaintiffs to attempt to make their case.

```
1  IT IS SO ORDERED
2
3  DATED: January 27, 2004        /s/ Mariana R. Pfaelzer
                                   Honorable Mariana R. Pfaelzer
4                                  United States District Judge
```

Fr<br>
Name:     United States District Court<br>
            312 North Spring Street<br>
            Los Angeles, CA 90012<br>
Voice Phone: (213) 894-5474

To:<br>
Name: Wayne Barsky<br>
Company:<br>
            2029 Century Park E, Ste 4000,<br>
City/State: Los Angeles, CA 90067-3026<br>
Fax Number: 310-551-8741

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



## Automated Document Delivery Service

*Notice pursuant to Rule 77(d) FRCiv.P*

*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

Case 2:03-CV-04349 : IMMUNEX CORP V. TRUSTEES OF COLUM

Switch to e-mail delivery and get these documents sooner!<br>
To switch, complete and submit<br>
Optical Scanning Enrollment / Update form G-76.<br>
Call 213-894-5474 for help and free technical support.

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:      Thursday, January 29, 2004 1:37:48 PM<br>
Number of pages including this cover sheet: 13