# EXHIBIT A

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


BIOGEN, INC., ET AL            )  CA 03-11329
                               )  Boston, MA
v.                             )  June 22, 2004
                               )
COLUMBIA UNIVERSITY, ET AL     )


BEFORE THE HONORABLE MARK L. WOLF
UNITED STATES DISTRICT JUDGE


APPEARANCES:


(As previously noted.)


JUDITH A. TWOMEY, RPR
Official Court Reporter
One Courthouse Way
Courtroom 10~Room 5200
Boston, MA 02210
(617)946-2577

194

1     tape.

2            THE COURT:  But Biogen has already paid for it

3     once.  First, they did it with power point, and I had a

4     book, and so I had each slide and I could write on it.

5     And then they had something that was animated the second

6     time.  But it exists, and it's the same technology,

7     right?  I mean, it's the same process.

8            All right, we need to build in a date for the

9     tutorial, which should be after November 1, right?  But

10    not too far after it.  How about the 5th.  Is that okay?

11           MS. BEN-AMI:  On your calendar, I just wanted to

12    remind your Honor that I am at trial during the time

13    period --

14           THE COURT:  But you've got to do the following.

15    You've, first of all, got to get somebody else with you.

16    I hope some of those 40 people were with you.

17           MS. BEN-AMI:  I have one.

18           THE COURT:  Get two more.  And that's one.  And

19    you all think you're going to win on summary judgment.

20           MS. BEN-AMI:  I agree with that.

21           THE COURT:  We'll cross that bridge when we come

22    to it.

23           MR. GINDLER:  There's one other date I think we

24    should set now, which is a last day by which pleadings

25    should be amended, because we have counterclaims that we

1        would like to assert, both breach of contract, which will

2        live no matter what, and infringement, but won't be done

3        now, but I think we should at least --

4                THE COURT:  Why?

5                MR. GINDLER:  Because I think that it's only

6        fair to just close the pleadings and to put our claims on

7        the table, and the infringement claims could be

8        terminated if we lose on double patenting.  The breach of

9        contract claims will not, though, because those simply

10       applied during the period before anyone sued.  And so

11       those will be royalty claims.

12               We're not proposing to do anything with the

13       claims.  We just think they should be on the table.

14               THE COURT:  You have so much to do.  Why do

15       that?  I don't know.  What do you think?  Maybe I'm

16       missing something.

17               MR. WARE:  Your Honor, at least in the case of

18       Biogen and Genzyme, there is a stand-still agreement that

19       infringement claims won't be asserted.  So it's obviously

20       not germane to our case.  I don't really see why it's

21       necessary.

22               With respect to contract counterclaims, I think

23       we would want the opportunity to oppose the time to add

24       such claims into the case at this point, which come a

25       year after we sought an declaration of -- that no

1    royalties were owed.  So we would certainly at least want

2    the opportunity to oppose adding such claims into the

3    case at this point.  But I don't see why it's necessary.

4              THE COURT:  You'd claim they're futile or

5    something?

6              MR. WARE:  No, I'd claim there are no admitted

7    counterclaims.  We specifically asserted that we did not

8    owe royalties.

9              MR. GINDLER:  We tried to keep activity down to

10    a low buzz before we got before a single court.  It took

11    us a long time to get here.  We started this process in

12    October of last year, with opposition by every plaintiff,

13    and we finally got to one court.  That's good.  So we

14    want to be as in a position so that if, for example, the

15    court were to rule against us on double patenting, okay,

16    that takes a lot out of the case.  What's left?  Well, we

17    should know what's left.  And so  --

18              THE COURT:  Frankly, if I rule against you or

19    the jury finds against you on double patenting, I hope

20    you're all going to sit down in a businesslike way and

21    see if you can work it out.  That's the purpose of all of

22    this.

23              MR. GINDLER:  But I do think it makes sense to

24    just put those on the pleadings.

25              THE COURT:  Why not put them on the pleadings in

197

1      the beginning of January?

2              MR. GINDLER:  We could do it then.

3              THE COURT:  I'm trying to get you off for the

4      4th of July.

5              MR. GINDLER:  You succeeded.

6              THE COURT:  Did Mr. Barsky show your wife the

7      transcript?  Some other judge will probably foul it up.

8              MR. BARSKY:  I'd point out that there are some

9      counterclaims, contract counterclaims in the consolidated

10     cases already.  For example, the case I'm counsel on,

11     Amgen.  There are those counterclaims already.

12             THE COURT:  I'm really just trying to get this

13     focused.  And maybe I've miscalculated.  But I just think

14     this is -- you know, the validity of this patent is very

15     important to all of you, and Mr. Goldberger was telling

16     me Malcolm Baldridge, Secretary of Commerce, has

17     subsequently said, you know, he could manage adversity,

18     he couldn't manage uncertainty.  And your clients can

19     manage adversity, but this is really important, I think,

20     and these products are very important.  They're not

21     widgets.  They're very important to human health.

22             MR. GINDLER:  If you prefer to have the date in

23     January, it's okay with us.

24             THE COURT:  Yeah.  Just try to keep our eye on

25     this ball and, you know, they think they've got a great

201

CERTIFICATE


I, JUDITH A. TWOMEY, RPR, Official Court

Reporter for the United States District Court, District

of Massachusetts, do hereby certify that the foregoing

transcript, pages 1 through 200 inclusive, was taken by

me stenographically and thereafter by me reduced to

transcription and is a true record of the proceedings in

the above-entitled matter to the best of my ability.


                        JUDITH A. TWOMEY, RPR
                        Official Court Reporter