# EXHIBIT B

**BEFORE THE**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE COLUMBIA UNIVERSITY      )      MDL Docket No. _____
PATENT LITIGATION              )

## COLUMBIA UNIVERSITY'S BRIEF IN SUPPORT OF

## MOTION TO TRANSFER UNDER 28 U.S.C. § 1407

TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................1

II. FACTUAL BACKGROUND ....................................................................................2

III. ARGUMENT .............................................................................................................4

    A. The Lawsuits Involve Common Questions Of Fact.......................................5

    B. Transferring The Lawsuits Will Best Serve The Convenience Of The Parties And Witnesses....................................................................................6

    C. Transferring The Lawsuits Would Promote The Just And Efficient Conduct Of These Actions.............................................................................8

    D. The Northern District Of California Is The Most Appropriate Transferee District ..........................................................................................9

        1. Transfer Is Appropriate To The District Where The Most Advanced Action Is Pending ..........................................................9

        2. The Northern District Of California's Patent Local Rules Will Facilitate Efficient Administration Of The Lawsuits........................11

IV. CONCLUSION........................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re America Online, Inc., Community Leaders Litigation,*
   198 F. Supp. 2d 1381 (J.P.M.L. 2002)..................................................9

*In re Busiprone Patent Litigation,*
   176 F. Supp. 2d 1374 (J.P.M.L. 2001)..................................................10

*In re Capital Underwriters, Inc. Securities Litigation,*
   464 F. Supp. 955 (J.P.M.L. 1979).........................................................9

*In re Cygnus Telecommunications Technology, LLC, Patent Litigation,*
   177 F. Supp. 2d 1375 (J.P.M.L. 2001)..................................................6

*In re FMC Corp. Patent Litigation,*
   422 F. Supp. 1163 (J.P.M.L. 1976)....................................................5, 8

*In re IBP Confidential Business Documents Litigation,*
   491 F. Supp. 1359 (J.P.M.L. 1980)......................................................10

*In re Laughlin Products, Inc., Patent Litigation,*
   240 F. Supp. 2d 1358 (J.P.M.L. 2003)..................................................8

*In re Mailblocks, Inc., Patent Litigation,*
   279 F. Supp. 2d 1379 (J.P.M.L. 2003)...............................................8, 9

*In re Mirtazapine Patent Litigation,*
   199 F. Supp. 2d 1380 (J.P.M.L. 2002)..................................................5

*In re MLR, LLC, Patent Litigation,*
   269 F. Supp. 2d 1380 (J.P.M.L. 2003)...........................................6, 7, 8

*In re Mosaid Technologies, Inc., Patent Litigation,*
   No. MDL-1540, 2003 WL 22171927 (J.P.M.L. Sept. 15, 2003)..............7

*In re Phonometrics, Inc., Electronic Long Distance Call Cost Computer And Recorder Patent Litigation,*
   No. 1141, 1997 WL 83673 (J.P.M.L. Feb. 19, 1997)...............................6

*In re Piper Aircraft Distribution System Antitrust Litigation,*
   405 F. Supp. 1402 (J.P.M.L. 1975)........................................................9

*In re Sundstrand Data Control, Inc. Patent Litigation,*
   443 F. Supp. 1019 (J.P.M.L. 1978).......................................................5

Page(s)

*Precision Shooting Equipment, Inc. v. High Country Archery,*
   1 F. Supp. 2d 1041 (D. Ariz. 1998) ............................................................................. 11

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................. 4

28 U.S.C. § 1407 ............................................................................................................... passim

28 U.S.C. § 1407(a) .................................................................................................................. 4

**Other Authorities**

17 James W. Moore et al., *Moore's Federal Practice* (3d ed. 2003) ........................................ 7

I.  **PRELIMINARY STATEMENT**

There are currently seven lawsuits in four districts spanning three states, all of which involve substantially similar issues concerning the validity and enforceability of a patent that was issued in September 2002 to The Trustees of Columbia University in the City of New York ("Columbia"). Six of these actions were filed by pharmaceutical companies that have licensed this patent from Columbia; the remaining action was filed by Columbia against two other pharmaceutical companies that have also licensed this patent. The allegations in each of the lawsuits are fundamentally the same. Each action seeks declaratory relief concerning the validity and enforceability of this same licensed patent. Each action involves essentially the same legal theories concerning the validity and enforceability of this same licensed patent. Each action seeks a declaration from the court as to whether the licensees are obligated to pay royalties to Columbia based upon this same licensed patent.

These seven related actions should be transferred to and consolidated within a single district for all pretrial proceedings pursuant to 28 U.S.C. § 1407. Allowing these seven actions to proceed in four different forums would create the untenable risk of inconsistent rulings on pretrial matters such as claim construction issues, discovery disputes, and potential summary judgment motions on the ultimate questions of validity and enforceability of the very same patent. Moreover, absent pretrial consolidation in a single forum, the same witnesses—most of whom are third parties—will be required to provide the same deposition testimony on multiple occasions.

Of the four districts in which these seven actions are pending, the Northern District of California is the most appropriate transferee forum. The first of the lawsuits was instituted there and that action has progressed further than any of the others. The parties have already conducted their Rule 26 meeting, the court has held a case management conference, and both sides have served written discovery requests and responded to them. In contrast, there has been no Rule 26 meeting or case management conference in any other action. Indeed, no responsive pleading has been filed in three of the other actions. In addition, unlike any of the other forums, the Northern

- 1 -

District of California employs a set of Patent Local Rules specially designed to increase efficiency in patent cases. Accordingly, given the near identity of the factual and legal theories alleged in these actions, transferring all of the lawsuits to the Northern District of California for consolidated pretrial proceedings will serve the interests of all parties and witnesses while furthering judicial economy and avoiding the risk of inconsistent rulings on pretrial issues.

## II.  FACTUAL BACKGROUND

There are currently seven lawsuits alleging claims for declaratory relief concerning the validity and enforceability of U.S. Patent No. 6,455,275 (the "'275 Patent"), which was issued to Columbia on September 24, 2002. All of the lawsuits are between Columbia and various pharmaceutical companies that entered into long-term agreements pursuant to which they licensed certain patent rights from Columbia, including the '275 Patent, in exchange for the payment of royalties. The central issue in each lawsuit is whether the '275 Patent is valid and enforceable. Each lawsuit involves challenges to the validity and enforceability of the '275 Patent on essentially the same three grounds: double patenting, prosecution laches, and inequitable conduct. A couple of the lawsuits allege additional grounds for challenging the validity and enforceability of the '275 Patent, such as patent misuse. Each lawsuit also asks for a declaration as to whether the licensees must pay royalties to Columbia based upon this same patent.

The first action was filed by Genentech, Inc. in the Northern District of California on April 15, 2003, and was assigned to The Honorable Vaughn R. Walker (Case No. C 03-1603-VRW). (Ex. 1.)[1] Columbia filed its answer on July 14, 2003, and the parties held their Rule 26 meeting on September 12, 2003. (Gindler Declaration at 2.) Judge Walker conducted a case management conference on October 7, 2003, at which he was informed about the other related cases and Columbia's desire to transfer those cases to the Northern District of California. (Id.) The parties made their initial disclosures under Rule 26 on October 17, 2003, and have

---

[1] The accompanying Declaration of David I. Gindler contains the exhibits cited in this Memorandum. Page numbers refer to those in the right-hand corner of the exhibit.

commenced and responded to discovery. (Ex. 12.) Columbia has served a set of document requests and interrogatories; Genentech has served a set of document requests, a set of requests for admissions, and two sets of interrogatories. (Gindler Declaration at 2.)

In the six other actions, no Rule 26 meeting has been held and no case management conference has been conducted. (*Id.*) No discovery has been served in five of these cases; certain limited written discovery was served on November 24, 2003, in one of the six cases, pursuant to an agreement between the parties. (*Id.*) These six actions are as follows (in the order in which they were filed):

- *Immunex Corp. and Amgen Inc. v. Columbia University*, filed on June 18, 2003, Central District of California Case No. CV 03-4349 MRP (CWx), assigned to The Honorable Mariana R. Pfaelzer. (Ex. 2.)

- *Biogen, Inc., Genzyme Corp., and Abbott Bioresearch Center, Inc. v. Columbia University*, filed on July 15, 2003, District of Massachusetts Case No. 03-CV-11329 MLW, assigned to The Honorable Mark L. Wolf. (Ex. 3.)

- *Wyeth and Genetics Institute LLC v. Columbia University*, filed on August 20, 2003 District of Massachusetts Case No. 03-CV-11570 MLW, assigned to The Honorable Mark L. Wolf. (Ex. 4.)

- *Columbia University v. Johnson & Johnson and Ares Trading S.A.*, filed on October 31, 2003, Northern District of California Case No. C 03-4875-JL, assigned to The Honorable Maxine Chesney. (Ex. 5.)

- *Johnson & Johnson v. Columbia University*, filed on November 6, 2003, Southern District of New York Case No. 03-CV-8811, assigned to The Honorable Barbara Jones. (Ex. 6.)

- *Baxter Healthcare Corp. v. Columbia University*, filed on November 12, 2003, District of Massachusetts Case No. 03-CV-12221-MLW, assigned to The Honorable Mark L. Wolf. (Ex. 7.)

No responsive pleading has been filed in the two Johnson & Johnson cases or in the Baxter case. (Gindler Declaration at 2.) Columbia has answered the complaints in each of the other actions.

Columbia's initial plan was to move to transfer all of the pending actions to the Northern District of California under 28 U.S.C. § 1404(a), where they could be consolidated for all purposes, including trial. Columbia recently learned, however, that it will not be possible to transfer all of the pending actions to that district pursuant to § 1404(a). On November 13, 2003, Judge Pfaelzer denied Columbia's motion under § 1404(a) to transfer the Immunex case from the Central District to the Northern District of California. (Ex. 8.) Although Judge Pfaelzer's minute order does not articulate the specific basis for her ruling, the plaintiffs' leading argument was that § 1404(a) permits transfer only where an action initially "might have been brought" in the transferee district and that the plaintiffs could not have filed their action in the Northern District of California because venue would not have been proper. Columbia's motions to transfer other related cases under § 1404(a) are still pending. Given the inability to transfer all pending actions to a single forum for all purposes, Columbia has filed this motion requesting that the Panel transfer these related actions under § 1407 to the Northern District of California for consolidated pretrial proceedings.

### III. ARGUMENT

Section 1407 permits transfer and consolidation of multiple actions pending in different districts where (1) they involve "one or more common questions of fact," and where transfer will (2) serve "the convenience of parties and witnesses," and (3) "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Given that each of these lawsuits seeks a declaration of invalidity and unenforceability of *the same patent on essentially the same grounds*, transfer under § 1407 is the only available means of addressing the identical factual and legal issues in these actions while conserving judicial resources and minimizing duplicative effort by the parties, the witnesses, and the courts. As discussed below, all of the factors recited in § 1407 strongly support transfer.

- 4 -

### A.  The Lawsuits Involve Common Questions Of Fact

The existence of common questions of fact among the seven lawsuits, a threshold requirement for transfer under § 1407, is evident on the face of the complaints. The complaints in the six actions filed against Columbia seek a declaratory judgment that the '275 Patent is invalid and unenforceable on nearly identical grounds. First, each complaint alleges that the '275 Patent is invalid and unenforceable for "double patenting."[2] Second, each complaint alleges that the '275 Patent is invalid and unenforceable because of "prosecution laches."[3] Third, each complaint alleges that the '275 Patent is invalid and unenforceable on the basis of "inequitable conduct."[4] Each complaint also seeks a declaration that no royalties are owed to Columbia because of the alleged invalidity and unenforceability of the '275 Patent.[5] The seventh action—a lawsuit filed by Columbia against two licensees—is simply a mirror image of the other six, requesting a declaration that the '275 Patent is valid and enforceable and that the licensees owe royalties to Columbia based on this patent.[6]

The Panel has long recognized that where multi-forum litigation "involves common factual questions regarding the validity of . . . patents, . . . transfer is therefore necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings and otherwise conserve time and effort for the parties, the witnesses and the judiciary." *In re Sundstrand Data Control, Inc. Patent Litigation*, 443 F. Supp. 1019, 1020 (J.P.M.L. 1978); *see also In re FMC Corp. Patent Litigation*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976) (same). Indeed, the Panel has applied this precise reasoning on numerous occasions in granting transfer under § 1407 when faced with several lawsuits on the same patent or patents. *See In re Mirtazapine Patent Litigation*, 199 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) (granting transfer where "[a]ll actions

---

[2] Ex. 1 at 8, Ex. 2 at 35-36, Ex. 3 at 56, Ex. 4 at 77, Ex. 6 at 112, Ex. 7 at 136.
[3] Ex. 1 at 9, Ex. 2 at 38, Ex. 3 at 56-57, Ex. 4 at 77-78, Ex. 6 at 112-13, Ex. 7 at 137.
[4] Ex. 1 at 13, Ex. 2 at 36-37, Ex. 3 at 57-65, Ex. 4 at 78-79, Ex. 6 at 113, Ex. 7 at 137.
[5] Ex. 1 at 13-14, Ex. 2 at 34-35, Ex. 3 at 56, Ex. 4 at 86-87, Ex. 6 at 121-22, Ex. 7 at 135.
[6] Ex. 5 at 98-99.

concern the validity and alleged infringement of Patent No. 5,977,099" and thus "the six actions in this litigation involve common questions of fact"); *In re Cygnus Telecommunications Technology, LLC, Patent Litigation*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (granting transfer where "the same complex patent" was at issue in each action and thus "[a]ll actions . . . could be expected to share factual and legal questions"); *In re Phonometrics, Inc., Electronic Long Distance Call Cost Computer And Recorder Patent Litigation*, No. 1141, 1997 WL 83673, at *1 (J.P.M.L. Feb. 19, 1997) (granting transfer where each of the actions involved "the same Phonometrics patent" and thus "common questions of fact").

Even where there are individual facts or issues unique to one or more of the actions, the Panel has granted transfer for multidistrict litigation because the common questions of fact warrant coordinated treatment. For example, in *In re MLR, LLC, Patent Litigation*, 269 F. Supp. 2d 1380 (J.P.M.L. 2003), the Panel granted transfer under § 1407 even though certain of the related actions on the same complex patents presented unique infringement and damage issues. The Panel "point[ed] out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *Id.* at 1381. Accordingly, transfer pursuant to § 1407 still remains the most appropriate means of addressing the common core of the lawsuits, even though some of the actions raise additional grounds for challenging the validity and enforceability of the '275 Patent.

**B. Transferring The Lawsuits Will Best Serve The Convenience Of The Parties And Witnesses**

It is difficult to conceive of a situation that would be *less* convenient for the parties and witnesses than the simultaneous progression of seven lawsuits on the same patent in four different districts located in three different states. All seven cases will involve the same group of core witnesses, most of whom are third parties: the three named inventors on the '275 Patent, researchers who worked with the named inventors, the various attorneys who participated in the prosecution of the '275 Patent, former Columbia administrators who had responsibility for technology transfer during the relevant time period, expert witnesses engaged by the parties, and

- 6 -

authors of significant prior art. (Gindler Declaration at 3-4.) If discovery proceeds separately in each case, these witnesses will face the unreasonable burden of giving the exact same testimony on multiple occasions.

This risk of multiple depositions is not simply theoretical. Genentech has recently served deposition notices for the three inventors and the lead attorney who prosecuted the '275 Patent. (Ex. 9.) When Columbia requested that Genentech voluntarily coordinate these depositions with the plaintiffs in the other related actions, Genentech refused, insisting on the right to depose these witnesses separately in its own action—thereby ensuring that, if Genentech gets its way, these witnesses will be deposed on multiple occasions. (Ex. 10.)

Section 1407 is designed to prevent just this sort of pointless burden. The Panel's analysis of the convenience factor under § 1407 does not focus on whether the proposed transferee forum is geographically desirable for any particular party or witness. Rather, the Panel's analysis focuses on the burden shouldered by *all* parties and *all* witnesses as a group. 17 James W. Moore et al., *Moore's Federal Practice* § 112.04[1][c], at 112-40 (3d ed. 2003). Regardless of any individual witness's home base, *all* witnesses will be required to give substantially identical testimony if each related case proceeds independently. Thus, it is the witnesses as a group who are inconvenienced by the wasteful duplication of trials in different locales. *See MLR Patent Litigation*, 269 F. Supp. 2d at 1381 ("Section 1407 has the benefit of placing all actions in this docket before a single transferee judge who can structure pretrial proceedings . . . while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions"); *In re Mosaid Technologies, Inc., Patent Litigation*, No. MDL-1540, 2003 WL 22171927, *1 (J.P.M.L. Sept. 15, 2003) (citing same language and transferring multiple patent actions pursuant to § 1407). Because the same witnesses will be required for the same issues in each of the lawsuits, transfer under § 1407 is appropriate "in order to streamline the efforts of the parties and the witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost

and a minimum of inconvenience to all concerned." *MLR Patent Litigation*, 269 F. Supp. 2d at 1381.

### C. Transferring The Lawsuits Would Promote The Just And Efficient Conduct Of These Actions

Given the substantial similarity of the issues in each of the lawsuits, transfer for coordinated pretrial proceedings would clearly "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. *Almost invariably*, the Panel has found that the just and efficient conduct of multiple actions on the same patent requires transfer under § 1407. *See, e.g., MLR Patent Litigation*, 269 F. Supp. 2d at 1381 (where multiple actions involving the same patent are pending in different districts, "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

The interest in just and efficient resolution is particularly strong in the patent context. Discovery in these cases often will be complex and time-consuming, thereby making the potential efficiencies of pretrial coordination all the more attractive. In addition, the risk of inconsistent pretrial rulings on complicated patent issues, such as claim construction, threatens the efficient administration of justice for all parties and the courts. Thus, in *In re Mailblocks, Inc., Patent Litigation*, 279 F. Supp. 2d 1379 (J.P.M.L. 2003), the Panel noted that coordination under § 1407 is particularly appropriate in patent cases because claim construction and related processes can result in tremendous waste and inconsistency if permitted to proceed individually in separate forums. *Id.* at 1380 (holding that transfer under § 1407 "is necessary in order to . . . prevent inconsistent pretrial rulings (especially with respect to time-consuming and complex matters of claims construction)"); *see also FMC Corp. Patent Litigation*, 422 F. Supp. at 1164-65 (granting transfer to "promote the just and efficient conduct" of five separate actions involving "the validity and alleged infringement of a single patent").

The pending lawsuits relating to the '275 Patent will each require claim construction as well as complicated and time-consuming discovery. The complexity of the '275 Patent and the

- 8 -

common questions of fact and law in these seven actions indicate that the only just and efficient avenue for resolution of these actions is transfer and consolidation pursuant to § 1407. *E.g., In re Laughlin Products, Inc., Patent Litigation*, 240 F. Supp. 2d 1358, 1358-59 (J.P.M.L. 2003) (granting transfer where multiple actions would "be expected to share factual and legal questions with respect to the '333 patent concerning such matters as infringement, patent validity, prior art, obviousness and interpretation of the claims of the patent").

### D. The Northern District Of California Is The Most Appropriate Transferee District

The first of the seven related lawsuits was filed in the Northern District of California, and that action has progressed much further than the other six. The relative maturity of this first-filed action, as well as that district's use of a special set of local rules for the efficient handling of patent cases, supports transfer of these lawsuits to the Northern District of California for consolidated proceedings before The Honorable Vaughn R. Walker.

#### 1. Transfer Is Appropriate To The District Where The Most Advanced Action Is Pending

Given the statutory emphasis on efficiency, it is preferable to transfer related actions under § 1407 to the district in which the most advanced of the cases is pending. Thus, when one action has progressed further than the others, the Panel has frequently held that the most advanced district should play host to the others for coordinated pretrial proceedings. *See, e.g. Mailblocks Patent Litigation*, 279 F. Supp. 2d at 1381 (transferring under § 1407 to the Western District of Washington and "not[ing] that the first-filed Washington action is already proceeding apace in that district"); *In re America Online, Inc., Community Leaders Litigation*, 198 F. Supp. 2d 1381, 1381 (J.P.M.L. 2002) (transferring to district in which action "is furthest advanced"); *In re Capital Underwriters, Inc. Securities Litigation*, 464 F. Supp. 955, 960 (J.P.M.L. 1979) (transferring to district in which "more extensive discovery and other pretrial proceedings" had occurred); *In re Piper Aircraft Distribution System Antitrust Litigation*, 405 F. Supp. 1402, 1404 (J.P.M.L. 1975) (transferring to district in which action "appears to be the furthest advanced").

There are good reasons for this rule. The judge presiding over the most advanced case generally has a greater familiarity with the issues presented by the multiple actions. The Panel has cited this reality as "an important factor" in the transfer decision. *See In re IBP Confidential Business Documents Litigation*, 491 F. Supp. 1359, 1362 (J.P.M.L. 1980) ("the familiarity with this litigation that the Honorable Edward J. McManus has developed as a result of presiding over pretrial proceedings to date in the IBP action is an important factor favoring selection" of the forum in which the most advanced action was pending).

The Genentech action was filed first and, accordingly, has progressed much further than any other pending action concerning the '275 Patent. Indeed, of the seven related actions, the Genentech case is the only action in which the Rule 26 meeting has occurred and a case management conference was conducted. (Gindler Declaration at 2.) In fact, no responsive pleading has been filed in three of the remaining six cases. (*Id.*) Thus, the relative maturity of the Genentech action strongly supports the selection of the Northern District of California as the transferee forum.

No other district is any more or less convenient for the parties and witnesses *as a group*. The geographic location of individual witnesses is largely irrelevant to the issue, as they will be deposed in their home states, no matter which district is selected as the transferee forum. Their common concern is to avoid the burden of providing the same testimony on multiple occasions. The parties are spread among the west coast, the east coast and the Midwest. Three plaintiffs (Genentech, Amgen, and Immunex) have their principal places of business in California. (Ex. 1 at 3; Ex. 2 at 20.) Two plaintiffs (Wyeth and Johnson & Johnson) have their principal places of business in New Jersey. (Ex. 4 at 71; Ex. 6 at 106.) Three plaintiffs (Genetics Institute, Biogen, and Genzyme) have their principal places of business in Massachusetts. (Ex. 4 at 71; Ex. 3 at 44.) Two plaintiffs (Abbott Bioresearch Center and Baxter) have their principal places of business in Illinois. (Ex. 3 at 45; Ex. 7 at 127.) This wide geographical spread indicates that the Northern District of California is as convenient and appropriate a venue as any other for the plaintiffs as a group. Where "no district stands out as the geographic focal point," the Panel must

- 10 -

consider other factors in selecting a transferee district. *In re Busiprone Patent Litigation*, 176 F. Supp. 2d 1374, 1376 (J.P.M.L. 2001). Under the circumstances, the Northern District of California is the best choice for transfer because the action in that district is the most advanced and because that district's patent local rules will facilitate efficient pretrial proceedings.

### 2. The Northern District Of California's Patent Local Rules Will Facilitate Efficient Administration Of The Lawsuits

The Northern District of California has developed a special set of local rules designed specifically to govern and promote the efficient administration of patent disputes. (Ex. 11.) The application of these rules to consolidated pretrial proceedings in these lawsuits would maximize efficiency for all parties, witnesses, and the court. *See Precision Shooting Equipment, Inc. v. High Country Archery*, 1 F. Supp. 2d 1041, 1042 (D. Ariz. 1998) (patent local rules in Northern District of California "promote judicial efficiency by presenting to the Court clearly delineated disputes of claim construction and clearly defined issues of infringement and invalidity prior to any Markman Hearing or trial"). Section 1407 instructs that "promot[ing] the just and efficient conduct" of multiple related actions should be a guiding principle for decisions under that statute. Accordingly, the Northern District of California is the most appropriate forum for pretrial proceedings because application of its Patent Local Rules will permit a higher degree of efficiency in this patent litigation than might be possible in another district.

- 11 -

## IV. CONCLUSION

For the foregoing reasons, the Panel should transfer the lawsuits, as well as any related actions that might later be filed, to the United States District Court for the Northern District of California for consolidated pretrial proceedings under 28 U.S.C. § 1407.

Dated: November 25, 2003

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
David I. Gindler
Jason G. Sheasby
Alison Hajdusiewicz

By: /s/ David I. Gindler
David I. Gindler
Attorneys for The Trustees of Columbia University in the City of New York

IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199