UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE COLUMBIA UNIVERSITY
PATENT LITIGATION

MDL No. 04-MD-1592 (MLW)

Civil Action No. 04-10470-MLW
C.D. Cal. No. CV 02-4349 MRP (CWx)

**COLUMBIA UNIVERSITY'S BRIEF IN OPPOSITION TO AMGEN'S MOTION TO CONSOLIDATE**

Dated: February 2, 2005

Thomas F. Maffei (BBO #313220)
Scott McConchie (BBO #634127)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, MA 02210-2600
(617) 542-9900
(617) 542-0900 (fax)

Wayne M. Barsky
Amanda Tessar
Jacqueline G. Curnutte
Gibson, Dunn & Crutcher LLP
2029 Century Park East
Los Angeles, California
90067-3026
(310) 552-8500
(310) 551-8741 (fax)

ATTORNEYS FOR THE TRUSTEES OF
COLUMBIA UNIVERSITY IN THE CITY
OF NEW YORK

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This Court does not have the authority to grant Amgen's motion. When lawsuits are combined under Section 1407 for multidistrict litigation, they are sent to one transferee court *for pretrial purposes only*. *See* 28 U.S.C. § 1407(a). Such multidistrict litigation cases are not "pending before the court" within the meaning of Rule 42(a). *In re Penn Central Commercial Paper Litig.*, 62 F.R.D. 341, 344 (S.D.N.Y. 1974) (holding that a court cannot, under Rule 42(a), consolidate an action transferred under 28 U.S.C. § 1407 with an action before the court for all purposes because "[w]hile [one of the MDL cases] is clearly pending before this court for pretrial purposes, it is not pending in the sense meant by Rule 42 because that Rule exists in the context of a consolidation for purposes extending beyond pretrial"). Instead, individual multidistrict litigation cases must be returned to the districts from which they originated for trial. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998). In light of this fact, the MDL proceeding cannot be consolidated under Rule 42(a) with the Amgen Affiliate suit, as Amgen requests.

Even if this Court had the authority to grant Amgen's motion, which it does not, the Court should defer any ruling pending the resolution of at least the following four outstanding issues:

(1)  Whether this Court has subject matter jurisdiction over the Amgen Affiliate suit (raised by Columbia's pending motion to dismiss, filed January 4, 2005, in *Amgen Mfg., Ltd., et al. v. Trustees of Columbia Univ.*, No. 04-12626 MLW ("the Amgen Affiliate suit"));

(2)  Whether any of Amgen's claims in *Immunex Corp. & Amgen Inc. v. Trustees of Columbia Univ.*, C.D. Cal. No. CV 03-4349 MRP (CWx), D. Mass. No. 04-10740 MLW ("the Amgen suit"), survived the Court's November 5, 2004 dismissal order in the multidistrict litigation ("MDL") (raised by the Court's order granting Columbia's motion to dismiss in the MDL proceeding and the Joint Status Report filed by the parties on December 6, 2004);

1

    (3)    Whether any remaining claims in the Amgen suit should be remanded to the Central District of California (raised by Columbia's motion to dismiss in the MDL proceeding and discussed at length in the Joint Status Report); and,

    (4)    Whether Amgen will be permitted to amend its complaint and file a fourth pleading in the Amgen suit (raised by Amgen's pending motion for leave to amend in the MDL proceeding).

Amgen's latest motion presupposes, without any discussion, that Amgen (or its Affiliates) will prevail on every one of these currently-pending issues.

Until the Court resolves the above-listed four issues, and thereby determines what – if anything – is left of the various lawsuits against Columbia, it will be impossible to evaluate the extent of the factual and legal overlap between the cases, and thus the extent of any efficiencies to be gained by any form of consolidation. Amgen's latest motion will become timely if, and only if, all four of the above issues are decided against Columbia.

## II. DISCUSSION

**A.    Consolidation Under Rule 42(a) Is Not The Appropriate Procedural Mechanism By Which To Make The Amgen Affiliate Suit Part Of This MDL Proceeding**

The multidistrict litigation rules describe the circumstances in which later, "tag-along" lawsuits can be made part of multidistrict litigation proceedings. In the typical situation, the clerk of the Judicial Panel on Multidistrict Litigation will transfer a "tag-along" action to the district where the MDL action is proceeding, where it is then made part of the MDL. *See* MDL Rule 7.4. If, however, a new "tag-along" action is filed in the district where the MDL is already centered, the MDL rules simply require compliance with that district's local rules pertaining to the filing of related cases:

> Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

2

MDL Rule 7.5(a).[1]

Amgen simply presumes, incorrectly, that Federal Rule of Civil Procedure 42(a) governs the consolidation of one case in the District of Massachusetts with multidistrict litigation that, though centered in the District of Massachusetts, is composed of several individual actions originally filed in various districts throughout the country.

Rule 42(a) exists to permit the consolidation of particular individual cases for "joint hearing or trial." *See* FRCP 42(a). In a multidistrict litigation, by contrast, cases are consolidated only for "pretrial proceedings." *See* 28 U.S.C. § 1407(a). Thus, the court overseeing multidistrict litigation proceedings serves only in a limited capacity. It supervises discovery and decides pretrial motions; it does not, absent a stipulation of the parties, conduct trials for those lawsuits that originated in other districts. *See generally Lexecon*, 523 U.S. at 40.

Consolidation under Rule 42 is therefore not an available mechanism in the MDL context present here. *See Penn Central*, 62 F.R.D. at 344. In *Penn Central*, the transferee court considered whether it could consolidate two cases that were already part of the MDL – but only one of which had originated in the transferee court's district – under Rule 42, so that they would

---

[1] At least one court has recognized this issue in a similar context when deciding whether an individual case should be made part of a multidistrict litigation proceeding. *See In re Tobacco/Governmental Health Care Costs Litig.*, 76 F. Supp. 2d 5, 8 (D.D.C. 1999) ("When a potential 'tag-along' case is filed in the transferee district but before a different judge, however, the Rules of the MDL Panel simply state that a request for reassignment should be made 'in accordance with the local rules for assignment of related cases.' There is no instruction as to whether to apply the analysis normally used by the MDL Panel for 'tag-along' actions or whether to apply some other standard for consolidation.") (internal citation omitted). That court decided to apply the Panel's criteria for deciding whether to consolidate a tag-along action with a pending MDL proceeding for pretrial proceedings, and so considered: (1) whether the tag-along action raised common questions of fact with the MDL proceeding; (2) whether consolidation would best serve the convenience of the parties and witnesses; and (3) whether consolidation would promote the just and efficient conduct of the litigation.

3

both stay before the transferee court for trial.  The court held that it did not have the authority to consolidate the cases, stating:

> While *Shulman II* [case filed in another district but transferred by the MDL panel under § 1407 for pretrial purposes] is clearly pending before this court for pretrial purposes, it is not pending in the sense meant by Rule 42 because that Rule exists in the context of a consolidation for purposes extending beyond pretrial. Accordingly, for a court to effect a consolidation pursuant to Rule 42, the actions to be consolidated must both be pending before the court for all purposes.

*Id.*; *see also, e.g., In re Consolidated Welfare Fund "ERISA" Litig.*, No. 91Civ.7101, 93Civ.7211, 1993 WL 190324, at *2 (S.D.N.Y. June 1, 1993) ("As the language of the Rule [42(a)] itself specifically states, actions sought to be consolidated must both be 'pending before the court.'  Although the Empire Action has been transferred to this Court for pretrial purposes, 28 U.S.C. § 1407, neither Omega nor Empire has sought – and the Court has not ordered – that the Empire Action also be transferred here for trial.  Accordingly, the Court lacks authority to consolidate the two cases.").

Leading federal practice treatises squarely make this point as well.  *Moore's Federal Practice*, for instance, states:

> Under 28 U.S.C. § 1407(a), the Judicial Panel on Multidistrict Litigation may order the temporary transfer to a single district of "civil actions involving one or more common questions of fact" for "coordinated or consolidated pretrial proceedings."  *Not to be confused with transfer for consolidation and trial*, transfer under Section 1407(a) is intended to be a device to manage pretrial procedure.  If cases are not terminated in the transferee court by pretrial disposition, they must be transferred back to their transferor forums for trial.  The transferee court has no authority to retain a case for trial, *sua sponte* or on motion, once it has completed pretrial proceedings.

4

8 James Wm. Moore, *Moore's Federal Practice* § 42.11[2][c] (citing *Lexecon*, 523 U.S. at 40) (emphasis added).[2] If this court lacks the authority under Rule 42(a) to consolidate two cases for trial that are already part of a multidistrict litigation, it necessarily follows that this Court also lacks the authority to consolidate a separately filed case – such as the Amgen Affiliate suit – into an MDL proceeding for all purposes, including trial.[3]

Amgen ignores the fundamental distinction between multidistrict litigation proceedings and ordinary cases in blithely arguing that the proposed consolidation will "promote consistent outcomes if juries are needed." The MDL statute and rules contemplate, as the United States Supreme Court has held, that each case that is part of a multidistrict litigation proceeding will be

---

[2] Almost all of the cases cited by Amgen throughout its brief are pure Rule 42 consolidation cases and do not involve multidistrict litigation proceedings. *See Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5 (1st Cir. 1989); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985); *United States v. Knauer*, 149 F.2d 519 (7th Cir. 1945); *Skirvin v. Mesta*, 141 F.2d 668 (10th Cir. 1944); *Willard v. Town of Lunenburg*, 202 F.R.D. 57 (D. Mass. 2001); *Switzenbaum v. Orbital Sci. Corp.*, 187 F.R.D. 246 (E.D. Va. 1999); *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 604 F. Supp. 1485 (D. Del. 1985); *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46 (W.D.N.Y. 1982); *Barcelo v. Brown*, 78 F.R.D. 531 (D.P.R. 1978). Thus, the general discussion in those cases about the standards governing ordinary consolidation situations are inapplicable to the multidistrict litigation context, contrary to Amgen's assumption. Amgen cites only two cases that arose in an MDL context. One of those cases, *Arnold v. Eastern Airlines*, 681 F.2d 186 (4th Cir. 1982), *reconsidered en banc* 712 F.2d 899 (4th Cir. 1983), was decided prior to the Supreme Court's *Lexecon* decision, was reconsidered on rehearing, and simply mentions in passing that the district court had consolidated the four cases of an MDL proceeding for trial, without addressing whether this was permissible. *Id.* at 191. In the other MDL case cited by Amgen, *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001), the consolidation motion was unopposed so there was no discussion of the court's authority to consolidate particular MDL cases.

[3] The relief sought by Amgen in its motion to consolidate is to have the Amgen Affiliate suit consolidated with "the MDL proceeding." Portions of Amgen's brief almost sound, however, as though Amgen seeks consolidation of the first Amgen suit with the newly-filed Affiliate suit. If Amgen's motion is construed this way, the result is no different. This Court does not have the authority to consolidate one case, pending before it for all purposes, with another case, pending for it for pretrial purposes only, for the reasons discussed above.

5

returned to its home district for trial upon the completion of pretrial proceedings.[4] *Lexecon*, 523 U.S. at 40 (holding that the individual cases that comprise an MDL proceeding must be returned to the courts from which they originated for trial).

B.  **In Any Event, It Is Premature To Consider Amgen's Consolidation Motion Until Pending Issues Are Resolved**

The law does not permit this Court to grant the relief sought by Amgen's motion to consolidate. Moreover, it is entirely possible that this Court will never need to reach the merits of Amgen's consolidation motion. Amgen's motion is premised on the assertion that there are common issues of fact between the MDL proceeding (and, more particularly, Amgen's claims against Columbia in the MDL proceeding) and the claims made by the Amgen Affiliates in their newly-filed suit.[5]

The fatal flaw in Amgen's approach is that makes too many unproven assumptions: it assumes that both Amgen and the Affiliates have *any* continuing claims in their respective suits, it assumes this Court (as opposed to the transferor court) will adjudicate any such claims, and it assumes this Court has subject matter jurisdiction over the Affiliates' claims. Amgen's

---

[4] In June of 2004, the parties consented to a consolidated trial by this Court on the limited issue of double-patenting. No such stipulation exists as to any other issue presented by any of the MDL cases or the Amgen Affiliate suit.

[5] Amgen lists only two purportedly common issues in its brief: (1) Columbia's alleged "repressive practices"; and (2) claim construction for the original Axel patents. Amgen repeatedly says that additional overlapping facts are listed in the table attached as Exhibit C to its motion. There is no such table in Exhibit C or any other exhibit to Amgen's motion. Even if Amgen had properly attached the referenced table, however, any such table would necessarily assume – as the two specifically enumerated purported common issues do – that the Amgen Affiliates have any surviving claims and that Amgen has surviving claims that are not remanded to the Central District of California. Any such assumption is premature, as discussed above.

discussion about "common" issues will not even ripen into an argument worth considering, *unless* Amgen prevails on each of the following issues:[6]

- *The question of whether this Court has subject matter jurisdiction over the claims asserted in the Amgen Affiliate suit:*  If this Court does not have subject matter jurisdiction over the Amgen Affiliates' claims, then those claims must be dismissed.  *See* Columbia's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 4, 2005 in the Amgen Affiliate suit.  If the Affiliate claims are dismissed, then Amgen's consolidation motion will be moot.

- *The question of which, if any, Amgen claims survived Columbia's successful motion to dismiss in the MDL proceeding:*  The Court granted Columbia's motion to dismiss in the MDL suit on November 5, 2004, and ordered the parties to confer regarding which claims survived that motion to dismiss.  In the Joint Report filed December 6, 2004, Columbia argued that all of Amgen's claims were dismissed.  Amgen disagreed.  This Court has not yet ruled on which, if any, claims survived, and could well rule that Amgen has no remaining claims or that any surviving claims are not of the scope belatedly urged by Amgen.  Such a result would entirely undermine Amgen's argument that its surviving claims overlap with the claims of the Amgen Affiliate suit.

---

[6] Columbia does not attempt, in this brief, to rebut or catalogue each of the many incorrect statements that Amgen has made about the facts and the legal merits of its (and the Affiliates') claims.  One point must be made on the merits, however, because Amgen's position is so flatly contrary to governing law.  Amgen asserts that claim construction of the original Axel patents is an issue that is common to the Amgen suit because Amgen has claimed that its royalty obligations are excused due to the invalidity of those original patents.  Claim construction of the original Axel patents will have no relevance to the claims or counterclaims in the Amgen suit (regardless of whether Amgen is permitted to amend its complaint) because Amgen's royalty obligations on the original Axel patents accrued before Amgen ever challenged the validity or enforceability of those patents.  Binding Federal Circuit law holds that a licensee is liable for any obligations that accrued prior to a licensee's challenge to the licensed patent.  *Studiengesellschaft Kohle, MbH v. Shell Oil Co.*, 112 F.3d 1561, 1567-68 (Fed. Cir. 1997).  Thus, Amgen cannot make a thirteenth-hour claim that it is excused from paying royalties on the original Axel patents – patents on which Amgen has paid more than $100 million in royalties – because they are now allegedly invalid or unenforceable.  *Lear v. Adkins*, 395 U.S. 653 (1969), cited by Amgen in a weak attempt to overcome this impediment, is not to the contrary.  *Lear* holds only that a licensee is not estopped from challenging the validity of a licensed patent; it does not address whether the licensee may be liable for royalties that accrue prior to the challenge.  *Lear*, 395 U.S. at 669-71.  The subject *Lear*'s applicability to accrued royalties has been directly addressed by the Federal Circuit and resolved in a matter directly contrary to Amgen's position herein.  *Studiengesellschaft*, 112 F.3d at 1568.

7

- *The question of whether Columbia's counterclaims against Amgen should be remanded to the Central District of California:*  In its motion to dismiss, filed September 2, 2004, Columbia sought a suggestion of remand from the Court for the remaining claims in the suit between Amgen and Columbia.  Those remaining claims do not relate to the validity or enforceability of the '275 patent.  Instead, they pertain to the more than $100 million in past due royalties under the original Axel patents.  If remanded, as Columbia submits that they should be, Amgen's arguments about the overlap of its claims will no longer apply and, therefore, Amgen's consolidation motion will be moot.  *See* Joint Report, filed December 6, 2004; Columbia's Brief in Opposition to Amgen's Motion to Amend and Supplement Complaint, filed December 22, 2004.

- *The question of whether Amgen should be permitted yet further amendments to its complaint:*  As explained in Columbia's opposition to Amgen's most recent motion to amend its complaint, Amgen has already amended its complaint against Columbia several times.  *See* Columbia's Brief in Opposition to Amgen's Motion to Amend and Supplement Complaint, filed December 22, 2004.  After the latest amendment, Judge Pfaelzer specifically ruled that no more amendments would be permitted.  Nevertheless, Amgen assumes that it will be permitted to amend its complaint to assert its new theories in arguing that there are overlapping issues between the first Amgen suit and the Affiliate suit.

Because the question of whether the Amgen Affiliate suit should be treated as part of the multidistrict litigation necessarily turns on a resolution of all of the above issues in Amgen's favor, Amgen's motion to consolidate need not be resolved until those issues are decided. Indeed, even if Amgen's motion had been properly framed in a limited manner to seek consolidation of the Amgen Affiliate suit for the limited purpose of pretrial proceedings, it would be a waste of time to consider that motion before resolving whether this Court has subject matter jurisdiction over the Amgen Affiliate suit, what (if anything) remains of the original Amgen suit, and where any such surviving Amgen claims will ultimately be litigated.

### III.  CONCLUSION

This Court lacks authority to grant the type of consolidation sought by Amgen, and so Amgen's motion must be denied.  Alternatively, this Court should deny Amgen's consolidation

motion as untimely, pending resolution of the above-described issues already pending before the Court.

Dated: February 2, 2005

                                          Respectfully submitted,

                                          THE TRUSTEES OF COLUMBIA UNIVERSITY
                                          IN THE CITY OF NEW YORK

                                          By its attorneys,

                                            /s/ Amanda Tessar

                                          Wayne M. Barsky
                                          Amanda Tessar
                                          Jacqueline G. Curnutte
                                          Gibson, Dunn & Crutcher LLP

                                          Thomas F. Maffei (BBO #313220)
                                          Scott McConchie (BBO #634127)
                                          Griesinger, Tighe & Maffei, LLP

60118864_6.DOC