# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation, | CIVIL ACTION NO.: 04-10740-MLW<br><br>C. D. Cal. No. CV 03-4349 MRP (CWx) |
| Plaintiffs, | Judge Mark L. Wolf |
| vs. | |
| THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation, | |
| Defendant. | |
| AND RELATED COUNTERCLAIM. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS
AMGEN INC. AND IMMUNEX CORPORATION
TO CONSOLIDATE ACTION NO. 04-12626 MLW WITH THIS PROCEEDING**

Columbia argues in its opposition that "[t]his Court does not have the authority to grant Amgen's motion." Opp. at p.1. Despite leading with this unequivocal pronouncement, however, the closest authority cited by Columbia is *In re Tobacco/Governmental Health Care Costs Litigation,* 76 F. Supp. 2d 5, 8 (D.D.C. 1999), in which the court recognized its authority to reassign and *consolidate* tag-along cases filed in the transferee district with MDL cases for pre-trial proceedings. Opp. at p.3, n.1. Rather than acknowledge the import of this precedent, Columbia proceeds to quibble over whether Rule 42 applies to MDL cases and whether the *entire* case can be consolidated.

Columbia erroneously asserts that the Court lacks power to consolidate these MDL proceedings with the Amgen Affiliates' action, because Columbia may later invoke § 1407 to have the original Amgen action transferred back to California for trial. Columbia's concern is not a legitimate basis to deny consolidation. To the extent Columbia retains the right to have the original *Amgen* action transferred back to California, consolidation now would not preclude its exercise of that right.

Columbia bases its erroneous assertion upon *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 344 (S.D.N.Y. 1974) where, consistent with the much later *Lexecon* rule[1], the court ruled that it lacked authority, over objection, to consolidate MDL-transferred cases *for trial*. However, in that case the two actions *had been consolidated* for pre-trial, pre-trial proceedings had been completed, and the court was simply recognizing that the case that had been transferred under § 1407 must be remanded for trial.[2] In this case, there is ample support for consolidating pre-trial proceedings.[3]

In addition, contrary to Columbia's arguments, consolidation under Rule 42 is not limited to consolidations "for trial" but also encompasses consolidation "to avoid unnecessary costs and delay," including consolidation of pre-trial proceedings. *See, e.g., Fritsch v. District Council No. 9*, 335 F. Supp. 854 (S.D.N.Y. 1971) (consolidating for pretrial purposes pursuant to Rule 42(a)); *Robbins v. Pepsi-Cola Metro. Bottling Co.*, 1985 U.S. Dist. LEXIS 12279 (N.D. Ill. 1985) at *7 n. 4 (stating that "Rule 42(a) allows consolidation of trial or pretrial proceedings, or both" and that "[c]onsolidation is permitted as a matter of convenience and economy in administration");

---

[1]   *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

[2]   In Columbia's other cited case, the court likewise concluded that it lacked authority to consolidate for trial because of the obligation to remand, and further that consolidation would be inappropriate because the questions involved were "substantially different" between the cases. *In re Consolidated Welfare Fund "ERISA" Litig.*, 1993 WL 190324 (S.D.N.Y. 1993), at *2.

[3]   Columbia noted in its opposition that the table showing certain common facts, referenced in Amgen's motion, was not in fact attached. Amgen filed it the next day (February 3) with a Notice of Errata.

-3-

*see also In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310 (C.D. Cal. 1975) (pursuant to Rule 42, ordering consolidation of discovery of certain issues in 12 originally-filed actions and dozens of MDL-transferred cases, and noting that Fed.R.Civ.P. 1 provides that the Federal Rules of Civil Procedure "shall be construed . . . to secure the just, speedy, and inexpensive determination of every action."). As Amgen's counsel explained to Columbia's counsel in the L.R. 7-1 conference, the granting of the motion would not preclude remand of a constituent case for trial if appropriate, although in such event the Amgen Affiliates' action would remain in this District.

Columbia contends that other pending motions – and in particular its motions to dismiss and to remand – should be decided before this one. Amgen does not purport to dictate to this Court the order it must decide the pending motions and is certain that the Court will consider the motions in whatever order seems most logical to it. However, Columbia's efficiency argument in support of its request that the Court first decide what issues remain in this action before deciding consolidation directly contradicts its prior request to first decide the propriety of remand before deciding what issues remain in this MDL proceeding.

For the reasons set forth above and in Amgen's Memorandum in support of its motion, Amgen respectfully requests that the Amgen Affiliates action be consolidated with this MDL proceeding.

Dated: February 11, 2005.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　IMMUNEX CORPORATION, a Washington
　　　　　　　　　　　　　　　　　　　Corporation and AMGEN INC., a Delaware
　　　　　　　　　　　　　　　　　　　Corporation
　　　　　　　　　　　　　　　　　　　By their attorneys,


　　　　　　　　　　　　　　　　　　　　/s/ Eileen M. Herlihy
　　　　　　　　　　　　　　　　　　　EILEEN M. HERLIHY (BBO #231410)
　　　　　　　　　　　　　　　　　　　Palmer & Dodge LLP
　　　　　　　　　　　　　　　　　　　111 Huntington Avenue at Prudential Center
　　　　　　　　　　　　　　　　　　　Boston, MA  02199-7613
　　　　　　　　　　　　　　　　　　　Telephone:  (617) 239-0100
　　　　　　　　　　　　　　　　　　　Facsimile:   (617) 227-4400

　　　　　　　　　　　　　　　　　　　KIRKE M. HASSON (CA #61446)
　　　　　　　　　　　　　　　　　　　Pillsbury Winthrop LLP
　　　　　　　　　　　　　　　　　　　50 Fremont Street
　　　　　　　　　　　　　　　　　　　San Francisco, CA  94105-2228
　　　　　　　　　　　　　　　　　　　Telephone:  (415) 983-1000
　　　　　　　　　　　　　　　　　　　Facsimile:   (415) 983-1200