UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION |

MDL No. 1592  (MLW)

1:04-CV-11546 (MLW)

**SUPPLEMENTAL REPORT OF GENENTECH, INC.**
**PURSUANT TO THE COURT'S ORDER OF MAY 17, 2005**

84009.1

Pursuant to the Court's Order dated May 17, 2005 ("May 17 Order"), plaintiff Genentech, Inc. ("Genentech") respectfully submits this report supplementing the Report of Genentech, Inc. Pursuant to the Court's Order of November 5, 2004, filed on December 6, 2004. Specifically, pursuant to the May 17 Order, this Supplemental Report addresses whether Genentech's fifth claim, for breach of contract, should be remanded to the Northern District of California.[1]

Genentech has conferred with defendant The Trustees of Columbia University in the City of New York ("Columbia") regarding this supplemental report. Columbia has indicated that it will state its positions in a report filed separately.

### A.    Claims to Be Dismissed

As set forth in their reports filed on December 6, 2004, Genentech and Columbia agree that Genentech's First, Second, Third, and Fourth Claims for Relief should be dismissed pursuant to the Court's November 5, 2004 Order. Columbia and Genentech are concurrently filing a jointly prepared proposed Order regarding these claims.

### B.    Status of Settlement Discussions

Genentech and Columbia have engaged in settlement talks but are currently at an impasse.

---

[1]    This supplemental report is limited to issues in Genentech, Inc. v. Trustees of Columbia University in the City of New York, Case No. 1:04-cv-11546. The May 17 Order addresses issues in other cases consolidated into the multidistrict litigation, In re Columbia University Patent Litigation, Case No. MDL 1592; Genentech does not address those matters.

50656/84009

**B.**    **Remand of Genentech's Fifth Claim for Relief Is Premature and Will Not Promote Judicial Efficiency.**

Genentech's position is that the Court should not recommend remand of Genentech's Fifth Claim for Relief at this time.

**1.**    **The Judicial Panel on Multidistrict Litigation Defers to the Transferee Court's Judgment Concerning Whether Remand Will Promote Judicial Efficiency**

The power to remand a case to the transferor court lies solely with the Judicial Panel on Multidistrict Litigation ("JPML"). 35 U.S.C. § 1407(a); Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 25, 40-41, 118, S.Ct. 956, 964 (1998). The JPML may consider the question of remand at or before the termination of coordinated or consolidated pretrial proceedings on: (1) the motion of a party; (2) the suggestion of the transferee court; or (3) the JPML's own initiative. J.P.M.L. Rule. 7.6(c); In re Brand-Name Prescription Drugs Antitrust Litig., 264 F. Supp. 2d 1372, 1375 (J.P.M.L. 2003). Remand of a case by the JPML before the conclusion of pretrial proceedings is discretionary. Id.

Given the transferee court's knowledge of the proceedings, the JPML gives "great weight" to the view of the transferee judge with regard to the decision to remand. See In re Brand Name Prescription Drugs, 264 F. Supp. 2d at 1376; see also In re Baseball Bat Antitrust Litig., 112 F. Supp. 2d 1175, 1177 (J.P.M.L. 2000).

> We are . . . clearly cognizant of the special vantage point that the transferee judge has with respect to the conduct of 1407 proceedings. In his supervisory role, he is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary.

50656/84009

In re IBM Peripheral EDP Devices Antitrust Litig., 407 F. Supp. 254, 256 (J.P.M.L. 1976) (footnote omitted).

### 2. Remand of Genentech's Fifth Claim for Relief is Not Appropriate at This Time

Remand is not mandatory in this case. A transferee court may continue to conduct proceedings as long as they are (1) pretrial and (2) coordinated or consolidated. In re Patenaude, 210 F.3d 135, 142 (3d Cir. 2000) (citing Lexecon Inc., 523 U.S. at 33-34). As an initial matter, there can be no question that the proceedings concerning Genentech's claim for breach of contract are "pretrial."

The phrase "coordinated or consolidated" is interpreted broadly. Id. The Supreme Court has held that "coordinated" actions, in particular, need not address identical issues.

> While it is certainly true that the instant case was not "consolidated" with any other for the purpose literally of litigating identical issues on common evidence, it is fair to say that proceedings to resolve pretrial matters were "coordinated" with the conduct of earlier cases sharing the common core . . . if only by being brought before judges in a district where much of the evidence was to be found and overlapping issues had been considered.

Lexecon Inc., 523 U.S. at 34. Thus, there can be coordination of pretrial proceedings even where the claims in the lawsuits are not identical.

The JPML has recognized that the statute for multidistrict litigation does not "provide definitive guidelines for the determination of the question of remand prior to the completion of pretrial proceedings." In re IBM Peripheral EDP Devices, 407 F. Supp. at 256. Therefore, the JPML places great weight on the transferee court's judgment. Id.

The Court should not suggest remand here because the pretrial proceedings on Genentech's Fifth Claim can be handled more efficiently by this Court in coordination with the

50656/84009

other proceedings in the multi-district litigation. The decision of whether to remand should be guided by how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary. See IBM Peripheral EDP Devices, 407 F. Supp. at 256. Where a case will benefit from further coordinated proceedings as part of the MDL, continued participation is appropriate; where everything that remains to be done is case-specific, remand is appropriate. See In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Prods Liability Litigation, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001).

      The instant case will benefit from continued participation in the multidistrict litigation in several ways:

(i)      This Court is familiar with the parties and issues in this case. Some discovery has been exchanged and discovery disputes have been addressed. Remand to the transferor court would involve needless repetition and duplicative education of the transferor court in the midst of the pretrial proceedings.

(ii)      Other actions in this multidistrict litigation also involve contractual disputes regarding licenses with Columbia--licenses covering the same patents as those covered by the license at issue in the Genentech case. Indeed, Wyeth has alleged that Columbia improperly terminated its license with Wyeth on pretextual grounds similar to Columbia's purported grounds for improperly terminating the Genentech license. See [Wyeth's] Proposed Amended and Supplemental Complaint (Docket No. 178, Ex. A), ¶ 39 ("Columbia terminated Wyeth's license agreement . . . for failure to pay royalties and fees under the '275 patent and alleged failure to provide reports for unpaid royalties"). Given the similarity

4

of claims, there will be some overlapping discovery and issues.  For example, Genentech and other parties will seek to take the depositions of Columbia witnesses on issues such as Columbia's licensing practices and policies.  This militates against remand.  See In re Patenaude, 210 F.3d 135, 146 (3d Cir. 2000).

(iii)    Finally, reexam and reissue proceedings regarding U.S. Patent No. 6,455,275 ("the '275 Patent") are currently ongoing before the Patent Office.  Genentech's Fifth Claim concerns a contract that, among other things, includes a license to practice the '275 Patent, as do the contracts at issue in the other actions of this multidistrict litigation.  While Columbia's covenant not to sue covers disputes regarding the current '275 Patent, it does not encompass claims that result from reexam or reissue.  In the event that the Patent Office proceedings result in issuance of a reexam or reissue patent, extensive litigation regarding the patent and related licenses (including the one at issue in this case) is likely.  As the JPML has previously determined, such litigation would be handled most effectively in a multidistrict litigation before this Court.

Accordingly, because this Court can efficiently oversee pretrial proceedings and there is overlap between the actions in the multidistrict litigation that will benefit from coordination of proceedings, Genentech respectfully suggests that remand at this time is not appropriate.

50656/84009

DATED:  June 12, 2005

___/s/ Adrian M. Pruetz_____
Adrian M. Pruetz
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA  94110
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
adrianpruetz@quinnemanuel.com

6

50656/84009