THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | ) ) ) ) ) ) ) ) ) ) ) MDL No. 1592 (MLW) |

**PLAINTIFFS WYETH AND GENETICS INSTITUTE LLC'S JUNE 2005 STATUS REPORT AND PROPOSED ORDER OF DISMISSAL**

On May 17, 2005, the Court issued an Order (the "May 17 Order") directing the parties to confer and file proposed Orders dismissing each of the claims the parties agree should be dismissed pursuant to the Court's November 5, 2004 Memorandum and Order (the "November 5 Order"). The May 17 Order also directed the parties to confer and determine if their case can be settled, and if not, to address several specific issues detailed in the May 17 Order. Plaintiffs Wyeth and Genetics Institute LLC (the successor of Genetics Institute, Inc.) (collectively referred to herein as "Wyeth" unless specifically stated otherwise) respectfully submit this report on the status of its case pursuant to the Court's order, together with a Proposed Order of Dismissal.

**I.    PROPOSED ORDER OF DISMISSAL**

In Plaintiffs Wyeth and Genetic Institute LLC's Status Report and Memorandum of Reasons in Support of Plaintiffs' Motion for Leave to File an Amended and Supplemental Complaint, filed December 6, 2004 (the "December 6 Status Report"), Wyeth agreed that claims 1-3 and 7-11 of its original complaint should be dismissed in light of the Court's November 5,

2004 Order. See December 6 Status Report (Docket No. 177). As discussed below, Wyeth believes that claims 4-6 of its original complaint are viable claims unaffected by the November 5, 2004 Order in that they all relate to the return of funds mistakenly paid to Columbia under the License Agreement dated July 31, 1990 between Columbia and Genetics Institute, Inc., the predecessor to Genetics Institute, LLC (the "License Agreement"). Wyeth has conferred with Columbia on this issue, and agrees to the Proposed Order of Dismissal suggested by Columbia dismissing claims 1,2,3,7,8,9,10 and 11 only, subject to the continuation of claims 4-6 and Wyeth's pending motion to amend and supplement. A copy of this Proposed Order of Dismissal is attached as Exhibit A.

## II.   SETTLEMENT STATUS

As directed by the Court following its November 5, 2004 Order, Columbia and Wyeth have engaged in numerous negotiations in an attempt to settle the remaining issues in this case. Wyeth would like to inform the Court that these parties have agreed to many issues in principle and are continuing to attempt to address any remaining issues. If the Court is inclined to intervene with the parties prior to the August 9, 2005 argument set in the Court's May 17 order, perhaps with the Court's guidance certain outstanding issues may be resolved.

## III.  WYETH'S FOURTH, FIFTH AND SIXTH CLAIMS REMAIN IN CONTENTION AND WYETH CONTINUES TO SEEK LEAVE TO AMEND AND SUPPLEMENT ITS COMPLAINT

In the event that this case is not settled, three of Wyeth's original claims remain to be adjudicated. Wyeth also seeks leave to amend and supplement its complaint by adding four new claims which are related to the three claims remaining in this lawsuit, and likewise unaffected by the Court's November 5, 2004 Order. Wyeth filed its Motion for Leave to File an Amended and Supplemental Complaint on December 6, 2004 together with its Status Report. A copy of Wyeth's Proposed Amended and Supplemental Complaint previously was submitted with the

2

December 6 Status Report (Docket No. 177), and a copy is attached here as Exhibit B.  As part of the attempts by the parties to settle this matter, Wyeth has agreed to several postponements of the date by which Columbia must file its response to Wyeth's motion.  Currently, Columbia is filing a joint application to extend the time for further briefing on that motion so that Columbia's response to Wyeth's Motion for Leave to File an Amended and Supplemental Complaint will be due July 1, 2005, with Wyeth's reply in further support of its motion due July 15, 2005.

### A.   Wyeth's Claims Seeking Recovery of Amounts Incorrectly Paid to Columbia Survive the November 5, 2004 Order

As mentioned previously, Wyeth agrees that claims 1-3 and 7-11 of its original complaint should be dismissed pursuant to the Court's November 5, 2004 decision that there does not exist a justiciable case or controversy with regard to the infringement, validity or unenforceability of Columbia's U.S. Patent No. 6,455,275 ("the '275 patent") in light of Columbia's covenant not to sue for infringement of this patent.  However, with respect to recovery of funds already paid by Wyeth to Columbia, claims four, five and six of Wyeth's original complaint are not declaratory judgment actions, but are instead direct actions for past wrongs committed by Columbia.  These three claims all relate to Wyeth's right to the return of fees and royalty payments totaling $2,273,465.33, plus interest incorrectly paid to Columbia under the License Agreement.  These claims do not implicate the issues of actual case or controversy addressed in the Court's November 5, 2004 Order, and therefore are still pending in this litigation.  Columbia has not contested Wyeth's claims to return of these fees and royalties, but as of this filing it has not returned the fees and royalties.  Wyeth's claims must remain pending in this action until Columbia has fully compensated Wyeth on these claims, or it is possible that Columbia may claim that it has no obligation to return these funds in the future.

A detailed description of claims four, five and six of Wyeth's complaint and an explanation of why those claims survive the Court's November 5 Order is contained in Wyeth's December 6 Status Report, and, therefore, are not restated here. See December 6 Status Report (Docket No. 177), pp. 2-4.

### B. Wyeth's Motion for Leave to File and Amended and Supplemental Complaint

Wyeth seeks to amend and supplement its complaint by adding the following claims twelve (12) - fifteen (15):

1. Breach of Contract for Improper Termination of the License Agreement;

2. Return of Royalty Overpayment and Breach of the Implied Duty of Good Faith and Fair Dealing;

3. Abuse of the Judicial Process;

4. Violation of MASS.GEN.LAWS c.93A, §§ 2 and 11.

A detailed description of these claims and the background supporting them is contained in Wyeth's December 6 Status Report (Docket No. 177), pp. 4-14, and in the Proposed Amended and Supplemental Complaint, Ex. B. All of these claims relate to Columbia's tactics attempting to improperly extend the term of their patent monopoly, and their actions both in this litigation and prior to filing in attempting to extract unjustified payments from Wyeth. Additionally, Wyeth seeks return of the fees and royalty overpayments in the amount of $2,273,465.33 plus interest.

Under the joint application to extend the time for further briefing on Wyeth's Motion for Leave to File an Amended and Supplemental Complaint that Columbia is currently filing, Columbia's response will be due July 1, 2005, with Wyeth's reply in further support of its motion due July 15, 2005.

## IV. CONCLUSION

Wyeth agrees that claims 1-3 and 7-11 of its original complaint should be dismissed pursuant to the Court's decision in its November 5, 2004 Memorandum and Order, and has included as Exhibit A a copy of a Proposed Order of Dismissal agreed upon with Columbia. In the event the case is not settled, Wyeth contends that claims four, five and six of its original complaint survive the Court's November 5 Order, and seeks leave to file an amended and supplemental complaint adding claims twelve through fifteen for the reasons set forth in Wyeth's December 6 Status Report (Docket No. 177), pp. 4-14.

Dated: June 10, 2005

Respectfully submitted,

/s/ Eric J. Marandett_____
One of the Attorneys for WYETH, and
GENETICS INSTITUTE LLC

Eric Marandett (BBO# 561730)
CHOATE HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109-2804
(617) 248-5000

Leora Ben-Ami
Patricia A. Carson
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

5

3941934v1