Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| WYETH and GENETICS INSTITUTE LLC, | |
|---|---|
| Plaintiffs, | CIVIL ACTION No. 03-11570 MLW |
| v. | (Part of MDL No. 04-1592 MLW) |
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, | |
| Defendant. | |

**[PROPOSED] ORDER OF DISMISSAL**

Pursuant to this Court's Memorandum and Order dated November 5, 2004, allowing the Emergency Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by The Trustees of Columbia University in the City of New York on September 2, 2004 (Docket No. 86), it is hereby ORDERED as follows:

The following claims are hereby dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1):

- First Claim For Relief: Declaratory Judgment that the '275 Patent is Invalid;
- Second Claim For Relief: Declaratory Judgment that the '275 Patent is Invalid and Unenforceable By Reason of Prosecution Laches;
- Third Claim For Relief: Declaratory Judgment that the '275 Patent is Unenforceable due to Inequitable Conduct;
- Seventh Claim For Relief: Declaration that the '275 Patent is Unenforceable Against Wyeth Because Columbia is in Breach of the License Agreement;
- Eighth Claim For Relief: Declaration that Columbia is in Breach of its Agreement with the HHS and Wyeth is Entitled to Relief as a Third-Party Beneficiary to the Columbia/HHS Letter Agreement;
- Ninth Claim For Relief: Declaration that Wyeth has no Contractual Royalty Obligation Because Columbia is in Breach of its Implied Duty of Good Faith and Fair Dealing;

394193_6_1.DOC

- Tenth Claim For Relief: Declaratory Judgment that Wyeth has no Contractual Royalty Obligation Because Wyeth is Entitled to an Implied License to the '275 Patent Based Upon Legal Estoppel; and
- Eleventh Claim For Relief: Declaration of an Exceptional Case.

Claims Four, Five and Six of Plaintiffs' Complaint are not addressed by this order.

Dated:

________________________________

HON. MARK L. WOLF
UNITED STATES DISTRICT JUDGE