# EXHIBIT 1

## COOPER & DUNHAM LLP
### ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036
TELEPHONE: (212) 278-0400

CHRISTOPHER C. DUNHAM
NORMAN H. ZIVIN
JOHN P. WHITE
WILLIAM E. PELTON
ROBERT D. KATZ
PETER J. PHILLIPS
WENDY E. MILLER
ROBERT T. MALDONADO
ERIC D. KIRSCH
PEDRO C. FERNANDEZ
JANE M. LOVE
MICHAEL F. MORANO
RAYMOND A. DIPERNA
FRANK A. BRUNO
CHRISTOPHER M. RICE
SPYROS S. LOUKAKOS*
MARIA V. MARUCCI*

IVAN S. KAVRUKOV
PETER D. MURRAY
JAY H. MASOLI
ROBERT B. G. HOROWITZ
DONALD S. DOWDEN
DONNA A. TOBIN
RICHARD S. MILNER
RICHARD F. JAWORSKI
PAUL TENG
GARY J. GERSHIK
TODD W. EVANS
SPENCER H. SCHNEIDER
ALAN O. MILLER
CHRISTINE S. NICKLES**
JASON S. MARIN
KEITH J. BARKAUS*

December 28, 2001

FACSIMILE: (212) 391-0525
(212) 391-0526
(212) 391-0630

OF COUNSEL
JOHN R. GARBER
ALAN J. MORRISON

SCIENTIFIC ADVISOR
BRIAN J. AMOS, PH.D.

PATENT AGENTS
JENNIFER H. BURDMAN
GREGORY J. CARBO

FOUNDED 1887
www.cooperdunham.com

* NEW YORK STATE BAR ADMISSION PENDING
** ADMITTED IN MASSACHUSETTS ONLY

**BY FEDERAL EXPRESS**
Steven M. Odre, Esq.
Senior Vice President
General Counsel & Secretary
Amgen, Inc.
One Amgen Center Drive
Thousand Oaks, California 91320-1799

Re:  Amgen/Columbia Axel License Agreement
     Our Docket  0575/65064

Dear Steve:

As you are aware, Amgen has not made any royalty payments to Columbia under the June 1, 1989 License Agreement between Amgen and Columbia (the "Agreement") for sales of Licensed Products by Amgen in the period from August 16, 2000 to date. As a result of our meeting on June 14, 2001 you are also aware that Amgen's refusal to comply with its royalty obligations under the Agreement is unacceptable to Columbia.

The explanation provided by Amgen for its failure to pay royalties on sales after August 16, 2000 is the expiration on that date of the '216 patent to Axel, one of the U.S. patents on the list of Licensed Patent Rights under the Agreement. As we understand it from our meeting on June 14, 2001, Amgen refuses to pay royalties on (1) product vialed prior to August 16, 2000 but sold after that date, (2) product in-process prior to August 16, 2000 but vialed and sold after August 16, 2000, and (3) product made and sold after August 16, 2000.

With respect to product that had been vialed prior to August 16, 2000 but was sold after that date, we understand Amgen to be arguing that product vialed before August 16 is not "End Product" under Section 1(e)(ii) until it is "sold," and that no royalty would be due under Section 3(d) for sales after August 16, 2000 because product that is "made" by having been "sold" after August 16, 2000 is not at that time "made or sold in a country where Licensed Patent Rights exist," as required by Section 3(d). This argument is without merit because it effectively converts the "made or sold" language of Section 3(d) into "made and sold," thereby impermissibly changing the Agreement. Clearly, product vialed before August 16 is "made" during the life of the '216 Axel patent and a royalty is due on its sale at the time it is sold in a "country where

Steven M. Odre, Esq.
Page -2-
December 28, 2001

Licensed Patent Rights exist." While the '216 patent to Axel may have expired, other Licensed Patent Rights in the form of pending U.S. applications as well as U.S. patents continue to exist in the U.S. after August 16, 2000.

With respect to product in-process prior to August 16, 2000 but vialed and sold after August 16, we again understand Amgen to be arguing that "End Products" are not "made" until vialed under Section 1(c)(ii), and that if vialed after August 16, 2000 the products are neither "made or sold in a country where Licensed Patent Rights exist" under Section 3(d) of the Agreement. This argument likewise ignores the fact that unexpired Licensed Patent Rights continue to exist in the United States after August 16, 2000. Accordingly, there is no justification under the plain terms of the Agreement for the failure to pay royalties on continued sales in the United States of such Licensed Products.

With respect to products both made and sold after August 16, 2000, we understand Amgen to be arguing that in the absence of activities that would infringe the '216 Axel patent no royalties are due. However this argument ignores the plain language of the Agreement. Such products remain Licensed Products under the "covered by" language of Section 1(c)(i) even after the expiration of the '216 Axel patent and therefore royalties are owed under Section 3(d) for so long as Licensed Patent Rights exist in the U.S. As we have stated, Licensed Patent Rights exist in the U.S. after August 16, 2000.

Based on your December 18, 2001 telephone call to me I understand that by January 11, 2002 Amgen will respond to the issues raised in this letter as well to those raised in our December 7, 2001 letter to you and our December 5, 2001 letter to Stuart J. Mackey, Esq.

Please contact me if you have any questions or comments.

Very truly yours,

John P. White

JPW:WEP:efb

cc:   Elizabeth J. Keefer, Esq.
      Susan L. Sgarlat, Esq.
      Michael J. Cleare, Ph.D.
      Scot G. Hamilton, Esq.
      Stuart J. Mackey, Esq.
      Robert H. Brauer, Esq.

A:\odre.ltl.wpd