# APPENDIX H

Case 1:04-md-01592-MLW   Document 213-9   Filed 06/10/2005   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | MDL NO. 1592 |
| IMMUNEX CORPORATION, a Washington Corporation and AMGEN INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY in the City of New York, a New York Corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | CIVIL ACTION NO.: 04-10740-MLW<br><br>C. D. Cal. No. CV 03-4349 MRP (CWx)<br><br>Judge Mark L. Wolf |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF PLAINTIFFS
AMGEN INC. AND IMMUNEX CORPORATION
TO CONSOLIDATE ACTION NO. 04-12626 MLW WITH THIS PROCEEDING**

Columbia argues in its opposition that "[t]his Court does not have the authority to grant Amgen's motion." Opp. at p.1. Despite leading with this unequivocal pronouncement, however, the closest authority cited by Columbia is *In re Tobacco/Governmental Health Care Costs Litigation*, 76 F. Supp. 2d 5, 8 (D.D.C. 1999), in which the court recognized its authority to reassign and *consolidate* tag-along cases filed in the transferee district with MDL cases for pre-trial proceedings. Opp. at p.3, n.1. Rather than acknowledge the import of this precedent, Columbia proceeds to quibble over whether Rule 42 applies to MDL cases and whether the *entire* case can be consolidated.

Columbia erroneously asserts that the Court lacks power to consolidate these MDL proceedings with the Amgen Affiliates' action, because Columbia may later invoke § 1407 to have the original Amgen action transferred back to California for trial. Columbia's concern is not a legitimate basis to deny consolidation. To the extent Columbia retains the right to have the original *Amgen* action transferred back to California, consolidation now would not preclude its exercise of that right.

Columbia bases its erroneous assertion upon *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 344 (S.D.N.Y. 1974) where, consistent with the much later *Lexecon* rule[1], the court ruled that it lacked authority, over objection, to consolidate MDL-transferred cases *for trial*. However, in that case the two actions *had been consolidated* for pre-trial, pre-trial proceedings had been completed, and the court was simply recognizing that the case that had been transferred under § 1407 must be remanded for trial.[2] In this case, there is ample support for consolidating pre-trial proceedings.[3]

In addition, contrary to Columbia's arguments, consolidation under Rule 42 is not limited to consolidations "for trial" but also encompasses consolidation "to avoid unnecessary costs and delay," including consolidation of pre-trial proceedings. *See, e.g., Fritsch v. District Council No. 9*, 335 F. Supp. 854 (S.D.N.Y. 1971) (consolidating for pretrial purposes pursuant to Rule 42(a)); *Robbins v. Pepsi-Cola Metro. Bottling Co.*, 1985 U.S. Dist. LEXIS 12279 (N.D. Ill. 1985) at *7 n. 4 (stating that "Rule 42(a) allows consolidation of trial or pretrial proceedings, or both" and that "[c]onsolidation is permitted as a matter of convenience and economy in administration");

---

[1] *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

[2] In Columbia's other cited case, the court likewise concluded that it lacked authority to consolidate for trial because of the obligation to remand, and further that consolidation would be inappropriate because the questions involved were "substantially different" between the cases. *In re Consolidated Welfare Fund "ERISA" Litig.*, 1993 WL 190324 (S.D.N.Y. 1993), at *2.

[3] Columbia noted in its opposition that the table showing certain common facts, referenced in Amgen's motion, was not in fact attached. Amgen filed it the next day (February 3) with a Notice of Errata.

For the reasons set forth above and in Amgen's Memorandum in support of its motion, Amgen respectfully requests that the Amgen Affiliates action be consolidated with this MDL proceeding.

Dated: February 11, 2005.                    Respectfully submitted,

                                             IMMUNEX CORPORATION, a Washington
                                             Corporation and AMGEN INC., a Delaware
                                             Corporation
                                             By their attorneys,


                                             /s/ Eileen M. Herlihy
                                             EILEEN M. HERLIHY (BBO #231410)
                                             Palmer & Dodge LLP
                                             111 Huntington Avenue at Prudential Center
                                             Boston, MA  02199-7613
                                             Telephone:  (617) 239-0100
                                             Facsimile:  (617) 227-4400

                                             KIRKE M. HASSON (CA #61446)
                                             Pillsbury Winthrop LLP
                                             50 Fremont Street
                                             San Francisco, CA  94105-2228
                                             Telephone:  (415) 983-1000
                                             Facsimile:  (415) 983-1200