UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE COLUMBIA UNIVERSITY PATENT LITIGATION | MDL No. 1592 (MLW)<br>1:04-CV-11546 (MLW) |

**GENENTECH, INC.'S RESPONSE TO SUPPLEMENTAL REPORTS
PURSUANT TO THE COURT'S ORDER OF MAY 17, 2005**

84009.1

Pursuant to the Court's Order dated May 17, 2005 ("May 17 Order"), plaintiff Genentech, Inc. ("Genentech") respectfully submits this report responding to the reports of the parties to this litigation filed on June 10, 2005 pursuant to the May 17 Order.

### A. Remand of Genentech's Fifth Claim for Relief is Premature

With only conclusory assertions, The Trustees of Columbia University in the City of New York ("Columbia"), argues that Genentech's Fifth Claim for Relief for breach of contract should be remanded to the Northern District of California. See Columbia Univ.'s Report to the Court Pursuant to Order Dated May 17, 2005 ("Columbia Report") (Docket No. 214), at 6-7. While Columbia is correct that the central issue in Genentech's claim is whether Columbia's termination of Genentech's license constitutes a breach of the contract, it is not true that this dispute "has no relation to any of other cases in the multidistrict litigation." Columbia Report, at 6-7. As set forth in Genentech's supplemental report, Genentech's claim overlaps with other claims in this multidistrict litigation sufficiently to benefit from continued coordination of pretrial proceedings. Accordingly, remand at this time is premature and inappropriate.

### 1. Columbia Cannot Establish the Good Cause Required to Remand a Case Prior to the Conclusion of Pretrial Proceedings

A case included in a multidistrict litigation is only remanded by the Joint Panel on Multidistrict Litigation ("JPML") upon a showing of good cause. In re South Central States Bakery Prods. Antitrust Litig., 462 F. Supp. 388, 390 (J.P.M.L. 1978); In re Integrated Resources, Inc. Real Estate Ltd. Partnerships Sec. Litig., 851 F. Supp. 556, 562 (S.D.N.Y.

1

50656/84009

1994). A party seeking remand to the transferor court has the burden of establishing that such remand is warranted. In re National Century Financial Enterprises, Inc. Financial Investment Litig., No. 2:03-MC-1565, 2004 WL 882456, *4 (S.D. Ohio Apr. 19, 2004); In re Integrated Resources, 851 F. Supp. at 562. As discussed below, Columbia has not, and cannot, show the requisite good cause to justify a suggestion of remand.

### 2. Continued Participation in the Coordinated Proceedings of this Multidistrict Litigation Will Promote Judicial Efficiency

Where a case will benefit from continued participation in coordinated multidistrict litigation proceedings, remand is inappropriate. See In re Bridgestone/Firestone, Inc., ATX, ATX II and Wilderness Tires Prods. Liability Litig., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Identical claims are not necessary to retain a case in a multidistrict litigation. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 25, 34, 118 S. Ct. 956 (1998). Similarly, a multidistrict litigation can be maintained where some of the cases include unique issues. In re National Century Financial Enters., Inc. Financial Investment Litig., No. 2:03-MC-1565, 2004 WL 882456, *5 (S.D. Ohio Apr. 19, 2004). The key concern is whether the case will benefit from being part of the multidistrict litigation. Id., at *4. "Remand is inappropriate when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'" Id. (quoting In re Heritage Bonds Litig., 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002).

Keeping the Genentech case as part of the multidistrict litigation will eliminate duplicative discovery and conserve the resources of the parties, their counsel and the judiciary. As detailed in the initial supplemental reports of Genentech, Amgen and Immunex, there is significant overlap in the subject matter of the remaining claims in the cases of this multidistrict litigation. Supp. Report of Genentech Pursuant to the Court's Order of May 17, 2005 (Docket No. 210), at 3-5; Memo. of Plaintiffs Amgen Inc. and Immunex Corporation in Response to Court's Order of May 17, 2005 (Docket No. 212), at 13-18 & Ex. 6. Thus, there will be overlap of discovery. For example, given that Columbia's patent licensing policies are relevant to claims in each case, it will be necessary to take the deposition of a person with knowledge of those policies. One deposition, rather than four, surely would serve the interests of judicial efficiency.

In addition, remand of the Genentech case and, potentially, the Amgen/Immunex case would require two additional Courts to become knowledgeable of the facts, issues and parties involved in these claims. Such duplication would be a waste of judicial resources.

Columbia fails to provide an explanation of its position that the cases will <u>not</u> benefit from coordination. That Genentech's Fifth Claim for Relief is based upon a license between only Columbia and Genentech is not sufficient to justify remand where there are benefits to consolidation. Even where claims are unique, multidistrict litigation is appropriate where judicial efficiency would be served. <u>See</u> <u>In re National Century Financial Enters., Inc. Financial Investment Litig.</u>, No. 2:03-MC-1565, 2004 WL 882456, *5 (S.D. Ohio Apr. 19, 2004). Accordingly, remand of Genentech's case prior to the conclusion of pretrial proceedings is unwarranted.

### B. <u>Genentech is Amenable to a Stay of Proceedings</u>

In their supplemental report, Biogen Idec MA Inc. ("Biogen") and Genzyme Corporation ("Genzyme") propose that their remaining claims be stayed pending the results of the reissue and reexamination proceedings on U.S. Patent No. 6,455,275 ("the '275 Patent").

Genentech is amenable to a similar stay of its claims for several reasons. First, as discussed above, Genentech's claims are sufficiently related to those of the other plaintiffs that simultaneous proceedings would promote judicial economy. Second, the license that is the subject of Genentech's Fifth Claim for Relief, if in effect, would cover a reissue or reexam patent. Columbia's covenant not to sue does not include claims that result from reexam or reissue. Thus, the results of the Patent Office proceedings could have bearing upon the determination of damages for Genentech's Fifth Claim. Third, if patent claims emerge from the Patent Office as a result of the ongoing reexamination and reissue proceedings related to the '275 Patent, it is likely that such claims would be asserted by Columbia against each of the plaintiffs in this multidistrict litigation. As a result, these claims would be similar to those currently before the Court. Such disputes would be adjudicated most efficiently in this forum as part of a multidistrict litigation. Thus, a stay would allow efficient, simultaneous resolution of related claims. Finally, neither Genentech nor Columbia would be prejudiced by a stay of Genentech's Fifth Claim. Accordingly, Genentech is amenable to a stay until resolution of the '275 Patent proceedings before the Patent Office.[1]

---

[1] Plaintiffs Wyeth and Genetics Institute LLC do not propose a stay but the repeated stipulated extensions of time in that litigation suggest that judicial economy may also be served

| | |
|---|---|
| DATED:  June 20, 2005 |   /s/ Adrian M. Pruetz<br>Adrian M. Pruetz<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA  94110<br>Telephone:  (415) 875-6600<br>Facsimile:   (415) 875-6700<br>adrianpruetz@quinnemanuel.com |

---

by a stay of that dispute.  <u>See</u> Plaintiffs Wyeth and Genetics Institute LLC's June 2005 Status Report (Docket No. 211), at 3.

50656/84009