UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLUMBIA UNIVERSITY PATENT LITIGATION | 04-MDL-01592 |
| BIOGEN, INC., GENZYME CORPORATION, and ABBOTT BIORESEARCH CENTER, INC., <br><br>       Plaintiffs,<br><br>       v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>       Defendant. | CIVIL ACTION No. 03-CV-11329-MLW |

**RESPONSE OF BIOGEN IDEC MA INC. AND GENZYME CORPORATION
TO COLUMBIA'S SUBMISSION OF JUNE 10, 2005**

Pursuant to the Court's Order of May 17, 2005, Biogen Idec MA Inc. ("Biogen") and Genzyme Corporation ("Genzyme") respectfully submit this response to Columbia's submission of June 10, 2005.

**I.   Count I of the *Biogen* action presents a justiciable controversy.**

As Biogen and Genzyme explained in their memorandum of June 10, 2005 (No. 04-MDL-01592, Court's Dkt. No. 215) ("Pl. 6/10/05 Mem."), subject matter jurisdiction continues with respect to Count I of the *Biogen* action (No. 03-CV-11329-MLW). Columbia's submission mischaracterizes Biogen's and Genzyme's position as to why Count I survives the Covenant Not to Sue and Columbia's motion to dismiss.

The fact that the original count does not expressly allege wrongful termination (which had not yet occurred at the time) does not determine the justiciability of the claim. Pl. 6/10/05

Mem. at 4-5 & n.3. The count expressly alleged a dispute "concerning plaintiffs' obligations under the License Agreements" and sought a declaration that plaintiffs had no obligation to pay any further royalties under the License Agreements. As Biogen and Genzyme explained in their June 10, 2005, memorandum, this dispute continues to this day: If Biogen and Genzyme indeed had no obligation to pay royalties, then Columbia's subsequent termination was wrongful. That the termination had not occurred at the time the complaint was filed does not negate the existence of a controversy. *See, e.g., Doody v. Ameriquest Mortgage Co.,* 242 F.3d 286, 288 (5th Cir. 2001) (there was "actual controversy" in dispute over mortgage despite the absence of breach). And the fact that Columbia later breached, giving rise to additional claims that Biogen and Genzyme pled in the *Idec* complaint, also does not extinguish the Court's jurisdiction over the actual, continuing dispute alleged in Count I.[1]

## II. Any Order of Dismissal Should Be Without Prejudice and Should Incorporate the Covenant As An Order of the Court.

A dismissal for lack of subject matter jurisdiction is not a decision on the merits. Fed. R. Civ. P. 41(b). Accordingly, any count that is dismissed for lack of subject matter jurisdiction should be dismissed without prejudice to its renewal if and when there is subject matter jurisdiction. *See, e.g.*, *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001) (in light of covenant not to sue, dismissing counterclaim for declaratory judgment of invalidity **without prejudice** based upon lack of subject matter jurisdiction, while dismissing plaintiff's infringement claim with prejudice). Nevertheless,

---

[1] Columbia's emphasis on Abbott's willingness to abandon Count I of the *Biogen* complaint (on which Abbott is a plaintiff), likewise is irrelevant to the determination of the Court's continuing subject matter jurisdiction over the claim of Biogen and Genzyme. As Biogen and Genzyme explained in the Joint Report submitted to the Court on December 6, 2004 (No. 04-MDL-01592, Court's Dkt. No. 179), in seeking a preliminary injunction to prevent Columbia's wrongful termination of their licenses, Biogen and Genzyme incurred damages that Abbott did not suffer. Moreover, that each party to a dispute places a different value on litigating that dispute to judgment has no bearing on whether there is continuing subject matter jurisdiction over that dispute.

Columbia has refused to acknowledge that a dismissal would be without prejudice.  Although Biogen and Genzyme believe that the issue is clear regardless how the order is worded, Columbia's refusal to acknowledge this obvious point suggests that to avoid any further uncertainty the order should expressly recite that the dismissal is without prejudice.

Columbia also takes issue with Biogen's and Columbia's request to incorporate the Covenant Not to Sue as an order of this Court.  Since the Court relied upon Columbia's Covenant in issuing its Memorandum & Order of November 5, 2004, there should be a mechanism to ensure that Columbia complies with that Covenant.  As set out in Biogen's and Genzyme's June 10, 2005, memorandum and proposed order, this is best accomplished by confirming in any order of dismissal that the Covenant is a condition of the dismissal and will be enforced by this Court.  *Cf. Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-82 (1994) (court has power to embody a settlement contract in a dismissal order, or to expressly retain jurisdiction over the settlement contract, either of which would provide federal subject matter jurisdiction to resolve subsequent disputes over the settlement contract); *see also* Pl. 6/10/05 Mem. at 7-8.

Dated: June 20, 2005                                            Respectfully submitted,

/s/ Donald R. Ware
Donald R. Ware  BBO # 516260
Claire Laporte  BBO # 554979
Sarah Cooleybeck BBO # 631161
Carla Miriam Levy  BBO # 654212
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Attorneys for plaintiffs BIOGEN IDEC MA INC. and GENZYME CORPORATION