# Exhibit 2

```
00001
 1            UNITED STATES DISTRICT COURT
 2          FOR THE DISTRICT OF MASSACHUSETTS
 3  IN RE COLUMBIA UNIVERSITY    ) CA 04-01592
 4                               ) Boston, MA
 5  PATENT LITIGATION, ET AL     ) October 6, 2004
 6                               )
 7                               )
 8         BEFORE THE HONORABLE MARK L. WOLF
 9            UNITED STATES DISTRICT JUDGE
10  APPEARANCES:
11  (As previously noted.)
12            JUDITH A. TWOMEY, RPR
13            Official Court Reporter
14            One Courthouse Way
15            Courtroom 10~Room 5200
16            Boston, MA 02210
17            (617)946-2577
18
19
20
21
22
23
24
25
```

00130
1  described here ever being challenged in the future and is
2  preserving carefully the ability to challenge it in the
3  future under this other filing group, that this is
4  different from Spectronics, and it's different from GAF.
5         THE COURT: Okay.
6         MR. HASSON: On the affiliates issue, your
7  Honor, to the extent that it is relevant to the court's
8  discretionary decision in ruling today, we submit it is
9  before the court in that sense. To the extent that the
10 court feels that it is not before the court as a literal
11 matter because the affiliates are not present in the case
12 at this point, we are under sufficient apprehension that
13 we think we should do that, and we would simply request
14 that the court let us know. I would not want to do it in
15 a way that the court did not like, whether it's a filing,
16 an amendment, a Rule 15.
17        THE COURT: No, at this point, you can't move to
18 amend. You've had the briefing and the motion to
19 dismiss, and there's cases in the First Circuit -- I
20 don't know what there is in the Federal Circuit, but I
21 think Kennedy versus Josephthal is one of them, that in a
22 summary judgment situation, for example, if you're on the
23 verge of losing a motion for summary judgment, you can't
24 file a new affidavit to try to put some material fact in
25 dispute. So I'm going to decide the case on the record

00131
```
 1  as it now stands. And if there's what you call an
 2  affiliate that's not a party to this case and if I
 3  dismiss this case, then that affiliate can file its own
 4  case the way Idec did.
 5       MR. HASSON: Thank you, your Honor.
 6       THE COURT: And I assume Columbia will move to
 7  dismiss it, saying there's no case or controversy. And
 8  the facts with regard to that particular party will be
 9  analyzed.
10       MR. HASSON: Thank you, your Honor. I was just
11  concerned about the court's comment that perhaps it
12  should have been brought as part of this case. Thank
13  you.
14       MS. PRUETZ: Your Honor, Adrien Pruetz for
15  Genentech. I'd just like to make two brief points.
16       First, recognizing that the court has discretion
17  as to whether it exercises jurisdiction --
18       THE COURT: If I have jurisdiction, I have
19  discretion. If I have no jurisdiction, I have no
20  discretion.
21       MS. PRUETZ: That was going to be the essence
22  of my first point, which is that I believe the court does
23  have jurisdiction to decide the prosecution laches claim
24  should it decide to exercise that discretion.
25       The '275 is not a pending patent application.
```